1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:    (510) 665-8644
5  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
6
   TODD M. SCHNEIDER (California Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
10 Telephone:    (415) 421-7100
   Fax:          (415) 421-7105
11 TTY:          (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:    (410) 962-1030
15 Fax:          (410) 385-0869

16

## UNITED STATES DISTRICT COURT

17

## NORTHERN DISTRICT OF CALIFORNIA

18

## SAN FRANCISCO DIVISION

19

20

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members and all others similarly situated, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**AMENDED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR VIOLATIONS OF THE UNRUH CIVIL RIGHTS ACT, CAL. CIV. CODE § 51, THE CALIFORNIA DISABLED PERSONS ACT, CAL. CIV. CODE § 54, AND THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. §§ 12101,** *et seq.* |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

Dockets.Justia.com

# INTRODUCTION

Plaintiffs complain of Defendant and allege herein as follows:

1.  This class action seeks to put an end to systemic civil rights violations committed by Defendant Target Corporation (hereafter "Target") against the blind in California and across the United States. Target is denying blind individuals throughout the United States equal access to the goods and services Target provides to its non-disabled customers through http://www.target.com (hereafter "Target.com" and "the website"). Target.com provides to the public a wide array of the goods, services, price discounts, employment opportunities and other programs offered by Target. Yet, Target.com contains thousands of access barriers that make it difficult if not impossible for blind customers to use the website. In fact, the access barriers make it literally impossible for blind users to even complete a transaction on the website. Target thus excludes the blind from full and equal participation in the growing Internet economy that is increasingly a fundamental part of the common market place and daily life.

# JURISDICTION

2.  This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188, for Plaintiffs' claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

3.  This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367, over Plaintiffs' pendent claims under the California Unruh Civil Rights Act (California Civil Code §§ 51, *et seq*.), and the Disabled Persons Act (California Civil Code §§ 54, *et seq.*).

# VENUE

4.  Venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a).

5.  The Northern District of California is the venue District Court of the United States for the district and division embracing the California Superior Court in which this case was pending and from which Defendant removed this action.

6.  Defendant Target is registered to do business in California and has been doing business in California, including the Northern District of California. Defendant maintains at

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

1

least 205 stores in California and has several stores in the Northern District of California. It is subject to personal jurisdiction in this District. Defendant also has been and is committing the acts alleged herein in the Northern District of California, has been and is violating the rights of consumers in the Northern District of California, and has been and is causing injury to consumers in the Northern District of California. A substantial part of the acts and omissions giving rise to Plaintiffs' claims have occurred in the Northern District of California.

7.  Members of the class and subclass reside in the Northern District of California. Plaintiff Sexton is a California citizen and resides in the Northern District of California. He has experienced injury in this District as a result of Target's inaccessible website. Additionally, National Federation of the Blind of California has several local chapters in the Northern District of California.

**PARTIES**

8.  Plaintiff the National Federation of the Blind (hereafter "NFB") is a national advocacy organization. The NFB, the oldest and largest national organization of blind persons, is a non-profit corporation duly organized under the laws of the District of Columbia with its principal place of business in Baltimore, Maryland. It has affiliates in all 50 states (including California) as well as Washington, D.C. and Puerto Rico. The vast majority of its approximately 50,000 members are blind persons. The NFB is widely recognized by the public, Congress, executive agencies of government and the courts as a collective and representative voice on behalf of blind Americans and their families. The purpose of the NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes and mistaken beliefs that sighted and blind persons hold concerning the limitations created by blindness and that result in the denial of opportunity to blind persons in virtually every sphere of life. The NFB and many of its members have long been actively involved in promoting adaptive technology for the blind, so that blind persons can live and work independently in today's technology-dependent world. NFB members reside throughout the United States, including the state of California. Many NFB members would use the services of Target.com if the website

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

2

were made independently usable by the blind.  NFB sues on behalf of its members throughout California and the United States, as well as on behalf of other blind individuals throughout California and the United States.

9.    Plaintiff the National Federation of the Blind of California (hereafter "NFB of California") is a state affiliate of the National Federation of the Blind.  NFB of California is a California corporation and carries out NFB's objectives at the state level.  It has local chapters throughout California, including in Alameda County.

10.    Plaintiff Sexton is a member of the NFB and the NFB of California.  He is blind and has been denied the full use and enjoyment of facilities, goods and services of Target.com.  Plaintiff Sexton is a resident of Alameda County.

11.    Defendant Target, a for-profit corporation, owns, operates and/or maintains places of public accommodations.  There are currently approximately 1,400 Target retail stores in 47 States, including 205 stores in California.  These stores provide to the public important goods, such as clothing, pharmaceuticals, and household items.  Target also provides to the public a website service known as Target.com.  Among other things, Target.com provides access to the array of goods and services offered to the public by Target, including special pricing offers and other benefits related to these goods and services.  Plaintiffs seek full and equal access to the goods and services provided by Target through Target.com.

### CLASS ACTION ALLEGATIONS

12.    Plaintiffs bring this case as a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and alternatively, (b)(3), on behalf of all legally blind individuals in the United States who have attempted to access Target.com. For the claims under California state law, Plaintiffs also represent a California subclass of all legally blind individuals in California who have attempted to access Target.com.

13.    The persons in the class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
First Amended Complaint

3

14.    There are common questions of law and fact involved affecting the parties to be represented in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Target's goods, facilities and/or services due to the lack of access to Target.com required by law for persons with disabilities.

15.    The claims of the named Plaintiffs are typical of those of the class.

16.    Plaintiffs will fairly and adequately represent and protect the interests of the members of the Class. Plaintiffs have retained and are represented by counsel competent and experienced in complex class action litigation, including class actions brought under the Americans with Disabilities Act and California law requiring full and equal access for people with disabilities.

17.    Class certification of the claims is appropriate pursuant to Fed. R. Civ P. 23(b)(2) because Defendant Target has acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Class as a whole.

18.    Alternatively, class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

19.    References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

**FACTS**

20.    Target operates Target Stores, a chain of large, general merchandise discount stores. The company currently operates over 1,400 Target stores in 47 states.

21.    Target.com is a service and benefit offered by Target and Target Stores throughout the United States, including California. Target.com is owned, controlled and/or operated by Target. Target.com states that it is "powered by" Amazon.com, Inc.

22.    Target.com is a commercial website that offers products and services for online sale and home delivery that are available in Target retail stores. The online store allows the user

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

4

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

to browse products, product descriptions and prices; view sale items and discounts for online shopping; print coupons for use in Target retail stores; purchase items for home delivery; order pharmacy items and have prescriptions filled for pickup at Target retail stores; find retail store locations; and perform a variety of other functions.

23. Among the features offered by Target.com are the following:

- a store locator, allowing persons who wish to shop at a Target store to learn its location, hours, and phone numbers;
- an online pharmacy, allowing a customer to order a prescription refill online for pickup at a Target store;
- an online photo shop, allowing a customer to order photo prints for pickup at a Target store;
- weekly ads, allowing a customer to know what items are on sale at a particular Target store location;
- coupons for groceries, eyeglasses and portrait photos, among others, that may be redeemed at Target stores;
- online wedding and baby registries to allow shoppers at a Target store to purchase a gift for a Target.com user;
- information about Target's REDcard$^{SM}$ program and other financial products and services offered by Target;
- information about Target's community programs such as Ready. Sit. Read! or Start Something®;
- information about Target Corporation's employment opportunities, investor information and company policies; and
- sale of many of the products and services available at Target stores in California.

24. This case arises out of Target's policy and practice of denying the blind access to Target.com, including the goods and services offered by Target stores through Target.com. Due to Target's failure and refusal to remove access barriers to Target.com, blind individuals have

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

5

1 been and are being denied equal access to Target stores, as well as to the numerous goods,
2 services and benefits offered to the public through Target.com

3    25.    Target denies the blind access to goods, services and information made available
4 through Target.com by preventing them from freely navigating Target.com.

5    26.    The Internet has become a significant source of information, for conducting
6 business and for doing everyday activities such as shopping, banking, etc., for sighted and blind
7 persons.

8    27.    The blind access websites by using keyboards in conjunction with screen-reading
9 software which vocalizes visual information on a computer screen.  Except for a blind person
10 whose residual vision is still sufficient to use magnification, screen access software provides the
11 only method by which a blind person can independently access the Internet.  Unless websites are
12 designed to allow for use in this manner, blind persons are unable to fully access Internet
13 websites and the information, products and services contained therein.

14    28.    There are well-established guidelines for making websites accessible to blind
15 people.  These guidelines have been in place for at least several years and have been followed
16 successfully by other large business entities in making their websites accessible. The Web
17 Accessibility Initiative (WAI), a project of the World Wide Web Consortium which is the
18 leading standards organization of the Web, has developed guidelines for website accessibility.
19 The federal government has also promulgated website accessibility standards under Section 508
20 of the Rehabilitation Act.  These guidelines are readily available via the Internet, so that a
21 business designing a website can easily access them. These guidelines recommend several basic
22 components for making websites accessible, including, but not limited to: adding invisible alt-
23 text to graphics; ensuring that all functions can be performed using a keyboard and not just a
24 mouse; ensuring that image maps are accessible, and adding headings so that blind people can
25 easily navigate the site.  Without these very basic components a website will be inaccessible to a
26 blind person using a screen reader.

27    29.    Target.com contains access barriers that prevent free and full use by blind persons
28 using keyboards and screen reading software.  These barriers are pervasive and include, but are

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
First Amended Complaint

6

1 not limited to: lack of alt-text on graphics, inaccessible image maps, the lack of adequate
2 prompting and labeling; the denial of keyboard access; and the requirement that transactions be
3 performed solely with a mouse.

4     30. Alternative text ("Alt-text") is invisible code embedded beneath a graphical image
5 on a website. Web accessibility requires that alt-text be coded with each picture so that a screen
6 reader can speak the alternative text while a sighted user sees the picture. Alt-text does not
7 change the visual presentation except that it appears as a text pop-up when the mouse moves
8 over the picture. There are many important pictures on Target.com that lack a text equivalent.
9 The lack of Alt-text on these graphics prevents screen readers from accurately vocalizing a
10 description of the graphics. (Screen readers detect and vocalize Alt-text to provide a description
11 of the image to a blind computer user.) As a result, blind Target customers are unable to
12 determine what is on the website, browse the site, look for Target locations, investigate Target
13 programs and specials, and/or make any purchases.

14     31. Similarly, Target.com lacks accessible image maps. An image map is a function
15 that combines multiple words and links into one single image. Visual details on this single
16 image highlight different "hot spots," which, when clicked on, allow the user to jump to many
17 different destinations within the website. For an image map to be accessible, it must contain Alt-
18 text for the various "hot spots." The image maps on Target.com do not contain adequate Alt-text
19 and are therefore inaccessible.

20     32. Target.com also lacks prompting information and accommodations necessary to
21 allow blind shoppers who use screen readers to locate and accurately fill-out online forms. On a
22 shopping site such as Target.com, these forms include search fields to locate products, fields that
23 specify the number of items desired, and fields used to fill-out personal information, including
24 address and credit card information. Due to the lack of adequate labeling, blind customers
25 cannot easily make purchases or inquiries as to Target's products or programs, nor can they enter
26 their personal identification and financial information with confidence and security.

27     33. The lack of navigation links on Target.com makes attempting to navigate through
28 Target.com even more time consuming and confusing for blind consumers

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

7

34.     Target.com requires the use of a mouse to complete a transaction. Yet, it is a fundamental tenet of web accessibility that for a web page to be accessible to blind people, it must be possible for the user to interact with the page using only the keyboard. Indeed, blind users cannot use a mouse because manipulating the mouse is a visual activity of moving the mouse pointer from one visual spot on the page to another. Thus, Target.com's inaccessible design, which requires the use of a mouse to complete a transaction, denies blind Target customers the ability to independently make purchases on Target.com.

35.     Due to Target.com's inaccessibility, blind Target customers must in turn spend time, energy, and/or money to make their purchases at a Target store. Some blind customers may require a driver to get to the store or require assistance in navigating the store. By contrast, if Target.com were accessible, a blind person could independently investigate products and programs and make purchases via the Internet as sighted individuals can and do.

36.     Target.com thus contains access barriers which deny full and equal access to Plaintiffs, who would otherwise use Target.com and who would otherwise be able to fully and equally enjoy the benefits and services of Target stores in California.

37.     On May 5, 2005, Plaintiff National Federation of the Blind notified Target of the unlawful accessibility barriers on its website. The Parties entered into structured negotiations pursuant to a litigation standstill/tolling agreement executed on September 1, 2005. The Parties were unable to resolve the matter in negotiations. Plaintiffs initially filed this action in the Superior Court of California for the County of Alameda on February 7, 2006, after the standstill agreement expired. Defendant was served on or about February 14, 2006. On March 9, 2006, Defendant removed the case to this Court.

//
//
//
//
//
//

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

8

## **FIRST CAUSE OF ACTION**

(Violation of California Civil Code §§ 51, *et seq.* – the Unruh Civil Rights Act)
(on behalf of Plaintiffs and California subclass)

38.   Plaintiffs incorporate by reference the foregoing allegations as though fully set forth herein.

39.   California Civil Code §§ 51, *et seq.* guarantees equal access for people with disabilities to the accommodations, advantages, facilities, privileges and services of all business establishments of any kind whatsoever.  Target is systematically violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*

40.   Target is a "business establishment" within the meaning of California Civil Code §§ 51, *et seq.*  Target generates billions of dollars in revenue from the sale of goods in California through its 205 stores and Target.com.  Target.com is a service provided by Target which is inaccessible to patrons who are blind.  This inaccessibility denies blind patrons full and equal access to the facilities, goods and services that Target makes available to the non-disabled public.  Target is violating the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, in that Target is denying blind customers the goods and services provided by Target.com.  These violations are ongoing.

41.   Target's actions constitute intentional discrimination against the class on the basis of a disability in violation of the Unruh Civil Rights Act, California Code §§51 *et seq.*, in that: Target has constructed a website that is inaccessible to class members; maintains the website in this inaccessible form; and has failed to take actions to correct these barriers even after being notified of the discrimination that such barriers cause.

42.   Target is also violating the Unruh Civil Rights Act, California Civil Code § 51, in that the conduct alleged herein constitutes a violation of various provisions of the Americans with Disabilities Act (hereafter "ADA"), 42 U.S.C. §§ 12101, *et seq.*, as set forth above. California Civil Code § 51(f) provides that a violation of the right of any individual under the ADA shall also constitute a violation of the Unruh Civil Rights Act.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
First Amended Complaint

9

43.     The actions of Defendant were and are in violation of the Unruh Civil Rights Act, California Civil Code §§ 51, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief remedying the discrimination.

44.     Plaintiffs are also entitled to statutory minimum damages pursuant to California Civil Code § 52 for each and every offense.

45.     Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## SECOND CAUSE OF ACTION

(Violation of Cal. Civ. Code §§ 54, *et seq.* – the Disabled Persons Act)
(on behalf of Plaintiffs and California subclass)

46.     Plaintiffs incorporate by reference the allegations foregoing allegations as if set forth fully herein.

47.     California Civil Code §§ 54, *et seq.* guarantees full and equal access for people with disabilities to all public places. Target.com constitutes a "public place" within the meaning of California Civil Code §§ 54.1 - 54.3.

48.     Target is violating the right of blind persons to full and equal access to public places by denying full and equal access to Target.com.

49.     Target is also violating California Civil Code §§ 54, *et seq.* in that Target is denying blind customers full and equal access to the services provided to non-disabled customers by Target stores located in California. Target stores in California are "public places" within the meaning of California Civil Code §§ 54, *et seq.* Target.com is a service provided by and integrated with these stores. That service is inaccessible to patrons who are blind. Target stores in California are discriminating in violation of California's Disabled Persons Act because the services they offer on Target.com are inaccessible.

50.     Target is also violating California Civil Code §§ 54, *et seq.* in that Target's actions are a violation of the ADA. Any violation of the ADA is also a violation of California Civil Code § 54.1.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
First Amended Complaint

51. The actions of Defendant were and are in violation of California Civil Code §§ 54, *et seq.* and therefore Plaintiffs are entitled to injunctive relief remedying the discrimination.

52. Plaintiffs are also entitled to damages under California Civil Code § 54.3 for each offense

53. Plaintiffs are also entitled to reasonable attorneys' fees and costs.

WHEREFORE, Plaintiffs request relief as set forth below.

## THIRD CAUSE OF ACTION

(Violation of 42 U.S.C. §§ 12181, *et seq.* – Title III of the Americans with Disabilities Act)
(on behalf of Plaintiffs and the Class)

54. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

55. Section 302(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

56. Target stores are sales establishments and public accommodations within the definition of Title III of the ADA. 42 U.S.C. §§12181(7)(E). Target.com is a service, privilege or advantage of Target stores. Target.com is a service that is by and integrated with these stores.

57. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of an entity.

58. Under Section 302(b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

1   59. Under Section 302(b)(2) of Title III of the ADA, unlawful discrimination also
includes, among other things:

> a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and
>
> a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

60. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and the regulations promulgated thereunder. Patrons of Target stores who are blind have been denied full and equal access to Target.com, have not been provided services that are provided to other patrons who are not disabled, and/or have been provided services that are inferior to the services provided to non-disabled patrons. Target has failed to take any prompt and equitable steps to remedy its discriminatory conduct. These violations are ongoing.

WHEREFORE, Pursuant to 42 U.S.C. § 12188 and the remedies, procedures, and rights set forth and incorporated therein Plaintiffs request relief as set forth below.

//
//
//
//
//
//
//
//
//

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

### FOURTH CAUSE OF ACTION

(Declaratory Relief)
(on behalf of Plaintiffs and the Class)

61. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

62. An actual controversy has arisen and now exists between the parties in that Plaintiffs contend, and are informed and believe that Target denies, that Target.com, which Target owns, operates, and/or controls, fails to comply with applicable laws including, but not limited to Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.* California Civil Code §§ 51, *et seq.*, and California Civil Code §§ 54, *et seq.* prohibiting discrimination against the blind.

63. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

WHEREFORE, Plaintiffs request relief as set forth below.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgment as follows:

1. A preliminary and permanent injunction to prohibit Target from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*, California Civil Code §§ 51, *et seq.* and California Civil Code §§ 54, *et seq.*;

2. A preliminary and permanent injunction requiring Target to take the steps necessary to make Target.com readily accessible to and usable by blind individuals.

3. A declaration that Target is owning, maintaining and/or operating Target.com in a manner which discriminates against the blind and which fails to provide access for persons with disabilities as required by law;

4. An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(2) and/or (b)(3), appointing Plaintiffs as Class Representatives, and their attorneys as Class Counsel;

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

13

1        5.      Damages in an amount to be determined by proof, including all applicable statutory damages;

        6.      Plaintiffs' reasonable attorneys' fees, expenses, and costs of suit as provided by law;

        7.      For pre-judgment interest to the extent permitted by law; and

        8.      Such other and further relief as the Court deems just and proper.

DATED: March 30, 2006                                DISABILITY RIGHTS ADVOCATES
                                                                     SCHNEIDER & WALLACE
                                                                     BROWN, GOLDSTEIN & LEVY, LLP

                                                                     By:  /s/ Mazen M. Basrawi
                                                                           Mazen M. Basrawi
                                                                           Attorney for Plaintiff

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
First Amended Complaint

14