1   ROBERT A. NAEVE (CA SBN 106095)
    RNaeve@mofo.com
2   MORRISON & FOERSTER LLP
    19900 MacArthur Boulevard
3   Irvine, California  92612-2445
    Telephone: (949) 251-7500
4   Facsimile: (949) 251-0900

5   DAVID F. MCDOWELL (CA SBN 125806)
    MICHAEL J. BOSTROM (CA SBN 211778)
6   DMcDowell@mofo.com
    MBostrom@mofo.com
7   MORRISON & FOERSTER LLP
    555 West Fifth Street, Suite 3500
8   Los Angeles, California  90013-1024
    Telephone: (213) 892-5200
9   Facsimile: (213) 892-5454

10  Attorneys for Defendant
    TARGET CORPORATION

11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14

15

| | |
|---|---|
| 16  NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION and DOES ONE-TEN,<br><br>Defendant. | Case No.        C06-01802 MHP<br><br>**TARGET CORPORATION'S UNOPPOSED MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56 AND LEAVE UNDER THE COURT'S STANDING ORDER FOR THE LIMITED PURPOSE OF FILING A RULE 12(b)(6) MOTION TO DISMISS; DECLARATION OF MICHAEL J. BOSTROM IN SUPPORT THEREOF**<br><br>**[Local Rule 7-11]** |

24

25

26

27

28

1

## INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiffs National Federation of the Blind, the National Federation of the Blind of California and Bruce Sexton ("NFB") claim in this action that federal and state laws that prohibit disability discrimination in *places* of public accommodations somehow apply to Internet websites, even though such websites are "located in no particular geographical location but available to anyone, anywhere in the world, with access to the Internet." *E.g., Reno v. ACLU*, 521 U.S. 844, 851 (1997). In particular, NFB alleges in this action that Defendant Target Corporation's ("Target") website at www.target.com violates Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* ("ADA"), California's Unruh Civil Rights Act, California Civil Code section 51 *et seq.* ("Unruh Act"), and California's Blind and Other Physically Disabled Persons Act, California Civil Code section 54 *et seq.* ("Disabled Persons Act"), because it is "difficult if not impossible" for blind customers to use (Compl. ¶1).

As we briefly explain in the paragraphs that follow, claims advanced by NFB in this action are contrary to settled authority in this and other federal circuits.[1] *See e.g., Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) (Title III of the ADA only applies to actual physical places); *Psinet, Inc. v. Chapman*, 362 F.3d 227 (4th Cir. 2004) (Commerce Clause of the United States Constitution precludes state regulation of the Internet). Under these circumstances, Target respectfully requests as follows:

1. *Motion to Dismiss.* The interest of the parties and judicial economy are best served granting relief from General Order 56, and leave under the Court's Standing Orders for the limited purpose of allowing Target to file, and the parties to thereafter brief, a dispositve motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Target proposes to file its dispositive motion to dismiss within 10 court days after entry of the order granting such relief.

---

[1] For this reason, on March 15, 2006, Target filed a Motion to Dismiss NFB's Complaint in its entirety. Since that time, this Case has been reassigned from Magistrate Judge Zimmerman to this Court, and NFB has filed an amended complaint adding a claim of relief under the ADA.

TARGET'S MOTION FOR LEAVE TO FILE MOTION TO DISMISS (CASE NO. 06-01802 MHP)          1
la-852913

2.    *General Order 56 to Otherwise Remain in Effect.*  General Order 56 places a stay on judicial proceedings so that the parties can survey the alleged public accommodation, and identify alleged access violations in detail.  The general purposes underlying General Order 56 can best be accommodated by allowing it to remain in force so that the Court can decide the merits of Target's motion before the parties are required to engage in time-consuming and potentially costly discovery.

NFB has indicated that while they will oppose Target's Motion to Dismiss, they will not oppose this motion for leave to file a motion to dismiss.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2006, Plaintiffs filed the action captioned above in the Superior Court of California, County of Alameda.  Their original complaint generally alleged that Target's website, located at www.target.com, cannot be accessed by blind individuals in violation of the Unruh Act and the Disabled Persons Act.

On March 8, 2006, Target removed this action from the Superior Court of California, County of Alameda to this Court.  Thereafter, on March 15, 2006, Target filed and served its motion to dismiss all claims in Plaintiffs' complaint.

On March 24, 2006, this action was reassigned from Magistrate Judge Zimmerman to this Court.

On March 30, 2006, Plaintiffs filed their Amended Complaint in this action.  As is relevant here, the Amended Complaint continues to allege that Target's website is inaccessible to blind persons in violation of the Unruh Act and the Disabled Persons Act.  Plaintiffs, however, added a new claim for relief under Title III of the ADA, in which they allege that because Target's website is inaccessible to blind persons, it also violates the ADA.

Now that Plaintiffs have asserted a claim for relief under the ADA, General Order 56 applies to this case.  Paragraph 2 of General Order 56 stays all discovery and proceedings in this case, except a joint inspection and initial disclosures required by Federal Rule of Civil Procedure 26(a), unless this Court orders otherwise.  (General Order 56, ¶ 2.)

1    This Court's Standing Order No. 4 provides that "[m]otions to dismiss shall not be filed

2    before the Initial Case Management Conference except by leave of court."  Pursuant to General

3    Order 56, an Initial Case Management Conference will not be set until after the parties have held

4    a joint "premises inspection," a settlement meeting following the premises inspection, and a

5    mediation session.  (General Order 56, ¶¶ 3, 4, and 6.)

6    Target believes that NFB's claims fail as a matter of law.  As such, on April 6, 2006,

7    Target's counsel asked NFB's counsel to stipulate that Target should be granted leave to file its

8    motion to dismiss.  (Declaration of Michael J. Bostrom In Support of Target's Motion for Leave

9    ("Bostrom Decl."), ¶ 1.)  This motion will raise the important threshold issues of whether (a) the

10   ADA and California's access laws apply to websites; and (b) under the Commerce Clause of the

11   United States Constitution, states may regulate Internet websites in interstate commerce.

12   Apparently recognizing the importance of resolution of these issues, NFB's counsel responded

13   that NFB would not oppose Target's motion for leave to file its motion to dismiss.  (*Id.* at ¶ 4.)

**ARGUMENT**

## I.    THE INTERESTS OF THE PARTIES AND JUDICIAL ECONOMY ARE BEST SERVED GRANTING TARGET LEAVE TO FILE A MOTION TO DISMISS

The Amended Complaint presents important threshold legal issues decisions on which

will govern whether and how this matter can or should be litigated or otherwise resolved.  While

Target does not intend to argue its Motion to Dismiss in this brief, to assist the Court in its

decision here, Target offers the following abbreviated explanation of why it believes its Motion to

Dismiss will be dispositive in this case.

Target's Motion to Dismiss will demonstrate that neither the ADA nor California's access

laws apply to websites:

- The prohibitions of Title III are restricted to physical "*places* of public accommodation," which include only "facilities," such as "buildings, structures, sites, complexes, equipment, rolling stock or other conveyances, roads, walks, passageways, parking lots, or other real or personal property . . . ."  28 C.F.R. § 36.104.  Internet websites are *not* actual physical places or facilities, and fall

outside Title III's regulatory purview.  *See e.g., Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042 (9th Cir. 2000) (Title III of the ADA only applies to actual physical places).

- The Unruh Act does not apply to websites either.  It only applies to establishments, facilities, buildings, improvements, and other structures.  Cal. Civil Code § 51. Moreover, the Unruh Act does not require Target to make any "alteration, repair, or modification" to its website in order to improve access by the visually impaired. Cal. Civ. Code § 51 (d).

- The Disabled Persons Act also does not apply to websites.  It only applies to physical places such as hospitals, airplanes, schools, hotels, and amusement parks. Cal. Civ. Code § 54.1(a)(1).  Furthermore, because the Disabled Persons Act only applies to physical places, a DPA claim must be premised on a California building code violation.  *See, e.g., Marsh v. Edwards Theatres Circuit, Inc.*, 64 Cal. App. 3d 881, 892 (1976).  Plaintiffs have not alleged Target's website is in violation of any California building code.

Target's Motion to Dismiss will also demonstrate that even if the Unruh Act and the Disabled Persons Act could somehow be interpreted as requiring Target to modify its website, applying those statutes to Target's website would amount to a *per se* violation of the Commerce Clause of the United States Constitution, U.S. CONST. art. I, § 8, cl. 3.

- First, by requiring Target to modify its website, California would be impermissibly regulating conduct occurring entirely outside its borders because Target's website is accessible to consumers all around the country, not just consumers in California. *Healy v. The Beer Inst.*, 491 U.S. 324, 336 (1989).

- Second, regulation of the Internet is exclusively reserved for Congress because otherwise Target, and all other Internet users, could be subjected to inconsistent and contradictory state law standards.  *Southern Pac. Co. v. Arizona ex rel. Sullivan*, 325 U.S. 761 (1945).

1    If Target is not granted leave to file its Motion to Dismiss, then the parties will have to

2   wait until after they have followed the procedures set forth in General Order 56 to present its

3   motion to resolve the important threshold legal issues discussed above.  In the mean time, the

4   parties will be obligated to engage in time consuming and costly pretrial disclosures, inspections,

5   conferences, and dispute resolution procedures.  Target believes that these expensive pre-trial

6   litigation procedures can be avoided because its Motion to Dismiss will be dispositive of all of

7   Plaintiffs' claims for relief in this action.

8   **II.      GENERAL ORDER 56 SHOULD OTHERWISE REMAIN IN EFFECT**

9    General Order 56 places a stay on judicial proceedings so that the parties can survey the

10   alleged public accommodation, and identify alleged access violations in detail.  Target requests

11   relief from General Order 56 for the limited purpose of having its Motion to Dismiss heard.  The

12   general purposes underlying General Order 56 can best be accommodated by allowing it to

13   remain in force so that the Court can decide the merits of Target's motion before the parties are

14   required to engage in time-consuming and potentially costly discovery.

15  **III.     CONCLUSION**

16   For all the foregoing reasons, Target respectfully requests that the Court grant Target

17   administrative relief from General Order 56, and relief under the Court's Standing Order, for the

18   limited purpose of filing a Motion to Dismiss.  Target also requests that it have until 10 court days

19   after entry of an order on this Motion to file its Motion to Dismiss.

20   Dated: April 11, 2006                    ROBERT A. NAEVE
                                             DAVID F. MCDOWELL
21                                           MICHAEL J. BOSTROM
                                             MORRISON & FOERSTER LLP
22

23
                                      By:    /s/ Robert A. Naeve
24                                           Robert A. Naeve

25                                           Attorneys for Defendant
                                             TARGET CORPORATION
26

27

28

## DECLARATION OF MICHAEL J. BOSTROM

I, Michael J. Bostrom, declare as follows:

I am an attorney licensed to practice law in the state of California, and admitted to the United States District Court for the Northern District of California. I am an associate in the law firm of Morrison & Foerster LLP, counsel for Defendant Target Corporation in this action. I have personal knowledge of the facts set forth herein. If called as a witness, I would and could competently testify as follows:

1.      On April 6, 2006, I telephoned Mazen Basrawi, counsel for NFB in this action and requested that NFB stipulate that Target should be granted leave under this Court's Standing Order, and relief under General Order 56, for the limited purpose of filing a Motion to Dismiss. Mr. Basrawi requested that I forward him a proposed stipulation.

2.      On April 10, 2006, I forwarded Mr. Basrawi a proposed stipulation. Attached hereto as Exhibit A is a true and correct copy of that proposed stipulation.

3.      On April 10, 2006, Mr. Basrawi sent me an e-mail stating: "We cannot agree to your draft stipulation as we disagree with your characterization of the issues presented in the case. However we will not oppose your motion." A true and correct copy of Mr. Basrawi's e-mail is attached hereto as Exhibit B.

4.      On April 11, 2006, I telephoned Mr. Basrawi in attempt to further negotiate a proposed stipulation. Mr. Basrawi declined my invitation to negotiate the proposed stipulation, and stated that Target should simply provide in its Motion for Administrative Relief that NFB will not be opposing the motion.

I declare under penalty of perjury under the laws of California and the United States of America that the foregoing is true and correct, and that this declaration was executed on April 11, 2006 in Los Angeles, California.

_____/S/ Michael J. Bostrom_____
Michael J. Bostrom

1

**GENERAL ORDER 45 ATTESTATION**

2      I, Robert A. Naeve, am the ECF User whose ID and password are being used to file the

3 Declaration of Michael J. Bostrom.   In compliance with General Order 45, X.B., I hereby attest

4 that Michael J. Bostrom has concurred in this filing.

5

6                                                       /s/ Robert A. Naeve
                                                        Robert A. Naeve

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28