1  LAURENCE W. PARADIS (Cal. Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (Cal. Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:  (510) 665-8644
5  Facsimile:  (510) 665-8511
   TTY:        (510) 665-8716
6
   TODD M. SCHNEIDER (Cal. Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (Cal. Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
10 Telephone:  (415) 421-7100
   Fax:        (415) 421-7105
11 TTY:        (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:  (410) 962-1030
15 Fax:        (410) 385-0869

16 Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendants. | Case No. C-06-01802-MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER NO. 56 FOR THE LIMITED PURPOSE OF FILING A MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge: The Honorable Marilyn Hall Patel |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

Dockets.Justia.com

1  Plaintiffs hereby move this Court for Administrative Relief from the Northern District of
2  California's General Order No. 56 (Americans with Disabilities Act Access Litigation) for the
3  limited purpose of permitting plaintiffs to file a motion for a preliminary injunction.

## INTRODUCTION

5  This case has been filed as a nation-wide class action to address the failure of a
6  nationwide corporation to make reasonable modifications to its website so that the website, as
7  well as the goods and services made available on that site, are accessible to blind individuals.
8  Plaintiffs seek relief from the Northern District's General Order No. 56 (Americans with
9  Disabilities Access Litigation) for the limited purpose of allowing plaintiffs to move for a
10 preliminary injunction. Plaintiffs seek preliminary injunctive relief to prevent Defendant Target
11 Corporation ("Target") from continuing to deny blind individuals full and equal access to one of
12 its major services – "target.com."
13 The named plaintiffs are blind individual, Bruce Sexton, and the National Federation of
14 the Blind ("NFB"). The NFB is a nationwide organization with over 50,000 members which
15 advocates for the rights of blind persons to full equality and participation in society. Target.com
16 is a website that links the public to a wide array of household goods, clothing, pharmaceutical
17 services, pricing discounts, product information and employment opportunities that are available
18 in Target's retail stores. Despite Target's extensive revenues (*e.g.,* $52 Billion dollars in
19 reported gross revenues in 2005), Target has failed to incorporate the basic and readily available
20 technology that is commonly used by other businesses throughout the country to make websites
21 accessible to blind individuals. In fact, as evidenced by Target's recently filed Motion to
22 Dismiss (which misstates both Plaintiffs' allegations and the substantive legal requirements),
23 Target still refuses to even acknowledge that it has a legal obligation to make its website at all
24 accessible to people with disabilities. As a direct result of Target's rejection of basic civil rights
25 and anti-discrimination laws – to wit, California's Unruh Civil Rights Act (Cal Civ Code §51 et
26 seq.), California's Disabled Persons Act (Cal. Civ. Code §54 et seq., and the federal Americans
27 with Disabilities Act of 1990 (42 U.S.C. §12101 et seq.) ("ADA") – access for blind individuals
28 at Target is anything but equal. Plaintiffs seek to bring an immediate end to the irreparable and

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion For Administrative Relief from General Order No. 56**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  ongoing harm that Target's unlawful discrimination visits upon blind persons.

2  Before filing this lawsuit, plaintiffs initiated and spent over half a year in structured
3  negotiations with Defendant in an attempt to resolve the dispute. Without preliminary relief,
4  plaintiffs will continue to experience irreparable harm indefinitely.

## PROCEDURAL BACKGROUND

This case was originally filed as a statewide class action in Superior Court of the State of California in the County of Alameda on February 7, 2006. On March 8, 2006 Defendant Target filed a Notice of Removal in United States District Court, Northern District of California, Oakland Division. On March 8, 2006, the parties were served via the Electronic Court Filing system "Scheduling Order For Cases Asserting Denial Of Right Of Access Under Americans With Disabilities Act Title III (42 U.S.C. §§ 12181- 89)." The Order assigned the case to the Honorable Magistrate Judge Bernard Zimmerman and the Order's incorporated case schedule indicated that the parties were to comply with General Order No. 56 "Americans with Disabilities Act Access Litigation".

On March 15, 2006, Defendant Target filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Target also filed an objection to the assignment of the case to Magistrate Judge Zimmerman. On March 24, 2006, the case was reassigned to the Honorable Judge Marilyn Hall Patel, and the hearing date on the pending motion was vacated. Plaintiffs filed an Amended Complaint as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure on March 30, 2006. On April 11, 2006, Defendant filed a Motion for Relief from General Order No. 56 in order for it to re-notice its Motion to Dismiss prior to the Case Management Conference. Plaintiff agreed not to oppose Defendant's Motion for Relief from the General Order.

At the same time, plaintiffs asked Target to stipulate to general relief from Rule 56 since the parties had already engaged in over half a year of pre-litigation settlement negotiations without success, and there was no reason to further delay the litigation. Target declined to agree to such general relief. Plaintiffs then asked Target to at least stipulate to relief from Rule 56 for the limited purpose of plaintiffs filing their preliminary injunction motion, but Target declined

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion For Administrative Relief from General Order No. 56**

2

that proposal as well. See Declaration of Mazan Basrawi, submitted herewith, at ¶¶5-11.

## REASONS FOR RELIEF FROM GENERAL ORDER NO. 56

### A. General Order No. 56

General Order No. 56 was adopted by the Northern District of California on June 21, 2005. It establishes a framework designed to encourage the early settlement of access litigation for alleged violations of the Americans with Disabilities Act and California's disability access laws.

Under General Order No. 56, the parties are directed, no later than 100 days after the filing of the complaint, to meet in person at the subject premises at issue. ¶3. Initial disclosures required by Federal Rule of Civil Procedure 26(a) are to be completed no later than seven days prior to this joint inspection. ¶2. At the joint inspection or within 10 business days thereafter, the parties are to meet and confer in person to discuss all claimed violations. ¶4. Plaintiffs are to specify all claimed premises violations and the desired remediation. *Id.* Defendants are to specify whether they are willing to remediate and whether defendant agrees with plaintiffs' proposed remediation, or has an alternate proposal. *Id.* If defendant believes remediation is not readily achievable, defendant is to specify the factual basis for this claim. *Id.* If the parties agree on remediation, plaintiffs are to submit a statement of damages, including all claims for attorneys' fees and costs, and make a demand for settlement. ¶5. If the parties cannot settle the case within 45 days of the joint site inspection, plaintiff is to file a "Notice for Need for Mediation". ¶6. The parties are then referred to the Court's ADR department for mediation. *Id.* If mediation is unsuccessful, plaintiff is directed to file a Motion for Administrative Relief, requesting an initial Case Management Conference. ¶7.

General Order 56 specifies that "Any party who wishes to be relieved of any requirement of this order may file a Motion for Administrative Relief pursuant to L.R. 7-11." ¶8. Plaintiffs seek limited relief from General Order No. 56 so that plaintiffs may file a motion for a preliminary injunction.

### B. Pre-Litigation Settlement Attempts

On May 5, 2005, Plaintiff National Federation of the Blind notified Target of the alleged

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
Plaintiffs' Motion For Administrative Relief from General Order No. 56

3

unlawful accessibility barriers on its website. Plaintiffs offered and Target agreed to enter into structured negotiations pursuant to a litigation standstill and tolling agreement executed on September 1, 2005. The parties then engaged in such negotiations for several months. In the end, however, the parties were not able to reach an agreement resolving the website access dispute. See Basrawi Decl. at ¶ 3. Plaintiffs were thus forced to file this lawsuit to remedy the ongoing discrimination.

Plaintiffs thus fully embraced the aim and spirit of General Order No. 56 by meeting and conferring with Defendants over an extended time period in an effort to settle the case even before the litigation was filed. Further settlement negotiations at this time would be futile. In fact, as shown by defendant's recently filed motion to dismiss, Target continues to deny that it has any obligation to make its website accessible to the blind.

### C. Need for Preliminary Injunctive Relief

This Court has articulated the legal standard for the issuance of a preliminary injunction: a plaintiff seeking preliminary injunctive relief must demonstrate either: '(1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.' See *Regents of the University of California v. Dakocytomation California, Inc.*, Slip Copy, 2006 WL 618769 (N.D. Cal., March 10, 2006) at *3.

#### 1. Plaintiffs will demonstrate a high likelihood of success on the merits.

Target is in violation of California's Unruh Civil Rights Act, California's Disabled Persons Act ("DPA"), and the Americans With Disabilities Act ("ADA") because it has designed and maintained, and is currently operating, its website in a manner that is inaccessible to the blind. The analysis varies somewhat with each statute, but ends with the same outcome. In the context of the Unruh Act, Target Corporation is a "business establishment" that has refused to ensure that blind individuals have "full and equal" access to one of its "accommodations, advantages, facilities, privileges or services" – target.com. As to the Disabled Persons Act and the ADA, Target stores are "public accommodations," target.com is a service, accommodation, advantage, and/or privilege of those stores, target.com has a nexus to and enhances the use of

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion For Administrative Relief from General Order No. 56**

4

1  those stores, but target.com is nonetheless inaccessible to the blind.

2  Each of these analyses rests on a common core of undisputed facts and well-established interpretations of applicable law: (1) Plaintiffs are a protected class under the applicable statutes; (2) target.com is a service offered to customers of Target Corporation for the purchase of products and services sold by Target; (3) target.com also is a service of Target stores in that it offers information and features that provide substantial benefits to individuals seeking to locate and attain the household goods, medicines and employment opportunities available in the stores themselves; and (4) Blind individuals do not have full and equal access to target.com or the multiple benefits connected to target.com because of the accessibility barriers on the site.

### 2. The balance of hardships tips sharply in favor of Plaintiffs.

Target's violations of the Unruh Act, the DPA, and the ADA, in and of themselves, constitute discrimination and create a presumption of irreparable injury to Plaintiffs. See, e.g., *Cupolo v. Bay Area Rapid Transit*, 5 F. Supp. 2d 1078, 1084 (1997); *Rotary Club of Duarte v. Board of Directors*, 178 Cal. App. 3d 1035 (1986). Furthermore, even without such a presumption, it is clear the Plaintiffs have suffered and will continue to suffer significant irreparable harm throughout this litigation, absent a preliminary injunction. No remedy at law can provide plaintiffs with the ability to access target.com and the myriad of goods, services and information that Target makes available to its sighted customers. By contrast, as a company whose revenue exceeded $52 Billion last year alone, any harm Target would experience by the issuance of an injunction is negligible.

### D. Conclusion

Plaintiffs request relief from General Order No. 56 for the limited purpose of permitting plaintiffs to file their motion for a preliminary injunction.

DATED: May ___, 2006                             DISABILITY RIGHTS ADVOCATES

                                                 By: _____
                                                     Mazen M. Basrawi
                                                     Attorneys for Plaintiffs

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
Plaintiffs' Motion For Administrative Relief from General Order No. 56

5