1    LAURENCE W. PARADIS (California Bar No. 122336)
     MAZEN M. BASRAWI (California Bar No. 235475)
2    DISABILITY RIGHTS ADVOCATES
     2001 Center Street, Third Floor
3    Berkeley, California 94704
     Telephone:   (510) 665-8644
4    Facsimile:    (510) 665-8511
     TTY:         (510) 665-8716
5

6    TODD M. SCHNEIDER (California Bar No. 158253)
     JOSHUA KONECKY (California Bar No. 182897)
     SCHNEIDER & WALLACE
7    180 Montgomery Street, Suite 2000
     San Francisco, CA 94104
8    Telephone:   (415) 421-7100
     Fax:          (415) 421-7105
9    TTY:         (415) 421-1655

10    DANIEL F. GOLDSTEIN (*pro hac vice*)
      BROWN, GOLDSTEIN & LEVY, LLP
11    120 E. Baltimore St., Suite 1700
      Baltimore, MD 21202
12    Telephone:   (410) 962-1030
      Fax:          (410) 385-0869

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members and all others similarly situated, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,<br><br>            Plaintiffs,<br>v.<br>TARGET CORPORATION<br>            Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**[proposed] ORDER GRANTING PLAINTFFS' MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: The Honorable Marilyn Hall Patel |

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.: C 06-01802 MHP**
**[proposed] Order Granting Plaintiffs' Motion For Preliminary Injunction**

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

Plaintiffs' Motion for a Preliminary Injunction came on for hearing before the Court on June 12, 2006. All parties were represented by their counsel of record at the hearing. This Court having reviewed all of the papers and documents filed in support of, and in opposition to said motion, and having considered the argument of counsel, and good cause appearing, hereby makes the following FINDINGS and ORDERS:

1. For this Court to issue a preliminary injunction plaintiffs must show "either: (1) a likelihood of success on the merits and the possibility of irreparable injury; or (2) that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiffs'] favor." *Halo Management, LLC v. Interland, Inc.*, 308 F. Supp. 2d 1019, 1026 (N.D. Cal. 2003) (citing *Southwest Voter Registration Education Project v. Shelley,* 344 F.3d 914, 917 (9th Cir. 2003) (en banc; per curiam) (internal citations omitted)).

2. Plaintiffs have demonstrated a strong likelihood of success on the merits:

   a. The record demonstrates that plaintiffs are a blind individual and an organization which is suing on behalf of its approximately 50,000 members most of whom are legally blind. Such persons qualify as individuals with disabilities under the California Unruh Act, the California Disabled Persons Act (DPA) and the Americans with Disabilities Act of 1990 (ADA). *See* Declarations of Bruce F. Sexton, Jr., Marc Maurer, Bob Ayala, Tim Elder, Tina Thomas, Ken Volonte, Terri Uttermohlen, Steve Jacobson and Robert Stigile.

   b. The record further demonstrates that many blind persons are able to receive and benefit from the information, goods and services contained on websites using screen access software where such websites contain certain access features. *Id.*; *see also* Declaration of Anne Taylor, at ¶10; Expert Declaration of Dr. James W. Thatcher, at ¶¶11-13.

   c. Defendant Target Corporation is a business establishment under the Unruh Act, Cal. Civ. Code § 51 and its stores are places of public accommodation under the DPA and Title III of the ADA. *See O'Connor v.*

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1  *Village Green Owners Association,* 33 Cal. 3d 790, 795 (1983), *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1050 (9th Cir.2000); Cal. Civ. Code §54.1(a)(1); 42 U.S.C. §12182(7)(e); Thatcher Decl. at ¶20.

    d. The website target.com is an accommodation, advantage, privilege and/or service of Defendant Target Corporation (hereafter "Target") and its brick and mortar stores. Target therefore has a legal obligation to make target.com accessible on equal terms to blind individuals as to nondisabled individuals. *See* Cal. Civ. Code §51(b); Cal. Civ. Code §54.1(a)(1); 42 U.S.C. §12181(a) & (b); *see also Presta v. Peninsula Corridor Joint Powers Board*, 16 F.Supp.2d 1134 (N.D. Cal. 1998); *Rendon v. Valleycrest Prods.*, 294 F.3d 1279 (11th Cir. 2002).

    e. The factual record before the court, including the declarations of Dr. James W. Thatcher, Anne Taylor, Bruce Sexton, Jr., Bob Ayala, Tim Elder, Tina Thomas, Ken Volonte, Terri Uttermohlen, Steve Jacobson, and Robert Stigile, demonstrate that there are barriers on target.com which deny blind persons full and equal access to target.com.

    f. Accordingly, Defendant Target is denying full and equal access to blind individuals in violation of the Unruh Act, DPA and ADA. Cal. Civ. Code § 51(b); Cal. Civ. Code § 54.1(a)(1); 42 U.S.C. § 12181(a) & (b).

3. For the reasons discussed in the foregoing paragraph, plaintiffs have raised serious questions going to the merits of the case.

4. Plaintiffs also have demonstrated irreparable injury in that:

    a. Unlawful discrimination constitutes irreparable harm; Target's denial of full and equal access to blind individuals with respect to the benefits and privileges of its public website causes blind persons to suffer the irreparable harm of unlawful discrimination and the deprivation of their statutorily protected civil rights. *See, e.g., Cupolo v. Bay Area Rapid Transit*, 5 F. Supp.

---

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**[proposed] Order Granting Plaintffs' Motion For Preliminary Injunction**                    **2**

1  2d 1078, 1084 (N.D. Cal. 1997). Damages alone cannot compensate for the
2  lose of individual dignity resulting from such unlawful discrimination. *See*
3  *Rotary Club of Duarte v. Board of Directors*, 178 Cal. App. 3d 1035 (1986).
4      b. Furthermore, irreparable harm is presumed where a defendant engages in acts
5  or practices prohibited by a statute that provides for injunctive relief.
6  *Smallwood v. National Can Co.*, 583 F.2d 419, 420 (9th Cir. 1978);
7  *Burlington Northern R. Co. v. Department of Revenue of State of Wash.*, 934
8  F.2d 1064, 1074 (9th Cir. 1991). The Unruh Act, DPA and ADA all have
9  provisions explicitly providing for injunctive relief in civil actions brought by
10 aggrieved or potentially aggrieved persons. *See* Cal. Civ. Code § 52.1(b)
11 (Unruh Act); Cal. Civ. Code § 55 (DPA); 42 U.S.C. § 12188(a)(ADA).
12 Violations of these disability access laws constitute irreparable injury, per se.
13 *See Cupolo*, 5 F. Supp. 2d at 1084. Injunctive relief is thus authorized and
14 necessary to curtail and remedy Target's continuing violation of these statutes.
15   5. The Court finds that blind persons including the individual named Plaintiff and
16 members of the organizational Plaintiff have suffered and will continue to suffer significant
17 irreparable harm throughout this litigation, absent a preliminary injunction.
18   6. Furthermore, the Court finds that the balance of hardships and public interest tip
19 sharply in plaintiffs' favor:
20     a. Plaintiffs have presented substantial evidence showing that meaningful
21 access to the Web is an indispensable component of independent living for
22 blind individuals in today's technology-dependent world. *See generally*
23 Declaration of Anne Taylor at ¶¶6-10; Declaration of Marc Mauer at ¶6;
24 *see also* Declarations of Bruce F. Sexton, Jr., Bob Ayala, Tim Elder, Tina
25 Thomas, Ken Volonte, Terri Uttermohlen, Steve Jacobson and Robert
26 Stigile.
27     b. The civil rights and disability access laws at issue call for broad
28 enforcement through injunctive relief in order to effectively eradicate

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

---

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.: C 06-01802 MHP**
**[proposed] Order Granting Plaintffs' Motion For Preliminary Injunction**    **3**

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

          discrimination and guarantee full inclusion of people with disabilities in the mainstream of the economic and commercial spheres of our society. *See, e.g., Hankins v. El Torito Restaurants, Inc.*, 63 Cal.App.4th 510, 523 (1998); *PGA Tour, Inc. v. Casey Martin*, 532 U.S. 661, 675, 121 S.Ct. 1879 (2001).

    c.    The record shows that Target has substantial resources at its disposal. *See* Press Release, Target Corporation, "Target Corporation Fourth Quarter Earnings Per Share From Continuing Operations $1.06." at http://investors.target.com. Target has not demonstrated any financial or other obstacle to making target.com accessible to the blind; and

    d.    The record shows that there are established guidelines and readily available protocols for making websites accessible. *See* Expert Declaration of Dr. James W. Thatcher; *see also* WAI website at www.w3.org/WAI.

7. Given the circumstances of this case, including the considerations discussed above, the Court finds that the issuance of a preliminary injunction is in the public interest and that the posting of a nominal bond is appropriate for the issuance of this preliminary injunction. *See, e.g., Cupolo v. Bay Area Rapid Transit*, 5 F. Supp. 2d at 1078, 1086 (N.D. Cal. 1997).

In light of the findings stated above, the Court makes the following ORDERS:

8. Defendant Target shall make the website, www.target.com, readily accessible to and usable by blind persons who use screen access software within ninety (90) days from the effective date of this order, and shall maintain the website in such accessible condition thereafter. For purposes of this order, screen access software means software that reads the code behind the computer screen and text-to-speech software that vocalizes that information.

9. Should Target encounter any particular difficulties making target.com fully accessible to blind individuals, it shall bring those difficulties to the attention of plaintiffs' counsel no later than five (5) days after discovering them. The parties shall then meet and confer in a good faith attempt to resolve the difficulty or dispute. If the parties cannot agree upon a

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**[proposed] Order Granting Plaintffs' Motion For Preliminary Injunction**    **4**

resolution, counsel shall arrange for a phone conference through the Courtroom deputy to raise the issue with the Court and determine the best mechanism for resolving it.

10. No later than one hundred (100) days from the effective date of this Order, Target shall file an affidavit from a person of responsibility within the corporation who is familiar with the status and operation of target.com, detailing and verifying the accessibility of target.com for blind individuals who use screen access software.

11. Plaintiffs are ORDERED to post a bond of one hundred dollars ($100) no later than seven (7) days from the effective date of this Order.

IT IS SO ORDERED.

Dated: _____, 2006      _____
HONORABLE MARILYN H. PATEL
United States District Court Judge

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

---

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:   C 06-01802 MHP**
**[proposed] Order Granting Plaintffs' Motion For Preliminary Injunction**                    **5**