1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:    (510) 665-8644
5  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
6
   TODD M. SCHNEIDER (California Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
10 Telephone:    (415) 421-7100
   Fax:          (415) 421-7105
11 TTY:          (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:    (410) 962-1030
15 Fax:          (410) 385-0869

16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE IN CONNECTION WITH PLAINTIFFS' OPPOSITION TO DEFENDANT TARGET CORPORATION'S MOTION TO DISMISS**<br><br>Hearing Date: July 24, 2006<br>Time:          2:00 p.m.<br>Judge:         The Honorable Marilyn Hall Patel |

*National Federation of the Blind, et al v. Target Corporation*
**Case. No.: C 06-01802 MHP**
**Plaintiffs' Request For Judicial Notice In Connection With Plaintiffs' Opposition To Defendant Target Corporation's Motion To Dismiss**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

Dockets.Justia.com

## I. INTRODUCTION

Pursuant to Federal Rule of Evidence 201, Plaintiffs request that this Court take judicial notice of three records.

The first record it the transcript of the Congressional oversight hearing entitled *Applicability of the Americans With Disabilities Act (ADA) to Private Internet Sites: Hearing Before the Subcomm. on the Constitution of the House Comm. on the Judiciary*, 106th Cong. 65-010 (2000), attached as Exhibit A to the Declaration of Camilla L. Roberson ("Roberson Decl."), submitted herewith. Defendant Target.com specifically referred to these hearing in its Motion to Dismiss and plaintiffs have cited the hearing transcripts in their Opposition.

The second record is a Brief of the United States as Amicus Curiae in Support of Appellant, filed by the U.S. Department of Justice in the case *Hooks v. OKBridge, Inc.*, 232 F.3d 208 (5th Cir. 2000) (No. 99-50891), Exhibit B to Roberson Decl. The third record is a Letter from the Assistant Attorney-General for Civil Rights to Senator Tom Harkin, (September 9, 1996), 10 NDLR 240 (currently available at http://www.usdoj.gov/crt/foia/cltr204.txt), Exhibit C to Roberson Decl. Both of these documents are cited in Plaintiffs' Opposition to Defendant's Motion to Dismiss and discuss the opinion of the DOJ regarding the applicability of the ADA to private internet sites.

Government records and court records have long been found to be judicially noticeable by federal courts. In conformity with the requirements of the Rule, these records are official, publicly available documents that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." F.R.E. 201(b)(2). Plaintiffs and/or defendants refer to each of these records in their briefs. They are therefore amenable to judicial notice.

## II. ARGUMENT

All of the documents of which plaintiffs seek judicial notice are court records or government records which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably questioned." FRE 201(b)(2).

*National Federation of the Blind, et al v. Target Corporation*
**Case. No.: C 06-01802 MHP**
**Plaintiffs' Request For Judicial Notice In Connection With Plaintiffs' Opposition To Defendant Target Corporation's Motion To Dismiss**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    The Congressional hearing transcripts are public records easily accessible online through the official website of Congress, in this case of the House of Representatives. *See* Roberson Decl. ¶2. These are the official transcripts of hearings open to the public. As both defendant Target and plaintiffs have specifically referred to these hearings as an indication of Congressional intent regarding the ADA and its applicability to the Internet, the transcripts of the hearings themselves are clearly relevant to the case.

Additionally the technical letter of the U.S. Department of Justice to Senator Tom Harkin regarding the applicability of the ADA to the Internet is also appropriate for judicial notice and relevant to the case. Public filings of government agencies or entities are appropriate for judicial notice under Rule 201(b)(2). Numerous courts have found government publications to be appropriate for judicial notice. *See Clappier v. Flynn*, 605 F.2d 519, 535 (10th Cir. 1979); *Canadian St. Regis Band of Mohawk Indians ex rel. Francis v. New York*, 278 F. Supp. 2d 313 (N.D.N.Y. 2003) (judicial notice may be taken of the Federal Register); *U.S. ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968 (W.D. Mich. 2003), *affirmed* 388 F.3d 209 (in qui tam action under False Claims Act (FCA) against anthrax vaccine manufacturer, District Court would take judicial notice of congressional documents); *Austracan (U.S.A.) Inc. v. Neptune Orient Lines, Ltd.*, 612 F. Supp. 578 (S.D.N.Y. 1985) (under Federal Evidence Rule 201(b)(2), court would take judicial notice of contents of government publication, a shipper's guide, which defined "pier-to-house" shipment as being shipment loaded into container at pier or terminal then exported directly to consignee's designated area for unloading); *Nehus v. Alaska Marine Towing, Inc.*, 519 F. Supp. 328 (W.D. Wash. 1981) (court considering case involving collision of vessels would take judicial notice of the publication, United States Coast Pilot).

The Amicus Brief filed by the Department of Justice in *Hooks v. OKBridge* is a court record, also "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FRE 201(b)(2). This document is contained in court files, on the official website of the DOJ and in legal databases and can be readily verified if necessary. *See* Roberson Decl. ¶3. Furthermore this document has been cited by plaintiffs and

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al v. Target Corporation*
**Case. No.: C 06-01802 MHP**
**Plaintiffs' Request For Judicial Notice In Connection With Plaintiffs' Opposition To Defendant Target Corporation's Motion To Dismiss**

2

1 is being offered to establish the opinion of the Department of Justice regarding the applicability

2 of the ADA to the Internet. Finally, courts routinely take judicial notice of court filings and

3 records. *See, e.g., Sosuther Cross Overseas Agencies, Inc. v. Kah Kwong Shipping Group, Ltd.*,

4 181 F.3d 410, 426-27 (3rd Cir.); *United States v. Jones*, 29 F.3d 1549, 1553. (11th Cir. 1994).

5     In short, the documents that plaintiffs request this Court take judicial notice are public

6 records whose accuracy can be readily determined. Public records are self-authenticating under

7 the Federal Rules of Evidence, F.R.E. 901(a) and (b)(7), and are considered an exception to the

8 hearsay rule. F.R.E. 803(8). The documents do not contain facts that are in dispute or

9 reasonably subject to dispute, and derive from trustworthy sources.

10 **I.     CONCLUSION**

11     For the foregoing reasons, plaintiffs respectfully request that this Court take judicial

12 notice of the transcript of the Congressional hearing entitled *Applicability of the Americans With*

13 *Disabilities Act (ADA) to Private Internet Sites*, and the letter to Senator Harkin and Amicus

14 Brief issued by the Department of Justice, submitted herewith.

15

16 Respectfully submitted,

17 DATED:      June 12, 2006                    DISABILITY RIGHTS ADVOCATES
                                                LAURENCE W. PARADIS
18                                              MAZEN M. BASRAWI

19                                              SCHNEIDER & WALLACE
                                                TODD M. SCHNEIDER
20                                              JOSHUA KONECKY

21                                              BROWN, GOLDSTEIN & LEVY, LLP
                                                DANIEL F. GOLDSTEIN (*pro hac vice*)
22

23                                              By:     /s/ Laurence W. Paradis
                                                        Laurence W. Paradis
24                                                      Attorneys for Plaintiffs

25

26

27

28

*National Federation of the Blind, et al v. Target Corporation*
**Case. No.: C 06-01802 MHP**
**Plaintiffs' Request For Judicial Notice In Connection With Plaintiffs' Opposition To Defendant Target Corporation's Motion To Dismiss**

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644