# EXHIBIT L

LEGC

# THE UNRUH ACT

## CIVIL CODE SECTION 51

VOLUME 1 OF 3
LEGISLATION FROM 1905 TO 1987

JAN RAYMOND
LEGISLATIVE HISTORY AND LEGISLATIVE INTENT
PO BOX 74005, DAVIS, CALIFORNIA 95617
PHONE (888) 676-1947 OR (530) 750-2187
FAX: (530) 750-0190

EXHIBIT ___L___ PAGE ___158___

# DECLARATION OF JAN S. RAYMOND

I, Jan Raymond declare:

I am an attorney licensed to practice by the California State Bar, State Bar number 88703, and admitted to practice in the United States Federal Court for the Eastern District of California. My business is researching legislative history and interpreting legislative intent, I have over 15 years experience in legislative research and analysis of legislative intent.

In cooperation with persons working under my supervision, I undertook to research the legislative history of the following project. All use of the word project in this declaration refers to legislative research addressed to this focus:

**Civil Code Section 51**
    As enacted by Chapter 413, Statutes of 1905
    As amended by
        Chapter 210, Statutes of 1919,
        Chapter 235, Statutes of 1923,
        Chapter 1866, Statutes of 1959,
        Chapter 159, Statutes of 1987,
        Chapter 913, Statutes of 1992,
        Chapter 195, Statutes of 1998,
        Chapter 1049, Statutes of 2000.

We report in three volumes. This Volume 1 of 3 contains materials on the legislation between 1905 and 1987. Volume 2 of 3 contains materials on the 1992 legislation. Volume 3 of 3 contains materials on the legislation from 1998 and 2000.

At all times, all persons working on this project operated under instructions to locate all documents available pertinent to this adoption. This research was compiled in the days immediately prior to the date of this declaration, and reflects all the documents, and sources available during that time pertinent to this project.

The documents listed are the substantive documents collected pertinent to the history of this project. The term "substantive documents" as used in the previous sentence refers to those documents relevant to the scope of the project. Some documents regarding the proposal related to this project may not be forwarded in this report. Documents not forwarded may include fiscal analyses addressing the budgetary impact of legislation, documents addressing other portions of proposal not directly relevant to the project, documents addressing simple support, or opposition to the proposal, or other documents unlikely to be helpful in understanding the substantive purpose of the proposal. The complete collection of documents is organized in generally chronological order and sequentially numbered.

The California Legislature does not regularly record and transcribe committee or floor proceedings. But in recent decades individual committees have sporadically recorded, and in some cases transcribed committee proceedings. In addition a select few committee, and many floor proceedings since the early 1990's are available on videotape. The recordings available in all

(888) 676-1947      **Declaration of Jan Raymond**      Page 1 of 6
For definitions of the legislative terms used in this declaration, visit the California law page at
www.naj.net

EXHIBIT ____L____ PAGE __159__

media are uniformly difficult and time consuming to access, and rarely substantively useful in a particular case. This report was compiled using documentary sources only.

Individual documents may appear in multiple locations or files. We endeavor to obtain only one copy of the document. Where it is clearly important we endeavor to note each source of the document in this declaration. But some documents for which we cite a single source may in fact have been found in multiple locations. Where this raises an issue important in individual circumstances all source locations of particular documents can be identified upon request.

All documents listed are included with this declaration, except as otherwise noted in this declaration. All documents included are true and correct copies of the original documents. Unless otherwise noted in this declaration all documents were obtained at one of the following sources: legislative offices at the State Capitol, the California State Library, the California State Archives, or libraries at the University of California at Davis. References to "bill file" as used in this declaration refer to files maintained regarding the legislation that is the subject of the document collection. Some documents copied from microfilm originals may be of poor quality; all copies included with this report are the best available copies.

In this list of documents the abbreviation SFA refers to the Office of Senate Floor Analyses, ARC refers to the Assembly Republican Caucus, SDC refers to the Senate Democratic Caucus, SRC refers to the Senate Republican Caucus, and CLRC refers to the California Law Revision Commission.

**The following documents accompany this declaration:**

*1905 Chapter 413*

| | |
|---|---|
| Excerpt regarding Assembly Bill 216 (Drew) from the Assembly Final History, 1905 Regular Session. | Page 1 |
| AB 216 as introduced, January 10, 1905. | Page 5 |
| AB 216 as amended in Assembly February 1, 1905. | Page 8 |
| AB 216 as amended in Assembly Fberuary 10, 1905. | Page 11 |
| Chapter 413, Statutes of 1905. | Page 13 |
| Excerpt regarding AB 216 from the Journal of the Senate for 1905. | Page 16 |
| Excerpt regarding AB 216 from the Journal of the Assembly for 1905. | Page 18 |
| Excerpt regarding Assembly Bill 4 from the Final Calendar of Legislative Business for 1897. | Page 23 |
| AB 4 as introduced January 5, 1897. | Page 26 |
| AB 4 as amended in the Assembly January 28, 1897. | Page 28 |
| AB 4 as amended in the Senate February 18, 1897. | Page 30 |
| AB 4 as amended in the Senate February 19, 1897. | Page 32 |

(888) 676-1947     Declaration of Jan Raymond     Page 2 of 6
For definitions of the legislative terms used in this declaration, visit the California law page at www.naj.net

EXHIBIT  L   PAGE  160

Chapter CVIII, Statutes of 1897.                                                          Page 34

### 1919 Chapter 210

Excerpt regarding Assembly Bill 693 (Roberts) from the Assembly Final History, 1919
Regular Session.                                                                          Page 36

AB 693 as introduced January 23, 1919.                                                    Page 40

AB 693 as amended in Assembly April 11, 1919.                                             Page 42

Excerpt regarding AB 693 from the Journal of the Assembly for 1919.                       Page 43

Chapter 210, Statutes of 1919.                                                            Page 47

### 1923 Chapter 235

Excerpt regarding Senate Bill 113 (Sample) from the Senate Final History, 1923 Regular
Session.                                                                                  Page 50

SB 113 as introduced January 23, 1923.                                                    Page 54

Excerpt regarding Chapter 235 from the Legislative Digest of the Forty-Fifth Session.     Page 56

SB 113 as amended in Senate April 18, 1923.                                               Page 58

Excerpt regarding SB 113 from the Journal of the Senate for 1923.                         Page 60

Chapter 235, Statutes of 1923.                                                            Page 62

### 1959 Chapter 1866

Excerpt regarding Assembly Bill 594 (Unruh) from the Assembly Final History, 1959
Regular Session.                                                                          Page 64

AB 594 as introduced January 21, 1959.                                                    Page 66

AB 594 as amended in the Assembly March 24, 1959.                                         Page 68

AB 594 as amended in the Assembly March 30, 1959.                                         Page 70

AB 594 as amended in the Assembly April 9, 1959.                                          Page 72

AB 594 as amended in the Assembly May 12, 1959.                                           Page 74

AB 594 as amended in the Senate June 11, 1959.                                            Page 76

AB 594 as amended in the Senate June 15, 1959.                                            Page 78

Selected documents regarding AB 594 from the enrolled bill file of former Governor
Edmund G. Brown, four pages.                                                              Page 80

(888) 676-1947              **Declaration of Jan Raymond**              Page 3 of 6
For definitions of the legislative terms used in this declaration, visit the California law page at
www.naj.net

EXHIBIT ___L___ PAGE ___16___

Chapter 1866, Statutes of 1959. — Page 84

Excerpt regarding Chapter 1866 from the Summary Digest for the 1959 Regular session. — Page 86

Excerpt regarding AB 594 from the Journal of the State Bar of California, September-October 1959, six pages. — Page 88

"The California Equal Rights Statutes in Practice" - Ronald P. Klien, 10 Stanford Law Review 253, 1958. — Page 94

"The 1959 California Equal Rights in 'Business Establishments' Statute – A Problem in Statutory Application" – Harold W. Horowitz, Southern California Law Review, Vol. 33, No. 3, 1960. — Page 116

**1987 Chapter 159**

Excerpt regarding Assembly Bill 181 (Harris) from the Assembly Final History, 1987 Regular Session. — Page 141

AB 181 as introduced, January 6, 1987. — Page 143

Worksheet, with attachments, of AB 181 as introduced, from the bill file of the Assembly Committee on Judiciary, four pages. — Page 148

Legislative Fact Sheet on AB 181 as introduced, from the bill file of the author, one page. — Page 152

Documents regarding AB 181 as introduced from the bill file of the Assembly Committee on Judiciary, six pages. — Page 153

Assembly Judiciary Committee Republican Analysis of AB 181 as introduced dated 4/20/87 from the bill file of ARC, one page. — Page 159

Letter of opposition regarding AB 181 as introduced dated 4-21-87, from the bill file of the Assembly Committee on Judiciary, two pages. — Page 160

Assembly Committee on Judiciary Analysis of AB 181 as introduced prepared for hearing 4-22-87. — Page 162

Selected documents regarding AB 181 as introduced, from the bill file of the author, four pages. — Page 164

Assembly Judiciary Committee Republican Analysis of AB 181 as introduced dated 4/28/87, from the bill file of ARC, one page. — Page 168

Assembly Third Reading analysis of AB 181 as introduced 1-6-87. — Page 169

Documents regarding AB 181 as introduced, from the bill file of the author, five pages. — Page 171

AB 181 as amended in Senate May 27, 1987. — Page 176

(888) 676-1947    Declaration of Jan Raymond    Page 4 of 6
For definitions of the legislative terms used in this declaration, visit the California law page at www.naj.net

EXHIBIT L    PAGE 162

| | |
|---|---|
| Senate Committee on Judiciary Analysis of AB 181 as amended 5-27-87 prepared for hearing 6-2-87. | Page 182 |
| Letter of opposition regarding AB 181 as amended 5-27-87, dated 6-8-87, from the bill file of the author, two pages. | Page 187 |
| Senate Committee on Judiciary Analysis of AB 181 as amended 5-27-87 and prepared for hearing 6-9-87. | Page 189 |
| Committee Statement regarding AB 181 dated 6-9-87, from the bill file of the Senate Committee on Judiciary, one page. | Page 193 |
| Department of Fair Employment & Housing analysis of AB 181 as amended 5-27-87, one page. | Page 194 |
| AB 181 as amended in Senate June 18, 1987. | Page 195 |
| SFA Third reading analysis of AB 181 as amended 6-18-87. | Page 202 |
| Concurrence in Senate Amendments analysis of AB 181 as amended 6-18-87. | Page 204 |
| Documents regarding AB 181 as amended 6-18-87, from the bill file of former Governor George Deukmejian, ten pages. | Page 206 |
| Chapter 159, Statutes of 1987. | Page 216 |
| Excerpt regarding Chapter 159 from the Summary Digest for 1987. | Page 221 |
| Documents from the author's file, dated May-June 1988, six pages. | Page 223 |

### *1985-86 AB 4260*

| | |
|---|---|
| Excerpt regarding Assembly Bill 4260 (Bates) from the Assembly Final History, 1985-86 Regular Session. | Page 229 |
| AB 4260 as introduced February 21, 1986. | Page 231 |
| Documents regarding AB 4260 as introduced from the bill file of the author, four pages. | Page 235 |
| Fair Employment and Housing Department bill analysis regarding AB 4260 as introduced from the bill file of ARC, three pages. | Page 239 |
| AB 4260 as amended in the Assembly March 31, 1986. | Page 242 |
| Letter dated April 25, 1986, from the bill file of the author, one page. | Page 247 |
| Letter dated April 28, 1986 from the bill file of the Assembly Committee on Judiciary, one page. | Page 248 |
| Assembly Committee on Judiciary analysis of AB 4260 as amended March 31, 1986, for hearing April 29, 1986. | Page 249 |

(888) 676-1947   Declaration of Jan Raymond   Page 5 of 6
For definitions of the legislative terms used in this declaration, visit the California law page at www.naj.net

EXHIBIT L   PAGE 163

| | |
|---|---|
| Documents regarding AB 4260 as amended March 31 from the bill file of the author, six pages. | Page 251 |
| Document regarding AB 4260 as amended March 31 from the bill file of the Assembly Committee on Judiciary, one page. | Page 257 |
| Assembly Committee on Judiciary analysis of AB 4260 as proposed to be amended, for hearing May 6, 1986. | Page 258 |
| Statement and letter dated May 6, 1986 from the bill file of the author, two pages. | Page 260 |
| AB 4260 as amended in the Assembly May 8, 1986. | Page 262 |
| Assembly Third Reading analysis of AB 4260 as amended May 8, 1986. | Page 267 |
| AB 4260 as amended in the Assembly May 22, 1986. | Page 269 |
| Assembly Third Reading revised analysis of AB 4260 as amended May 22, 1986. | Page 274 |
| Documents regarding AB 4260 as amended May 22 from the bill file of the author, ten pages. | Page 276 |
| Senate Committee on Judiciary analysis of AB 4260 as amended May 22, 1986. | Page 286 |
| Documents regarding AB 4260 as amended May 22 from the bill file of the author, eight pages. | Page 293 |
| AB 4260 as amended in the Senate August 13, 1986. | Page 301 |
| Documents regarding AB 4260 as amended August 13 from the bill file of the author, seven pages. | Page 310 |
| Concurrence in Senate Amendments analysis of AB 4260 as amended August 13, 1986. | Page 317 |

This collection ends with page 317

**I declare under penalty of perjury the foregoing is true and correct.**

Executed at Davis California, July 19, 2004.

*/s/ Jan Raymond*
Jan Raymond

(888) 676-1947          **Declaration of Jan Raymond**          **Page 6 of 6**
For definitions of the legislative terms used in this declaration, visit the California law page at www.naj.net

EXHIBIT L   PAGE 164

WORKSHEET

PLEASE COMPLETE AND RETURN IMMEDIATELY TO:

ASSEMBLY COMMITTEE ON JUDICIARY
STATE CAPITOL, ROOM 6005

Bill No./Author: *AB 181 - Harris*

Your Office Contact Person: Jon Waldie          Room 6005

Telephone Number: 445-7442

1. Attach copies of background and related materials, including letters of (support) and opposition.

2. Provide Senate Floor Vote: Ayes _____ Nays _____

   Senate Committee _____ Ayes _____ Nays _____

   _____ Ayes _____ Nays _____

3. a. Preference for hearing date: March 11, 1987

   b. Amount of time to present testimony: 15 min.

   c. Names of witnesses: Sharon Gold

4. Name and address of source of bill. (What person, organization or governmental entity, if any, requested introduction?)
   National Federation of the Blind

5. Please identify and attach, if possible any interim committee reports or other reports on this bill:

6. Please identify the session, bill number and disposition of similar bills previously introduced and any companion bills:
   1985-86 Session, AB 4260

7. Please provide author's statement as to the purpose of this bill. What is the problem or deficiency in the present law which the bill seeks to remedy?
   Include the blind in the statutory civil rights afforded other citizens of the State of California.

Rev. 1/87                                           EXHIBIT L   PAGE 165

000148

# NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA

5982 South Land Park Drive ★ Sacramento, California 95822

(916) 424-2226    (800) 345-2226

SHARON GOLD, President



## THE NEED TO EXTEND CIVIL RIGHTS PROTECTION TO THE BLIND

### Background

In keeping with the spirit of the founding of our country that all persons are created equally, the California Legislature enacted the Unruh Civil Rights Act (California Civil Code Section 51, which was later amended to include Sections 51.5, 52, and 53). It reads that "All persons within the jurisdiction of this State are free and equal, and no matter what their sex, race, color, religion, ancestry or national origin are entitled to the full and equal accommodation, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." At first glance, this list of persons to be protected appears to include all persons living in California and to afford these persons a broad base of rights and protections under the law including the right to invite the court to settle differences and award damages. However, a more careful observation reveals that the blind and disabled are conspicuously absent from the list of protected persons.

In 1968, at the request of our organization, the California Legislature adopted SB-369 which became Section 54 of the California Civil Code. It was the intent of the Legislature that this statute serve as a Bill of Rights for blind citizens providing protection in the areas of law not otherwise encompassed by Section 51 (i.e., protecting a blind person from exclusion by virtue of the fact that he/she is blind and using a white cane or dog guide). It was not the intent of our organization nor was it the intent of the 1968 Legislature to limit the protection of blind people to Section 54 and thus prevent the blind from enjoying the equal protection afforded to all other California citizens under Sections 51 through 53.

### The Problem

In 1977, a California judge ruled in MARSH v. EDWARDS THEATRES CIRCUIT, INC. (134 Cal.Rptr. 844) that Sections 51 and 52 of the California Civil Code had no application to discrimination against physically handicapped persons. The court concluded in part, "Where a statute (Sections 51 and 52) on a particular subject (Civil Rights) omits a particular provision (the blind and disabled), the inclusion of such a provision in another

000149

EXHIBIT ___L___ PAGE _16ce_

EXTEND CIVIL RIGHTS PROTECTION TO THE BLIND
Page 2

statute (Section 54) concerning a related matter indicates an intention that the provision is not applicable to the statute from which it was omitted". By this statement, the California Court of Appeal denied the Plaintiff recovery under a section of the Civil Rights Statute, the provision for which was not included in Section 54. In other words, the Civil Rights Act was viewed by the court as a general statute and the failure of the Legislature to include the blind and disabled in the California Civil Code Sections 51 through 53 was seen by the Court as an intentional exclusion of the blind and disabled from considerations relevant to all other citizens. The MARSH case has set such a precedent that blind and disabled persons are prevented from asserting their right of citizenship in the California Court under the Unruh Civil Rights Act.

### Examples

In 1980, a gentleman, who resides in Orange County, sought passage aboard a Pacific Southwest Airlines (PSA) plane flying from Los Angeles to San Francisco. This gentleman was traveling with a dog guide and the airlines discriminated against him by imposing unreasonable seating requirements upon him which were not imposed on other passengers. The behavior of the airlines over this incident, which resulted in a missed flight, in the inability to keep a business appointment, in bodily injury to the blind man and in damage to his personal property, brought about the filing in 1981 of a suit against PSA. Research by his lawyers revealed that the presence of a specially trained dog guide aboard the airlines was protected by law as set forth in Section 54 et seq of the California Civil Code. However, these same sections did not provide for protection from the kind of discrimination which the blind man suffered at the hands of the airlines. The man's lawyers then looked to the California Civil Rights Act as encompassed in Sections 51 through 53 of the Civil Code. While doing research in this area of the law, the lawyers ran into the MARSH v. EDWARDS case, which made it clear that the blind man was prohibited from filing against the airlines on discriminatory practices as set forth in Section 51. This forced the case to be filed in Federal Court, whereas a state law would have permitted the blind man the opportunity to file a lawsuit in a California Court and perhaps to have been able to file an even stronger complaint.

Section 51.5 of the Civil Code specifically prohibits businesses from discrimination in the process of buying from, selling to, or trading with persons. In late 1985, a blind person was solicited by a Sacramento merchant who made an appointment by telephone for a home visit to show the company's product. When the salesman arrived at the door and discovered that the homeowner happened to be blind, he refused to show the merchandise. If the blind were included as a class of persons to be protected by

000150
EXHIBIT L  PAGE 167

EXTEND CIVIL RIGHTS PROTECTION TO THE BLIND
PAGE 3

the California Civil Rights Act, this would have been a blatant violation of Section 51.5. Yet, the blind person was without recourse because there is no statute to which the individual can point for protection against such discrimination. If this salesman would have refused to show his product because the person was a woman, or black, or Catholic, or Armenian, or belonged to any of the classes covered by the Civil Rights Act, the person could, at the very least, point to a statute in an effort to bring such discrimination to the attention of the company or, at most, bring a lawsuit for damages.

Section 51.8 guarantees Californians the right to be free from discrimination in the granting of franchises if the discrimination arises out of the race, color, religion, sex, or national origin of the prospective franchisee. Again, the blind are not included and thus have no protection or remedy under the law from franchisors who refuse to grant franchises on the basis of blindness. This discourages otherwise qualified blind persons from obtaining franchises and thus becoming self-supporting citizens contributing to the economy of our cities, state, and nation.

In Section 53, Californians are protected from discrimination in the transfer and use of realty. In 1980, a blind Californian attempted to lease office space and was denied the rental of the space because the landlord blatantly said that he did not want blind persons on his property. Further, the National Federation of the Blind of California, has received reports of realtors refusing to show blind persons property listed for sale. Both of these examples would have been violations of Section 51.5 and 53 if the blind were listed among the classes of persons protected by the Civil Rights Act.

Conclusion

The fact is that blind Californians are discriminated against in hundreds of ways every day. It is the purpose of legislation to create statutes which will protect a class of persons from discrimination so that members of the class, whom the legislature intended to be protected, may have a vehicle to seek a remedy for such violation. At this time, blind persons are simply not first-class citizens because the civil rights of citizenship are protected in Sections 51 through 53 of the California Civil Code and the blind are not included in these Civil Code sections.

000151

EXHIBIT L  PAGE 168

SENATE COMMITTEE ON JUDICIARY
Bill Lockyer, Chairman
1985-86 Regular Session

AB 181 (Harris)  
As amended May 27  
Hearing date: June 2, 1987  
Civil Code  
TDT

A  
B  

1  
8  
1  

## CIVIL RIGHTS

### HISTORY

Source: National Federation of the Blind of California

Prior Legislation: AB 4260 (1986) - (Moved to inactive file on Senate Floor)

Support: Southland Corporation; California School Employees Association; Blind Children's Center; California Council of the Blind; California Teachers Association

Opposition: Department of Fair Employment and Housing; California Association of Realtors (oppose unless amended); California Apartment Association (oppose unless amended)

Assembly Floor Vote: Ayes 57 - Noes 0

### KEY ISSUE

SHOULD BLINDNESS AND OTHER DISABILITIES BE ADDED TO THE BASES OF DISCRIMINATION PROHIBITED BY THE GENERAL CIVIL RIGHTS PROVISIONS OF CALIFORNIA LAW.

### PURPOSE

Existing law generally prohibits business establishments from discriminating against, boycotting, blacklisting, refusing to buy from, sell to, or trade with any person because of race, creed, religion, color, national origin, or sex; prohibits a franchisor from discriminating in granting franchises because of the race, color, religion, sex or national origin of the franchisee; and makes void any restriction or prohibition relating to the acquisition, use, or occupation of real property which is based on sex, race, color, religion, ancestry, or natural origin.

(More)

000182
EXHIBIT L PAGE 169



# California Restaurant Association

| HEADQUARTERS OFFICE: | NORTHERN CALIFORNIA OFFICE: | LEGISLATIVE OFFICE: |
|---|---|---|
| 3780 Wilshire Boulevard, Suite 600 | 460 Hegenberger Road, Suite 740 | 1225 8th Street, Suite 325 |
| (Wiltern Theatre Building) | Oakland, California 94621 | Sacramento, California 95814 |
| Los Angeles, California 90010 | (415) 562-1864 | (916) 447-5793 |
| (213) 384-1200 | | |

THE ONLY STATEWIDE REPRESENTATIVE FOR CALIFORNIA'S FOOD AND BEVERAGE SERVICE INDUSTRIES

April 25, 1986

Honorable Elihu Harris
Room 6005
State Capitol
Sacramento, CA 95814

Dear Mr. Harris:

    The California Restaurant Association is opposed to AB 4260. If adopted these amendments would jeopardize the entire statutory scheme protecting the blind and disabled. These statutes and regulations have been enacted by the Legislature beginning in 1968 with the passage of Civil Code 54.1 and 54.3. These sections guarantee full and equal access to the blind and disabled within the framework of Government Code Section 4450 and Health and Safety Code § 19955, 19956 and 19959.

    These sections and regulations promulgated thereto specify the construction requirements considered to be reasonable accommodation under the law. The courts have further held that Civil Code 51, because it is specific to the disabled, will govern handicapped access cases (Marsh v Edwards Theatres Circuit Inc.[64 C.A. 3rd.,881]).

    To add the language you have suggested in this bill would wipe out all of the existing statutory and regulatory mechanisms currently in place, putting the burden entirely on the courts to determine, on a case by case basis, what constitutes reasonable accommodation for the blind and handicapped in all facilities, public and private, throughout California.

    We very much appreciate your consideration of our position.

Yours truly,

*Jo-Linda Thompson*

JO-LINDA THOMPSON
Director, Government Affairs
General Counsel

JLT/mdf
cc: Grant Kenyon

000247

EXHIBIT  L    PAGE 170

APRIL 29, 1986
JUDICIARY
ROOM 126
9 A.M.
AB 4260

MISTER CHAIRMAN AND MEMBERS:

AB 4260 IS SPONSORED BY THE NATIONAL FEDERATION OF BLIND OF CALIFORNIA. THIS BILL WILL FINALLY INCLUDE THOSE WHO HAVE BEEN EXCLUDED FROM THE RIGHTS AND PROTECTIONS GRANTED OTHER CALIFORNIANS UNDER THE UNRUH CIVIL RIGHTS ACT.

WITH THE PASSAGE OF AB 4260 NO LONGER WILL THE BLIND AND PHYSICALLY DISABLED BE DISCRIMINATED AGAINST IN THEIR ATTEMPTS TO BUY, SELL OR TRADE WITH ANY CALIFORNIA BUSINESS. NOR WILL THEY BE DISCRIMINATED AGAINST IN OBTAINING A FRANCHISE UNDER SECTION 51.8. THE PROTECTIONS GRANTED UNDER SECTION 53 PERTAINING TO REAL PROPERTY WILL ALSO NOW BE AVAILABLE TO THE BLIND AND DISABLED IN THIS STATE.

VERY SIMPLY, AB 4260 WILL ALLOW THE BLIND AND DISABLED TO PARTICIPATE IN THIS STATE AS EQUALS. THEY WILL HAVE THE SAME RIGHTS, PROTECTIONS AND OPPORTUNITIES GRANTED TO ANY OTHER RESIDENT IN THIS STATE, NO MATTER WHAT THEIR PHYSICAL ABILITY.

I ASK FOR YOUR "AYE" VOTE.

000251

EXHIBIT ____ PAGE 171

# NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA

5982 South Land Park Drive ★ Sacramento, California 95822

(916) 424-2226    (800) 345-2226

**SHARON GOLD, President**



May 1, 1986

TO:     Assmeblyman Elihu Harris

FROM:   Sharon Gold, President
        National Federation of the Blind
        of California

RE:     AB 4260

The following is suggested intent language to be added to Assembly Bill 4260.

"It is not the intent of the legislature in enacting this amendment to expand current law as to access to public places or reconstruction or new construction with respect to the physically disabled."

I trust this will satisfy the concerns raised by the California Restaurant Association.

Thank you.

000252

EXHIBIT  L  PAGE 172

# JACKSON/BARISH & ASSOCIATES

Governmental
Affairs
Consultants

770 L Street
Suite 960
Sacramento, CA
95814

916 442-4584
Telecopier:
916 441-4925

May 2, 1986

Mr. John Waldie
Assemblyman Harris' Office
State Capitol, Room 6005
Sacramento, CA 95814

Dear John:

Here are the proposed amendments to Assembly Bill 4260 which we discussed.

We agreed that the bill should also be amended to set forth legislative intent stating that there is no intention of mandating additional building standards.

Sincerely,

*Jim Abrams/cw*

Jim Abrams

JOA:cw
Enclosure

000253

EXHIBIT ___L___ PAGE 173

MAY 02 '86 14:00          C R JACKSON CO     P01

Section 56. Neither anything in this Part nor anything in Part 2 of this Code shall require in any manner whatsoever (a) any alteration, repair, or modification of, or addition to, any property which from time to time may exist, or (b) any standards, methods, or specifications pertaining in any manner whatsoever to the construction of new structures of any type, except as, and only to the extent, required pursuant to other provisions of law (specifically including, but not limited to, the provisions of Chapter 7, Division 5, Title 1 (commencing with Section 4450) of the Government Code, Part 5.3 (commencing with Section 19952) of the Health and Safety Code, and Part 5.5 (commencing with Section 19955) of the Health and Safety Code, and regulations promulgated pursuant to such provisions).

000254

EXHIBIT ___L___ PAGE __174__



**THE COMMITTEE ON HUMAN RIGHTS**
**THE STATE BAR OF CALIFORNIA**

JUN 30 1986

555 FRANKLIN STREET
SAN FRANCISCO, CA 94102-4498
(415) 561-8200

TO:     Judith A. Harper, Legislative Representative

FROM:   James Provenza, Vice Chair - Committee on Human Rights

DATE:   May 5, 1986

RE:     AB 4260

COMMITTEE RECOMMENDATION: SUPPORT

The Committee on Human Rights of the State Bar of California reviews pending legislation in California for its effect on human rights and consistency with Constitutional dictates and court decisions. AB 4260 was referred to the Committee for Analysis and Recommendation.

After review of the proposed Bill, the Committee has voted to recommend to the Legislature that AB 4260 be supported.

> Existing law relating to civil rights provides, generally that (1) all persons no matter what their sex, race, color, religion, ancestry, or national origin are entitled to the full and equal accomodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever; (2) no business establishment of any kind whatsoever shall discriminate against, boycott or blacklist, refuse to buy from, sell to, or trade with any person in this state because of the race, creed, religion, color, national orgin, or sex of that person; (3) no franchisor shall discriminate in the granting of franchises solely because of the race, color, religion, sex, or national orgin of the franchisee; and, (4) every restriction or prohibition relating to the acquisition, use, or occupation of real property which is based on sex, race, color, religion, ancestry, or national origin is void. Existing law provides similar, but less inclusive, civil rights provisions with respect to blind and other physically disabled persons.

This bill would include blindness or other physical disability within the bases of discrimination prohibited by these general civil rights provisions.

000255

EXHIBIT  L   PAGE 175



**THE COMMITTEE ON HUMAN RIGHTS**
**THE STATE BAR OF CALIFORNIA**

555 FRANKLIN STREET
SAN FRANCISCO, CA 94102-4498
(415) 561-8200

Page Two

RE: AB 4260

Sections 51 through 53, inclusive, originally protected the rights of those specifically enumerated groups.

In Marsh v. Edwards Theatre Circuit (1976) 64 Cal.App.3d 881, the court held that this section (Unruh Civil Rights Act) has no application to discrimination against a handicapped person.

Such protection, only as to public accomodations, were supplied in Civil Code Sections 54 and 54.1.

However, the court trend since In re Cox (1978) 3 C.3d 205 has been increasingly that the "lists enumerated are illustrative and not restrictive", usual language for a broad application of the substantive principle of legislation. In other words, a judicial interpretation of substance over form.

Cases have held Unruh applicable to many diverse groups, from political organizations, to "hippies", to homosexuals, in addition to the groups enumerated in the Act.

In Marina Point Ltd. v. Wolfson (1982) 30 C.3d 721, the court stated that "protection against discrimination afforded by the Unruh Civil Rights Act applies to 'all persons' and is not reserved for restricted catagories of prohibited discrimination."

Therefore, we feel that existing case law has already been declaratory of the substance of AB 4260.

However, in so far as it is "cleanup" legislation, and specifically brings statutory law into conformity with accepted legal precedent, we strongly support it.

The views expressed in this letter are on behalf of the Committee on Human Rights, not on behalf of the State Bar as a whole. The Board of Governors of the State Bar of California has not had an opportunity to review or take a position on this bill.

For further information regarding the Committee's position on this bill, please feel free to contact Sherri Sobel Sokoloff at (619) 260-8132.

000256

EXHIBIT ___L___ PAGE ___176___