| | |
|---|---|
| 1 | ROBERT A. NAEVE (CA SBN 106095) |
|   | RNaeve@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
|   | 19900 MacArthur Blvd. |
| 3 | Irvine, California 92612-2445 |
|   | Telephone: (949) 251-7500 |
| 4 | Facsimile: (949) 251-0900 |
| 5 | DAVID F. MCDOWELL (CA SBN 125806) |
|   | SARVENAZ BAHAR (CA SBN 171556) |
| 6 | MICHAEL J. BOSTROM (CA SBN 211778) |
|   | DMcDowell@mofo.com |
| 7 | SBahar@mofo.com |
|   | MBostrom@mofo.com |
| 8 | MORRISON & FOERSTER LLP |
|   | 555 West Fifth Street, Suite 3500 |
| 9 | Los Angeles, California 90013-1024 |
|   | Telephone: (213) 892-5200 |
| 10 | Facsimile: (213) 892-5454 |
| 11 | STUART C. PLUNKETT (CA SBN 187971) |
|   | SPlunkett@mofo.com |
| 12 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 13 | San Francisco, CA 94105-2482 |
|   | Telephone: (415) 268-7000 |
| 14 | Facsimile: (415) 268-7522 |
| 15 | Attorneys for Defendant |
|   | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No. C06-01802 MHP <br><br> **DECLARATION OF TRISH PERRY IN SUPPORT OF TARGET CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Date: July 24, 2006 <br> Time: 2:00 p.m. <br> Judge: The Honorable Marilyn Hall Patel |

DECLARATION OF TRISH PERRY
C06-01802 MHP
la-861113

**DECLARATION OF TRISH PERRY**

I, Trish Perry, have personal knowledge of the facts set forth below, and if called as a witness, I could and would testify under oath to the following:

1. I am Target.com's Group Manager for Business Operations. I have held this position for the past three years. Before becoming Group Manager, I served for three years as Target.com's Senior Manager for Front-End Operations.

2. As Group Manager for Business Operations at Target.com, I am responsible for overseeing both Target.com's front-end and back-end functionality. Thus, I not only oversee the content published on Target.com's website, but also serve as a liaison between the website and the business functions carried out by Target.com. My duties also include serving as a liaison between Target.com and the representatives who staff Target.com's 1-800 number.

3. Target.com was created in 1999. Target.com is a merchandising channel through which Target Corporation offers goods and services for sale to the public through a website located at www.target.com. Target.com's website does not exist in any physical location. Internet users can visit Target.com's website through their computers from anywhere in the United States. By doing so, Target.com's guests can view and purchase goods from Target.com's website without ever visiting one of Target Corporations' brick and mortar retail stores ("Target's retail stores").

4. I understand that Plaintiffs in this action have argued that Target.com is a service of Target's retail stores. This is not true. While Target Corporation works hard to make sure that the look and feel of Target.com and Target's retail stores are similar — both utilize similar color schemes, display Target's trade name and trademarks, sell some of the same merchandise, and pursue similar marketing strategies — Target.com and Target's retail stores are nonetheless two separate merchandising channels of Target Corporation. Indeed, if Target Corporation were to close its retail stores tomorrow, Target.com could still continue with its operations.

5. To illustrate, Target.com has its own president and management team who do not make any decisions for Target's retail stores. Target Corporation also employs approximately 400 employees who work exclusively for Target.com, and who do *not* provide any services for

Target's retail stores. Target.com also has its own human resources department and its own employee incentive plan.

6. Target.com also has its own buyers, who are different than the buyers for Target's retail stores. Target.com also has its own logistics system (*i.e.*, a system for receiving, storing, packaging, and shipping out merchandise), which is different than the one used by Target's retail stores. 45% of Target.com's merchandise is also offered at Target's retail stores, but 55% of its merchandise is exclusive to Target.com. To cite a couple of examples, Target.com does not offer any of the food, detergents, or other low dollar amount personal items carried at Target's retail stores, but Target.com does offer a wider selection of furniture, rugs, clothing, and electronics than is available at Target's retail stores. The decision of what to sell on Target.com's website is made by Target.com, *not* Target's retail stores.

7. Target.com has established alternative means to assist guests who, for whatever reason, might experience difficulties in making purchases from our website. In particular, Target.com posts on its website a toll-free 1-800 number, which is staffed 24 hours a day, 7 days a week, 365 days a year by Target.com representatives who can provide whatever assistance the caller requires. For example, Target.com representatives can conduct searches (or help our guests conduct searches) for merchandise sold on our website; provide verbal descriptions of various items of merchandise in which the caller expresses an interest; help our guest select appropriate items for purchase; and, if requested, assist the caller to purchase merchandise either over the telephone, or through the Target.com website.

8. Target.com representatives can also assist guests obtain and use other features of our website. For example, if asked, Target.com's 1-800 number representative would run a search on the wedding or baby registry, and assist the guest in purchasing an item listed in the registry, if the item is sold through Target.com.

9. Target.com's 1-800 number also has an automated store locator, which also provides store hours and store telephone numbers. Using these telephone numbers, the guest can

DECLARATION OF TRISH PERRY
C06-01802 MHP
la-861113

2

1 call his or her local store to place a refill prescription request with the pharmacy, or to place an order with the service deli for in-store pick up.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 12, 2006, at Minneapolis, Minnesota.

*[signature]*
Trish Perry

DECLARATION OF TRISH PERRY     C06-01802 MHP    4
la-861113