1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:   (510) 665-8644
5  Facsimile:   (510) 665-8511
   TTY:         (510) 665-8716
6
   TODD M. SCHNEIDER (California Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
10 Telephone:   (415) 421-7100
   Fax:         (415) 421-7105
11 TTY:         (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:   (410) 962-1030
15 Fax:         (410) 385-0869

16                    UNITED STATES DISTRICT COURT
17                    NORTHERN DISTRICT OF CALIFORNIA
18                    SAN FRANCISCO DIVISION

19 | NATIONAL FEDERATION OF THE          | Case No.: C 06-01802 MHP
20 | BLIND, the NATIONAL FEDERATION OF   |
   | THE BLIND OF CALIFORNIA, on behalf of | CLASS ACTION
21 | their members, and Bruce F. Sexton, on |
22 | behalf of himself and all others similarly | REPLY DECLARATION OF DR. JAMES
   | situated,                            | W. THATCHER IN SUPPORT OF
23 |                                      | PLAINTIFFS' MOTION FOR
   |         Plaintiffs,                  | PRELIMINARY INJUNCTION
24 |                                      |
   | v.                                   | Hearing Date: July 24, 2006
25 |                                      | Time:         2:00 p.m.
   | TARGET CORPORATION,                  | Judge:        The Honorable Marilyn Hall
26 |                                      |               Patel
   |         Defendant.                   |
27
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

Dockets.Justia.com

1. In my report on the Accessibility of Target.com, dated July 2005, and entered with my declaration dated April 12, 2006, I said:

> One needs some measure of accessibility or definition of accessibility. How can I judge whether a web page or web site is accessible to persons with disabilities? The answer is to check for compliance with the Web Content Accessibility Guidelines (or WCAG) (http://www.w3.org/TR/WCAG/) from the World Wide Web Consortium (W3C) (http://www.w3c.org) and the federal Section 508 Web Accessibility Standards. *These two sets of criteria are very similar and identical on the critical items I shall talk about here.* (Emphasis added)

2. In that same report dated July 2005, I then listed four critical issues, issues which I repeated in my declaration of April 12, 2006, and which I repeated over and over in my deposition of June 2, 2006: text equivalents, labeling of forms, techniques for navigation, and keyboard access. My conclusion in the July 2005 report was:

> On these key issues, Target fails miserably. Forms are not labeled at all and nothing has been done to improve navigation for screen reader or keyboard users. As a rough estimate, 80% of the images lack text equivalents. There is one spot in the shopping process (on the path I took to checkout) where it is impossible to move forward without using the mouse. Customers who do not use a mouse are not able to buy things on Target.com.

3. In July of 2005 it was impossible to complete a transaction using only the keyboard. As I stated in my declaration, there was a change in the Target.com web site that I detected on April 6, 2006. After that change it seems to be *possible* that a blind person could complete a transaction although it is still highly unlikely. There have been more changes since April 6 and I think it is more likely that a blind user could complete a transaction. But I am comfortable in saying that it is highly unlikely that a blind customer could complete a transaction on Target.com in any reasonable amount of time and for any reason other than to prove it is possible.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
Case No.: C 06-01802 MHP
Reply Declaration of Dr. James W. Thatcher in Support of Plaintiff's Motion for Preliminary Injunction

1

4.     But what of the four witnesses who claimed to have made purchases on Target.com? All of those experiments were conducted in the middle of May, 2006. My assertion about the impossibility comes from my tests in July 2005 and I recognized a change in April 2006. It was impossible for a blind user to complete a transaction in July 2005.

5.     Target.com notes that their witnesses were able to complete a transaction, which I acknowledge is possible but hardly practical. If shopping on the Web routinely took "one to two hours" internet retail stores would be out of business. The reason it takes one to two hours is that Target.com is fundamentally inaccessible. At every turn there are major examples of missing alt text which result in hundreds of characters of meaningless jumble. In each case, yes, it is possible to move on, but a blind user can't know which bunch of meaningless jumble is important, except by time consuming trial and error. For each form control the blind user must explore the surrounding text to try to be sure what is to be entered or whether a checkbox should be checked – forms are not labeled. And it is extremely difficult to navigate any page because Target has done nothing to facilitate that navigation.

6.     It may be possible to ignore hundreds of characters of meaningless jumble and with carefully planned searches and orchestrated JAWS' "find" commands a blind person can find something to purchase and even complete that purchase – but it isn't easy and it is not accessible.

7.     When I evaluated the accessibility of Target.com I began by assessing the compliance to a combination of guidelines and standards – I used both WCAG and Section 508. Both are very important. The issues that I stressed in my report, in my declaration and in my deposition are issues in both sets of standards/guidelines. There is absolutely no debate about these issues. After finding that Target.com failed in that assessment, I then worked with JAWS and with Window-Eyes to see if it was possible to complete a shopping task. In July of 2005 it was not possible. Today it is possible but very difficult.

8.     The changes that Target must implement to make their web site accessible are simple and direct and they are those which I stressed in my report, in my declaration and in my deposition. They are requirements of all the guidelines and standards that I know of. They are common to

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
Case No.: C 06-01802 MHP
Reply Declaration of Dr. James W. Thatcher in Support of Plaintiff's Motion for Preliminary Injunction

2

1  all the sources of guidance we have. They need to include text equivalents for all non-text
2  content (alt-text for images), label all forms, provide simple aids for in-page navigation, and
3  make sure that everything is operable from the keyboard.
4  9.     It is true, as I testified, that sites can comply with the guidelines and be what I would call
5  inaccessible. Examples that I have sited in lectures are the Veterans Administration Web site
6  http://www.va.gov and the site of the US Federal Archives, http://archives.gov. Both were cases
7  where too much was done. Text equivalents were too long, lengthy text was intended to
8  facilitate navigation, but in my opinion impeded it. The intention in both cases was clearly good,
9  but execution was not good. Both of these sites have been corrected and now are compliant and
10 accessible.
11 10.    Subjectivity comes to bear relative to the quality of the text equivalents used on a site.
12 As I have testified, when alt-text is used on Target.com it is generally well done. The problem is
13 that the site is replete with images that have no alt-text whatsoever. That is the fundamental
14 problem.
15 11.    In summary – target.com is not accessible, it does not comply with any set of guidelines
16 or standards that I know of and if it can be used by a blind customer it is only possible if that
17 customer accepts hundreds, even thousands, of meaningless characters resulting from images
18 without alt-text, is willing to enter crucial personal data in forms that are not labeled and has
19 remarkable persistence in trying to get from one place to another on the page.

21 I declare under penalty of perjury under the laws of the State of California that the
22 foregoing is true and correct.
23 Executed this 6th day of July, 2006, at Austin, Texas.

JAMES W. THATCHER, PHD.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
Case No.: C 06-01802 MHP
Reply Declaration of Dr. James W. Thatcher in Support of Plaintiff's Motion for Preliminary Injunction

3