1  ROBERT A. NAEVE (CA SBN 106095)
   RNaeve@mofo.com
2  MORRISON & FOERSTER LLP
   19900 MacArthur Blvd.
3  Irvine, California 92612-2445
   Telephone: (949) 251-7500
4  Facsimile: (949) 251-0900

5  DAVID F. MCDOWELL (CA SBN 125806)
   SARVENAZ BAHAR (CA SBN 171556)
6  MICHAEL J. BOSTROM (CA SBN 211778)
   DMcDowell@mofo.com
7  SBahar@mofo.com
   MBostrom@mofo.com
8  MORRISON & FOERSTER LLP
   555 West Fifth Street, Suite 3500
9  Los Angeles, California 90013-1024
   Telephone: (213) 892-5200
10 Facsimile: (213) 892-5454

11 STUART C. PLUNKETT (CA SBN 187971)
   SPlunkett@mofo.com
12 MORRISON & FOERSTER LLP
   425 Market Street
13 San Francisco, California 94105-2482
   Telephone: (415) 268-7000
14 Facsimile: (415) 268-7522

15 Attorneys for Defendant
   TARGET CORPORATION
16

17                 UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

19                     SAN FRANCISCO DIVISION

20

21 NATIONAL FEDERATION OF THE BLIND,        Case No.   C06-01802 MHP
   the NATIONAL FEDERATION OF THE
22 BLIND OF CALIFORNIA, on behalf of their  **TARGET CORPORATION'S
   members, and Bruce F. Sexton, on behalf of  OBJECTIONS TO, AND MOTION
23 himself and all others similarly situated,  TO STRIKE, EVIDENCE OFFERED
                                              IN SUPPORT OF PLAINTIFFS'
24                 Plaintiffs,                MOTION FOR PRELIMINARY
                                              INJUNCTION**
25        v.
                                              Date:  July 24, 2006
26 TARGET CORPORATION,                       Time:  2:00 p.m.
                                              Jude:  Hon. Marilyn Hall Patel
27                 Defendant.

28

TARGET'S EVIDENTIARY OBJECTIONS
CASE NO. 06-01802 MHP
la-868605

Target Corporation ("Target") asserts the following objections to, and moves to strike, (1) portions of the Expert Declaration of Dr. James W. Thatcher in Support of Plaintiff's Motion for Preliminary Injunction (the "Opening Thatcher Declaration"); (2) portions of the Reply Declaration of Dr. James W. Thatcher In Support of Plaintiffs' Motion for Preliminary Injunction (the "Reply Thatcher Declaration"); (3) portions of the Reply Declaration of Bruce F. Sexton In Support of Plaintiffs' Motion for Preliminary Injunction (the "Sexton Declaration"); (4) portions of the Declaration of Yelena Trepetin (the "Trepetin Declaration"); and (5) selected deposition testimony cited in plaintiffs' reply brief.

<u>Objections to Opening Thatcher Declaration</u>

1. In paragraphs 41 through 46 of the Opening Thatcher Declaration, Dr. Thatcher testifies that in 2005, it was impossible for blind Internet users to complete a transaction on Target.com using only a keyboard. Target objects to and moves to strike this testimony because (1) Dr. Thatcher lacks personal knowledge as to whether it was possible for blind Internet users to complete a transaction on Target's website using only a keyboard in July of 2005 (Fed. R. Evid. 602),[1] (2) Dr. Thatcher's opinion is not based upon "sufficient facts or data" (Fed. R. Evid. 702) and (3) this testimony, which pertains only to the alleged condition of Target's website in July of 2005, is not relevant to whether an injunction should issue with respect to the condition of Target's website now in 2006 (Fed. R. Evid. 401).

2. In paragraph 55 of the Opening Thatcher Declaration, Dr. Thatcher opines that a blind user cannot "complete a purchase conveniently and confidently" on Target.com. Target objects to and moves to strike this testimony because (1) Dr. Thatcher lacks personal knowledge of whether it is possible for blind Internet users to "complete a purchase conveniently and confidently" on Target.com (Fed. R. Evid. 602); (2) Dr. Thatcher's opinion is not based upon

---

[1] As explained in Target's opposition to the motion for preliminary injunction, Dr. Thatcher admitted at his deposition that he only evaluated whether Target.com complied with his own chosen "combination" of website accessibility guidelines, and that he *did not evaluate whether non-compliance with his chosen guidelines rendered the website inaccessible*. (Thatcher Depo. at 100:21-101:7.) Dr. Thatcher therefore has no basis to opine on how difficult it might be for a blind person to access the goods and services on Target.com.

TARGET'S EVIDENTIARY OBJECTIONS
CASE NO. 06-01802 MHP
la-868605

1

"sufficient facts or data" (Fed. R. Evid. 702) and (3) the terms "convenient" and "confident" are vague and ambiguous and therefore will not assist the trier of fact (Fed. R. Evid. 702).

3. In paragraph 60 of the Opening Thatcher Declaration, Dr. Thatcher testifies that "[it] is impossible before April 6, 2006 to complete a transaction relying on keyboard interaction." Target objects to and moves to strike this testimony because Dr. Thatcher lacks personal knowledge of (a) whether it was ever impossible for blind Internet users to complete a transaction on Target.com, and (b) when it allegedly became possible for blind Internet users to complete a transaction on Target.com. (Fed. R. Evid. 602.) Target also objects to and moves to strike this testimony because Dr. Thatcher's opinion is not based upon "sufficient facts or data" (Fed. R. Evid. 702). Finally, Target objects to and moves to strike this testimony because the alleged past condition of Target.com is not relevant to whether an injunction should issue with respect to the condition of Target's website now in 2006 (Fed. R. Evid. 401).

4. In paragraph 60 of the Opening Thatcher Declaration, Dr. Thatcher testifies that "[a]s of April 12, 2006 the website of the Target Corporation is virtually unusable by a visitor who is blind." In paragraph 61, Thatcher testifies that if his website programming suggestions are implemented, "the site will be accessible by people with visual impairments." Target objects to and moves to strike this testimony because it is beyond Thatcher's personal knowledge. (Fed. R. Evid. 602.) Target also objects to and moves to strike because Dr. Thatcher's opinion is not based upon "sufficient facts or data" (Fed. R. Evid. 702).

### Objections to Reply Thatcher Declaration

1. In paragraph 3 of the Reply Thatcher Declaration, Thatcher testifies that "[i]n July of 2005 it was impossible to complete a transaction using only the keyboard." Dr. Thatcher says the same thing in paragraph 4. Target objects to and moves to strike this testimony because (1) Dr. Thatcher lacks personal knowledge as to whether it was possible for blind Internet users to complete a transaction on Target's website using only a keyboard in July of 2005 (Fed. R. Evid. 602); (2) Dr. Thatcher's opinion is not based upon "sufficient facts or data" (Fed. R. Evid. 702); and (3) this testimony, which pertains only to the alleged condition of Target's website in July of 2005, is not relevant to whether an injunction should issue with respect to the condition of

1  Target's website now in 2006 (Fed. R. Evid. 401).

2    2.  In paragraph 3, Dr. Thatcher testifies:

> As I stated in my declaration, there was a change in the Target.com web site that I detected on April 6, 2006. After that change it seem to be *possible* that a blind person could complete a transaction although it is still highly unlikely. There have been more changes since April 6 and I think it is more likely that a blind user could complete a transaction. But I am comfortable in saying that it is highly unlikely that a blind customer could complete a transaction on Target.com in any reasonably amount of time and for any reason other than to prove it is possible.

In paragraph 5, Dr. Thatcher testifies that it is "hardly practical" for blind customers to complete a transaction on Target.com.

In paragraph 6, Dr. Thatcher testifies that "[i]t may be possible to ignore hundreds of characters of meaningless jumble and with carefully planned searches and orchestrated JAWS 'find' commands a blind person can find something to purchase and even complete that purchase — but it isn't easy and it is not accessible."

In paragraph 7, Dr. Thatcher testifies it is "possible but very difficult" for blind customers to complete a transaction on Target.com.

Target objects to and moves to strike all of this testimony because (1) Dr. Thatcher lacks personal knowledge as to whether it is possible for blind Internet users to complete transactions on Target.com, how long it would take blind Internet users to complete transactions on Target.com, how difficult it is for blind Internet users to complete transaction on Target.com, and the reasons blind Internet users complete transactions on Target.com (Fed. R. Evid. 602); (2) these opinions are not based upon "sufficient facts or data" (Fed. R. Evid. 702); and (3) the testimony is vague and ambiguous with respect to the terms "reasonable amount of time," "hardly practical," "easy," and "very difficult" and therefore will not assist the trier of fact (Fed. R. Evid. 702).

  3.  In paragraph 5 of the Reply Thatcher Declaration, Dr. Thatcher suggests that it takes blind Internet users "one to two hours" to complete a transaction on Target.com, and the reason it takes one to two hours is that "Target.com is fundamentally inaccessible." Target objects to and moves to strike this testimony because Dr. Thatcher provides no foundation for his

1  testimony that it would take "one to two hours" for blind Internet users to complete transactions
2  on Target.com and this opinion is thus not based upon "sufficient facts or data" or upon personal
3  knowledge (Fed. R. Evid. 602 & 702).[2]

4      4.    In paragraph 5 of the Reply Thatcher Declaration, Dr. Thatcher testifies that "[i]f
5  shopping on the Web routinely took 'one to two hours' internet retail stores would be out of
6  business." Target objects to and moves to strike this testimony because (1) it is speculation (Fed.
7  R. Evid. 602); (2) it is irrelevant because there is no evidence that it take "one to two hours" to
8  complete a transaction on Target.com (Fed. R. Evid. 401); and (3) it is beyond the expertise of the
9  witness (Fed. R. Evid. 702).

10      5.    In paragraph 5 of the Reply Thatcher Declaration, Dr. Thatcher testifies it "is
11  extremely difficult to navigate any page because Target has done nothing to facilitate that
12  navigation." Target objects to and moves to strike this testimony because Dr. Thatcher lacks
13  personal knowledge as to whether it is difficult for blind Internet users to "navigate" Target's
14  webpage (Fed. R. Evid. 602), and (2) the testimony is vague and ambiguous with respect to the
15  terms "difficult" and "navigate" and therefore will not assist the trier of fact (Fed. R. Evid. 702).

16      6.    In paragraph 11 of the Reply Thatcher Declaration, Dr. Thatcher testifies that if
17  Target's website can be used by a blind customer "it is only possible" if the customer "has
18  remarkable persistence in trying to get from one page to another on the page." Target objects to
19  and moves to strike this testimony because Dr. Thatcher lacks personal knowledge of how
20  difficult it is for blind customers to use Target's website. (Fed. R. Evid. 602.) In addition, this
21  opinion is not based upon "sufficient facts or data" (Fed. R. Evid. 702).

22      7.    In paragraphs 1, 2, 7, 8, and 10 of the Reply Thatcher Declaration, Dr. Thatcher
23  repeats the same testimony offered in his Opening Declaration. Target thus objects to and moves
24  to strike this redundant testimony as cumulative. (Fed. R. Evid. 403.)

25

---

[2] To the extent Dr. Thatcher is referring to Suzanne Tritten's experience using Target.com, he is mischaracterizing Ms. Tritten's testimony. Ms. Tritten testified that she spent several hours exploring the various features on Target.com, not that she took hours to complete a transaction on Target.com. [27:13-28:10]

28

TARGET'S EVIDENTIARY OBJECTIONS
CASE NO. 06-01802 MHP
la-868605

4

#### Objections to Sexton Declaration

1. In paragraph 1 of the Sexton Declaration, Sexton testifies that "Target.com's 1-800 number is not an adequate substitute for the independence offered by shopping on an internet site which is fully and equally accessible." In paragraph 8, Sexton testifies that "I believe that Target.com's 1-800 number is a vastly inferior substitute for full and equal access to Target.com." Target objects to and moves to strike this testimony because it constitutes a legal conclusion and is therefore improper opinion testimony offered by a lay witness (Fed. R. Evid. 701).

2. In paragraph 6 of the Sexton Declaration, Sexton testifies that "I couldn't use Target.com like most other people would." Target objects to and moves to strike this testimony because Sexton lacks personal knowledge as to how "most other people" would use Target.com (Fed. R. Evid. 602). It is also improper opinion testimony offered by a lay witness (Fed. R. Evid. 701).

#### Objections to Trepetin Declaration

1. In paragraph 13, Trepetin testifies that "coupons only seem to be available online." Target objects to and moves to strike this testimony because Trepetin lacks personal knowledge as to how and where Target Corporation makes coupons available for in-store redemption. (Fed. R. Evid. 602.)

#### Objections to Selected Deposition Testimony Cited In Reply Brief

1. Deposition of Charles Letourneau: 124:12-14, 128:19-129:19 (Reply Br. at 5:5), on the grounds that Mr. Letourneau lacks personal knowledge (Fed. R. Evid. 602) and the opinion testimony is not based on "sufficient facts or data" (Fed. R. Evid. 602).

2. Deposition of Charles Letourneau: 112:19-113:7 (Reply Br. at 4:22), on the grounds that Mr. Letourneau lacks personal knowledge (Fed. R. Evid. 602) and the opinion testimony is not based on "sufficient facts or data" (Fed. R. Evid. 602).

3. Deposition of Charles Letourneau: 20:11-17, 53:22-54:3 (Reply Br. at 4:23), on the grounds that Mr. Letourneau lacks personal knowledge (Fed. R. Evid. 602) and the opinion testimony is not based on "sufficient facts or data" (Fed. R. Evid. 602).

4. Deposition of Charles Letourneau: 33:4-19, 57:2-58:5 (Reply Br. at 5:2) on the

1 grounds that Mr. Letourneau lacks personal knowledge (Fed. R. Evid. 602) and the opinion
2 testimony is not based on "sufficient facts or data" (Fed. R. Evid. 602).

3     5.    Deposition of Charles Letourneau:  58:16-22 (Reply Br. at 5:3) on the grounds that
4 Mr. Letourneau lacks personal knowledge (Fed. R. Evid. 602) and the opinion testimony is not
5 based on "sufficient facts or data" (Fed. R. Evid. 602).

6     6.    Deposition of Suzanne Tritten:  46:18-25 (Reply Br. at 7:15) on the ground that
7 Ms. Tritten lacks personal knowledge (Fed. R. Evid. 602).

8     7.    Deposition of Chris Polk:  94:1-10 (Reply Br. at 6:23 (per later-filed errata)) on the
9 ground that Mr. Polk lacks personal knowledge and is offering improper opinion testimony (Fed.
10 R. Evid. 602 & 701).

11     8.    Deposition of Gregg Bodnar:  95:16-23, 96:8-99:4, 106:15-107:23 (Reply Br. at
12 10:2-8) on the ground that Mr. Bodnar lacks personal knowledge (Fed. R. Evid. 602).

Dated:  July 18, 2006

ROBERT A. NAEVE
DAVID F. MCDOWELL
STUART C. PLUNKETT
SARVENAZ BAHAR
MICHAEL J. BOSTROM
MORRISON & FOERSTER LLP

By:  /S/
Robert A. Naeve

Attorneys for Defendant
TARGET CORPORATION