1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:   (510) 665-8644
5  Facsimile:   (510) 665-8511
   TTY:         (510) 665-8716
6
   TODD M. SCHNEIDER (California Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
10 Telephone:   (415) 421-7100
   Fax:         (415) 421-7105
11 TTY:         (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:   (410) 962-1030
15 Fax:         (410) 385-0869

16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SURREPLY**<br><br>Hearing Date: July 24, 2006<br>Time:         2:00 p.m.<br>Judge:        The Honorable Marilyn Hall Patel |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Plaintiffs National Federation of the Blind ("NFB"), NFB of California and Bruce Sexton move the Court to deny defendant Target's motion for leave to file a surreply. Civ. L.R. 7-3(d), states: "Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument. Otherwise, once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."

Filing of surreply may be "arguably justified by plaintiffs' mention of a new [argument]... in their Reply." *Religious Tech. Ctr. v. Netcom On-Line Communication Servs., Inc.*, 923 F. Supp. 1231, 1241-42 (N.D. Cal. 1995). However, a surreply is unwarranted in this case. There has been no new development in the law. The arguments presented in Defendant's surreply are merely repetitive and are unnecessary to the extent that the briefs add nothing new. The Court has already requested copies of all depositions, so all of Target's cavils are extraneous. Defendant's arguments should have been made in the original opposition to the motion, or alternatively, be brought up during oral arguments.

If parties continually reply to the assertions by the opposing party, the result would be endless applications to the court. As noted by a court in this very district, "[t]he proper response to such new arguments, however, would be to object to the new arguments, not to endlessly continue the arguments back and forth." *Religious Tech.* at 1265 n. 41. Defendant's surreply serves no purpose other than acting as an avenue for Target to further argue the merits of its opposition.

In the alternative, Plaintiff moves the Court, to grant Plaintiff's motion for leave to file a surrebuttal, which is attached as Exhibit A to this motion. Plaintiff is conscious of the fact that these briefs are burdensome on the court and thus offers a abridged

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Response to Defendant's Motion for Leave to File Surreply**

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

rebuttle consisting mostly of a chart to aid the court which contains the citations for the relevant testimony.

Plaintiff has attempted to procure a conditional stipulation from Defendant; however Target has refused to stipulate to a surrebuttal if the court grants its motion for leave to submit its surreply.

Respectfully submitted,

Dated: July 20, 2006

DISABILITY RIGHTS ADVOCATES
LAURENCE W. PARADIS
MAZEN M. BASRAWI

SCHNEIDER & WALLACE
TODD M. SCHNEIDER
JOSHUA KONECKY

BROWN, GOLDSTEIN & LEVY, LLP
DANIEL F. GOLDSTEIN *(pro hac vice)*

By:   /s/ Laurence W. Paradis
         Laurence W. Paradis
         Attorneys for Plaintiffs

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Response to Defendant's Motion for Leave to File Surreply**

3