# EXHIBIT A

1 | LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
2 | MAZEN M. BASRAWI (California Bar No. 235475)
mbasrawi@dralegal.org
3 | DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
4 | Berkeley, California 94704
Telephone:   (510) 665-8644
5 | Facsimile:   (510) 665-8511
TTY:         (510) 665-8716

6

TODD M. SCHNEIDER (California Bar No. 158253)
7 | tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
8 | jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
9 | 180 Montgomery Street, Suite 2000
San Francisco, CA 94104
10 | Telephone:   (415) 421-7100
Fax:         (415) 421-7105
11 | TTY:         (415) 421-1655

12 | DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
13 | BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
14 | Baltimore, MD 21202
Telephone:   (410) 962-1030
15 | Fax:         (410) 385-0869

16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S SURREBUTTAL TO DEFENDANT'S SURREPLY IN OPPOSITION TO PRELIMINARY INJUNCTION**<br><br>Hearing Date: July 24, 2006<br>Time:         2:00 p.m.<br>Judge:        The Honorable Marilyn Hall Patel |

1  Target has drafted its surreply in the accusative voice, casting its evaluation of Plaintiffs'
2 evidence as instances of the NFB speaking falsely, being seriously misleading, or making gross
3 misrepresentations. Target does so, even though it offers less than convincing evidence that any
4 particular matter is as Target would have it.

5  For example, Target criticizes Bruce Sexton for stating that he needed assistance from the
6 NFB in locating Target's 1-800 number, based simply on his expression of confidence during
7 deposition that he would thereafter be able to locate that number with investigation. Mr.
8 Sexton's confidence in being able to track down information is beside the point. The important
9 fact is that the number is not easy for anyone, sighted or blind to find. The still more important
10 point is that the 1-800 number is not an equivalent to target.com, because, for example, one can
11 spend as much time as one wants on a web site, coming and going from the computer or the task
12 as one wishes, while the customer service assistants are time-limited by their obligations to other
13 customers. Mr. Sexton's declaration as well as the transcript provided by defendants (assuming
14 its authenticity and foundation) support the conclusion that customer service is not and cannot be
15 a provision of full and equal access to Target.com as required by law. In addition, Target
16 unsuccessfully attempts to impeach Mr. Sexton's testimony by citing examples of Mr. Sexton's
17 courteous and supportive demeanor while speaking to the customer service representative
18 Vinson.[1] Whether Mr. Sexton was polite to Target's customer service representative has no
19 bearing on his belief that the experience was unsatisfactory, especially as Target failed to provide
20 a transcript of the conversation between Mr. Sexton and the supervisor.[2]

21  Indeed, all of Target's cavils are beside the point. While, as detailed below, the record
22 does indeed show that the blind witnesses it selected are very proficient screen access users, but
23 nonetheless ignored many features of target.com to which they did not have access and this lack
24 of access did not bother them. The witnesses' relative proficiency and their ability to perform
25 some tasks on the web site are irrelevant to the critical point: whether target.com is as fully and

---

[1] Plaintiffs dispute Target's representation of the length and content of the conversations, but will not seek to add any further testimony at this preliminary stage.
[2] It should be noted that Target relies only on inadmissible hear say to support its contentions against Mr. Sexton. Though plaintiffs take Target at its word that a transcript of the conversation with the supervisor is not available, it is this later conversation which is the cause of Mr. Sexton's dissatisfaction.

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.: C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**   1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

equally accessible to the blind as it is to the sighted.  As demonstrated in the briefs, Target does <u>not</u> comply with either State or Federal disability access law simply by providing some access to certain determined individuals who have specialized computer skills, and who are not troubled by encountering accessibility barriers.  Full and equal access is the standard.

Target's discussion of the expert testimony from both Dr. Thatcher and Mr. Letourneau attempts only to confuse the court regarding their clear agreement on the elements of web access. Both experts agree, as outlined in the testimony cited to below, that, the existing WCAG and 508 guidelines describe the minimum necessary for achieving actual access for persons who are blind. Thus even though Mr. Letourneau has not evaluated Target.com, his agreement with respect to the necessity of text-equivalents on graphics, labeling of form fields, presence of navigation features and keyboard access – all basic elements of both the WCAG and Section 508 guidelines -- in fact corroborates Plaintiffs' evidence of inaccessibility.

Finally, Mr. Bodnar's lack of knowledge of any undue financial, administrative, or interstate burden in making the web site accessible is directly relevant to Target's affirmative defenses.  Indeed, it was Target that originally put forth Mr. Bodnar to testify about the alleged impact which modifying target.com would have on Target and other internet users.   Moreover, Mr. Bodnar is a manager in Target's technology services program and a member of the new "accessibility team" which Target assembled well after the filing of this lawsuit and at about the same time or after plaintiffs filed the Motion for Preliminary Injunction.  He can reasonably be expected to know the financial and technological impact (if any) involved with making the website more accessible.

Below we have cited the relevant pages of each of the witnesses that support the factual assertions that NFB has made and which Target has attacked in its surreply.  Because the court has already requested the complete transcripts we have not attached the relevant excerpts.

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**     2

## I. CITATIONS FOR THE RELEVANT TESTIMONY THAT DEMONSTRATES THE HIGH PROFICIENCY OF TARGET'S BLIND DECLARANTS.

| DECLARANT | CITATIONS FROM DEPOSITION TRANSCRIPT |
|---|---|
| Chris Polk | 8:21-22 (has advanced training in information technology), 9:2-12:18 (has advanced training and expertise in computers and adaptive software), 12:19-13: (trained individuals on adaptive software), 13:15-15:14 (has vast experience using the internet), 23:2-16 (has designed websites), 48:25-49:24 (has expertise in web use), 57:14-59:13 (writes script for screen readers), 78:11-79:1(is an advanced user of screen-readers), 87:21-88:18 (enjoys the challenge of trouble shooting problems on the internet). |
| David Wilkinson | 11:17-12:2 (worked as a technology consultant and adaptive technology instructor), 13:3-12 (same), 14:9-25 (assesses technology needs and provides instruction for teachers of adaptive technology), 25:25-26:7 (has wide knowledge of adaptive technology), 118:6-16 (believes he possesses a large breadth of knowledge in order to be an technology consultant), 104:25-106:21 (uses beta version of JAWS), 65:22-67:9 (has wide knowledge of screen-reader navigation techniques). |
| Suzanne Tritten | 10:1-13:7 (works as an adaptive technology consultant; tests software to see if a visually impaired person can use it; some work as a trainer for the State of Okalahoma), 15:12-14 (does Beta testing of AOL products), 20:5-24 (understands how screen readers read HTML coding and how they have evolved), 37:20 – 39:1 and 42:3-43:13 (developed shortcut methods to bypass inaccessible elements on target.com) 62:2-21 (learned about "work-arounds" by reading tutorials), 75:23-76:12 (learns about shortcuts by reading the What's New and Help sections in JAWS as each new version comes out). |
| Dawn Wilkinson | 10:16-22 (teaches adaptive technology), 34:1-8 (uses computer for hours daily), 44:12-45:9 (teaches heading navigation), 86:10-88:11 (explaining shortcuts with JAWS, difference between "Freedom Box" and JAWS, and how proceed to checkout on target.com does not work with JAWS unless virtual cursor is turned off), 14:12-20:1 (high skill level in using different screen readers), 91:17-93:5 (describing her experience with shutting down virtual cursor as "troubleshooting"), 50:1-52:20 (describing her visit as "be[ing] able to figure out, work around, and do -- do what I needed to get done. It might not have been always the easiest thing in the world, but it was -- it was doable", 13:12-14:11 (describing technology she uses when showing kids how to use the internet), 39:15-42:17 (ability to troubleshoot and work around barriers) |

## II. CITATIONS FOR THE RELEVANT TESTIMONY THAT INDICATES THE BARRIERS AND DIFFICULTIES AT TARGET.COM ENCOUNTERED BY TARGET'S BLIND DECLARANTS.

| DECLARANT | CITATIONS FROM DEPOSITION TRANSCRIPT |
|---|---|
| Dawn Wilkinson | 55:16-56:21 (recalling that she thought links on the target.com home page were "probably a picture or whatever" but that she was not curious or bothered about what she may have missed), 59:24-60:13 (explaining that some links on target.com just said "link"), 63:8-64:16 ("I was just kind of tabbing across going, 'Oh, I can't read that one. Okay. Let me click on down and see if I've get to the--' you know, there might have been -- I mean, honestly, 20 or something [links I could not read]."). |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.: C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**   3

| | | |
|---|---|---|
| 1<br>2<br>3 | David Wilkinson | 81:20-25 (encountered unlabeled links on Target.com), 84:4-12 (same), 85:19-86:18 (experienced navigational barriers on Taget.com), 87:15-90:5 (was unaware that there were 2 check-out buttons on the page and a "one-click" sign in option for making a purchase.), 106:22-107:18 (encountered unlabeled links and form fields using different versions of JAWS). |
| 4<br>5<br>6<br>7<br>8<br>9<br>10<br>11<br>12 | Suzanne Tritten | 27:15-35:21 (describing how links and headings on target.com were not labeled for JAWS, how she worked around this issue, and how it did not bother her to not know what the unlabeled links were), 38:16-40:13 (describing short cuts she used when testing target.com and stating she did not explore all of the site), 42:4-24 (did not attempt to shop the whole store), 46:7-47:2 (screen reader indicated that image maps on home page did not have alt tags), 48:6-49:5 (had to scroll through advertising text to find information that was sought), 51:5-9 ("What was on the screen, I really can't tell you."), 53:3-24 (could not ascertain shipping costs of product, even though she later found out such information was provided on website), 56:18-24 (encountered improperly coded image maps but just ignored them), 60:12-64:20 (describing her "standard work around" when using the "proceed to checkout" function), 65:5-68:9 (some of the fields in the form for entering credit card information did not read what should be put in there), 69:11-73:3 (testimony regarding areas of the website not used or encountered). |
| 13<br>14<br>15<br>16<br>17 | Chris Polk | 60:11-65:3 (could not activate one of the proceed to checkout buttons on Target.com), 67:12-25 (encountered inaccessible links on the homepage of Target.com), 68:5-69:4 (same), 76:25-77:21 (believes that barriers on Target.com would create difficulty for screen-reader users), 89:1-10 (believes that aspects of Target.com are inaccessible and do not provide full and equal access to the blind), 94:1-20 (Target.com needs work such as labeling links and making the Proceed to checkout button work), 116:14-24 (was unable to make a purchase using the proceed to checkout button). |

**III.   CITATIONS FROM LETOURNEAU DEMONSTRATING LETOURNEAU'S AGREEMENT WITH NFB'S POSITION ON ACCESSIBILITY AND COMPLIANCE:**

| ISSUE | CITATIONS FROM DEPOSITION TRANSCRIPT |
|---|---|
| Points of agreement with Thatcher | 53:1-16 (agrees that text equivalents for images is a key issue for accessibility), 53:17-54:3 (agrees that labeling of forms provides for easier access), 57:2-58:2 (agrees that it is important to have a mechanism for repetitive links on a page), 58:14-22 (agrees that performance of all user functions using a keyboard is a critical access feature for the blind), 65:21-66:24 (agrees that text equivalents for active images must contain clear simple alt-text specifying the function of the image), 69:14-70:2 (same), 70:15-71:4 (same) |
| Accessibility and Compliance | 9:10-22 (believes that failure to meet priority 1 of the WCAG guidelines would render a feature inaccessible to persons affected by that guideline), 10:15-11:4 (believes that failure to comply with priority 2 of WCAG guidelines would make it more difficult for persons with disabilities to use the website), 17:10-13 (believes that compliance with guidelines would make it easier for person with disabilities to use websites), 20:1-17 (believes that alt-text is a critical element of web accessibility), 29:19-30:3 |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**     4

| | |
|---|---|
| | (believes that if navigation features such as headings and list items are not present it would be more difficult for someone to navigate), 50:8-51:4 (believes that failure to provide alt-text would make websites non-compliant with WCAG guidelines and would make it extremely difficult if not inaccessible), 54:4-55:3 (agrees that requirement for labeling of forms is intended for blind persons to fill out forms on websites with as much ease and confidence as a sighted person), 57:21-58:5 (agrees that the guideline requiring a mechanism for avoiding repetitive navigation links is particularly important), 60:23-61:15 (agrees that a form which lacks proper labeling and adjacent text would be impossible for a blind person to complete), 71:5-25 (agrees that text equivalents for image maps is a key access feature for blind persons to access a website), 76:20-77:5 (agrees that the essence of web access is to facilitate or make it easier for a blind person to navigate through and interact with a website using their keyboard and not a mouse), 82:12-16 (agrees that active images that do not have alt-text are a barrier under all applicable guidelines), 88:20-89:7 (agrees that guidelines were designed so that website designers would know what features are important for a website to be accessible), 106:8-15 (believes that guidelines are intended for web developers to have something to test against which goes a long way in making a website accessible and usable), 106:22-107:14 (agrees that the guidelines for web access were designed to give web developers minimum objective standards ), 107:24-108:15 (agrees that the ultimate goal of both WCAG guidelines and Section 508 standards is to set forth some standards for how to make a website accessible to disabled users). |

**IV.   CITATIONS FROM BODNAR SUPPORTING NFB'S ARGUMENT REGARDING THE COMMERCE CLAUSE AND BOND ISSUES:**

| ISSUE | CITATIONS FROM DEPOSITION TRANSCRIPT |
|---|---|
| Changing the website does not pose an undue burden or a threat to interstate commerce | 9:1-11:22 (describes the possibility of creating a separate website for California users), 95:16-23 (not aware of costs or burdens to add alt-tags), 96:8-99:4 (states that there is nothing in the Amazon accessibility report regarding costs or burdens), 106:15-107:23 (does not know of impracticalities or cost prohibitions to implementing Section 508), 116:25-117:10 (does not know any reason that improving access would not affect commerce on Target.com). |

DATED:       July 20, 2006                    DISABILITY RIGHTS ADVOCATES
                                               LAURENCE W. PARADIS
                                               MAZEN M. BASRAWI

                                               SCHNEIDER & WALLACE
                                               TODD M. SCHNEIDER
                                               JOSHUA KONECKY

                                               BROWN, GOLDSTEIN & LEVY, LLP
                                               DANIEL F. GOLDSTEIN (*pro hac vice*)

                                       By:      /s/ Laurence W. Paradis
                                               Laurence W. Paradis
                                               Attorneys for Plaintiffs

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**          5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1
2  \\Server\cases\NFB.Target\Pleadings\prelim_injunc_motion\Surrebuttal\surrebuttal_04_pleading paper.doc
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation*
**Case No.:  C 06-01802 MHP**
**Plaintiff's Surrebuttal to Defendant's Surreply in Opposition to Preliminary Injunction**     6