LAURENCE W. PARADIS (Cal. Bar No. 122336)
lparadis@dralegal.org
MAZEN M. BASRAWI (Cal. Bar No. 235475)
mbasrawi@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

TODD M. SCHNEIDER (Cal. Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (Cal. Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. C-06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER NO. 56**<br><br>Judge: The Honorable Marilyn Hall Patel |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

Dockets.Justia.com

1    **PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER NO.56**

2

3          Plaintiffs hereby move this Court for Administrative Relief from the Northern District of

4    California's General Order No. 56 (Americans with Disabilities Act Access Litigation) for the

5    purpose of setting a Case Management Conference and commencing formal discovery.

6                                            **INTRODUCTION**

7          This case is brought under California civil rights laws and the Americans with

8    Disabilities Act (ADA) to challenge Defendant Target Corporation's alleged failure to

9    incorporate the basic technology necessary to make its website, target.com, readily accessible to

10    and usable by the blind.  As previously discussed in the context of Target's pending motion to

11    dismiss, Plaintiffs allege that Target's website is a service, privilege, advantage and

12    accommodation of both: (1) the Target Corporation (a business establishment under California's

13    Unruh Act),  as well as (2) the Target stores (places of public accommodations under the ADA

14    and California's Disabled Person Act).   Plaintiffs allege that the lack of "alternative text" on

15    multiple pages of target.com, as well as other barriers described in Plaintiffs' pending Motion for

16    Preliminary Injunction, have the effect of denying blind users "full and equal enjoyment" of this

17    service, privilege, advantage and accommodation.

18          This case is not like a typical single site architectural barrier case for which General

19    Order 56 was designed.  Rather, this is a nationwide class action covering Defendant's entire

20    internet website service and raising multiple contested legal and factual issues.  General Order

21    No. 56 is not well suited to such a case.

22          Moreover, to the extent General Order No 56 should apply, Plaintiffs have more than

23    satisfied the intent and purpose of the order.  In fact, prior to filing this case, Plaintiffs engaged

24    in several months of structured settlement negotiations with Target. *See* Declaration of Laurence

25    Paradis ("Paradis Decl.") at ¶¶2-3.  The case now has been pending in Court for seven months,

26    during which time the subject of settlement has again been discussed between counsel without

27    any resolution. *Id.* at ¶4. Plaintiffs' Motion for Preliminary Injunction and Target's Motion to

28    Dismiss underscore the existence of a substantial legal dispute between the parties, and indicate

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
Plaintiffs' Motion for Administrative Relief from General Order No. 56

1

*Left margin:* DISABILITY RIGHTS ADVOCATES / 2001 CENTER STREET, THIRD FLOOR / BERKELEY, CALIFORNIA 94704-1204 / (510) 665-8644

1  that further prosecution of this action is necessary in order to put the parties in a position where

2  they might reach a negotiated resolution.  Given the length of time since the dispute began and

3  since the case was filed, as well as the unsuccessful previous efforts to settle the case, any more

4  delay in discovery and case management only serves to unnecessarily prolong the litigation.

5  Accordingly, Plaintiffs now seek relief from General Order 56 to allow the parties to obtain a

6  trial schedule and commence discovery.

7  **BACKGROUND**

8       This case began over a year ago, when Plaintiffs wrote Target Corporation on May 5,

9  2005, to notify the company that its website, target.com was inaccessible to blind persons using

10  screen access software, in violation of applicable law.  At that time, Plaintiffs offered and Target

11  agreed to enter into structured negotiations pursuant to a litigation standstill and tolling

12  agreement executed on September 1, 2005.  The parties then engaged in negotiations for several

13  months, but were not able to reach an agreement resolving the website access dispute.  Plaintiffs

14  brought this case to remedy the ongoing discrimination only after these pre-litigation settlement

15  efforts failed.  *See* Paradis Decl. at ¶2.

16       The case was originally filed as a statewide class action in the California Superior Court,

17  County of Alameda on February 7, 2006, and was removed to the United States District Court,

18  Northern District of California on March 8, 2006.  The parties were served the Scheduling Order

19  For Cases Asserting Denial Of Right Of Access Under Americans With Disabilities Act Title III

20  (42 U.S.C. §§ 12181- 89).  The Order assigned the case to the Honorable Magistrate Judge

21  Bernard Zimmerman and the Order's incorporated case schedule indicated that the parties were

22  to comply with General Order No. 56 "Americans with Disabilities Act Access Litigation."

23       On March 15, 2006, Defendant Target filed a Motion to Dismiss pursuant to Rule

24  12(b)(6) of the Federal Rules of Civil Procedure, along with an objection to the assignment to the

25  Magistrate Judge.  On March 24, 2006, the case was reassigned to the Honorable Judge Marilyn

26  Hall Patel, and the hearing date on the pending motion was vacated.  Plaintiffs filed an Amended

27  Complaint as a matter of right pursuant to Rule 15(a) of the Federal Rules of Civil Procedure on

28  March 30, 2006, and added a nationwide federal ADA claim in addition to their original state

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion for Administrative Relief from General Order No. 56**

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    law claims.  On April 11, 2006, Defendant filed a Motion for Relief from General Order No. 56

2    in order for it to re-notice its Motion to Dismiss prior to the Case Management Conference.  At

3    that time, Plaintiffs agreed not to oppose Defendant's Motion for Relief from the General Order,

4    which was subsequently granted on April 13, 2006.

5          At the same time, Plaintiffs also asked Target to stipulate to general relief from General

6    Order No. 56 since the parties had already engaged in extensive pre-litigation settlement

7    negotiations without success, and there was no reason to further delay the litigation.  Target

8    declined to agree to such general relief, and further declined to stipulate to limited relief for the

9    purpose of Plaintiffs' filing a preliminary injunction motion.  Plaintiffs then filed a Motion for

10   Relief from General Order No. 56 for the Limited Purpose of Filing a Motion for Preliminary

11   Injunction.  That motion was granted on May 2, 2006 and Plaintiffs filed their Motion for

12   Preliminary Injunction on May 8, 2006.

13         Both Plaintiffs' Motion for Preliminary Injunction and Defendant's Motion to Dismiss

14   were heard by this Court on July 24, 2006.  In the meantime, because of General Order 56 the

15   parties have been unable to pursue formal discovery and no trial schedule has been set.

16   Furthermore, although the subject of settlement has been discussed on several occasions since

17   the filing of the case, it does not appear to Plaintiffs' counsel that a negotiated resolution will be

18   possible without further prosecution of this action.  *See* Paradis Decl. at ¶¶4-5. [1]

19         Plaintiffs have thus requested again that Defendant stipulate to relief from the remaining

20   requirements of General Order 56.  Defendant has again declined to stipulate. *See* Paradis Decl.

21   at ¶7.  Defendant asserts that the parties should continue deferring discovery and trial setting and

22   instead pursue further settlement negotiations.  See letter from counsel for Defendant setting

23   forth Target's position attached as Exhibit A to Paradis Decl.  Plaintiffs have informed

24   Defendant that Plaintiffs would be willing to engage in further settlement negotiations along side

25   

26   [1] Pursuant to the General Order, the parties exchanged initial disclosures.  Also, some
     limited discovery was undertaken relative to the Motion for Preliminary Injunction.  But no other
27   discovery has been allowed since the July 24th hearing and no trial date has been set because
     portions of General Order 56 still remain in place.  Essentially, the case has been on hold with no
28   progress towards resolution since the hearing. *See* Paradis Decl. at ¶4.

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion for Administrative Relief from General Order No. 56**

1  the commencement of discovery and trial setting (a two track approach), but Defendant has

2  declined that option.  Paradis Decl. at ¶8.

3      Plaintiffs are concerned that this case may need to go to trial in order to be resolved,

4  given the failure of previous settlement efforts.  To avoid further irreparable injury to the class,

5  Plaintiffs believe that it is appropriate to commence discovery and set an early trial date.  There

6  is no reason why settlement negotiations cannot be pursued while the parties prepare the case for

7  trial.  In fact, such progress towards a trial date may be necessary in order for the case to be

8  settled.  Paradis Decl. at ¶5.

9                                    **ARGUMENT**

10  **A.     General Order No. 56**

11      General Order No. 56 was adopted by the Northern District of California on June 21,

12  2005.  It establishes a framework designed to encourage the early settlement of access litigation

13  for alleged violations of the Americans with Disabilities Act and California's disability access

14  laws.

15      Under General Order No. 56, the parties are directed, no later than 100 days after the

16  filing of the complaint, to meet in person at the subject premises at issue. General Order No. 56,

17  at ¶3.  Initial disclosures required by Federal Rule of Civil Procedure 26(a) are to be completed

18  no later than seven days prior to this joint inspection. *Id.* at ¶2.  At the joint inspection or within

19  10 business days thereafter, the parties are to meet and confer in person to discuss all claimed

20  violations, the possibility of remediation, and damages. *Id* at ¶¶4, 5.  If the parties cannot settle

21  the case within 45 days of the site inspection, Plaintiff is to file a "Notice for Need for

22  Mediation," and the parties are referred to the Court's ADR department. *Id,* at ¶6.  If mediation is

23  unsuccessful, Plaintiff must file a Motion for Administrative Relief, requesting an initial Case

24  Management Conference. *Id* at ¶7.

25      General Order No. 56 specifies that "Any party who wishes to be relieved of any

26  requirement of this order may file a Motion for Administrative Relief pursuant to L.R. 7-11

27  requesting a Case Management Conference." *Id.* at ¶8.  The Court has already granted both sides

28  partial relief from General Order No. 56.  Plaintiffs now seek relief from the remaining

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion for Administrative Relief from General Order No. 56**

4

1    mediation requirement of the General Order and request that the Court schedule a Case

2    Management Conference and permit discovery to commence.

3    **B.    Pre-Litigation Settlement Attempts**

4    As discussed above, Plaintiff National Federation of the Blind notified Target of the

5    alleged unlawful accessibility barriers on its website on May 5, 2005, over a year ago.  The

6    Parties entered into structured negotiations pursuant to a litigation standstill/tolling agreement

7    executed on September 1, 2005.  In spite of these extensive efforts, the Parties were unable to

8    resolve the matter in negotiations.  This lawsuit was only filed after these extensive pre-litigation

9    settlement attempts failed.  *See* Paradis Decl. at ¶¶2-3

10   **C.    Current Status of the Case**

11   This case is not the typical access case involving a single premises with an inaccessible

12   ramp, restroom or other physical barriers- the kind of case contemplated by General Order No.

13   56.  Nonetheless, Plaintiffs have embraced the aim and spirit of the General Order by meeting

14   and conferring to attempt to settle the case even before the litigation was filed, and continuing to

15   meet and confer regarding the possibility, however remote, of settlement.  Paradis Decl. *at* ¶¶2-

16   4.  The parties have already addressed all the items required under General Order No. 56 in their

17   settlement efforts. *Id.* at ¶¶3-4.  However, these efforts have been unsuccessful to date.  The

18   parties remain far apart on a number of issues, as shown in the briefing and oral arguments

19   around the parties' respective Motions.  On the one hand, Plaintiffs have moved for preliminary

20   injunctive relief in order to prevent Target from continuing to deny blind individuals the "full

21   and equal enjoyment" of Target's website, one of "the goods, services, facilities, privileges,

22   advantages, or accommodations," of both the Target stores (thereby covered under the ADA and

23   Disabled Persons Act) and the Target Corporation (thereby covered by the Unruh Act).  On the

24   other hand, Defendant maintains that it is under no legal obligation to make the website

25   accessible.

26   The combination of these early litigation efforts on behalf of both parties, and the

27   briefing and oral arguments on the motions, demonstrates that the parties have a real and

28   substantial dispute not likely to be resolved without further prosecution of this action.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion for Administrative Relief from General Order No. 56**

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Furthermore, the violations were brought to Target's attention more than a year ago and the case

2   was filed almost seven months ago.    Considerable time has passed, but most discovery has yet

3   to begin.

4          Additionally, if the court declines to issue preliminary relief, Plaintiffs will request an

5   early trial date due to the prospect of ongoing injury to the Plaintiff Class in the absence of an

6   injunction.  Accordingly, it is important for discovery to proceed so that both parties can be

7   prepared for an early trial date, should that be ordered. *Id. at* ¶6.

8          At this point, the requirements of General Order 56 will only serve to unnecessarily

9   prolong this litigation.  There is no reason why the parties could not conduct further settlement

10  discussions contemporaneously with the litigation.  However, given the above circumstances and

11  the many unsuccessful attempts to settle this case before and after the complaint was filed, the

12  most efficient way to proceed with this case is outside of the confines of General Order 56.

## CONCLUSION

14         For the reasons set forth above, Plaintiffs request administrative relief from the remaining

15  requirements under General Order No. 56 and ask that the Court: (i) set a Case Management

16  Conference as early as possible and (ii) permit discovery to proceed.

18  DATED:   September 1, 2006                DISABILITY RIGHTS ADVOCATES
                                             SCHNEIDER & WALLACE
19                                           BROWN, GOLDSTEIN & LEVY, LLP

22                                  By: _____
                                        Laurence Paradis
23                                      Attorney for Plaintiffs

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C-06-01802-MHP
**Plaintiffs' Motion for Administrative Relief from General Order No. 56**