LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
MAZEN M. BASRAWI (California Bar No. 235475)
mbasrawi@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:   (510) 665-8644
Facsimile:   (510) 665-8511
TTY:         (510) 665-8716

TODD M. SCHNEIDER (California Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:   (415) 421-7100
Fax:         (415) 421-7105
TTY:         (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:   (410) 962-1030
Fax:         (410) 385-0869

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C-06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF LAURENCE PARADIS IN SUPPORT OF PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER NO. 56**<br><br>Judge: The Honorable Marilyn Hall Patel |

Dockets.Justia.com

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

I, Laurence Paradis, hereby declare:

1.  I am an attorney at law licensed to practice in the State of California and one of the counsel for plaintiffs in this action; I have personal knowledge of the matter set forth below and, if called to testify, could and would competently testify thereto.

2.  This case began over a year ago, when Plaintiffs wrote Target Corporation on May 5, 2005, to notify the company that its website, target.com was inaccessible to blind persons using screen access software, in violation of both California and federal law.  At that time, Plaintiffs offered and Target agreed to enter into structured negotiations pursuant to a litigation standstill and tolling agreement executed on September 1, 2005.  The parties then engaged in negotiations for several months, but were not able to reach an agreement resolving the website access dispute. Plaintiffs brought this case to remedy the ongoing discrimination only after these pre-litigation settlement efforts failed. The case was originally filed as a class action in California Superior Court on February 7, 2006.  Defendant then removed the case to Federal Court.

3.  As part of the pre-litigation structured negotiations, the parties and their counsel met in person at the headquarters of the National Federation of the Blind in Baltimore, Maryland.  This meeting was attended by plaintiffs' expert, Dr. James Thatcher.  During the structured negotiations, the parties discussed all of the items that are required to be addressed under General Order No. 56.  At the end of the structured negotiations, however, the parties were unable to resolve the dispute and the structured negotiation agreement was allowed to expire.  This lawsuit was thus filed only after extensive pre-litigation settlement attempts had failed.

4.  Subsequent to the filing of this lawsuit, the subject of settlement has again been discussed between counsel for plaintiffs and defendant without any resolution being reached.  The parties have exchanged settlement proposals but have not made substantial progress towards a resolution.  Pursuant to the General Order, the parties exchanged initial disclosures.  Also, some limited discovery was undertaken relative to the Motion for Preliminary Injunction.  But no other discovery has been allowed since the July 24th hearing and no trial date has been set because portions of General Order 56 still remain in place.  Essentially, the case has been on hold since the hearing.

---

*National Federation of the Blind, et al. v. Target Corporation, et al.* Case No.: C 06-01802 MHP
Declaration Of Laurence Paradis In Support Of Plaintiffs' Motion For Administrative Relief From General Order No. 56                                                                                                                                                         1

5. Plaintiffs' counsel have concluded that further settlement negations are not likely to resolve the case at this stage of the litigation. I believe settlement negotiations may be more productive after the court has ruled on the pending motions, but even then, it is possible that the case may have to be fully litigated. Ultimately, settlement may only be possible when the court has set a trial date and that date is close at hand.

6. Plaintiffs brought their motion for a preliminary injunction because of the irreparable injury associated with deprivations of civil rights. If the Court declines to issue preliminary relief, plaintiffs will request an early trial date on order to remedy as soon as possible the ongoing denial of access. Accordingly, plaintiffs believe it is important for discovery to proceed so that the parties can be prepared for such an early trial date.

7. Plaintiffs' counsel thus requested that defendant stipulate to administrative relief from the remaining requirements under General Order No. 56 so that the court can set a case management conference and so that discovery may ensue and a trial date be set. Defendant has declined to stipulate to this.

8. I also proposed to defendant a two-track process wherein the litigation proceeds to case management and discovery while the parties continue to explore settlement. Defendant has declined this proposal as well.

9. Attached hereto as Ex. A is a true and correct copy of a letter dated Aug. 30, 2006 from counsel for defendant which sets forth defendant's reasons for declining to stipulate to relief from General Order No. 56.

I declare under penalty of perjury that the forgoing is true and correct and that this declaration was executed in Berkeley, California on September 1, 2006.

_____
LAURENCE PARADIS

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

# EXHIBIT A

# MORRISON | FOERSTER

19900 MACARTHUR BLVD.
IRVINE
CALIFORNIA 92612-2445

TELEPHONE: 949.251.7500
FACSIMILE: 949.251.0900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

**To:**

| NAME: | FACSIMILE: | TELEPHONE: |
|---|---|---|
| Laurence W. Paradis<br>Disability Rights Advocates | (510) 665-8511 | (510) 451-8644 |

**FROM:**　Robert A. Naeve　　**DATE:**　　August 30, 2006

| Number of pages with cover page: | 3 | |
|---|---|---|

Preparer of this slip has confirmed that facsimile number given is correct: **6786/PAM7**

**Comments:**

| |
|---|
| |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

To ensure compliance with requirements imposed by the United States Internal Revenue Service, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this facsimile (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CAUTION - CONFIDENTIAL

This facsimile contains confidential information that may also be privileged. Unless you are the addressee (or authorized to receive for the addressee); you may not copy, use, or distribute it. If you have received it in error, please advise Morrison & Foerster LLP immediately by telephone or facsimile and return it promptly by mail.

OC-317904

MORRISON | FOERSTER

19900 MACARTHUR BLVD.
IRVINE
CALIFORNIA 92612-2445

TELEPHONE: 949.251.7500
FACSIMILE: 949.251.0900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

August 30, 2006

Laurence W. Paradis, Esq.
Disability Rights Advocates
449 16th Street
Suite 303
Oakland, California 94612-2821

Re:   *NFB v Target*

Dear Mr. Paradis:

This will confirm that we spoke again today regarding your August 17, 2006 request, and our August 24, 2006 conversation, regarding compliance with General Order 56. I again summarize Target's position in the paragraphs that follow.

First, it is clear that the parties have *not* yet complied with paragraph 6 of General Order 56, which requires the parties to participate in mediation in the event they "cannot reach an agreement on remediation, or cannot settle the damages and fees claims" asserted in an ADA Title III action.

In this regard, I've confirmed that Judge Patel has not assigned this case to a Magistrate Judge as of yet. Hence, Target remains willing to meet with former Magistrate Judge Infante, whom you suggested might be an appropriate mediator for a case of this type. Indeed, it may be best for the parties to proceed before Judge Infante or a similar JAMS-type mediator regardless of whether this matter ultimately is assigned to a sitting Northern District Magistrate Judge.

Second, I've informed you that Target is ready, willing and able to enter into good faith negotiations in an attempt to resolve this matter. In this regard, we have already made one settlement proposal to NFB in early June 2006. And in response to the follow-up inquiries in your June 9, 2006 letter and last week's telephone call, I've confirmed that Target places no pre-conditions or limitations upon the mediation process or the topics to be discussed.

Finally, Target is willing to forego discovery at least until it becomes clear that early settlement is not possible. Under these circumstances, your client's demand that we devote considerable time, effort and attorneys' fees engaging in a "dual track" litigation strategy is simply unjustified.

MORRISON | FOERSTER

Laurence W. Paradis, Esq.
August 30, 2006
Page Two

If NFB chooses to seek administrative relief from Judge Patel, we ask that you inform her as follows:

1.  For the reasons stated in this letter and in my August 25, 2006 letter, Target objects to any request for administrative relief from General Order 56 unless and until the parties comply with the General Order's mediation requirement;

2.  We respectfully request that the Court order the parties to comply with paragraph 6 of General Order 56 within a reasonable period of time;

3.  We suggest that the Court consider asking Magistrate Infante, or such other mediator as the parties may designate, to report to the Court regarding the need for discovery; and

4.  The Court schedule a post-mediation status conference to discuss NFB's request for relief from the General Order.

We also request that you include in any submission you make to Judge Patel a copy of this letter, as well as my August 25, 2006 letter.

Thanks.

Very truly yours,

Robert A. Naeve