1  ROBERT A. NAEVE (CA SBN 106095)
   RNaeve@mofo.com
2  MORRISON & FOERSTER LLP
   19900 MacArthur Blvd.
3  Irvine, California  92612-2445
   Telephone: (949) 251-7500
4  Facsimile: (949) 251-0900

5  DAVID F. MCDOWELL (CA SBN 125806)
   SARVENAZ BAHAR (CA SBN 171556)
6  DMcDowell@mofo.com
   SBahar@mofo.com
7  MORRISON & FOERSTER LLP
   555 West Fifth Street, Suite 3500
8  Los Angeles, California  90013-1024
   Telephone: (213) 892-5200
9  Facsimile: (213) 892-5454

10 STUART C. PLUNKETT (CA SBN 187971)
   SPlunkett@mofo.com
11 MORRISON & FOERSTER LLP
   425 Market Street
12 San Francisco, California 94105-2482
   Telephone: (415) 268-7000
13 Facsimile: (415) 268-7522

14 Attorneys for Defendant
   TARGET CORPORATION
15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                         SAN FRANCISCO DIVISION

19

20 NATIONAL FEDERATION OF THE BLIND,           Case No.   C06-01802 MHP
   the NATIONAL FEDERATION OF THE
21 BLIND OF CALIFORNIA, on behalf of their     **TARGET CORPORATION'S
   members, and Bruce F. Sexton, on behalf of  OPPOSITION TO MOTION FOR
22 himself and all others similarly situated,  ADMINISTRATIVE RELIEF FROM
                                               GENERAL ORDER**
23                 Plaintiffs,
                                               Judge:   Hon. Marilyn Hall Patel
24        v.

25 TARGET CORPORATION,

26                 Defendant.

27

28

TARGET'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP

**INTRODUCTION**

At 3:00 p.m. on the Friday afternoon before the Labor Day weekend, the National Federation of the Blind (along with the other plaintiffs in this action, "NFB") filed its Motion for Administrative Relief from the mediation requirements of General Order 56. In the main, NFB suggests that General Order 56 mediation is *not* appropriate in this case because: (1) "[t]his is not the typical access case" that involves a single architectural barrier or building (*e.g.*, Motion at 1:18-19; 5:11-13 & 13-15); (2) the parties somehow have satisfied the "intent," "aim" or "spirit' of Rule 56's mediation requirement by engaging in settlement discussions prior to filing this lawsuit (*e.g.*, Motion at 1:22-34; 5:4-9); and (3) the parties' substantive positions are far apart.

Defendant Target Corporation ("Target') briefly responds to these points below.

**DISCUSSION**

**I.   GENERAL ORDER 56 APPLIES TO *ALL* CASES IN WHICH PLAINTIFFS ALLEGE A VIOLATION OF TITLE III OF THE ADA.**

This Court need not spend much time on NFB's first suggestion, that General Order 56's mediation requirement should be ignored because "this isn't a typical ADA case." As the Court can see from the introductory paragraph of the Order itself, General Order 56 applies to *all* cases arising under Title III of the ADA:

> GENERAL ORDER No. 56
> AMERICANS WITH DISABILITIES ACT ACCESS LITIGATION
>
> In any action which asserts denial of a right of access protected by Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181-89, the Court **ORDERS**, pursuant to Federal Rule of Civil Procedure 16, that the following shall apply:

Target acknowledges that General Order 56 typically is invoked in single-site retail store cases arising under Title III of the ADA. However, that fact alone does *not* provide sufficient justification to avoid the Order's mediation requirement. Indeed, the opposite is true: It is precisely because this case *is* unusual that the parties should be encouraged to mediate this matter *before* being required to engage in costly and time-consuming discovery.

**II.  THE PARTIES HAVE NOT SATISFIED *EITHER* THE LETTER *OR* THE SPIRIT OF GENERAL ORDER 56's MEDIATION REQUIREMENTS.**

As is relevant here, General Order 56 embodies two basic requirements. *First*, the General Order obligates parties to participate in face-to-face remediation discussions in which the plaintiff must "specify *all* claimed premises violations and the desired remediation," and the defendant must specify whether it is "willing to remediate and whether defendant agrees with plaintiff's proposed remediation . . . ." General Order 56, ¶¶ 3 & 4.[1] *Second*, if the parties cannot reach agreement on remediation, paragraph 6 of General Order 56 *requires* the parties to participate in mediation:

> 6. If within 45 days from the joint site inspection, the parties cannot reach an agreement on remediation, or cannot settle the damages and fees claims, plaintiff shall file a "Notice of Need for Mediation" in the form set forth on the Court's ADR Internet site www.adr.cand.uscourts.gov and on the ECF Website www.ecf.cand.uscourts.gov. The matter will then be automatically referred to mediation and the ADR Department will schedule a mediation as soon as possible. The mediator shall have the authority to preside over settlement negotiations that address all issues presented by this matter, including requests for injunctive relief and attorney's fees. Should a settlement be reached, the mediator shall ensure that the parties make a written or audio record of the essential terms of the settlement sufficient to permit any party to move to enforce the settlement should it not be consummated according to its terms. Should any settlement be conditioned upon future conduct such as remediation, the assigned judge will retain jurisdiction to enforce that component of the settlement.

In light of these provisions, it is a little much for NFB to claim that it has complied with the "intent," "aim" or "spirit' of Rule 56's mediation requirements for two reasons.

---

[1]  Target notes that Paragraph 5 of General Order 56 further provides that, in the event the parties agree on remediation, the plaintiff must provide the defendant with a statement of alleged damages. For reasons explained above, NFB's obligation to comply with this paragraph has not yet been triggered.

1   First, while it is true that the parties have exchanged written settlement proposals, the
2   parties have *not* met and conferred *in person* as required by paragraphs 3 and 4 of General Order
3   56. As explained in the accompanying Declaration of Robert A. Naeve, Target suggested in a
4   June 26, 2006 telephone call that the parties should participate in a face-to-face meeting to
5   discuss settlement of this action before Target's motion to dismiss, and NFB's motion for
6   preliminary injunction were to be heard. Target renewed its request in a June 2, 2006 email.
7   Unfortunately, the meeting never took place. (Naeve Decl. ¶ 3 & 4.)[2]
8   Second, and perhaps more importantly, the parties have *not* initiated, let alone participated
9   in, the mediation process contemplated by paragraph 6 of General Order 56. As explained in the
10  accompanying Declaration of Robert A. Naeve, in a letter dated August 17, 2006, NFB asked
11  Target to stipulate to "complete relief" from General Order 56. During an August 24, 2006
12  telephone conference initiated to discuss NFB's August 17, 2006 letter, the following points
13  emerged:

- Target explained that the parties' best interests were served by referring this matter to mediation pursuant to General Order 56.
- Target acknowledged that, given the complexities inherent in a case of this type, it might be best to refer this matter to a private mediator who had more time to work with the parties to bring this matter to a full and final resolution. Target asked if NFB had any suggestions as to a private mediator.
- NFB suggested that former Magistrate Judge Edward Infante of JAMS would be an appropriate mediator. However, NFB suggested that it would consider referring this matter to Judge Infante *only* if Target stipulated to full relief from General Order 56.
- The parties outlined their respective views on the substantive topics to be covered in the proposed mediation.

---

[2] Target submits this memorandum solely to demonstrate that the parties have *not* yet complied with General Order 56, and not as evidence or an admission of liability or wrongdoing of any type.

TARGET'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP                                                                                  3

1     •     Each party agreed to consider the other's request.[3]

2 (Naeve Decl. ¶ 5.)

3     Target initiated a follow-up telephone conference with NFB on August 30, 2006. During that telephone call, Target explained as follows:

- The parties have not yet complied with the mediation requirements of General Order 56, paragraph 6.
- Target is willing to refer this matter to mediation before Judge Infante.
- Target had already communicated one good-faith settlement proposal to NFB, and places *no* pre-conditions or limitations on the topics to be discussed during the mediation.
- Target seeks to avoid engaging in costly and time-consuming discovery and related litigation unless it became clear that the matter would not settle.[4]

(Naeve Decl. ¶ 6.)

In response, NFB indicated that, while it was not adverse to mediation, it would not do so without first obtaining complete relief from General Order 56. (Naeve Decl. ¶ 7.)

These facts simply do not support the proposition that the parties have satisfied the "intent," "aim" or "spirit' of General Order 56's mediation requirements. Instead, the fact is that Target remains ready, willing and able to comply with the General Order's mediation requirement, and places no pre-conditions on the topics to be discussed. NFB, on the other hand, appears to be more interested in forcing Target to spend time and money engaging in as-of-yet unidentified discovery and other proceedings that will not advance the settlement ball one iota. NFB's motion for administrative relief should be denied accordingly, and the parties should be ordered to comply with General Order 56 within a reasonable period of time.

---

[3]     Target confirmed the gist of this conversation in an August 25, 2006 letter attached as Exhibit "A" to the Declaration of Robert A. Naeve.

[4]     Target confirmed the gist of this conversation in an August 30, 2006 letter attached as Exhibit "B" to the Declaration of Robert A. Naeve.

TARGET'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP      4

**III. NFB's PESSMISIM ABOUT THE POSSIBILITY OF SETTLEMENT DOES NOT PROVIDE SUFFICIENT JUSTIFICATION TO IGNORE GENERAL ORDER 56'S MEDIATION REQUIREMENT.**

NFB places the cart well ahead of the horse by suggesting that General Order 56's mediation requirement should be ignored because "the parties remain far apart on a number of issues" and because the disputes "are not likely to be resolved without further prosecution of this action." Target is not so pessimistic about the possibility of settlement, so long as NFB proceeds in good faith. Indeed, it is precisely because this case raises novel and difficult issues that Target is willing to work with Judge Infante – or any other mediator with similar qualifications and experience – to resolve this matter with dispatch.

**CONCLUSION**

For the reasons stated in this Opposition, Target respectfully requests as follows:

1. NFB's motion for administrative relief, from the mediation requirements of General Oder 56 be denied;

2. This Court order the parties to comply with paragraph 6 of General Order 56 within a reasonable period of time; and

3. This Court schedule a post-mediation status conference to discuss NFB's request for relief from General Order 56, and to discuss a discovery plan in this action.

Dated: September 5, 2006.        ROBERT A. NAEVE
DAVID F. MCDOWELL
STUART C. PLUNKETT
MORRISON & FOERSTER LLP

By: _____
Robert A. Naeve

Attorneys for Defendant
TARGET CORPORATION