| | |
|---|---|
| 1 | ROBERT A. NAEVE (CA SBN 106095) |
|   | RNaeve@mofo.com |
| 2 | MORRISON & FOERSTER LLP |
|   | 19900 MacArthur Blvd. |
| 3 | Irvine, California 92612-2445 |
|   | Telephone: (949) 251-7500 |
| 4 | Facsimile: (949) 251-0900 |
| 5 | DAVID F. MCDOWELL (CA SBN 125806) |
|   | SARVENAZ BAHAR (CA SBN 171556) |
| 6 | DMcDowell@mofo.com |
|   | SBahar@mofo.com |
| 7 | MORRISON & FOERSTER LLP |
|   | 555 West Fifth Street, Suite 3500 |
| 8 | Los Angeles, California 90013-1024 |
|   | Telephone: (213) 892-5200 |
| 9 | Facsimile: (213) 892-5454 |
| 10 | STUART C. PLUNKETT (CA SBN 187971) |
|   | SPlunkett@mofo.com |
| 11 | MORRISON & FOERSTER LLP |
|   | 425 Market Street |
| 12 | San Francisco, California 94105-2482 |
|   | Telephone: (415) 268-7000 |
| 13 | Facsimile: (415) 268-7522 |
| 14 | Attorneys for Defendant |
|   | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, | | Case No.   C06-01802 MHP |
| | | **DECLARATION OF ROBERT A. NAEVE IN SUPPORT OF TARGET'S OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER** |
| Plaintiffs, | | |
| v. | | Judge:   Hon. Marilyn Hall Patel |
| TARGET CORPORATION, | | |
| Defendant. | | |

NAEVE DECLARATION IN OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP

**DECLARATION OF ROBERT A. NAEVE**

I, Robert A. Naeve, declare and state as follows:

1.  I am an attorney at law licensed to practice in the state of California, and admitted to the United States District Court for the Northern District of California. I am one of the attorneys representing Defendant Target Corporation ("Target") in this action. I have personal knowledge of the facts stated in this Declaration. If called as a witness, I would and could competently testify as follows:

2.  Before this action was filed, representatives of Target and plaintiff National Federation of the Blind ("NFB") met in Baltimore, Maryland, to discuss alleged inaccessibility of the website located at www.target.com.

3.  On or about May 26, 2006 I suggested to Lawrence Paradis, counsel for NFB that parties should participate in a face-to-face meeting to discuss settlement of this action before Target's motion to dismiss and NFB's motion for preliminary injunction were to be heard. I followed up on this request in a June 2, 2006 email, which reads as follows:[1]

> CONFIDENTIAL SETTLEMENT COMMUNICATION
>
> Larry:
>
> This is a follow-up to our brief call last Friday. As I explained, Target would like to schedule a face-to-face meeting between Carter Leuty and others affiliated with Target.com and NFB. We propose to meet in Morrison & Foerster's San Francisco office some time before the consolidated hearing on the parties' various motions, for the purpose of discussing and negotiating a settlement of the NFB v. Target matter.
>
> Please let me know if NFB is interested.
>
> Thanks.
>
> Robert A. Naeve
> Morrison & Foerster LLP
> 19900 MacArthur Boulevard
> 12th Floor
> Irvine, California 92612
> Telephone: (949) 251-7500
> Fax: (949) 251-0900

---

[1] Target submits the text of this email solely to demonstrate its attempts at complying with General Order 56, and not for purposes of establishing or admitting liability.

NAEVE DECLARATION IN OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP

1

1      4.     Despite this request, the parties have *not* conducted any type of face-to-face meeting to discuss possible settlement of this action.

2      5.     On or about August 17, 2006, I received a letter from counsel for NFB. The letter asked Target to stipulate to "complete relief" from General Order 56. During an August 24, 2006 telephone conference in response to NFB's letter, I told Mr. Paradis that Target believed the parties' best interests were served by referring this matter to mediation pursuant to General Order 56. I acknowledged that, given the complexities inherent in a case of this type, it might be best to refer this matter to a private mediator who had more time to work with the parties to bring this matter to a full and final resolution. I asked Mr. Paradis if NFB had any acceptable mediators in mind. He suggested that former Magistrate Judge Edward Infante of JAMS might be an appropriate mediator. However, he said that NFB would consider referring this matter to Judge Infante *only* if Target stipulated to full relief from General Order 56. I confirmed the gist of this conversation in an August 25, 2006 letter attached to this Declaration as Exhibit "A."

    6.     I called Mr. Paradis again on August 30, 2006 to discuss compliance with Gene4ral Order 56. I confirmed that Target did not believe that the parties' best interests were served by conducting expensive and time-consuming dual track discovery and mediation. I also informed Mr. Paradis that Target was willing to refer this matter to mediation before Judge Infante; that Target had already communicated one good-faith settlement proposal to NFB; and that Target did not place any pre-conditions or limitations on the topics to be discussed during the mediation. I confirmed the gist of this conversation in an August 30, 2006 letter attached to this Declaration as Exhibit "B."

    7.     In response, Mr. Paradis said that, while NFB was not adverse to mediation, it would not do so without first obtaining complete relief from General Order 56.

    8.     The parties have not referred this matter to the Northern District's ADR Department pursuant to paragraph 6 of General Order 56. The parties have not scheduled a

1  mediation date before Judge Infante or any other private mediator. The parties have not
2  complied with paragraph 6 of General Order 56.
3      I declare under penalty of perjury under the laws of California and the United States of
4  America that the foregoing is true and correct, and that this declaration was executed on June
5  12, 2006 in Los Angeles, California.

_____
Robert A. Naeve

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "A"

**MORRISON | FOERSTER**

19900 MACARTHUR BLVD.
IRVINE
CALIFORNIA 92612-2445

TELEPHONE: 949.251.7500
FACSIMILE: 949.251.0900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

August 25, 2006

Laurence W. Paradis, Esq.
Disability Rights Advocates
449 16th Street
Suite 303
Oakland, California 94612-2821

Re:   NFB v Target

Dear Mr. Paradis:

I write in response to your August 17, 2006 letter, as well as a follow up to yesterday's telephone discussion.

As I've explained, we are not in a position to stipulate to complete relief from the settlement procedures outlined in General Order 56. It is true that the parties have exchanged correspondence and spoken telephonically on several occasions regarding the possibility of settlement. However, we have *not* personally met to discuss remediation, as required by paragraph 3 of General Order 56. And, more importantly, we have *not* yet reached agreement on remediation or other remedies to which plaintiffs might be entitled. Under these circumstances, we believe that it is in the parties' mutual best interests to refer this matter to mediation pursuant to paragraph 6 of General Order 56, which provides as follows:

> 6.   If within 45 days from the joint site inspection, the parties cannot reach an agreement on remediation, or cannot settle the damages and fees claims, plaintiff shall file a "Notice of Need for Mediation" in the form set forth on the Court's ADR Internet site www.adr.cand.uscourts.gov and on the ECF Website www.ecf.cand.uscourts.gov. The matter will then be automatically referred to mediation and the ADR Department will schedule a mediation as soon as possible. The mediator shall have the authority to preside over settlement negotiations that address all issues presented by this matter, including requests for injunctive relief and attorney's fees. Should a settlement be reached, the mediator shall ensure that the parties make a written or audio record of the essential terms of the settlement sufficient to permit any party to move to enforce the settlement should it not be consummated according to its terms. Should any settlement be conditioned upon future conduct such as remediation, the assigned judge will retain jurisdiction to enforce that component of the settlement.

NAEVE DECLARATION IN OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP

5

**MORRISON | FOERSTER**

Laurence W. Paradis, Esq.
August 25, 2006
Page Two

During yesterday's telephone call, you and I discussed the possibility of submitting the parties' disputes to Judge Edward Infante of JAMS. I called to discuss this issue with you in greater detail today. I was informed that you were out of the office. I left a message asking that you give me a call, but thought it best to follow up in writing rather than simply let the matter sit without a response from us.

Please call me at your convenience so that we can discuss compliance with paragraph 6.

Thanks.

Very truly yours,

*/s/ Robert A. Naeve*

Robert A. Naeve

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "B"

**MORRISON | FOERSTER**

19900 MACARTHUR BLVD.
IRVINE
CALIFORNIA 92612-2445

TELEPHONE: 949.251.7500
FACSIMILE: 949.251.0900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SAN DIEGO, WASHINGTON, D.C.

DENVER, NORTHERN VIRGINIA,
ORANGE COUNTY, SACRAMENTO,
WALNUT CREEK, CENTURY CITY

TOKYO, LONDON, BEIJING,
SHANGHAI, HONG KONG,
SINGAPORE, BRUSSELS

August 30, 2006

Laurence W. Paradis, Esq.
Disability Rights Advocates
449 16th Street
Suite 303
Oakland, California 94612-2821

Re: *NFB v Target*

Dear Mr. Paradis:

This will confirm that we spoke again today regarding your August 17, 2006 request, and our August 24, 2006 conversation, regarding compliance with General Order 56. I again summarize Target's position in the paragraphs that follow.

First, it is clear that the parties have *not* yet complied with paragraph 6 of General Order 56, which requires the parties to participate in mediation in the event they "cannot reach an agreement on remediation, or cannot settle the damages and fees claims" asserted in an ADA Title III action.

In this regard, I've confirmed that Judge Patel has not assigned this case to a Magistrate Judge as of yet. Hence, Target remains willing to meet with former Magistrate Judge Infante, whom you suggested might be an appropriate mediator for a case of this type. Indeed, it may be best for the parties to proceed before Judge Infante or a similar JAMS-type mediator regardless of whether this matter ultimately is assigned to a sitting Northern District Magistrate Judge.

Second, I've informed you that Target is ready, willing and able to enter into good faith negotiations in an attempt to resolve this matter. In this regard, we have already made one settlement proposal to NFB in early June 2006. And in response to the follow-up inquiries in your June 9, 2006 letter and last week's telephone call, I've confirmed that Target places no pre-conditions or limitations upon the mediation process or the topics to be discussed.

Finally, Target is willing to forego discovery at least until it becomes clear that early settlement is not possible. Under these circumstances, your client's demand that we devote considerable time, effort and attorneys' fees engaging in a "dual track" litigation strategy is simply unjustified.

NAEVE DECLARATION IN OPPOSITION TO MOTION FOR ADMINISTRATIVE RELIEF FROM GENERAL ORDER 56
CASE NO. 06-01802 MHP

8

MORRISON | FOERSTER

Laurence W. Paradis, Esq.
August 30, 2006
Page Two

If NFB chooses to seek administrative relief from Judge Patel, we ask that you inform her as follows:

1. For the reasons stated in this letter and in my August 25, 2006 letter, Target objects to any request for administrative relief from General Order 56 unless and until the parties comply with the General Order's mediation requirement;

2. We respectfully request that the Court order the parties to comply with paragraph 6 of General Order 56 within a reasonable period of time;

3. We suggest that the Court consider asking Magistrate Infante, or such other mediator as the parties may designate, to report to the Court regarding the need for discovery; and

4. The Court schedule a post-mediation status conference to discuss NFB's request for relief from the General Order.

We also request that you include in any submission you make to Judge Patel a copy of this letter, as well as my August 25, 2006 letter.

Thanks.

Very truly yours,

Robert A. Naeve