1    ROBERT A. NAEVE (CA SBN 106095)
     RNaeve@mofo.com
2    MORRISON & FOERSTER LLP
     19900 MacArthur Blvd.
3    Irvine, California  92612-2445
     Telephone: (949) 251-7500
4    Facsimile: (949) 251-0900

5    DAVID F. MCDOWELL (CA SBN 125806)
     SARVENAZ BAHAR (CA SBN 171556)
6    DMcDowell@mofo.com
     SBahar@mofo.com
7    MORRISON & FOERSTER LLP
     555 West Fifth Street, Suite 3500
8    Los Angeles, California  90013-1024
     Telephone: (213) 892-5200
9    Facsimile: (213) 892-5454

10   STUART C. PLUNKETT (CA SBN 187971)
     SPlunkett@mofo.com
11   MORRISON & FOERSTER LLP
     425 Market Street
12   San Francisco, California 94105-2482
     Telephone: (415) 268-7000
13   Facsimile: (415) 268-7522

14   Attorneys for Defendant
     TARGET CORPORATION

15
                          UNITED STATES DISTRICT COURT
16
                        NORTHERN DISTRICT OF CALIFORNIA
17
                              SAN FRANCISCO DIVISION
18

19
     NATIONAL FEDERATION OF THE BLIND,          Case No.    C06-01802 MHP
20   the NATIONAL FEDERATION OF THE
     BLIND OF CALIFORNIA, on behalf of their    **TARGET CORPORATION'S**
21   members, and Bruce F. Sexton, on behalf of  **ANSWER TO AMENDED**
     himself and all others similarly situated,  **COMPLAINT**
22
                         Plaintiffs,
23                                              Judge:   Hon. Marilyn Hall Patel
            v.
24
     TARGET CORPORATION,
25
                         Defendant.
26

27

28

     TARGET CORPORATION'S ANSWER TO AMENDED COMPLAINT C 06-01802 MHP
     CASE NO. C 06-01802 MHP
     sf-2197482

1    Defendant Target Corporation ("Target") answers the Amended Complaint ("Complaint")

2 on file in this action as follows:

3    1.    Target denies the averments contained in paragraph 1 of the Complaint.

4    2.    The averments contained in paragraph 2 assert legal conclusions to which no

5 response is required.

6    3.    The averments contained in paragraph 3 assert legal conclusions to which no

7 response is required.

8    4.    The averments contained in paragraph 4 assert legal conclusions to which no

9 response is required.

10    5.    The averments contained in paragraph 5 assert legal conclusions to which no

11 response is required.

12    6.    Answering paragraph 6, Target admits that it conducts business, and operates retail

13 stores, in the State of California.  Except as expressly admitted, Target denies the averments

14 contained in paragraph 6, and further denies the averments contained in this paragraph to the

15 extent they state legal conclusions for which no response is required.

16    7.    Target is without knowledge or information sufficient to admit or deny the

17 averments relating to the residency or existence of the various plaintiffs.  Except as expressly

18 admitted, Target denies the averments contained in paragraph 7.

19    8.    Target is without knowledge or information sufficient to admit or deny the

20 averments of paragraph 8.

21    9.    Target is without knowledge or information sufficient to admit or deny the

22 averments of paragraph 9.

23    10.    Target denies that Plaintiff Sexton "has been denied the full use and enjoyment of

24 facilities, goods and services of Target.com" as averred in paragraph 10.  Target is without

25 knowledge or information sufficient to admit or deny the remaining averments of paragraph 10.

26    11.    Target admits that, among other things, it owns and operates retail stores in

27 California and the United States.  Target further admits that, among other things, it operates a

28

TARGET CORPORATION'S ANSWER TO AMENDED COMPLAINT C 06-01802 MHP                                    1
CASE NO. C 06-01802 MHP
sf-2197482

1   website located at www.target.com.  Except as expressly admitted, Target denies the averments
2   contained in paragraph 11.

3          12.    Target denies the averments contained in paragraph 12 to the extent that they state
4   legal conclusions to which no response is required.  Target denies the averments contained in
5   paragraph 12 and further denies that Plaintiffs are entitled to bring this action as a class action.

6          13.    Target is without information or belief sufficient to admit or deny the averments of
7   paragraph 13.  Target further denies the averments contained in paragraph 13 to the extent they
8   assert legal conclusions to which no response is required.

9          14.    Target denies the averments of paragraph 14, and further denies the averments
10  contained in this paragraph to the extent they assert that the website located at www.target.com is
11  inaccessible.  Target further denies the averments contained in paragraph 14 to the extent they
12  assert legal conclusions to which no response is required.

13         15.    Target denies the averments contained in paragraph 15, and further denies the
14  averments contained in this paragraph to the extent they assert legal conclusions to which no
15  response is required.

16         16.    Target denies the averments contained in paragraph 16, and further denies the
17  averments contained in this paragraph to the extent they assert legal conclusions to which no
18  response is required.

19         17.    Target denies the averments contained in paragraph 17, and further denies the
20  averments contained in this paragraph to the extent they assert legal conclusions to which no
21  response is required.

22         18.    Target denies the averments contained in paragraph 18, and further denies the
23  averments contained in this paragraph to the extent they assert legal conclusions to which no
24  response is required.

25         19.    Answering paragraph 19, no response is required.

26         20.    Target admits that, among other things, it operates retail stores in California and
27  the Untied States.  Except as expressly admitted, Target denies the averments contained in
28  paragraph 20.

1    21.    Target admits that, among other things, it operates a website located at

2    www.target.com, and that words "Powered by Amazon.com" appear within the website.  Except

3    as expressly admitted, Target denies the averments contained in paragraph 21, and further denies

4    these averments to the extent they assert legal conclusions to which no response is required.

5    22.    Target admits that, among other things, it operates a website located at

6    www.target.com, and that visitors to the website may browse and purchase merchandise.  Except

7    as expressly admitted, Target denies the averments contained in paragraph 22, and further denies

8    these averments to the extent they assert legal conclusions to which no response is required.

9    23.    Target admits that the website located at www.target.com contains a store locator,

10   online pharmacy, online photoshop, weekly advertisements, coupons, online wedding and baby

11   registries and coupons, as well as certain information regarding its REDcard[SM] program, certain

12   community programs, employment opportunities, investor and company policies, and products

13   for sale on the website itself.  Except as expressly admitted, Target denies the averments

14   contained in paragraph 23.

15   24.    Target denies the averments contained in paragraph 24.

16   25.    Target denies the averments contained in paragraph 25.

17   26.    Target is without knowledge or information sufficient to admit or deny the

18   allegations of paragraph 26, which are vague and ambiguous.

19   27.    Target is without knowledge or information sufficient to admit or deny the

20   allegations of paragraph 27.

21   28.    Target denies that "well-established guidelines" exist or apply to the website

22   located at www.target.com.  Target is without knowledge or information sufficient to admit or

23   deny the remaining allegations of paragraph 28.

24   29.    Target denies the averments contained in paragraph 29.

25   30.    Target lacks information or belief sufficient to admit or deny that the descriptions

26   and definitions contained within paragraph 30 are necessary, sufficient or complete, and denies

27   these averments for that reason.  Target further denies the remaining averments contained in

28   paragraph 30.

1    31.    Target lacks information or belief sufficient to admit or deny that the descriptions

2    and definitions contained within paragraph 31 are necessary, sufficient or complete, and denies

3    these averments for that reason.  Target further denies the remaining averments contained in

4    paragraph 31.

5    32.    Target lacks information or belief sufficient to admit or deny that the descriptions

6    and definitions contained within paragraph 32 are necessary, sufficient or complete, and denies

7    these averments for that reason.  Target further denies the remaining averments contained in

8    paragraph 32.

9    33.    Target denies the averments contained in paragraph 33.

10    34.    Target denies the averments contained in paragraph 34.

11    35.    Target denies the averments contained in paragraph 35, and further denies the

12    averments contained in this paragraph for lack of information or belief regarding the shopping

13    habits of plaintiffs or the class they purport to represent.

14    36.    Target denies the averments contained in paragraph 36.

15    37.    Target admits that it received a letter dated on or about May 5, 2005 from plaintiff

16    National Federation of the Blind ("NFB"); that Target and NFB executed a standstill / tolling

17    agreement; that plaintiffs initially filed this action in the Superior Court of California, County of

18    Alameda; and that Target removed this action to federal court on or about March 9, 2006.  Except

19    as expressly admitted, Target denies the averments contained in paragraph 37, and further denies

20    the existence of any "accessibility barriers" as alleged in NFB's May 5, 2005 letter.

21                    RESPONSE TO FIRST CLAIM FOR RELIEF

22    38.    Answering paragraph 38, Target incorporates by reference the foregoing answers

23    as though fully set forth herein.

24    39.    Target denies the averments contained in paragraph 39, and further denies the

25    averments in this paragraph go the extent that they assert legal conclusions to which no response

26    is required.

27    40.    Target admits that, among other things, it earns revenue from the sale of goods in

28    California.  Target denies the remaining averments contained in paragraph 40, and further denies

1  the averments contained in this paragraph to the extent that they assert legal conclusions to which

2  no response is required.

3        41.    Target denies the averments contained in paragraph 41, and further denies the

4  averments contained in this paragraph to the extent that they contain legal conclusions to which

5  no response is required.

6        42.    Target denies the averments contained in paragraph 42, and further denies the

7  averments contained in this paragraph to the extent that they contain legal conclusions to which

8  no response is required.

9        43.    Target denies the averments contained in paragraph 43, and further denies the

10 averments contained in this paragraph to the extent that they contain legal conclusions to which

11 no response is required.

12       44.    Target denies the averments contained in paragraph 44, and further denies the

13 averments contained in this paragraph to the extent that they contain legal conclusions to which

14 no response is required.

15       45.    Target denies the averments contained in paragraph 45, and further denies the

16 averments contained in this paragraph to the extent that they contain legal conclusions to which

17 no response is required.

18                    <u>RESPONSE TO SECOND CLAIM FOR RELIEF</u>

19       46.    Answering paragraph 46, Target incorporates by reference the foregoing answers

20 as if set forth fully herein.

21       47.    Target denies the averments contained in paragraph 47, and further denies the

22 averments contained in this paragraph to the extent that they contain legal conclusions to which

23 no response is required.

24       48.    Target denies the averments contained in paragraph 48, and further denies the

25 averments contained in this paragraph to the extent that they contain legal conclusions to which

26 no response is required.

27

28

49.     Target denies the averments contained in paragraph 49, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

50.     Target denies the averments contained in paragraph 50, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

51.     Target denies the averments contained in paragraph 51, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

52.     Target denies the averments contained in paragraph 52, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

53.     Target denies the averments contained in paragraph 53, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

<u>RESPONSE TO THIRD CLAIM FOR RELIEF</u>

54.     Answering paragraph 54, Target incorporates by reference the foregoing answers as if set forth fully herein.

55.     Target denies the averments contained in paragraph 55, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

56.     Target denies the averments contained in paragraph 56, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

57.     Target denies the averments contained in paragraph 57, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

58.     Target denies the averments contained in paragraph 58, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

59.     Target denies the averments contained in paragraph 59, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

60.     Target denies the averments contained in paragraph 60, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

### RESPONSE TO FOURTH CLAIM FOR RELIEF

61.     Answering paragraph 61, Target incorporates by reference the foregoing answers as if set forth fully herein.

62.     Target denies the averments contained in paragraph 62, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

63.     Target denies the averments contained in paragraph 63, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

### RESPONSE TO RELIEF REQUESTED

Target denies that Plaintiffs are entitled to any substantive or procedural remedy or relief, including the relief and certification requested in paragraphs 1 through 8 of the "Relief Requested" portion of Plaintiffs' complaint.  Target further denies that Plaintiffs, or any of them, have suffered or incurred any injury or damage in this matter.

### AFFIRMATIVE DEFENSES

Without admitting or acknowledging that Target bears any burden of proof as to any of them, Target asserts the following affirmative defenses.  Target intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

**First Affirmative Defense**

**(Failure to State a Claim)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(Commerce Clause)**

As an affirmative defense to the First and Second Causes of Action in the Complaint, Target alleges that any application of California law to the website located at www.target.com violates the Commerce Clause of the United States Constitution.

**Third Affirmative Defense**

**(Good Faith Conformity with Applicable Standards)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that it acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards existing at the time of such conduct.

**Fourth Affirmative Defense**

**(Due Process — Vagueness)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that, to the extent federal or state statutes are applied in this action to mandate the manner in which Target must program or design its website, the statutes are unconstitutionally vague and application of the statutes in this action would therefore violate the Due Process Clause of the United States Constitution.

**Fifth Affirmative Defense**

**(Due Process — Damages)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that the claims for damages are so disproportionate to the injuries, if any, suffered as to violate the Due Process Clause of the United States Constitution.

**Sixth Affirmative Defense**

**(Rule of Lenity)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs' claims are barred by the rule of lenity.

**Seventh Affirmative Defense**

**(No Modification or Alteration Required)**

As an affirmative defense to the First and Second Causes of Action in the Complaint, Target alleges that California law does not require Target to modify or alter its website.

**Eighth Affirmative Defense**

**(No Intentional Discrimination)**

As an affirmative defense to the First Cause of Action in the Complaint, Target alleges that it has not engaged in intentional discrimination with respect to the accessibility of its website.

**Ninth Affirmative Defense**

**(No Denial of Physical Access)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that it has not denied Plaintiffs, or any blind persons, physical access to the goods and services of Target's retail stores.

**Tenth Affirmative Defense**

**(Auxiliary Aids and Services — Effective Communication)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that, to the extent Target.com allegedly does not effectively communicate information regarding goods and services through its website to Plaintiffs, or to any blind persons, effective communication is provided via reasonable and appropriate alternative means.

**Eleventh Affirmative Defense**

**(No Denial of Access to Service of Place of Public Accommodation)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that it has not denied access to Plaintiffs, or to any blind person, to a service offered by a place of public accommodation.

1

2

**Twelfth Affirmative Defense**

**(Modifications — Undue Burden/Not Readily Achievable)**

3       As an affirmative defense to each and every claim in the Complaint, Target alleges that,

4    insofar as Target has not made the alterations to Target.com that Plaintiffs contend should have

5    been made, those changes were not and are not required under California or federal law, and any

6    requirement to make those changes would impose an undue burden upon Target and would not be

7    readily achievable.

8

9

**Thirteenth Affirmative Defense**

**(Modifications — Fundamentally Alter Nature of Goods and Services)**

10       As an affirmative defense to each and every claim in the Complaint, Target alleges that

11    modifications of Target's policies, practices, and procedures, or the provision of auxiliary aids or

12    services, would fundamentally alter the nature of the goods, services, facilities, privileges,

13    advantages, or accommodations, and there is no duty to modify.

14

15

**Fourteenth Affirmative Defense**

**(Statute of Limitations)**

16       As an affirmative defense to each and every claim in the Complaint, Target alleges that

17    the claims are barred in whole or in part by the applicable statutes of limitations.

18

19

**Fifteenth Affirmative Defense**

**(Failure to Mitigate)**

20       As an affirmative defense to each and every claim in the Complaint, Target alleges that

21    Plaintiffs have failed to take reasonable steps to protect themselves from the damage alleged in

22    the Complaint and have failed to mitigate any such alleged damage.

23

24

**Sixteenth Affirmative Defense**

**(Waiver and Estoppel)**

25       As an affirmative defense to each and every claim in the Complaint, Target alleges that, as

26    a consequence of the conduct of or attributable to Plaintiffs in connection with the alleged lack of

27    access to Target.com (which is the subject of this litigation) Plaintiffs have waived any right to

28    secure relief from Target, and are estopped from securing any relief from Target.

1

**Seventeenth Affirmative Defense**

2

**(Lack of Standing)**

3

As an affirmative defense to each and every claim in the Complaint, Target alleges that

4

Plaintiffs lack standing to pursue the claims asserted, either individually or on behalf of a class.

5

**Eighteenth Affirmative Defense**

6

**(Claims of Putative Class Members Barred)**

7

As an affirmative defense to each and every claim in the Complaint, Target alleges that

8

the claims of the putative class members are barred by some or all of the defenses that bar

9

Plaintiffs' claims.

10

**Nineteenth Affirmative Defense**

11

**(Modifications Not Required)**

12

Plaintiffs claims are barred to the extent that the relief they request is not mandated by any

13

applicable regulations adopted by the United States Department of Justice, or by the State of

14

California, for privately-owned commercial websites.

15

**Twentieth Affirmative Defense**

16

**(Adequate Legal Remedy)**

17

Plaintiffs are not entitled to injunctive or equitable relief the extent they have adequate

18

legal remedies.

19

**Twenty-first Affirmative Defense**

20

**(No Irreparable Harm)**

21

Plaintiffs are not entitled to injunctive or equitable relief to the extent that they have not

22

suffered, and will not suffer, irreparable harm or injury.

23

WHEREFORE, Target requests that the Court:

24

(1)     Enter judgment in its favor and against Plaintiffs;

25

(2)     Award appropriate fees and expenses to Target; and

26

(3)     Award such other relief as the Court deems just and proper.

27

28

TARGET CORPORATION'S ANSWER TO AMENDED COMPLAINT C 06-01802 MHP
CASE NO. C 06-01802 MHP
sf-2197482

11

1

Dated:  September 20, 2006.          ROBERT A. NAEVE
                                     DAVID F. MCDOWELL
2                                    STUART C. PLUNKETT
                                     SARVENAZ BAHAR
3                                    MORRISON & FOERSTER LLP

4

5                                    By:    /s/ Stuart C. Plunkett
                                            Stuart C. Plunkett
6
                                            Attorneys for Defendant
7                                           TARGET CORPORATION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28