| | |
|---|---|
| LAURENCE W. PARADIS (SBN 122336)<br>MAZEN M. BASRAWI (SBN 235475)<br>DISABILITY RIGHTS ADVOCATES<br>2001 Center Street, Third Floor<br>Berkeley, California 94704<br>Telephone: (510) 665-8644<br>Facsimile: (510) 665-8511<br>TTY: (510) 665-8716 | ROBERT A. NAEVE (CA SBN 106095)<br>MORRISON & FOERSTER LLP<br>19900 Macarthur Blvd.<br>Irvine, CA 92612-2445<br>Telephone: (949) 251-7500<br>Facsimile: (949) 251-0900 |
| TODD M. SCHNEIDER (SBN 158253)<br>JOSHUA KONECKY (SBN 182897)<br>SCHNEIDER & WALLACE<br>180 Montgomery Street, Suite 2000<br>San Francisco, CA 94104<br>Telephone: (415) 421-7100<br>Facsimile: (415) 421-7105<br>TTY: (415) 421-1655 | DAVID F. MCDOWELL (SBN 125806)<br>SARVENAZ BAHAR (SBN 171556)<br>MORRISON & FOERSTER LLP<br>555 West Fifth Street, Suite 3500<br>Los Angeles, CA 90013-1024<br>Telephone: (213) 892-5200<br>Facsimile: (213) 892-5454 |
| DANIEL F. GOLDSTEIN (*pro hac vice*)<br>BROWN, GOLDSTEIN & LEVY, LLP<br>120 E. Baltimore St., Suite 1700<br>Baltimore, MD 21202<br>Telephone: (410) 962-1030<br>Facsimile: (410) 385-0869 | HAROLD J. MCELHINNY (SBN 66781)<br>STUART C. PLUNKETT (SBN 187971)<br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, CA 94105-2482<br>Telephone: (415) 268-7000<br>Facsimile: (415) 268-7522 |
| PETER BLANCK (*pro hac vice*)<br>900 S. Crouse Ave.<br>Crouse-Hinds Hall, Suite 300<br>Syracuse, NY 13244-2130<br>Telephone: (315) 443-9703 | Attorneys for Defendant |

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>                Plaintiffs,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>                Defendant. | Case No.   C06-01802 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: October 23, 2006<br>Time: 3:00 p.m.<br><br>Judge: Hon. Marilyn Hall Patel |

The parties to the above-entitled action jointly submit this Case Management Statement.

## DESCRIPTION OF THE CASE

### (1.) Brief Description of the Events Underlying the Action:

Plaintiffs allege that Defendant Target Corporation ("Target") violated, and continues to violate, Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Act, and the California Disabled Persons Act because it does not provide full and equal access to and enjoyment of its website, Target.com, to people who are blind or visually impaired. Plaintiffs allege that Target.com lacks certain programming features that make it difficult or impossible for people that are blind or visually impaired and who use screen readers (which can vocalize web content) to access the goods and services available to sighted visitors to Target.com.

With respect to the ADA claim, Plaintiffs allege that the nexus between Target's retail stores and Target.com is sufficient so that in order for persons with disabilities to have "full and equal enjoyment" of Target's retail stores they must also have full and equal access to and enjoyment of Target.com. Additionally, Plaintiffs allege that Target.com is required to be accessible under the Unruh Act regardless of whether or not there is a connection to the physical stores because the Unruh Act applies to all services of a business enterprise (Target, Inc.) which operates in the state. Additionally, Plaintiffs allege that Target.com is a "place to which the public is invited" and thus is required to be accessible under the California Disabled Persons Act regardless of the connection between Target.com and Target's retail stores.

Target denies that it has violated, or is violating, any law with respect to the design and programming of its website, and Target continues to believe that Plaintiffs have failed to state a cognizable claim under the ADA or under California law.

Plaintiffs filed their original complaint in California Superior Court in January 2006. Target removed the action to this Court, and Plaintiffs filed their Amended Complaint on March 30, 2006. After obtaining limited relief from General Order 56, Target brought a motion to dismiss the Amended Complaint and Plaintiffs brought a motion for a preliminary injunction. On September 6, 2006, the Court issued a written order denying the motion for preliminary injunction and granting in part and denying in part the motion to dismiss.

1   On September 8, 2006, the Court granted Plaintiffs' request for administrative relief from
2   the General Order 56 and scheduled this Case Management Conference.

3   **(2.)   The Principal Factual Issues Which the Parties Dispute:**

4   A.   Whether, and to what extent, the programming and design of Target.com make it
5   inaccessible to people who are blind or visually impaired.

6   B.   Whether, and to what extent, the programming and design of Target.com impede
7   the full and equal enjoyment of Target.com by people who are blind or visually impaired.

8   C.   Whether, and to what extent, the programming and design of Target.com impede
9   the full and equal enjoyment of the goods and services offered at Target's retail stores for people
10  who are blind or visually impaired.

11  D.   Whether, and to what extent, Target's 1-800 number provides an alternative means
12  for people who are blind or visually impaired to access the goods and services that are determined
13  to be "inaccessible" on Target.com.

14  E.   Whether, if the Court holds that the Unruh Act or Disabled Persons Act requires
15  modifications to Target.com, it is technologically and economically feasible for Target to create a
16  separate accessible website for California residents.

17  F.   Whether, and to what extent, there is a nexus between Target.com and Target's
18  retail stores.

19  **(3.)   The Principal Legal Issues Which the Parties Dispute:**

20  A.   Whether, if Target.com is found to be inaccessible in any respect, Title III of the
21  ADA requires Target to modify its website to make it accessible to people who are blind or
22  visually impaired.

23  B.   Whether, if Target.com is found to be inaccessible in any respect, the Unruh Act
24  requires Target to modify its website to make it accessible to people who are blind or visually
25  impaired.

26  C.   Whether, if Target.com is found to be inaccessible in any respect, the Disabled
27  Persons Act requires Target to modify its website to make it accessible to people who are blind or
28  visually impaired.

JOINT CASE MANAGEMENT STATEMENT  C 06-01802 MHP
CASE NO. C 06-01802 MHP
sf-2206206

2

1  D. Whether, to the extent Target has not effectively communicated to the blind via Target.com, Target has provided effective communication via reasonable and appropriate alternative means.

E. Whether Target.com is a place to which the public is invited as defined by the Disabled Persons Act.

F. Whether Target.com is a service of Target's retail stores under the ADA, the Unruh Act and Disabled Persons Act.

G. Whether the Commerce Clause of the United States Constitution bars the Unruh Act and Disabled Persons Act claims.

H. What constitutes "full and equal enjoyment" of the website if the Court determines that Target is required to modify its website to make it "accessible"?

I. If the Court determines that Target is required to modify its website to make it "accessible," what are the specific accessibility standards with which Target must comply?

J. Whether Plaintiffs are entitled to any damages under the Unruh Act or the Disabled Persons Act, and if so, the amount of damages.

K. Whether Plaintiffs' alleged class and subclass can be certified under Rule 23 of the Federal Rules of Civil Procedure.

**(4.) The Other Factual Issues Which Remain Unresolved:**

The parties are not aware of any other factual issues that remain unresolved at this time.

**(5.) The Parties Which Have Not Been Served and the Reasons:**

All parties have been served.

**(6.) Additional Parties To Be Joined:**

The parties do not presently intend to join any other parties.

**(7.) Consent To Assignment to United States Magistrate Judge for Trial:**

The parties do not consent to the assignment of this case to a United States Magistrate Judge for trial.

## CLASS ACTION — CIVIL LOCAL RULE 16-9(b)

Because this is a class action, the parties provide the following additional information pursuant to Civil Local Rule 16-9(b).

Plaintiffs allege that this action is maintainable as a class action pursuant to Rules 23(a), 23(b)(2), and alternatively, 23(b)(3) of the Federal Rules. (Amended Complaint ¶ 12.) Plaintiffs bring this action "on behalf of all legally blind individuals in the United States who have attempted to access Target.com. For the claims under California state law, Plaintiffs also represent a California subclass of all legally blind individuals in California who have attempted to access Target.com." (*Id.*) Plaintiffs allege that the action is maintainable as a class action under Rule 23(b)(2) because "Defendant Target has acted or refused to act on grounds generally applicable to the Class," and under Rule 23(b)(3) because "questions of law and fact common to Class members predominate over questions affecting only individual class members, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation." (*Id.* ¶¶ 17-18.) Target denies these allegations. Plaintiffs intend to move for bifurcation of the case into two phases: Stage One to address class wide liability and injunctive relief issues; Stage Two to address damage claims. Target intends to oppose this motion.

A proposed date for the Court to consider whether the case can be maintained as a class action is provided below.

## ALTERNATIVE DISPUTE RESOLUTION

The parties have agreed to private mediation before the Honorable Edward A. Infante. The parties are in the process of scheduling the mediation, and anticipate that it will take place in November or December 2006.

## DISCLOSURES

The parties certify that they have made the required Rule 26 initial disclosures.

## DISCOVERY

**Limitations on Discovery**

Plaintiffs are treated as a single party for purposes of these limitations.

1     (1.) Document Requests:  Plaintiffs propose no limit on document requests, and Target
2 proposes a limit of 25 per party.

3     (2.) Interrogatories:  Plaintiffs propose a limit of 100 per party, and Target proposes a
4 limit of 25 per party.

5     (3.) Requests for Admissions:  Plaintiffs propose a limit of 100 per party, and Target
6 proposes a limit of 25 per party.

7     (4.) The parties agree to a limit of 20 depositions per party, not including experts.
8 Depositions that have already been taken in this action do not count toward the limit of 20.

**Discovery Schedule**

Plaintiffs' Position

A.    Non expert discovery shall open on October 2, 2006 and shall close on April 30, 2007.

B.    Deadline to file motions to bifurcate and motion for class certification: February 1, 2007

C.    Expert disclosure (simultaneous):  March 15, 2007.

D.    Rebuttal expert disclosure (simultaneous):  April 4, 2007.

E.    Expert discovery shall open on April 9, 2007 and shall close on May 15, 2007.

F.    Law and Motion Cut-off (i.e. last day for motions to be heard):  August 1, 2007.

G.    Trial shall be scheduled for September 2007.

Target's Position

Target believes that discovery should be phased, with the initial phase limited to the discovery of facts that are reasonably related to and necessary for the resolution of plaintiffs' motion for class certification.  The remaining dates in the case should be set after the Court has determined whether this action can proceed as a class action.  Accordingly, Target proposes the following schedule:

A.    Completion date for discovery related to class certification:  February 15, 2007.

B.    Motion for class certification:  March 1, 2007.

C.    Opposition to motion for class certification:  March 29, 2007.

1      D.    Reply in support of motion for class certification:  April 12, 2007.

2      E.    Hearing on motion for class certification:  [to be set by the Court].

3      F.    Case Management Conference:  [to be set by the Court].

4  The remaining deadlines would be set by the Court at the Case Management Conference following the order on the motion for class certification.

**Service of Discovery**

The parties agree that discovery can be served via email to the attorneys of record for the opposing party and that such service shall constitute service by hand under the Federal Rules.

Dated:  October 13, 2006.      MORRISON & FOERSTER LLP

By:   /s/ Harold J. McElhinny
      Harold J. McElhinny
      Attorneys for Defendant

Dated:  October 13, 2006.      DISABILITY RIGHTS ADVOCATES

By:   /s/ Laurence W. Paradis
      Laurence W. Paradis
      Attorneys for Plaintiffs