LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:  (510) 665-8644
Facsimile:  (510) 665-8511
TTY:  (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:  (415) 421-7100
Fax:  (415) 421-7105
TTY:  (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:  (410) 962-1030
Fax:  (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Avenue
Syracuse, NY 13244-2130
Telephone:  (315) 443-9703
Fax:  (315) 443-9725

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION FOR BIFURCATION OF ISSUES AT TRIAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR BIFURCATION OF ISSUES AT TRIAL**<br><br>Date: April 12, 2007<br>Time: 2:30 p.m.<br>Judge: Honorable Marilyn H. Patel |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on April 12, 2007 at 2:30 p.m., or as soon thereafter as can be heard, in the Courtroom of the Honorable Marilyn H. Patel, Plaintiffs will and hereby do move the Court for bifurcation of issues at trial. Plaintiffs hereby seek an order requiring trial of this action in two stages:

1. STAGE ONE:   General liability to the class and equitable (injunctive and declaratory) relief issues.

2. STAGE TWO:   Class member damages.

Plaintiffs seek this motion under FRCP 42(b) and Local Rule 7-2. This motion is based on this notice, the accompanying memorandum of points and authorities, and all documents and arguments submitted in support thereof.

DATED:   February 1, 2007

DISABILITY RIGHTS ADVOCATES
LAURENCE W. PARADIS
ROGER N. HELLER

SCHNEIDER & WALLACE
JOSHUA KONECKY
RACHEL BRILL

BROWN, GOLDSTEIN & LEVY, LLP
DANIEL F. GOLDSTEIN (*pro hac vice*)

By: /s/ Roger N. Heller
Roger N. Heller
Attorneys for Plaintiffs

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Notice of Motion and Motion for Bifurcation of Issues at Trial; Memorandum of Points and Authorities

1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs seek an order of bifurcation of issues at trial. Specifically, Plaintiffs seek an order requiring trial of this action in two stages:

<u>Stage One</u>:   General liability to the class and equitable (injunctive and declaratory) relief issues.

<u>Stage Two</u>:   Class member damages.

Separating the trial of the issues in this manner will greatly aid the effective management of this action, eliminate the potential for needless waste and inefficiency, and best protect the interests of all parties.

## II. FACTUAL AND PROCEDURAL BACKGROUND

This is a civil rights class action brought on behalf of people with vision disabilities who have been denied full and equal access to Target Corporation's ("Defendant") website, www.target.com. Plaintiffs refer the Court to the summary of this case in Plaintiffs' memorandum in support of their motion for class certification, submitted herewith.

## III. ARGUMENT

### A. The Court Has Broad Discretion to Order Bifurcation.

This Court has broad discretion under the Federal Rules of Civil Procedure to determine the manner in which an action should be tried. FRCP 42(b) allows the Court to order separate trials of any claims or issues:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

The decision whether to bifurcate a trial under Rule 42(b) is committed to the Court's discretion, and will not be overturned absent a showing of clear abuse. *See, e.g., Davis & Co. v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 458 (N.D. Cal. 1994).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Notice of Motion and Motion for Bifurcation of Issues at Trial; Memorandum of Points and Authorities

2

Class action civil rights cases are commonly bifurcated in the manner requested by Plaintiffs. *See, e.g., Teamsters v. United States*, 431 U.S. 324, 360-62 (1977); *Arnold*, 158 F.R.D. at 458-60; *Harriss v. Pan Am World Airways*, 74 F.R.D. 24 (N.D. Cal. 1977).

### B. This Case is Appropriate for Bifurcation.

Bifurcation of the issues in this case would promote expediency and economy, thus benefiting both parties and the Court. In considering whether an action is appropriate for bifurcation, the factors examined are: (1) the complexity of the issues; (2) risk of jury misunderstanding; (3) whether bifurcation would facilitate disposition of the issues; and (4) prejudice to the parties. *See Arnold*, 158 F.R.D. at 459; Cal. Prac. Guide, Fed. Civ. Proc. Before Trial (TRG 2006) at ¶ 16:164.4. In this case, these factors weigh in favor of bifurcation.

#### 1. Complexity

This is a complex case, involving complex and novel legal issues and factual proof. For example, this case addresses the novel issue of whether, and to what extent, laws protecting people with disabilities provide a right to full and equal access to the internet site of a major retailer. This case requires the consideration and application of both federal and state anti-discrimination laws. Moreover, this case addresses the question of what it means for a website to be fully and equally accessible to people with vision disabilities. Given the complex legal and factual issues in this case, any means of simplifying this case would be beneficial and contribute to the just resolution of this matter.

#### 2. Jury Misunderstanding

Defendant has waived any right to a jury trial, and so there is no risk of jury misunderstanding in this case.

#### 3. Disposition of Issues

The advantages of determining general liability and equitable relief issues first are clear. The issues concerning Defendant's liability to the class as a whole, and system-wide equitable relief, are distinct from the calculation of the amount of damages due to class members. Further, the need to calculate damages will be obviated if the first stage (liability) is resolved in

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Notice of Motion and Motion for Bifurcation of Issues at Trial; Memorandum of Points and Authorities

3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

Defendant's favor. Thus, bifurcation would eliminate the potential for unnecessary and lengthy damage proceedings in that instance. If, on the other hand, Defendant's liability is established in the first stage, a trial on damages may be avoided because, as a practical matter, the parties may well agree to resolve damage issues in a claims procedure before a special master or otherwise settle such claims, a common occurrence in class action litigation.

Thus, the interests of judicial economy and fairness to the parties are clearly served by determining the liability issues prior to the determination of damages.

### 4. Prejudice to Parties

Neither party will be prejudiced by bifurcation. Indeed, as stated above, Defendant could reap a substantial benefit and greatly reduce the cost of litigation if the liability issue is resolved in its favor. And if Plaintiffs prevail on liability, it is very possible that the second stage (damages) can be avoided through an agreed resolution. Thus, the threat of any duplicated efforts or inconvenience (e.g., the possibility of the same witnesses appearing at two trials) is minimal. The parties and the Court have much to gain and little to lose through bifurcation. Streamlining the case through bifurcation will make it more manageable and less confusing, which is beneficial to all involved.

#
#
#
#
#
#
#
#
#
#
#

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Notice of Motion and Motion for Bifurcation of Issues at Trial; Memorandum of Points and Authorities

4

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court issue an order separating the trial in this case into two phases, as described above.

DATED: February 1, 2007

DISABILITY RIGHTS ADVOCATES
LAURENCE W. PARADIS
ROGER N. HELLER

SCHNEIDER & WALLACE
JOSHUA KONECKY
RACHEL BRILL

BROWN, GOLDSTEIN & LEVY, LLP
DANIEL F. GOLDSTEIN (*pro hac vice*)

PETER BLANCK (*pro hac vice*)

By: /s/ Roger N. Heller
Roger N. Heller
Attorneys for Plaintiffs

\\SERVER\Cases\NFB.Target\Pleadings\Bifurcation\Motion_Bifurcate.doc

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Notice of Motion and Motion for Bifurcation of Issues at Trial; Memorandum of Points and Authorities

5

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644