LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No.:  C 06-01802 MHP <br><br> **CLASS ACTION** <br><br> **[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTIONS FOR CLASS CERTIFICATION AND BIFURCATION** <br><br> Date:    April 12, 2007 <br> Time:    2:30 p.m. <br> Judge:   Honorable Marilyn H. Patel |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

Dockets.Justia.com

1    Plaintiffs' motions for Class Certification and Bifurcation came on for hearing on April

2    12, 2007. After consideration of the papers and argument presented by Plaintiffs and

3    Defendant, the Court makes the following FINDINGS and ORDERS:

4      1.    Plaintiffs have moved for the certification of two classes as follows:

5      (a) A nationwide class of all legally blind individuals in the United States who
            have attempted to access target.com, for Plaintiffs' claims arising under the
6          Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*;

7      (b) A California subclass of all legally blind individuals in California who have
            attempted to access target.com, for Plaintiffs' claims arising under the
8          California Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*),
9          and the Disabled Persons Act (California Civil Code §§ 54, *et seq.*).

10     2.    Plaintiffs also seek an order bifurcating the issues of class liability and class

11   equitable relief, on the one hand, from the determination of class member damages, on the other

12   hand.

13     3.    The Court finds that Plaintiffs have satisfied the numerosity requirement. There

14   are numerous blind people in California, and still more blind people nationally. Many of these

15   are people who use adaptive technology such as screen access software in order to access the

16   internet.

17     4.    The Court finds that Plaintiffs have satisfied the commonality requirement. There

18   are numerous common questions of law or fact by virtue of the fact that there is only one

19   website at issue. The principal barriers at issue (including lack of alt tags, reliance on a mouse,

20   lack of prompting for online forms, and lack of navigation headings) are common and generally

21   applicable to blind users as a class.

22     5.    The Court finds that Plaintiffs have satisfied the typicality requirement. Plaintiff

23   Sexton is a blind resident of California who has attempted to use target.com and alleges that he

24   has been denied equal access and ease of use to target.com because of the common barriers.

25   Plaintiff NFB is the largest and oldest national advocacy organization for the blind, and the

26   majority of its members either are blind or have vision impairments. Plaintiff NFB of

27   California is the state affiliate of Plaintiff NFB; the majority of its members either are blind or

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
[Proposed] Order Granting Plaintiffs' Motions for Class Certification and Bifurcation

1

1    have vision impairments.  Plaintiffs have submitted declarations of blind individuals who are

2    members of the organizational Plaintiffs, and who have attempted to visit target.com and who

3    assert claims that are typical of the class.  All three Plaintiffs allege the same harm as the class

4    and complain of the same website experience, under the same legal theories, seeking the same

5    relief as the class.

6         6.    The Court finds that the named representatives are able to prosecute the action

7    vigorously, and that there is no antagonism or conflict of interest between the named

8    representatives and the other members of the class.  In addition, Plaintiffs' attorneys are

9    experienced class action attorneys and are adequate class counsel.  Thus, Plaintiffs satisfy the

10   adequacy prong of Fed. R. Civ. Proc. 23(a).

11        7.    The Court finds that Plaintiffs have satisfied the requirements of Fed. R. Civ. Proc

12   23(b)(2), because their case is based on Defendant's alleged actions and/or refusals to act in a

13   manner generally applicable to the class in creating and maintaining a website that is

14   inaccessible, making appropriate final injunctive relief or corresponding declaratory relief with

15   respect to the class as a whole.  Plaintiffs have primarily sought declaratory and injunctive

16   relief, and their request for statutory minimum damages flows directly from the claims for

17   injunctive relief.

18        8.    The Court therefore finds that Plaintiffs have satisfied the prerequisites for class

19   certification under Fed. R. Civ. Proc. 23(a), and that the case may be maintained as a class

20   action under Fed. R. Civ. Proc. 23(b)(2).

21        9.    In light of the foregoing, the Court hereby orders CERTIFICATION of the

22   following classes:

23        (a) A nationwide class of all legally blind individuals in the United States who
             have attempted to access target.com, for Plaintiffs' claims arising under the
24           Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*;

25        (b) A California subclass of all legally blind individuals in California who have
             attempted to access target.com, for Plaintiffs' claims arising under the
26           California Unruh Civil Rights Act (California Civil Code §§ 51, *et seq.*),
             and the Disabled Persons Act (California Civil Code §§ 54, *et seq.*).
27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
[Proposed] Order Granting Plaintiffs' Motions for Class Certification and Bifurcation

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

10.     The Court further appoints Plaintiffs as the class representatives and Disability Rights Advocates, Schneider & Wallace, and Brown, Goldstein & Levy, LLP, and Peter Blanck, J.D., Ph.D., as class counsel.

11.     Under Fed. R. Civ. Proc. 42(b), a court may bifurcate issues during an action when such bifurcation would be "conducive to expedition and economy." Bifurcating the issue of liability from that of individualized relief is recognized as an appropriate and efficient way to conduct litigation. (*See, e.g., Davis & Co. v. Summa Corp.*, 751 F.2d 1507, 1517 (9th Cir. 1985); *Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 458-59 (N.D. Cal. 1994).) Here, the issues going to class liability and equitable relief are separate and distinct from those going to damages. Moreover, bifurcation will facilitate disposition of the issues, and will not cause prejudice to the parties. Accordingly, the Court agrees that bifurcation will be conducive to expedition and economy, and hereby ORDERS bifurcation of the issues of class liability and class equitable relief, on the one hand, from the determination of class member damages, on the other hand.

IT IS SO ORDERED.

Dated: _____, 2007

_____
The Honorable Marilyn H. Patel
United States District Court Judge

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**[Proposed] Order Granting Plaintiffs' Motions for Class Certification and Bifurcation**

3