HAROLD J. McELHINNY (CA SBN 66781)
MATTHEW I. KREEGER (CA SBN 153793)
KRISTINA PASZEK (CA SBN 226351)
HMcElhinny@mofo.com
MKreeger@mofo.com
KPaszek@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.   C 06-01802 MHP<br><br>**TARGET CORPORATION'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:   April 16, 2007<br>Time:   2:00 PM<br>Judge:   Hon. Marilyn Hall Patel |

TARGET'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-01802 MHP
sf-2277528

**NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

TO PLAINTIFFS NATIONAL FEDERATION OF THE BLIND, NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, BRUCE F. SEXTON, AND THEIR ATTORNEYS:

On April 16, at 2:00 p.m.,[1] or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Marilyn Hall Patel at 450 Golden Gate Avenue, San Francisco, California, Defendant Target Corporation ("Target") will and hereby does move, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment against Plaintiff Bruce F. Sexton on the grounds that the facts beyond genuine dispute demonstrate that Mr. Sexton's access to goods or services offered at Target's retail stores has not been impeded in any way by the alleged inaccessibility of Target.com.  This motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the accompanying Declaration of Matthew I. Kreeger; and such other evidence and argument as may be presented before the Court takes this motion under submission.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**ISSUE TO BE DECIDED**

Whether Plaintiff Bruce F. Sexton's claims against Target should be dismissed because facts beyond genuine dispute show that Mr. Sexton cannot prevail.

**INTRODUCTION**

On February 7, 2006, Plaintiffs filed the instant action, alleging that the Target.com website was inaccessible to visually impaired persons, in violation of the Americans with Disabilities Act ("ADA") and California state law.  In the time that has elapsed since, the Court granted in part Target's motion to dismiss, substantially narrowing Plaintiffs' claims.  Specifically, the Court ruled that Plaintiffs' claims could proceed only to the extent "the

---

[1] Defendant Target has concurrently filed a motion to shorten time, requesting that the Court hear the instant motion for summary judgment on Thursday, April 12, 2007, at 2:30 pm, the date and time specially set aside for the hearing on Plaintiffs' motion for class certification.

1  inaccessibility of Target.com impedes full and equal enjoyment of the goods and services
2  offered in Target stores . . . ."  (Declaration of Matthew I. Kreeger ("Kreeger Decl."), Ex. A
3  ("Order") at 11:21-23.)  The Court expressly dismissed Plaintiffs' claims to the extent they
4  are based on allegations "unconnected to Target stores, which do not affect the enjoyment of
5  goods and services offered in Target stores."  (*Id*. at 11:24-25.)

6  Plaintiffs have not shown and cannot show that Plaintiff Bruce F. Sexton has suffered
7  the kind of injury that survived the motion to dismiss.  In his declarations, submitted by
8  Plaintiffs in support of their motion for preliminary injunction and resubmitted in support of
9  their motion for class certification, and in his deposition testimony, Mr. Sexton describes
10 particular problems he has encountered with the Target.com website.  None of these
11 problems, however, impeded Mr. Sexton's ability to enjoy the goods or services in Target's
12 retail stores.  The undisputed evidence therefore shows that Mr. Sexton has not suffered any
13 legally cognizable harm and that his claims cannot survive the Court's previous ruling.

14 **BACKGROUND**

15 **I.    BRUCE F. SEXTON**

16 Mr. Sexton resides in Berkeley, California, and has been legally blind since birth.
17 (*See* Kreeger Decl., Ex. B (Declaration of Bruce F. Sexton in Support of Plaintiffs' Motion
18 for Preliminary Injunction ("Sexton Decl.") ¶ 2.)  In his first declaration, Mr. Sexton states
19 that he "would like to shop at Target.com because having to hire a driver and find someone
20 to travel to the physical retail location with [him] necessitates a significant expense of time,
21 energy, and money."  (*Id*. ¶ 28.)  Mr. Sexton explains that he found the website difficult to
22 use, and, as a result, had to travel to the physical store instead.  (*Id*. ¶¶ 29-33.)  He does not
23 contend that he encountered any difficulties in finding or purchasing items at any of the
24 physical stores.

25 Mr. Sexton describes a specific incident, occurring in the summer of 2005, when he
26 attempted to purchase towels from Target.com.  (*Id*. ¶ 33.)  Because his search results "were
27 not matched with the different product descriptions," Mr. Sexton explained: "I could not
28 determine which product I wanted to purchase.  I became so frustrated that I did not continue

to the point where I could even attempt to complete a transaction on Target.com." (*Id.*) As a result, Mr. Sexton purchased his desired items at a Target retail store without incident: "Even though I could not complete the transaction online, I purchased the towels I needed along with laundry soap, hand soap, Kleenex tissue, toilet paper, shampoo, conditioner, toothpaste, and other items at one of Target's physical locations." (*Id.*)

Mr. Sexton states: "I have been told that there are many useful store-related features on the Target.com website, including weekly advertisements, which I would like to use. When I attempted to access the weekly ads, I was unable to do so because the web page is inaccessible." (*Id.* ¶ 32.) Mr. Sexton does not, however, identify any problem he encountered at a Target retail store that resulted from his inability to access the weekly advertisement online. Moreover, Target retail store employees, if asked, would verbally describe the contents of a weekly advertisement posted on Target.com, as would Target.com's 1-800 number representative. (Kreeger Decl., Ex. C (Declaration of Trish Perry in Support of Target's Opposition to Plaintiffs' Motion for Class Certification ("Perry Decl.")) ¶ 6.) Mr. Sexton makes no mention of any effort to access the weekly advertisement by these other available means.

Mr. Sexton's second declaration similarly lacks any facts demonstrating that his problems with the Target website have impeded his access to the goods or services at Target retail stores. (*See* Kreeger Decl., Ex. D (Reply Declaration of Bruce F. Sexton in Support of Plaintiffs' Motion for Preliminary Injunction ("Sexton Reply Decl.")).) Instead, the second declaration focuses exclusively on Target's 1-800 customer service line.

In his deposition, Mr. Sexton described several trips to Target's brick and mortar stores, including a specific trip in August 2005. (Kreeger Decl., Ex. E (Transcript of Deposition of Bruce F. Sexton ("Sexton Dep. Tr.") at 48:6-56:5.) Like his declarations, absent from Mr. Sexton's deposition testimony are any facts demonstrating that the problems he experienced using Target.com impeded his ability to obtain goods or services from Target's physical stores.

TARGET'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-01802 MHP
sf-2277528

3

## II. THE COURT'S RULING ON TARGET'S MOTION TO DISMISS NARROWED THE SCOPE OF THIS ACTION

The Amended Complaint in this action alleges that the inaccessibility of the Target.com website to persons who are blind constitutes a violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*, a violation of California's Unruh Civil Rights Act (the "Unruh Act"), California Civil Code §§ 51, *et seq.*, and a violation of California's Blind and Other Physically Disabled Persons Act ("Disabled Persons Act"), California Civil Code §§ 54, *et seq.* Target moved under Federal Rule of Civil Procedure 12(b)(6) to dismiss this action, arguing, *inter alia*, that these statutes do not apply to websites. The Court considered the parties' briefing, as well as oral argument, and issued a 26-page order that granted in part and denied in part Target's motion as follows:[2]

> [T]o the extent that plaintiffs allege that the inaccessibility of Target.com impedes full and equal enjoyment of goods and services offered in Target stores, the plaintiffs state a claim, and the motion to dismiss is denied. To the extent that Target.com offers information and services unconnected to Target stores, which do not affect the enjoyment of goods and services offered in Target stores, the plaintiffs fail to state a claim under Title III of the ADA. Defendant's motion to dismiss this portion of plaintiffs' ADA claim is granted.

(Kreeger Decl., Ex. A (Order) at 11:21-26.) Plaintiffs' state law claims are dependent on their ADA claim.

## ARGUMENT

### I. STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Summary judgment shall be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial . . . since a complete failure of proof

---

[2] In that same Order, the Court also denied Plaintiffs' motion for a preliminary injunction. Obviously, Defendant continues to believe that the motion to dismiss should have been granted in full.

TARGET'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-01802 MHP
sf-2277528

4

concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *see also T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987) (the nonmoving party may not rely on the pleadings but must present significant probative evidence supporting the claim); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party").

## II. PLAINTIFF SEXTON HAS SUFFERED NO LEGALLY COGNIZABLE INJURY.

### A. Plaintiff Sexton Has No ADA Claim.

Title III of the Americans with Disabilities Act dictates that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any *place of public accommodation . . . .*" 42 U.S.C. § 12182(a) (emphasis added). "[P]lace[s] of public accommodation" are, according to the Ninth Circuit, "actual, physical places." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000); *see also Torres v. AT&T Broadband, LLC*, 158 F. Supp. 2d 1035 (N.D. Cal. 2001) (finding that the defendant cable company's failure to make their channel menu more accessible to the visually impaired was not a violation of Title III of the ADA because a digital cable system is not a place of accommodation). The Ninth Circuit requires that "some connection between the good or service complained of and an actual physical place is required." *Id*. Plaintiffs have conceded that this connection must be shown. (Plaintiffs' Motion for Class Certification at 13.)

In the instant case, the Court adhered to the *Weyer* ruling and granted Target's motion to dismiss in part, finding that Plaintiffs' ADA claim only survived to the extent that the Plaintiffs alleged a connection between the inaccessibility of Target.com on the one hand and Plaintiffs' enjoyment of goods and services offered in Target stores on the other. Thus, only one type of injury remains at issue in this case: whether the inaccessibility of Target.com

TARGET'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-01802 MHP
sf-2277528

5

1  impeded any individual's enjoyment of the goods and services offered in Target stores.
2  (Kreeger Decl., Ex. A (Order) at 11:21-26.)
3        Plaintiffs have not shown that Mr. Sexton has suffered any injury of the type that
4  survived the motion to dismiss. Mr. Sexton does not complain that the inaccessibility of
5  Target.com impeded his access to the goods and services offered at Target retail stores.
6  Rather, he complains about the difficulties he encountered when attempting to make
7  purchases directly from the website. (Kreeger Decl., Ex. B (Sexton Decl.) ¶¶ 30, 31 & Ex. E
8  (Sexton Dep. Tr.) at 63:7-78:16, 86:21-90:16.) In fact, Mr. Sexton specifically explains that
9  he prefers to shop at Target.com so that he can *avoid* traveling to a retail store. (Kreeger
10 Decl., Ex. B (Sexton Decl.) ¶ 28 ("I would like to shop at Target.com because having to hire
11 a driver and find someone to travel to the physical retail location with me necessitates a
12 significant expense of time, energy, and money.").) Significantly absent from Mr. Sexton's
13 declarations and from his deposition testimony are any facts demonstrating that his difficulty
14 accessing Target.com somehow impeded his ability to access or enjoy the goods or services
15 at Target's physical stores. In fact, Mr. Sexton testified that he has visited Target stores
16 numerous times. (Kreeger Decl., Ex. B (Sexton Decl.) ¶ 19 & Ex. E (Sexton Dep. Tr.) at
17 50:15-20.) He testified about one particular occasion, in the summer of 2005, when he was
18 unable to purchase towels from Target.com and instead successfully purchased them, along
19 with several other items, at one of Target's retail stores. (Kreeger Decl., Ex. B (Sexton
20 Decl.) ¶ 33.) Mr. Sexton's difficulties with Target's website clearly did not impede his
21 access to Target's physical store. Indeed, going to the retail store was his *solution* to
22 problems encountered on the website.
23       Mr. Sexton further reported that he was unable to access the local weekly
24 advertisement on Target.com. (Kreeger Decl., Ex. B (Sexton Decl.) ¶ 32.) However, Target
25 retail store employees, if asked, would verbally describe the contents of a weekly
26 advertisement posted on Target.com, as would Target.com's 1-800 number representative.
27 (Kreeger Decl., Ex. C (Perry Decl.) ¶ 6.) Mr. Sexton makes no mention of any effort to
28 access the weekly advertisement by these other available means nor does he contend that he

TARGET'S MOTION FOR SUMMARY JUDGMENT
CASE NO. C 06-01802 MHP
sf-2277528

6

was somehow impeded from accessing goods or services at the retail stores due to his inability to access the website ads. Indeed, there is no evidence to support such a claim. Accordingly, Mr. Sexton has no legally cognizable claim under the ADA and summary judgment should be granted against him in Target's favor.

**B.     Plaintiff Sexton's State Law Claims Also Must Fail.**

As articulated thus far, Plaintiffs' Unruh Act and Disabled Persons Act claims are dependent on their ADA claim. Because, as discussed above, Plaintiffs have not demonstrated and cannot demonstrate that Plaintiff Sexton has suffered any cognizable injury under Title III of the ADA, Mr. Sexton's state law claims must also fail.

## CONCLUSION

For the foregoing reasons, Defendant Target's motion for summary judgment against Plaintiff Bruce F. Sexton should be granted.

Dated: March 8, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By:  /s/ Matthew I. Kreeger
     Matthew I. Kreeger

     Attorneys for Defendant
     TARGET CORPORATION