| | |
|---|---|
| 1 | HAROLD J. McELHINNY (CA SBN 66781) |
| | MATTHEW I. KREEGER (CA SBN 153793) |
| 2 | KRISTINA PASZEK (CA SBN 226351) |
| | HMcElhinny@mofo.com |
| 3 | MKreeger@mofo.com |
| | KPaszek@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| 6 | Facsimile: (415) 268-7522 |
| 7 | Attorneys for Defendant |
| | TARGET CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.   C 06-01802 MHP<br><br>**[PROPOSED] ORDER GRANTING TARGET CORPORATION'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:   April 16, 2007<br>Time:   2:00 PM<br>Judge:  Hon. Marilyn Hall Patel |

1   This matter comes before the Court on Defendant Target Corporation's ("Target") Motion
2   for Summary Judgment ("Motion"), which was properly noticed for hearing on April 16, 2006.
3   The Court has reviewed the briefs and declarations, and their exhibits, the arguments of the
4   parties, and the record in this case, and now grants Target's Motion for the following reasons.

5   A "place of public accommodation," within the meaning of Title III, is an "actual,
6   physical place[]." *See Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir.
7   2000). While unequal access to a "service" of a place of public accommodation may constitute a
8   violation of Title III of the Americans with Disabilities Act, a plaintiff must allege that there is a
9   connection between the challenged service and the place of public accommodation.

10  In its September 6, 2006 Order granting in part Target's motion to dismiss, this Court
11  concluded as follows:

> [T]o the extent that plaintiffs allege that the inaccessibility of Target.com
> impedes the full and equal enjoyment of goods and services offered in Target
> stores, the plaintiffs state a claim, and the motion to dismiss is denied. To the
> extent that Target.com offers information and services unconnected to Target
> stores, which do not affect the enjoyment of goods and services offered in Target
> stores, the plaintiffs fail to state a claim under Title III of the ADA. Defendant's
> motion to dismiss this portion of plaintiffs' ADA claim is granted.

17  Plaintiffs have provided no evidence creating a genuine issue of material fact with respect
18  to whether Bruce F. Sexton has suffered a legally cognizable injury under the ADA. Mr. Sexton
19  complains only of difficulties in using Target.com; he does not claim that those difficulties
20  somehow impeded his access to or enjoyment of goods or services at Target retail stores.
21  Accordingly, Plaintiff Sexton's ADA claim cannot survive.

22  Plaintiffs' Unruh Act and Disabled Persons Act claims are dependent on Plaintiffs' ADA
23  claim. Accordingly, Plaintiff Sexton's state law claims, too, must fail.

24  ///
25  ///
26  ///
27  ///
28  ///

1     For the reasons stated above, the Court hereby **GRANTS** Target's Motion for Summary Judgment against Plaintiff Bruce F. Sexton in its entirety.

Dated: _____, 2007

_____
Honorable Marilyn Hall Patel
United States District Judge