| | |
|---|---|
| 1 | HAROLD J. McELHINNY (CA SBN 66781) |
| | MATTHEW I. KREEGER (CA SBN 153793) |
| 2 | KRISTINA PASZEK (CA SBN 226351) |
| | HMcElhinny@mofo.com |
| 3 | MKreeger@mofo.com |
| | KPaszek@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| 6 | Facsimile: (415) 268-7522 |
| 7 | Attorneys for Defendant |
| | TARGET CORPORATION |
| 8 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 13 | NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, | Case No.   C06-01802 MHP |
| | | **TARGET CORPORATION'S OPPOSITION TO PLAINTIFFS' MOTION FOR BIFURCATION OF ISSUES AT TRIAL** |
| | Plaintiffs, | Date:   April 12, 2007 |
| | v. | Time:   2:30 PM |
| | TARGET CORPORATION, | Judge:  Hon. Marilyn Hall Patel |
| | Defendant. | |

TARGET'S OPP. TO PLAINTIFFS' MOT. FOR BIFURCATION
CASE NO. 06-01802 MHP
sf-2275207

# INTRODUCTION

In an effort to sweep the problems with their class definition and damages theories under the rug, Plaintiffs seek a bifurcated trial. The motion relies on faulty assumptions about what proof is required to establish class-wide liability. Plaintiffs have not shown at this juncture that a bifurcated trial is warranted. Plaintiffs' motion for bifurcation should be denied without prejudice. The issue of bifurcation may be revisited at a later stage, when more is known about how this litigation will proceed.

# ARGUMENT

## I. PLAINTIFFS MISCHARACTERIZE THE PROOF REQUIRED TO ESTABLISH CLASS-WIDE LIABILITY

Plaintiffs seek to bifurcate the trial of this case into two phases: a first phase for the establishment of "[g]eneral liability to the class and equitable (injunctive and declaratory) relief issues," followed by a second phase for the determination of class member damages. (Plaintiffs' Motion for Bifurcation of Issues at Trial ("Pls.' Bifurcation Mot.") at 2.) A review of Plaintiffs' motion for class certification reveals Plaintiffs' motives for seeking bifurcation. There, Plaintiffs give the false impression that bifurcation would obviate the need for individualized determinations of the sort that preclude class certification of claims for damages.

As explained in Target's opposition to Plaintiffs' motion for class certification, Plaintiffs' class proposal is unlawful because it fundamentally alters the burden of proof and the elements needed to prove a claim under the substantive law. (Target Corporation's Opposition to Plaintiff's Motion for Class Certification ("Opp. to Class Cert.") at 22-23.) Moreover, Plaintiffs' proposal employs burden-shifting principles that are legally inapplicable to this case. (*Id.*) Individualized inquiries are an inescapable precursor to any damage award in this case. This fact remains whether or not the trial is bifurcated.

TARGET'S OPP. TO PLAINTIFFS' MOT. FOR BIFURCATION
CASE NO. 06-01802 MHP
sf-2275207

1

## II. PLAINTIFFS HAVE NOT SHOWN THAT THE RELEVANT FACTORS FAVOR BIFURCATION

### A. Complexity

Plaintiffs argue that the legal and factual issues of this case make it complex. Beyond the vague statement that "any means of simplifying this case would be beneficial and contribute to the just resolution of this matter," Plaintiffs fail to explain how bifurcation might aid in reducing this complexity. (Pls. Bifurcation Mot. at 3.)

### B. Jury Misunderstanding

Reducing the risk of jury confusion is perhaps the most commonly cited rationale for bifurcation. *See, e.g., Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982). That rationale is irrelevant here because neither party has requested a jury trial.

### C. Disposition of Issues

Plaintiffs overstate the degree to which bifurcation will facilitate disposition of the issues. They suggest that if Target's liability is established, the Court may not have to confront the issue of damages because the parties may settle or agree to resolve damages in a claims procedure before a special master. These scenarios are wholly speculative and are an insubstantial basis on which to order a bifurcated trial at this stage in the proceedings.

### D. Prejudice to Parties

Plaintiffs assert that neither party will be prejudiced by bifurcation. However, if a bifurcated trial were to proceed as they propose, Target would most certainly be prejudiced. Plaintiffs propose that class-wide liability may be established without any proof by individual class members that the inaccessibility of Target's website impeded their enjoyment of goods and services offered by Target's retail stores. As explained in greater detail in Target's opposition to Plaintiffs' motion for class certification, Plaintiffs impermissibly seek to shift the burden of proof and alter the relevant substantive law. (Opp. to Class Cert. at 22-23.) Under their proposal, liability is not to be proven; it is to be presumed. It is difficult to imagine a way of trying this case that would be more prejudicial to Target.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for bifurcation should be denied without prejudice. The issue of bifurcation may be revisited at a later stage, when more is known about how this litigation will proceed.

Dated: March 8, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By: /s/ Matthew I. Kreeger
Matthew I. Kreeger

Attorneys for Defendant
TARGET CORPORATION

TARGET'S OPP. TO PLAINTIFFS' MOT. FOR BIFURCATION
CASE NO. 06-01802 MHP
sf-2275207

3