# EXHIBIT D

Dockets.Justia.com

1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:    (510) 665-8644
5  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
6
   TODD M. SCHNEIDER (California Bar No. 158253)
7  tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
10 Telephone:    (415) 421-7100
   Fax:          (415) 421-7105
11 TTY:          (415) 421-1655

12 DANIEL F. GOLDSTEIN (*pro hac vice*)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:    (410) 962-1030
15 Fax:          (410) 385-0869

16

17                     UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20 NATIONAL FEDERATION OF THE            Case No.: C 06-01802 MHP
   BLIND, the NATIONAL FEDERATION OF
21 THE BLIND OF CALIFORNIA, on behalf of  CLASS ACTION
   their members, and Bruce F. Sexton, on behalf
22 of himself and all others similarly situated,  DECLARATION OF BRUCE F. SEXTON
                                          IN SUPPORT OF PLAINTIFFS' MOTION
23              Plaintiffs,               FOR PRELIMINARY INJUNCTION

24 v.                                     Hearing Date: June 12, 2006
                                          Time:         2:00 p.m.
25 TARGET CORPORATION,                    Judge:        The Honorable Marilyn Hall
                                                        Patel
26              Defendant.

27

28

I, Bruce F. Sexton, Jr., declare as follows:

1. The facts in this declaration are based upon my personal knowledge. If called to testify, I could testify competently to the facts described in this declaration.

## Background

2. I have been legally blind since birth due to a genetic condition.

3. I was born on November 25, 1981.

4. I am a student at the University of California - Berkeley and I have been enrolled there since the Fall of 2005.

5. I have resided at 2415 Dwight Way, Berkeley, California 94704, in the County of Alameda since August 2005.

6. I understand that this case has been filed as a class action, and that I represent a class consisting of blind and vision-impaired individuals who have been denied access to the services and accommodations associated with the website of Target Corporation, http://www.target.com.

7. I have been a member of the National Federation of the Blind since 1996.

8. I have been a member of the National Federation of the Blind of California since 1996.

9. I have served on the board of the California Association of Blind Students (CABS), a division of the National Federation of the Blind of California, since 2002. I have served as the President of CABS since October 2005.

10. Since 2002, I have attended bi-annual seminars sponsored by CABS in Northern and Southern California that host around sixty (60) other blind students.

11. Through my CABS board membership and presidency, I have regular contact with other blind students and have many opportunities to discuss with them the leading issues and concerns of blind students in California.

## Internet Use

12. I have used a computer since I was 10 years old.

13. I have used the screen reading software "JAWS" to access computers and, especially, the internet since I was 18 years old.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

1

14. I use the internet every day for between three (3) and six (6) hours. I use the internet for a variety of functions and activities in my daily life, including: banking; search engines to find information, products and services; online stores to make purchases of consumer goods from my home; research for school; and e-mail and instant messaging.

15. I periodically shop online at various websites to purchase myriad consumer goods, including electronics, tools, towels, bedding, and other household items.

16. I often use the product listings and descriptions on retail stores' websites in order to research products, compare prices, and make decisions about purchasing goods in the stores' physical locations.

17. Generally, I only navigate to sites that I know to be accessible through prior experience online. When I come upon a site that is inaccessible to me through my screen reader, I become discouraged from even attempting to access that site in the future.

18. It is important to me to be able to do things in daily life on my own, without the assistance of any other individual. Using my screen reader to access the internet has significantly improved my own view of my independence to conduct personal business and schoolwork without the help of others.

### Experience with Target Retail Stores

19. I have shopped at Target stores for several years by myself and with members of my family.

20. When I shop at Target's physical locations, I almost always have to travel to the store with someone else in order to navigate the store and find the products I want.

21. I have shopped at Target for several years with my mother, who is also blind and who has a Target-sponsored credit card.

22. When I go to Target, with or without a companion to help me shop in the store, I must hire a driver to take me to the physical location.

23. In order to visit a Target retail store, I must coordinate the schedules of myself, a companion, and a driver to make an appointment.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

2

24. In addition, I need either the driver or another companion to assist me in browsing the aisles of the store.

25. The cost of a driver for an average outing to Target, which lasts around three (3) hours, is thirty to forty dollars ($30-$40).

26. I know many people my age and at my university that shop at Target stores.

27. Target is a popular retail location for college students because they have a big selection of quality products at affordable prices.

### Harms Experienced Because of the Inaccessibility of Target.com

28. I would like to shop at Target.com because having to hire a driver and find someone to travel to the physical retail location with me necessitates a significant expense of time, energy, and money.

29. I have attempted on numerous occasions to access Target.com with my screen reader.

30. I have found it extremely difficult, and at times impossible, to browse for products on Target.com using my screen reader if I do not have a specific item in mind.

31. Upon accessing Target.com on several occasions, I have become frustrated with inexplicable code and garbled text that has prevented me from continuing to navigate through the site.

32. I have been told that there are many useful store-related features on the Target.com website, including weekly advertisements, which I would like to use. When I attempted to access the weekly ads, I was unable to do so because the web page is inaccessible.

33. In the summer of 2005, I attempted to purchase towels in preparation for moving into my dorm room the following fall. I searched Target.com for "towels" and found several items. However, the numerous results were not matched with the different product descriptions. Because of this situation, I could not determine which product I wanted to purchase. I became so frustrated that I did not continue to the point where I could even attempt to complete a transaction on Target.com. I then hired a driver and coordinated my time with both the driver and a companion to go to the store to select my items. Even though I could not complete the transaction online, I purchased the towels I needed along with laundry soap, hand soap, Kleenex

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

3

1  tissue, toilet paper, shampoo, conditioner, toothpaste, and other items at one of Target's physical
2  locations.
3  34.   Since the summer of 2005, I have attempted on several occasions to shop at Target.com
4  but I have always been frustrated to find the same or similar problems as described in ¶31-32.
5  35.   I have found the entire process of attempting to access Target.com to be extremely
6  frustrating and aggravating.
7  36.   I have spent time on Target.com frustrated with my own inability to understand what my
8  screen reader is trying to interpret. As a result I have wondered whether the problems with the
9  site reflected, in fact, my own inability to correctly utilize the screen reading software on the site.
10 37.   Not being able to access Target.com's marketplace with my screen reader, which allows
11 me to access a great amount of information and to participate in online activities on accessible
12 websites, makes me feel as though I am being blocked from participating fully and
13 independently in society.

15  I declare under penalty of perjury under the laws of the State of California that the
16  forgoing is true and correct.
17  Executed this April day of __12__, 2006, at Berkeley, California.

                                                        BRUCE F. SEXTON, JR.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

National Federation of the Blind, et al. v. Target Corporation, et al.
Case No.: C 06-01802 MHP
Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction

4