| | |
|---|---|
| LAURENCE W. PARADIS (SBN 122336) | HAROLD J. McELHINNY (CA SBN 66781) |
| ROGER N. HELLER (SBN 235475) | MATTHEW I. KREEGER (CA SBN 153793) |
| DISABILITY RIGHTS ADVOCATES | KRISTINA PASZEK (CA SBN 226351) |
| 2001 Center Street, Third Floor | HMcElhinny@mofo.com |
| Berkeley, California 94704 | MKreeger@mofo.com |
| Telephone: (510) 665-8644 | KPaszek@mofo.com |
| Facsimile: (510) 665-8511 | MORRISON & FOERSTER LLP |
| TTY: (510) 665-8716 | 425 Market Street |
| | San Francisco, California 94105-2482 |
| TODD M. SCHNEIDER (SBN 158253) | Telephone: (415) 268-7000 |
| JOSHUA KONECKY (SBN 182897) | Facsimile: (415) 268-7522 |
| SCHNEIDER & WALLACE | |
| 180 Montgomery Street, Suite 2000 | Attorneys for Defendant |
| San Francisco, CA 94104 | TARGET CORPORATION |
| Telephone: (415) 421-7100 | |
| Facsimile: (415) 421-7105 | |
| TTY: (415) 421-1655 | |

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone: (410) 962-1030
Facsimile: (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone: (315) 443-9703

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.  C06-01802 MHP<br><br>**JOINT STATEMENT OF UNDISPUTED FACTS RE: DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  May 1, 2007<br>Time:  2:00 PM<br>Judge:  Hon. Marilyn Hall Patel |

Pursuant to the Court's Standing Order ¶ 7, the parties hereby submit this Joint Statement of Undisputed Facts, which relates to Defendant's Motion for Summary Judgment, filed March 8, 2007. The following facts are undisputed:

1. Plaintiff Bruce F. Sexton ("Mr. Sexton") resides in Berkeley, California, and has been legally blind since birth. (Declaration of Bruce F. Sexton in Support of Plaintiffs' Motion for Preliminary Injunction ("Sexton PI Decl.") at ¶¶ 2, 5.)

2. Mr. Sexton has been using screen access software to access computers and, especially, the internet since he was 18 years old. Mr. Sexton uses the internet for between three and six hours every day. (Sexton PI Decl at ¶¶ 13-14.)

3. Mr. Sexton has attempted to access Target.com on numerous occasions, including approximately 20 times between January 2005 and May 2006. In all, he has spent several hours visiting Target.com (Sexton PI Decl. at ¶ 29; Deposition of Bruce Sexton, May 23, 2006 ("Sexton Depo."), at 58:1-12, 62:24-63:6.)

4. Mr. Sexton has found it "extremely difficult, and at times impossible, to browse for products on Target.com using [his] screen reader if [he] do[es] not have a specific item in mind." (Sexton PI Decl. at ¶ 30.)

5. Plaintiff Bruce F. Sexton has "found the entire process of attempting to access Target.com to be extremely frustrating and aggravating." (Sexton PI Decl. at ¶ 35.)

6. Mr. Sexton has encountered "inexplicable code and garbled text" "[f]rom the very beginning of the site and ...throughout the site." (Sexton PI Decl at ¶ 31; Sexton Depo. at 64:19-65:5)

7. Though he has tried to do so, Mr. Sexton has not been able to make a purchase on Target.com. (Sexton Depo. at 77:11-78:16, 81:12-22, 84:11-23.)

8. In the summer of 2005, Mr. Sexton was unable to successfully purchase towels from Target.com. He then traveled to a Target retail store where he successfully purchased the towels he needed, along with several other items. (Sexton PI Decl. at ¶ 33.)

9.  Mr. Sexton "would like to shop at Target.com because having to hire a driver and find someone to travel to the physical retail location with [him] necessitates a significant expense of time, energy, and money." (Sexton PI Decl. at ¶ 28.)

10. Mr. Sexton has nevertheless shopped at Target's retail stores for several years. (Sexton PI Decl. at ¶ 19.)

11. Mr. Sexton attempted to access weekly advertisements on Target.com, but he was unable to do so. (Sexton Decl. at ¶ 32.)

12. Mr. Sexton often uses the product listings and descriptions on retail stores' websites in order to research products, compare prices, and make decisions about purchasing goods in the stores' physical locations. (Sexton PI Decl. at ¶ 16.)

13. Prior to the Spring of 2006, it was a "common problem" that visitors to Target.com were unable to locate Target.com's 1-800 customer service number on the website. (Deposition of Patricia Ann Perry, January 10, 2007 ("Perry Depo."), at 141:25-142:7, 147:15-17.)

14. Mr. Sexton did not know about Target.com's 1-800 number until he was told about it by counsel. (Reply Declaration of Bruce F. Sexton in Support of Plaintiffs' Motion for Preliminary Injunction ("Sexton PI Reply Decl.") at ¶ 3.)

15. Customers can access information on Target.com about certain products that are available at Target's retail stores. Customers can browse for products on Target.com and then after determining what they want, figure out if it is available in a Target store, and then go to the store to purchase it. (Perry Depo. at 95:13-96:20.)

16. Visitors to Target.com can access information about certain products and services that are available only at Target's retail stores (i.e. goods that are available at the retail stores and not available on Target.com). (Perry Depo. 96:11-96:20.)

17. About 45% of the products sold on Target.com are also sold at Target retail stores. (Perry Depo. at 65:13-66:8.)

18. If an individual searches for a product on Target.com, search results will list such products that are available at both Target's retail stores and on Target.com, and such products that are available only on Target.com. (Perry Depo. at 99:6-100:5.)

19. Target.com contains weekly advertisements for products and services that are on sale at Target's retail stores. Visitors can input a zip code or city name and find out which products and services are on sale at the closest Target retail stores. (Perry Depo. at 77:10-78:14, 86:20-88:20.)

Dated: March 27, 2007

MORRISON & FOERSTER LLP

By: _____
Matthew I. Kreeger

Attorney for Defendant
TARGET CORPORATION

Dated: March 27, 2007

DISABILITY RIGHTS ADVOCATES

By: _____
Roger Heller

Attorney for Plaintiff
BRUCE F. SEXTON