LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:   (510) 665-8644
Facsimile:   (510) 665-8511
TTY:         (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL E. BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:   (415) 421-7100
Fax:         (415) 421-7105
TTY:         (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:   (410) 962-1030
Fax:         (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:   (315) 443-9703
Fax:         (315) 443-9725

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members and all others similarly situated, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF MOTION FOR BIFURCATION**<br><br>Hearing Date: May 1, 2007<br>Time: 2:00 PM<br>Judge: The Hon. Marilyn Hall Patel |

*National Federation of the Blind, et al. v. Target Corporation.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

Dockets.Justia.com

## TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  THE ISSUES GOING TO CLASS LIABILITY AND EQUITABLE RELIEF ARE WHOLLY DISTINCT FROM THE DETERMINATION OF MINIMUM STATUTORY DAMAGES ..................................................................................................................... 1

III. THE PRINCIPLES ARTICULATED BY THE SUPREME COURT IN TEAMSTERS ARE BY NO MEANS LIMITED TO EMPLOYMENT CASES ..................................... 3

IV.  TARGET'S DISCUSSION OF JURY CONFUSION IS MISPLACED ........................ 4

V.   CONCLUSION ............................................................................................................... 4

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

i

# TABLE OF AUTHORITIES

**Cases**

Arnold v. United Artists Theatre Circuit, Inc., 158 F.R.D. 439 (N.D. Cal. 1994)..................1, 2

Botosan v Paul McNally Realty, 216 F3d 827 (9th Cir. 2000).............................................4

Dukes v. Wal-Mart, 222 F.R.D. 137 (N.D. Cal 2004), aff'd by Dukes v. Wal-Mart, Inc., 474 F.3d 1214..............................................................................................................................4

Ellis v. Costco, --- F.R.D. ---, 2007 WL 127800 (N.D. Cal. 2007)........................................4

International Brotherhood of Teamsters v. United States, 431 U.S. 324 (1977)..................3, 4

Lieber v. Macy's, 80 F.Supp.2d 1065 (N.D. Cal. 1999)......................................................2

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

ii

# I. INTRODUCTION

Plaintiffs move for bifurcation because the issues and evidence relevant to class liability and equitable relief in a discrimination case are distinct from those that arise in the determination of damages for individual class members, once there is a finding of class liability. *See, e.g., Arnold v. United Artists Theatre Circuit, Inc.*, 158 F.R.D. 439, 459 (N.D. Cal. 1994). Applying this principle, the Courts have ordered bifurcation of class liability and equitable relief from the determination of minimum statutory damages in disability discrimination cases brought pursuant to the Unruh Act and Disabled Persons Act. *Id.*; *Lieber v. Macy's*, Case No. C 96-02955 MHP (N.D. Cal.), Order of March 9, 1998, at 12:6-13:1. Target does not and cannot take issue with this basic framework for litigating and trying disability discrimination class actions.

Instead, Target opposes bifurcation with the argument, already presented in its Opposition to Class Certification, that the Court need not consider bifurcation because there are too many "individualized determinations" for there to be a class action in the first place. The implication, of course, is that should the Court disagree with Target's Opposition to Class Certification, then there is no argument left for opposing bifurcation. As set forth in Plaintiffs' Reply in Support of the Motion for Class Certification, Target's contentions regarding "individualized determinations" lack merit because they are based on a mischaracterization of Plaintiffs' claims, a misunderstanding of the underlying substantive law on which those claims are based, and mistaken assumptions about the evidence Plaintiffs will use to prove those claims. When those misconceptions are set aside, there is no basis to oppose class certification or bifurcation of this case.

## II. THE ISSUES GOING TO CLASS LIABILITY AND EQUITABLE RELIEF ARE WHOLLY DISTINCT FROM THE DETERMINATION OF MINIMUM STATUTORY DAMAGES

Plaintiffs propose a bifurcated trial along the following general framework: During Phase One (the class liability and equitable relief phase), Plaintiffs will present testimony from accessibility experts and Target's own representatives, along with foundational documents and demonstrative exhibits, showing that (1) target.com was not designed to be accessible to the blind; (2) target.com is integrated with the retail stores; and (3) fixing the access problems is

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

1

readily achievable and systemic in nature. Plaintiffs also will present testimony from a limited number of blind individuals about their experiences on target.com to illustrate and bring the systemic access problems to life.

If liability is established, the case would then move to a Phase Two. In this phase, the minimum statutory damages for the California subclass would be determined either through a claims process or streamlined hearings before a special master, during which class members could present a claim by affirming that they are blind and that they encountered an access barrier on target.com. This trial plan, although only skeletal at this early stage, falls squarely within the accepted procedures for Rule 23(b)(2) class actions. *See Lieber v. Macy's,* Case No. C 96-02955 MHP (N.D. Cal.), Order of March 9, 1998, at 12:6-13:1; *Arnold,* 158 F.R.D. at 458-460.

The case is well-suited for bifurcation because the issues going to the determination of class liability and equitable relief (*e.g.,* how and the extent to which target.com is covered by the ADA, the Unruh Act, and the DPA; the scope of the nexus requirement under the ADA; the extent to which target.com is integrated with the brick and mortar stores; and whether removal of the barriers on target.com would constitute an undue burden) are wholly separate from the Phase Two questions (*i.e.,* how many times each individual in the defined class visited Target.com during the relevant time period and encountered one or more of the illegal barriers).

This case is quite similar analytically to *Lieber v. Macy's*. There, evidence of architectural barriers throughout the Macy's store formed the basis of a class liability finding and issuance of injunctive relief after Phase One of the trial. *See Lieber v. Macy's,* 80 F.Supp.2d 1065, 1075-1077, 1081-1082 (N.D. Cal. 1999). Significantly, the class wide liability determination did not mean or require that every pathway, restroom or other architectural feature in the store be inaccessible. *Id.* at 1075-1077. Rather, as in other discrimination cases, the Court could still make a global determination regarding liability to, and equitable relief for, the class during Phase One based on the presence of multiple inaccessible features throughout the store as a whole. In turn, this global determination could provide the foundation for the resolution of the entirely distinct Phase Two questions of which class members encountered barriers and when, by providing class members with a procedure to submit sworn statements or other evidence that

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

2

they had mobility disabilities and encountered barriers. *Lieber v. Macy's,* Case No. C 96-02955 MHP (N.D. Cal.), Order of December 18, 2000, at 8. Bifurcation was appropriate because the arguments and evidence going to whether the barriers violated the law (*e.g.*, whether the features were designed to accommodate people with disabilities, whether removing barriers would be an undue burden, etc.) were distinct from the question of how many times each particular California subclass member encountered one or more of the illegal barriers during the class period.

Similarly, if the Court here determines that target.com was designed in a way that did not allow for blind people to perceive information or communicate commands on the website, then members of the California subclass (who are, by definition, blind) will not have had full and equal enjoyment as required by the ADA and California law. As in *Macy's,* the members of the California subclass could then demonstrate their eligibility for minimum statutory damages by affirming that (1) they are blind, and (2) they encountered one or more access barriers while attempting to use target.com during the relevant time period. As in Macy's, bifurcation of the class action trial clearly serves the interests of judicial efficiency.

### III.   THE PRINCIPLES ARTICULATED BY THE SUPREME COURT IN TEAMSTERS ARE BY NO MEANS LIMITED TO EMPLOYMENT CASES

Target is mistaken regarding the application of *International Brotherhood of Teamsters v. United States,* 431 U.S. 324, 360-361 (1977). The *Teamsters* rationale is not limited to employment cases. *See* 3 Newberg on Class Actions § 9:53 at 432-435 (noting that split trials have been used in cases involving, *inter alia*, "patent infringement, welfare, employment discrimination, Truth in Lending Act, mass tort, education, bankruptcy, labor, and criminal" law). Rather, it is applicable to civil rights class actions generally, where the determination of whether there is a pattern or practice of discrimination can be made as a global matter, followed by subsequent proceedings to determine who in the defined class was personally subject to the discrimination and the particular relief to which such persons are entitled. *Teamsters*, 431 U.S. at 360-361.

If anything, the damages phase will be simpler here than in *Teamsters*. There, the trial court reserved subsequent proceedings, after the liability determination, for 300 of the 334 "class

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

3

members,"[1] during which issues such as job qualifications, possible and actual experiences of discrimination, and appropriate remedial relief would need to be considered for each class member. *Id.* at 330-332, 371-372. Here, however, the damages are simply fixed minimum statutory damages of $1,000 per offense under Civil Code § 54.3 and $4,000 per offense under Civil Code §52(a). *See Botosan v Paul McNally Realty*, 216 F.3d 827, 835 (9th Cir. 2000) (litigant need not prove she suffered actual damages to recover the independent statutory minimum amount under § 52(a) – she need only show that she experienced the barrier at issue). Although these monetary awards are described as damages, they are certainly no more difficult to calculate than the equitable monetary awards (*e.g.*, back pay) at issue in *Teamsters*, or the compensatory and punitive damages available in other Title VII class actions. *See, e.g., Dukes v. Wal-Mart*, 222 F.R.D. 137 (N.D. Cal 2004), *aff'd by Dukes v. Wal-Mart, Inc.*, 474 F.3d 1214 (9th Cir. 2007), and *Ellis v. Costco*, --- F.R.D. ---, 2007 WL 127800 (N.D. Cal. 2007).

## IV. TARGET'S DISCUSSION OF JURY CONFUSION IS MISPLACED

The lack of potential jury confusion or misunderstanding (Opposition at 2:8-11) in this case is irrelevant. The fact that neither party has requested a jury cannot be a reason for denying bifurcation simply because other courts, in other cases, have relied on potential jury confusion or misunderstanding as a reason to support bifurcation. If anything, the waiver of a jury trial by both parties makes this case all the more appropriate for bifurcation, since there is no risk whatsoever of a Seventh Amendment problem.

## V. CONCLUSION

For the foregoing reasons and those discussed in Plaintiffs' opening brief, Plaintiffs respectfully request that this Court bifurcate the trial into a class liability/equitable relief phase, followed by a second phase to determine statutory damages.

DATED:   March 29, 2007                    Respectfully submitted,

By: _____/s/_____
Laurence W. Paradis
Attorney for Plaintiff

---

[1] Although *Teamsters* was a case brought by the Government, the decision specifically noted that the same principles apply in class actions. *Id.* at 358-359 (citing *Franks v. Bowman Transp. Co.* 424 U.S. 747); *see also Cooper v. Fed. Reserve Bank* (1984) 467 U.S. 867, 876, n.9.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Reply Brief in Support of Bifurcation of Issues at Trial

4