| | |
|---|---|
| 1 | HAROLD J. McELHINNY (CA SBN 66781) |
| | MATTHEW I. KREEGER (CA SBN 153793) |
| 2 | KRISTINA PASZEK (CA SBN 226351) |
| | HMcElhinny@mofo.com |
| 3 | MKreeger@mofo.com |
| | KPaszek@mofo.com |
| 4 | MORRISON & FOERSTER LLP |
| | 425 Market Street |
| 5 | San Francisco, California 94105-2482 |
| | Telephone: (415) 268-7000 |
| 6 | Facsimile: (415) 268-7522 |
| 7 | Attorneys for Defendant |
| | TARGET CORPORATION |
| 8 | |

9   UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA

11   SAN FRANCISCO DIVISION

12

| | | |
|---|---|---|
| 13 | NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, | Case No.   C 06-01802 MHP |
| 14 | | **TARGET CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES** |
| 15 | | |
| 16 | Plaintiffs, | |
| 17 | v. | |
| 18 | TARGET CORPORATION, | Date: April 12, 2007 |
| | | Time: 2:00 PM |
| 19 | Defendant. | Judge: Hon. Marilyn Hall Patel |

TARGET'S MOTION TO STRIKE
CASE NO. C 06-01802 MHP
sf-2296265

1 **NOTICE OF MOTION AND MOTION TO STRIKE**

2  TO PLAINTIFFS NATIONAL FEDERATION OF THE BLIND, NATIONAL
3 FEDERATION OF THE BLIND OF CALIFORNIA, BRUCE F. SEXTON, AND THEIR
4 ATTORNEYS:

5  Defendant Target Corporation ("Target") hereby moves to strike paragraphs 5 and 6
6 of the Declaration of Anne Taylor in Support of Plaintiffs' Reply in Support of Motion for
7 Class Certification, dated and filed March 29, 2007.  This motion to strike is based on this
8 Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, and
9 such other evidence and argument as may be presented before the Court takes this motion
10 under submission.

11 **MEMORANDUM OF POINTS AND AUTHORITIES**

12  Defendant Target Corporation ("Target") moves to strike paragraphs 5 and 6 of the
13 Declaration of Anne Taylor in Support of Plaintiffs' Reply in Support of Motion for Class
14 Certification, dated and filed March 29, 2007, on the grounds that the testimony therein is
15 speculative, is not based on personal knowledge, and lacks foundation.

16  A finding of numerosity under Federal Rule of Civil Procedure 23(a) must be
17 properly supported by evidence.  *See, e.g., Siles v. ILGWU Nat'l Ret. Fund*, 783 F.2d 923,
18 930 (9th Cir. 1986) (affirming denial of class certification where the proffered evidence was
19 inadequate to establish numerosity).  "Mere speculation as to the satisfaction of th[e]
20 numerosity does not satisfy Rule 23(a)(1)."  *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672,
21 681 (S.D. Cal. 1999); *Nguyen Da Yen v. Kissinger*, 70 F.R.D. 656, 661 (N.D. Cal. 1976).
22 Plaintiffs attempt to support their class certification motion with evidence that is speculative,
23 and therefore, inadmissible under the federal rules.  Federal Rule of Evidence 602 provides:
24 "A witness may not testify to a matter unless evidence is introduced sufficient to support a
25 finding that the witness has personal knowledge of the matter."

26  Ms. Taylor is an employee of the National Federation of the Blind, a plaintiff in this
27 action. In paragraph 5 of her declaration of March 29, 2007, Ms. Taylor says she "would
28 expect that blind and visually-impaired people who use screen access software to access the

1  internet would be more likely than sighted people to visit Target.com if it were fully and
2  equally accessible." Ms. Taylor has not been, and cannot be, qualified as an expert, and she
3  has not provided an adequate basis for her opinion. The total number of monthly visitors to
4  Target.com does not reveal how many blind and visually-impaired people using screen
5  access software would access the website. Ms. Taylor's statements regarding the likelihood
6  of blind and visually-impaired people using screen access software to visit Target.com, as
7  compared to sighted people, are purely speculative and not based on personal knowledge.
8  Paragraph 5 of her declaration should accordingly be stricken.
9      In paragraph 6 of her declaration, Ms. Taylor relies on paragraph 5 as a basis for
10 further speculation regarding the number of blind and visually impaired people using screen
11 access software, in the United States and in California, who would visit Target.com if it were
12 fully and equally accessible. Ms. Taylor's testimony in paragraph 6 is also entirely
13 speculative, without foundation, and not based on personal knowledge. Paragraph 6 should
14 likewise be stricken.

## CONCLUSION

16     For the foregoing reasons, Target's motion to strike should be granted.

18 Dated: April 5, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By:  /s/ Matthew I. Kreeger
Matthew I. Kreeger

Attorneys for Defendant
TARGET CORPORATION

TARGET'S MOTION TO STRIKE
CASE NO. C 06-01802 MHP
sf-2296265

2