1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:   (510) 665-8644
4  Facsimile:   (510) 665-8511
   TTY:         (510) 665-8716
5
   JOSHUA KONECKY (California Bar No. 182897)
6  RACHEL BRILL (California Bar No. 233294)
   SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Telephone:   (415) 421-7100
   Fax:         (415) 421-7105
9  TTY:         (415) 421-1655

10 DANIEL F. GOLDSTEIN (*pro hac vice*)          PETER BLANCK (*pro hac vice*)
   BROWN, GOLDSTEIN & LEVY, LLP                  900 S. Crouse Ave.
11 120 E. Baltimore St., Suite 1700              Crouse-Hinds Hall, Suite 300
   Baltimore, MD 21202                           Syracuse, NY 13244-2130
12 Telephone:   (410) 962-1030                   Telephone:   (315) 443-9703
   Fax:         (410) 385-0869                   Fax:         (315) 443-9725

13
14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17

18 | NATIONAL FEDERATION OF THE       Case No.: C 06-01802 MHP
   | BLIND, the NATIONAL FEDERATION OF
19 | THE BLIND OF CALIFORNIA, on behalf of   **CLASS ACTION**
   | their members and all others similarly situated,
20 | and BRUCE F. SEXTON, on behalf of himself   **PLAINTIFFS' OPPOSITION TO**
   | and all others similarly situated,          **DEFENDANT'S MOTION TO STRIKE**
21 |
22 |           Plaintiffs,                       Hearing Date: April 12, 2007
                                                 Time: 2:00 PM
23   v.                                          Judge: The Hon. Marilyn Hall Patel

24   TARGET CORPORATION

25           Defendant.

26
27
28

*National Federation of the Blind, et al. v. Target Corporation.*
Case No.: C 06-01802 MHP
Plaintiffs' Opposition to Defendant's Motion to Strike    1

dockets.Justia.com

## I. INTRODUCTION

Substantial evidence in this case—including declarations, deposition testimony and publicly-available data—demonstrates that numerous blind and visually-impaired individuals have been impacted by the pervasive accessibility barriers on target.com. The interpretation of that evidence does not require expert analysis. Plaintiffs have nevertheless offered the testimony of Anne Taylor, who has many years of experience in the field of access to technology by the blind, and has extensive knowledge regarding internet use by the blind and visually-impaired community. Ms. Taylor's testimony, including her conservative estimates of the number of individuals who have been impacted by the pervasive accessibility barriers on target.com, is firmly grounded in her knowledge and experience in the area as well as the undisputed, relevant data. While her testimony is not necessary for Plaintiffs to establish numerosity for purposes of class certification, it is both helpful and admissible, and Defendant's motion to strike portions of her declaration should be denied.

## II. ARGUMENT

### A. Ms. Taylor Has Extensive Expertise Regarding Internet Use by the Blind and Visually-Impaired Community.

Ms. Taylor has many years of experience in the field of access to technology by the blind. Ms. Taylor, herself, is legally blind. *See* Declaration of Anne Taylor in Support of Plaintiffs' Motion for Preliminary Injunction ("Taylor PI Decl.") at ¶ 2. After graduating with a degree in Computer Information Systems, Ms. Taylor worked at Career Vision, Inc., providing training and technical support to blind clients. *Id.* at ¶¶ 3-4. Since 2000, Ms. Taylor has worked at the National Center for the Blind ("NCB") as an Access Technology Specialist for the International Braille and Technology Center for the Blind. *Id.* at ¶ 5. She is also currently the Director of Access Technology for the National Federation for the Blind ("NFB"). *See* Declaration of Anne Taylor in Support of Plaintiffs' Motion for Class Certification ("Taylor Class Cert Decl.") at ¶ 2.

Through her work for NCB and NFB, Ms. Taylor has extensive knowledge regarding internet use by the blind and visually-impaired community. *Id.* at ¶¶ 2-3. Among other things, Ms. Taylor trains blind consumers regarding the use of screen access software and other

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Opposition to Defendant's Motion to Strike

1

technologies, provides technical assistance to blind consumers using screen access software and other computer technologies via NFB's Technology Answer Line, and directs the progress of the Accessible Home Initiative Consumer Electronics Accessibility Project. *Id.* at ¶ 2; *see also* Taylor PI Decl. at ¶¶ 5, 8.

Given her extensive experience in the field of access to technology by the blind, and her regular exposure to blind and visually-impaired people using the internet, Ms Taylor is qualified to testify regarding the matters covered in her declaration, and her testimony is useful and admissible.[1]

### B. Undisputed Data.

Publicly-available information demonstrates that there are at least hundreds of thousands blind and visually-impaired people in the United States, and at least tens of thousands of blind and visually-impaired people in California, who use screen access software to access the internet. *See* Taylor Class Cert. Decl. at ¶¶ 3-4. Publicly-available information also demonstrates that target.com receives tens of millions of visitors each month. *Id.* at ¶ 5; *see also* Declaration of Roger Heller in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment at ¶ 8, Ex. F. Defendant does not appear to challenge these numbers.

### C. The Challenged Testimony of Ms. Taylor is Firmly Grounded in Her Expertise and the Relevant Data.

Defendant's attempt to portray portions of Ms. Taylor's testimony as "speculative" is misguided. On the contrary, all of Ms. Taylor's testimony, including those portions which Defendant has moved to strike, is firmly grounded in Ms. Taylor's extensive knowledge and expertise in this area and undisputed data with which Ms. Taylor is familiar.

Ms. Taylor's estimates regarding the number of blind and visually-impaired people in the United States and California who use screen access software to access the internet are based

---

[1] A less stringent standard is applied to the use of expert testimony at the class certification stage. *See Dukes v. Wal-Mart, Inc.*, 222 F.R.D. 189, 191 (N.D. Cal. 2004), *aff'd by* 474 F.3d 1214 (9th Cir. 2007) (citations omitted). At the class certification stage, the Court need only evaluate whether the testimony is "useful in evaluating whether class certification requirements have been met." *Id.* (citations omitted).

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Opposition to Defendant's Motion to Strike

2

on undisputed data and Ms. Taylor's own knowledge regarding internet use by the community. *See* Taylor Class Cert Decl. at ¶¶ 3-4; *see also* Declaration of Daniel Brome in Support of Plaintiffs' Motion for Class Certification at ¶¶ 2-4 (estimated number of blind and visually-impaired people in the United States and California). Those estimates are conservative by any measure, and Defendant does not appear to challenge them.

Similarly, Ms. Taylor's testimony regarding the number of visitors to target.com is based on publicly-available data collected and maintained by www.comscore.com. *See* Taylor Class Cert Decl. at ¶ 5. Defendant does not appear to challenge the accuracy of that data.

Defendant takes issue with only two parts of Ms. Taylor's testimony. First, Defendant questions Ms. Taylor's statement that blind and visually-impaired internet users would be at least as likely as sighted internet users to visit target.com if the website were fully and equally accessible. Ms. Taylor's testimony on that issue is based on her extensive knowledge and expertise regarding internet use by blind and visually-impaired people, and is consistent with the testimony of numerous class members who have filed declarations in this case. *Id.* at ¶ 5.[2] Second, Defendant characterizes Ms. Taylor's estimates regarding the number of blind and visually people who have been impacted by the pervasive accessibility barriers on target.com as "speculative." However, those estimates are based on the undisputed data discussed above and Ms. Taylor's extensive knowledge regarding internet use by the blind and visually-impaired community. Plaintiffs note that Ms. Taylor did not attempt to come up with precise numbers of people affected. Rather, she provided rough estimates that are conservative by any measure. *See* Taylor Class Cert Decl. at ¶ 6. Given Ms. Taylor's expertise and the undisputed data, her estimates that at least thousands of people in the Unites States, and at least hundreds of people in California, have been impacted by accessibility barriers on target.com are far from speculative.

---

[2] *See, e.g.,* Declaration of Michelle Bruns in Support of Plaintiffs' Motion for Class Certification, at ¶¶ 12, 21; Declaration of Eric Clegg in Support of Plaintiffs' Motion for Class Certification, at ¶¶ 12, 21; Declaration of Robert Crowley in Support of Plaintiffs' Motion for Class Certification, at ¶¶ 12, 22; Declaration of Charlotte Czarnecki in Support of Plaintiffs' Motion for Class Certification, at ¶¶ 13, 21; Declaration of Shannon Dillon in Support of Plaintiffs' Motion for Class Certification, at ¶ 23.

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Opposition to Defendant's Motion to Strike

3

## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to strike.

DATED: April 9, 2007

Respectfully submitted,
DISABILITY RIGHTS ADVOCATES
SCHNEIDER & WALLACE
BROWN, GOLDSTEIN & LEVY, LLP
PETER BLANCK, J.D., Ph.D.

By: _____
Roger Heller
Attorney for Plaintiff

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Opposition to Defendant's Motion to Strike

4