UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>    Defendant.<br>_____/ | No. C 06-01802 MHP<br><br>**MEMORANDUM & ORDER**<br>**Re: Motion for Class Certification** |

Plaintiffs National Federation of the Blind ("NFB"), National Federation of the Blind of California ("NFB-CA"), Bruce Sexton, and all those similarly situated, filed this action against Target Corporation ("Target"), seeking declaratory, injunctive and monetary relief. Plaintiffs claim that Target.com is inaccessible to the blind and thereby violates federal and state laws prohibiting discrimination against the disabled. Now before the court are plaintiffs' motion for class certification and motion for bifurcation. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

I.    Parties

Plaintiffs NFB and NFB-CA are non-profit organizations. NFB is a nationwide organization with a 50,000 strong membership, composed primarily of blind individuals. NFB-CA is the California affiliate of NFB. The purpose of NFB is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on terms of equality and (2) removing barriers and changing social attitudes, stereotypes and mistaken beliefs that sighted and blind persons hold concerning the limitations created by blindness and that result in the denial of opportunity to blind persons in virtually every sphere of life. These organizations have brought suit on their own behalf and on behalf of their members.

Plaintiff Sexton is a member of the NFB and the NFB of California. He is legally blind and uses JAWS screen reading software to access the internet. Sexton Apr. 12, 2006 Dec. ¶¶ 2, 13. Sexton relies on the internet for a variety of functions and frequently uses the internet in order to "research products, compare prices, and make decisions about purchasing goods in the stores' physical locations." Id. ¶ 16. He has attempted to use Target.com with his screen reader on "numerous occasions" but has been unable to access certain features of the website. Id. at ¶ 32.

Defendant Target operates approximately 1,400 retail stores nationwide, including 205 stores in California. Target.com is a website owned and operated by Target. By visiting Target.com, customers can purchase many of the items available in Target stores. Target.com also allows a customer to perform functions related to Target stores. For example, through Target.com, a customer can access information on store locations and hours, refill a prescription or order photo prints for pick-up at a store, and print coupons to redeem at a store.

II.    Factual Background

Plaintiffs allege that Target.com is not accessible to blind individuals. According to plaintiffs, designing a website to be accessible to the blind is technologically simple and not economically prohibitive. Protocols for designing an accessible internet site rely heavily on "alternative text": invisible code embedded beneath graphics. A blind individual can use screen

2

reader software, which vocalizes the alternative text and describes the content of the webpage. Similarly, if the screen reader can read the navigation links, then a blind individual can navigate the site with a keyboard instead of a mouse. Plaintiffs allege that Target.com lacks these features that would enable the blind to use Target.com. Since the blind cannot use Target.com, they are denied full and equal access to Target stores, according to plaintiffs.

III.   Recent Modifications to Target.com

After the filing of the present complaint, Target undertook certain modifications of its website to make it more accessible to the blind. In response to this litigation, Target began drafting Online Assistive Technology Guidelines based on plaintiffs' expert report. Nemoir Dep. at 21:18–22:5.

IV.   Procedural History

On February 7, 2006 plaintiffs filed this action in Superior Court of California for the County of Alameda. On March 9, 2006 defendant removed the case to federal court and subsequently filed a motion to dismiss the complaint for failure to state a claim. In its motion, defendant claimed that each of the anti-discrimination laws protecting the disabled—the Americans with Disabilities Act, 42 U.S.C. section 12182, ("ADA"), Unruh Civil Rights Act, Cal. Civ. Code section 51 ("Unruh Act"), and the Disabled Persons Act, Cal. Civ. Code section 54.1 ("DPA")—cover access to only physical spaces. Since Target.com is not a physical space, defendant asserted that the complaint does not state a claim under these laws. On September 5, 2006, the court granted in part and denied in part defendant's motion to dismiss. The court reasoned that the inaccessibility of Target.com impeded full and equal enjoyment of goods and services offered in Target stores pursuant to the ADA. Thus, the court dismissed plaintiffs' claims to the extent that they are based on Target.com features that are unconnected to the stores. The court also denied the motion to dismiss plaintiffs' state law claims. At the same time, the court denied plaintiffs' request for a preliminary injunction as premature.

Now before the court is plaintiffs' motion for class certification of a nationwide ADA class

3

and a California subclass pursuant to Rules 23(a) and 23(b)(2).  In response, defendant argues, inter alia, that the class definition for the proposed nationwide class is overbroad because it includes class members whose claims have been dismissed pursuant to this court's earlier order.  Defendant also contends that the proposed class member declarations are insufficient because they do not demonstrate a nexus as required by the court's order.  The court held a hearing on this issue on April 12, 2007 and ordered supplemental briefing on several issues relating to class certification.  Therefore, the court will address the issues associated with the class definition for the nationwide class at this time.

LEGAL STANDARD

Motion for Class Certification

A party seeking to certify a class must satisfy the four prerequisites enumerated in Rule 23(a), as well as at least one of the requirements of Rule 23(b).  Under Rule 23(a), the party seeking class certification must establish: (1) that the class is so large that joinder of all members is impracticable (i.e., numerosity); (2) that there are one or more questions of law or fact common to the class (i.e., commonality); (3) that the named parties' claims are typical of the class (i.e., typicality); and (4) that the class representatives will fairly and adequately protect the interests of other members of the class (i.e., adequacy of representation).  Fed. R. Civ. P. 23(a).  In addition to satisfying these prerequisites, parties seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2) or (3).  See Rule 23(b); Amchem Products, Inc. v. Windsor, 521 U.S. 591, 614 (1997).  Rule 23(b)(2) permits class actions for declaratory or injunctive relief where the party opposing the class "has acted or refused to act on grounds generally applicable to the class." Rule 23(b)(2).

The party seeking class certification bears the burden of establishing that the requirements of Rules 23(a) and 23(b) have been met.  See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1188 (9th Cir. 2001), amended by 273 F.3d 1266 (9th Cir. 2001); Hanon v. Dataproducts Corp., 976 F.2d 497, 508 (9th Cir. 1992).  However, in adjudicating a motion for class certification, the court

4

accepts the allegations in the complaint as true so long as those allegations are sufficiently specific to permit an informed assessment as to whether the requirements of Rule 23 have been satisfied. See Blackie v. Barrack, 524 F.2d 891, 901 n.17 (9th Cir. 1975), cert. denied, 429 U.S. 816 (1976). The merits of the class members' substantive claims are generally irrelevant to this inquiry. Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177–78 (1974); Moore v. Hughes Helicopters, Inc., 708 F.2d 475, 480 (9th Cir. 1983).

DISCUSSION

Plaintiffs seek certification of a nationwide class for claims arising under the Americans with Disabilities Act, 42 U.S.C. sections 12101 et seq. and a California sub-class for violations of the Unruh Civil Rights Act, California Civil Code sections 51 et seq. and the Disabled Persons Act, California Civil Code sections 42 et seq. The proposed class definition for the nationwide class is as follows:

> All legally blind individuals in the United States who have attempted to access Target.com, for plaintiffs' claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq.

At the hearing on this matter, the court requested supplemental briefing on the reach of the state statutes at issue. Accordingly, it will defer ruling on the class certification motion until after full consideration of those issues. The court will address plaintiffs' proffered definition for the proposed ADA class.

Target argues that two deficiencies in the proposed class definitions militate against certification. First, it argues that the proposed definition is overbroad, because it includes claims that the court dismissed in its previous order. Second, it contends that the proposed definition is not adequately defined or ascertainable. The court considers both arguments in turn.

I.  Nexus requirement

Target's strongest criticism of the proposed class is that the class definition contains claims which this court has dismissed. In its September 5, 2006 order, the court dismissed all ADA claims

5

premised on access to Target.com which does not affect the enjoyment of goods and services offered in Target stores. In effect, the court recognized a nexus requirement between the use of the website and the use of the retail outlets for the purposes of an ADA violation. Plaintiffs suggest that the court need not address this issue because it is a merits-based argument properly reserved for trial. While the specific contours of the nexus requirement and the requisite factual showing may go to the merits of the litigation, the court cannot avoid addressing the issue of overbreadth at this stage. The inclusion of individuals whose claims do not meet this nexus requirement and are therefore not entitled to relief would defeat class certification and present obvious standing challenges. See Amchem, 521 U.S. at 620 (observing the particular dangers of overbroad class definitions in a different context); Oshana v. Coca-Cola Bottling Co., 225 F.R.D. 575, 580 (N.D. Ill. 2005) (denying certification where "class definition is overly inclusive and encompasses millions of potential members without any identifiable basis for standing."). However, an over-inclusive class definition need not defeat certification entirely. Where the court determines that the class definition is overbroad, the court has the discretion to narrow the class to bring it within the requirements of Rule 23. Gibson v. Local 40, 543 F.2d 1259, 1264 (9th Cir. 1976). Placing a limitation on the class definition consistent with the nexus requirement would satisfy these concerns. Accordingly, the court limits the class definition of the nationwide class to:

> All legally blind individuals in the United States who have attempted to access Target.com and as a result have been denied access to the enjoyment of goods and services offered in Target stores.

II.   Adequacy of Class Definition and Declarations

Rule 23 includes an implicit requirement that the class be adequately defined so that the class membership is clearly ascertainable. Thomas & Thomas Rodmakers, Inc. v. Newport Adhesives & Composites, Inc., 209 F.R.D. 159, 163 (C.D. Cal. 2002). Target's arguments on the definition of the class are premised, in part, on the failure to include the nexus requirement in the class definition. The amendments to the class definition the court has adopted alleviate any concerns that the class definition is amorphous. This refinement should make it abundantly clear "that the proposed class members have all suffered [] statutory violations warranting some relief." Adashunas v. Negley, 626

F.2d 600, 604 (7th Cir. 1980).

Throughout its submission, Target objects repeatedly to certification of this class based on its contention that plaintiffs have not presented evidence of an actionable injury incurred by the named plaintiff or any of the putative class members. Styled as a challenge to the class definition, this argument attacks the ability of Target and the court to determine who is a member of the class. The court will consider Target's challenges based on the lack of a legally cognizable injury in considering the typicality and adequacy of the named plaintiff's claims. However, an adequate class definition is sufficient to satisfy the requirement that it be ascertainable even in the absence of evidence that the named plaintiff has suffered such an injury. Courts routinely certify class actions where the class is ascertainable but the evidence submitted by the named plaintiff suffers from some defect. As long as the proposed class satisfies the requirements of Rule 23, the court may certify the class conditioned upon the substitution of another named plaintiff. See Kremens v. Bartley, 431 U.S. 119, 135 (1977) (where named plaintiffs' claims were determined to be moot, ordering substitution of class representatives); Gibson v. Local 40, 543 F.2d 1259, 1263 (9th Cir. 1976) ("In any event, failure of proof as to the named plaintiffs would not bar maintenance of the class action or entry of judgment awarding relief to the members of the class.").

The court has carefully reviewed the declarations of putative class members submitted in connection with the motion for class certification. Despite the statements indicating that they may have been deterred from purchasing products at Target stores, the declarations make clear that these are individuals who would prefer to shop online. They consistently express the declarants' desire to shop on the Target.com website. See, e.g., Clegg Dec. ¶ 13 ("I would prefer to shop at Target.com rather than a physical Target store."); Czarnecki Dec. ¶ 13 ("I would like to shop at Target.com because it would be nice not to have to physically carry these products back home with me."); Dunnam Dec. ¶ 14 ("I want to access Target.com primarily because I want to purchase products directly from the website."). The declarations point out the difficulties in getting to the store as well as the challenges for the blind of shopping in the store. See, e.g., Peterkin Dec. ¶ 14 ("It is somewhat inconvenient for me to travel to a physical Target store. . . . Due to my disability, it is difficult for me to carry products I purchase back with me."); Morais Dec. ¶ 13 ("Since my husband and I are both blind, it is very inconvenient for me to travel to a physical Target store."). However, stating

7

that class members would prefer to shop online is not sufficient to establish a nexus with the stores for the purposes of the ADA.

The declarants also suggest that if Target.com were accessible, they would use the website in connection with store visits, particularly to preview the stores' products. Indeed, the recitation of this future desire appears almost as boilerplate in each of the declarations. See, e.g., Bailey Dec. ¶ 13 (espousing desire to use Target.com to preview products if the website were more accessible); Bruns Dec. ¶ 12 (same); Crowley Dec. ¶ 12 (same); Sanders Dec. ¶ 13 (same). However, none of the declarants has stated that the website has impeded their access to the stores. The court is concerned with whether any of these declarants satisfy the class definition. The court notes, without ruling on these issues, that this deficiency may affect standing, typicality, and adequacy of representation. If plaintiffs intend to proceed as a class action under the ADA, they must submit class member declarations that are more compelling with respect to the use of the website to access the Target stores.

CONCLUSION

Based upon the foregoing, IT IS HEREBY ORDERED that the class definition for claims under the ADA is as follows:

> All legally blind individuals in the United States who have attempted to access Target.com and as a result have been denied access to the enjoyment of goods and services offered in Target stores.

The court defers ruling on the class certification motion until plaintiffs submit class member declarations that meet the requirements set forth above. Plaintiffs shall file any such declarations within thirty (30) days of the filing of this order. Thereafter the court will set a further briefing schedule if necessary.

Date: April 25, 2007

MARILYN HALL PATEL
United States District Judge

8

Northern District of California

## ENDNOTES

1. Unless otherwise noted, background facts are taken from plaintiffs' First Amended Complaint ("FAC" or "Complaint").

**UNITED STATES DISTRICT COURT**
For the Northern District of California