1  HAROLD J. McELHINNY (CA SBN 66781)
   MATTHEW I. KREEGER (CA SBN 153793)
2  KRISTINA PASZEK (CA SBN 226351)
   HMcElhinny@mofo.com
3  MKreeger@mofo.com
   KPaszek@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Defendant
   TARGET CORPORATION
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13 NATIONAL FEDERATION OF THE BLIND,          Case No.   C 06-01802 MHP
   the NATIONAL FEDERATION OF THE
14 BLIND OF CALIFORNIA, on behalf of their    **TARGET CORPORATION'S**
   members, and Bruce F. Sexton, on behalf of  **SUPPLEMENTAL BRIEF IN**
15 himself and all others similarly situated,  **SUPPORT OF ITS MOTION FOR**
                                               **SUMMARY JUDGMENT AND IN**
16                    Plaintiffs,              **OPPOSITION TO PLAINTIFFS'**
                                               **MOTION FOR CLASS**
17          v.                                 **CERTIFICATION**

18 TARGET CORPORATION,                         Judge:  Hon. Marilyn Hall Patel

19                    Defendant.

20

TARGET'S SUPPLEMENTAL BRIEF
CASE NO. C 06-01802 MHP
sf-2308945

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................................ ii

INTRODUCTION ............................................................................................................................... 1

ARGUMENT ....................................................................................................................................... 2

    I.    PLAINTIFF SEXTON HAS NO UNRUH ACT CLAIM. ................................................. 2

        A.    Plaintiff Sexton Cannot Prove Intent ........................................................................ 2

            1.    There Is No Evidence of Discriminatory Personal Contact ......................... 2

            2.    There Is No Evidence of Willful, Affirmative Misconduct ........................ 3

            3.    Intent Cannot Be Inferred from the Effect on the Class .............................. 3

            4.    Intent Cannot Be Inferred from a Refusal to Modify the Target.com Website .................................................................................. 4

        B.    Absent a Successful ADA Claim, Mr. Sexton Cannot Have a Claim Under the Unruh Act ............................................................................... 4

        C.    *Butler* Does Not Help Mr. Sexton Escape Summary Judgment ............................. 6

    II.    PLAINTIFF SEXTON DOES NOT HAVE A CLAIM UNDER THE DISABLED PERSONS ACT. .................................................................................... 7

    III.    THE COURT SHOULD NOT CERTIFY A CALIFORNIA CLASS OR SUBCLASS. ................................................................................................................ 8

        A.    Certification of a California Class Does Not Solve Plaintiffs' Class Certification Problems ..................................................................................... 8

        B.    The Need for Individualized Proof of Discriminatory Intent Bars Certification of Plaintiffs' Unruh Act Claim ................................................ 10

CONCLUSION ................................................................................................................................. 12

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Basic Inc. v. Levinson*,
 485 U.S. 224 (1998) .................................................................................................................. 10, 11

*Butler v. Adoption Media LLC*,
 No. C 04-0135 PJH, 2007 WL 963159 (N.D. Cal. Mar. 30, 2007) ......................................... 5, 6

*Celano v. Marriott Int'l, Inc.*,
 No. C 05-4004 PJH, 2007 WL 1149113 (N.D. Cal. Apr. 18, 2007) ................................. 8, 9, 10

*Gunther v. Lin*,
 144 Cal. App. 4th 223 (2006) ..................................................................................................... 2, 3

*Harris v. Capital Growth Investors XIV*,
 52 Cal. 3d 1142 (1991) ............................................................................................................ 2, 3, 11

*Koebke v. Bernardo Heights Country Club*,
 36 Cal. 4th 824 (2005) ..................................................................................................................... 4

*Lentini v. California Center for the Arts*,
 370 F.3d 837 (9th Cir. 2004) .......................................................................................................... 2

*Mannick v. Kaiser Foundation Health Plan, Inc.*,
 No. C 03-5905-PJH, 2006 WL 2168877 (N.D. Cal. July 31, 2006) ........................................... 7

*Molski v. Gleich*,
 318 F.3d 937 (2003) ....................................................................................................................... 11

*Rutstein v. Avis Rent-A-Car Sys., Inc.*,
 211 F.3d 1228 (11th Cir. 2000) ............................................................................................... 10, 11

*Warth v. Seldin*,
 422 U.S. 490 (1975) .......................................................................................................................... 8

*Weyer v. Twentieth Century Fox Film Corp.*,
 198 F.3d 1104 (9th Cir. 2000) ......................................................................................................... 7

### STATUTES AND RULES

42 U.S.C.
 §§ 12101 *et seq* .......................................................................................................................*passim*

Cal. Civ. Code
 § 51(d) ......................................................................................................................................... 4, 5
 § 52(g) ......................................................................................................................................... 4, 5
 § 54.1(a)(1) ...................................................................................................................................... 7

Fed R. Civ. P.
   23 ............................................................................................................................... 1, 8
   23(a) .......................................................................................................................... 1, 8, 9
   23(b)(2) .......................................................................................................................8, 11
   23(b)(3) .....................................................................................................................10, 11

**INTRODUCTION**

Defendant Target Corporation submits this supplemental brief, pursuant to the Court's Order of April 12, 2007, in further support of its motion for summary judgment and its opposition to Plaintiffs' motion for class certification.

Target is entitled to summary judgment with respect to Plaintiff Bruce Sexton. As explained in Target's opening and reply briefs, Mr. Sexton does not have a claim under the Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. section 12101 *et seq.* It necessarily follows that Mr. Sexton cannot base an Unruh Act claim or a Disabled Persons Act claim on an ADA violation.

In addition, Mr. Sexton cannot prevail on an Unruh Act or a Disabled Persons Act claim that is premised on something other than an ADA violation. Although the Unruh Act may be, in some respects, broader than the ADA, it has critical limitations that preclude relief for Mr. Sexton. The Unruh Act proscribes only *intentional* discrimination. Moreover, the statute expressly forecloses a claim that would require alteration or modification to eliminate the alleged discrimination, where such alteration or modification is not otherwise required by a separate law. As for the Disabled Persons Act, it has never been held to apply to websites, nor was it intended to apply to any non-physical place. In addition, no claim under the Disabled Persons Act can be made independent of an ADA or Building Code violation.

The alleged Unruh Act and Disabled Persons Act claims not only fail with regard to Mr. Sexton, but they likewise do not solve Plaintiffs' class certification problems. With respect to the requirements of Rule 23(a), a recent ruling by Judge Hamilton in another putative class action based on alleged disability rights highlights the fatal flaws of Plaintiffs' numerosity showing in this case. Whether or not a nationwide class is certified for purposes of Plaintiffs' ADA claim, certification of a California damages class or subclass would be improper under Rule 23.

# ARGUMENT

## I. PLAINTIFF SEXTON HAS NO UNRUH ACT CLAIM.

### A. Plaintiff Sexton Cannot Prove Intent

A "plaintiff seeking to establish a claim under the Unruh Act must plead and prove *intentional discrimination* in public accommodations in violation of the terms of the Act." *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991) (emphasis added); *see also Gunther v. Lin*, 144 Cal. App. 4th 223 (2006) (granting the defendant's motion for summary judgment with respect to an Unruh Act claim based on technical, unintentional violations of the federal Americans with Disabilities Act).[1] Plaintiffs cannot prove that Target intentionally discriminated against Mr. Sexton because: (1) there is no evidence of discriminatory personal contact between Target and Mr. Sexton; (2) there is no evidence of willful, affirmative misconduct; (3) intent cannot be inferred from the effect on the class; and (4) intent cannot be inferred from a refusal to modify the website.

#### 1. There Is No Evidence of Discriminatory Personal Contact

Plaintiffs do not rely on any evidence that Target had any discriminatory personal encounter with Mr. Sexton. To the contrary, Mr. Sexton's claim is based on his on attempts to use the Target.com website unbeknownst to Target. The only occasion where Target became aware of Mr. Sexton's attempt to use Target's services came when Mr. Sexton called the Target 800 number. (Declaration of Matthew I. Kreeger in Support of Target Corporation's Motion for Summary Judgment [Document 91] ("Kreeger Decl."), Ex. D (Reply Declaration of Bruce Sexton in Support of Plaintiffs' Motion for a Preliminary Injunction) at ¶ 2.) Plaintiffs point to nothing in that exchange that constituted

---

[1] With respect to the issue of discriminatory intent under the Unruh Act, the Court stated in its order on Target's motion to dismiss, citing *Lentini v. California Center for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004), that "a plaintiff who pleads a violation of the ADA does not need to allege anything further in order to state a claim under the Unruh Act." (Order dated Sept. 6, 2006 [Document 62], at 12.) Target notes that the court in *Gunther v. Lin*, 144 Cal. App. 4th 223 (2006), after a lengthy analysis, concluded that *Lentini* was wrongly decided and that a plaintiff must always prove discriminatory intent to recover for a violation of the Unruh Act. In any event, Plaintiff Sexton has not established an ADA violation and thus *Lentini* has no application here.

1  discrimination.  To the contrary, Mr. Sexton received exemplary service during his lengthy
2  conversation with Target's telephone representatives.  Under the circumstances, Plaintiffs
3  cannot prove that Target intentionally discriminated against Mr. Sexton for purposes of a
4  claim under the Unruh Act.

### 2. There Is No Evidence of Willful, Affirmative Misconduct

6  Not only is there no evidence of discriminatory personal contact between Target and
7  Mr. Sexton; there is also no evidence that Target engaged in willful, affirmative misconduct.
8  For this reason, too, Plaintiffs cannot prove discriminatory intent as required by the Unruh
9  Act.  Violation of the Unruh Act requires "willful, affirmative misconduct."  *Harris*, 52 Cal.
10 3d at 1172; *see also Gunther v. Lin*, 144 Cal. App. 4th at 231-56 (analyzing the text and
11 legislative history of the Unruh Act and confirming that the requirement of discriminatory
12 intent set forth in *Harris* continues to apply).

13 Here, there is absolutely no evidence of willful, affirmative misconduct on the part of
14 Target.  Plaintiffs have neither alleged nor offered any proof to the contrary.

### 3. Intent Cannot Be Inferred from the Effect on the Class

16 Plaintiffs cannot, as a matter of law, rely on the effect of Target's actions on a
17 protected class to establish discriminatory intent.  In *Harris v. Capital Growth Investors XIV*,
18 52 Cal. 3d 1142 (1991), plaintiffs alleged that a landlord's minimum-income policy had a
19 disparate impact on women and thus constituted sex discrimination in violation of the Unruh
20 Act.  The California Supreme Court rejected this claim, holding not only that "a plaintiff
21 seeking to establish a claim under the Unruh Act must plead and prove intentional
22 discrimination in public accommodations in violation of the terms of the Act," but also that a
23 "*disparate impact analysis or test does not apply to Unruh Act claims*."  *Id.* at 1175
24 (emphasis added).  The Supreme Court endorsed the reasoning of the Court of Appeals,
25 which observed that "[a]doption of the disparate impact theory to cases under the Unruh Act
26 would expose businesses to new liability and potential court regulation of their day-to-day
27 practices in a manner never intended by the Legislature."  *Id.* at 1174.

28

TARGET'S SUPPLEMENTAL BRIEF
CASE NO. C 06-01802 MHP
sf-2308945

3

Accordingly, Plaintiffs cannot prove intentional discrimination under the Unruh Act by relying on the impact that the design of the Target.com website has had on blind persons. If the design of the Target.com website made it difficult or impossible for blind persons using screen access software to navigate, that does not establish that Target was motivated by discriminatory intent toward any individual. Such evidence is an inadequate substitute for the evidence of actual discriminatory motive that is needed to survive summary judgment with respect to Mr. Sexton's Unruh Act claim.

### 4. Intent Cannot Be Inferred from a Refusal to Modify the Target.com Website

Finally, any refusal on the part of Target to modify the Target.com website in response to a demand letter from NFB is not evidence of intentional discrimination for purposes of Mr. Sexton's Unruh Act claim. Indeed, Plaintiffs have not pointed to any authority that refusal to comply with a demand letter is evidence of discriminatory intent. Moreover, as Plaintiffs have themselves admitted, the legal theory asserted in this case is novel. This is not an instance where a demand letter made a defendant aware of facts that plainly constituted to a violation of the law. Rather, it is an instance in which the law itself is contested. Intent is not to be inferred from a facially neutral policy solely because it has adverse effects on a protected class. *See Koebke v. Bernardo Heights Country Club*, 36 Cal. 4th 824, 854 (2005).

Furthermore, as explained below, the Unruh Act explicitly provides that it is not to be construed so as to require modifications not otherwise required by law. *See* Cal. Civ. Code §§ 51(d), 52(g). If the Unruh Act imposes no duty to modify, then surely the refusal to modify cannot be taken as evidence of discriminatory intent. Thus, the fact that NFB sent Target a demand letter is not evidence that Target's action or inaction with respect to the Target.com website was informed by an intent to discriminate against Mr. Sexton or other blind individuals.

### B. Absent a Successful ADA Claim, Mr. Sexton Cannot Have a Claim Under the Unruh Act

In a critical passage, Section 51(d) of the Unruh Act provides:

> Nothing in this section shall be construed to require any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration repair, or modification, that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor shall anything in this section be construed to augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

Cal. Civ. Code § 51(d). Section 52(g) contains a similar proscription. These provisions restrict the reach of the Unruh Act and make clear that the statute was not intended, acting on its own, to require defendants or potential defendants to make repairs or modifications.

Sections 51(d) and 52(g) make clear that Mr. Sexton can obtain injunctive relief under the Unruh Act as long as the same relief is required by another law. But, for the reasons explained herein and in Target's opening and reply briefs in support of its motion for summary judgment, Mr. Sexton does not have a claim under the ADA or the Disabled Persons Act. Nor has he alleged violation of any other law. If Plaintiffs are unable to prove that injunctive relief is required by a law other than the Unruh Act, they cannot use the Unruh Act to obtain an injunction in this case. Any such injunction is plainly proscribed by sections 51(d) and 52(g) because it would require Target to make an "alteration . . . repair or modification" to the Target.com website that is not otherwise required by law.

If Mr. Sexton is without a statutory basis for injunctive relief, sections 51(d) and 52(g) should likewise bar recovery for damages under the Unruh Act. If the Unruh Act is not to be construed to require "any construction, alteration, repair . . . or modification" beyond what is required by other laws, it would be inconsistent to hold a defendant liable for damages that can only be avoided by precisely such a "construction, alteration, repair . . . or modification." None of the cases cited in Plaintiffs' summary judgment opposition brief is to the contrary. Indeed, Target is aware of no ruling in which a plaintiff was permitted to recover damages for an Unruh Act violation despite being barred from obtaining injunctive relief by virtue of sections 51(d) and 52(g).

### C.     *Butler* Does Not Help Mr. Sexton Escape Summary Judgment

During oral argument, Plaintiffs noted that a federal court recently held, in *Butler v. Adoption Media LLC*, No. C 04-0135 PJH, 2007 WL 963159 (N.D. Cal. Mar. 30, 2007) (Hamilton, J.), that the Unruh Act may apply to websites. In *Butler*, a same-sex couple was certified and approved to adopt a child but their application to post their profile on ParentProfiles.com was rejected. The plaintiffs alleged that the rejection of their application constituted a violation of the Unruh Act. Ruling on motions for summary judgment, Judge Hamilton found that there were triable issues of fact with respect to plaintiffs' Unruh Act claim.

The *Butler* ruling in no way helps Mr. Sexton's Unruh Act claim escape summary judgment. To the contrary, *Butler* supports Target's motion. In *Butler*, the plaintiffs were allegedly denied services that a website offered. In the instant case, the alleged inaccessibility of the Target.com website did not deny Mr. Sexton goods or services because he was able to obtain them from Target's retail stores. (Kreeger Decl., Ex. B (Declaration of Bruce Sexton in Support of Plaintiffs' Motion for Preliminary Injunction) at ¶ 33.) On its face, the Unruh Act does not apply to the ability to *access* a website, and *Butler* did not involve the issue of a website's accessibility.

Furthermore, unlike this case, the *Butler* case featured evidence of a direct personal contact between plaintiffs and defendants in which defendants expressly refused to permit plaintiffs to use their service. Having considered the proffered evidence, the *Butler* court found there to be triable issues of fact with respect to whether the defendants denied the plaintiffs' application out of an intent to discriminate against gays and lesbians. *See Butler,* 2007 WL 963159, at *34. By contrast, Mr. Sexton's claim is based on his anonymous efforts, unbeknownst to Target, to use the Target.com website. As discussed above, Plaintiffs have not submitted *any evidence* of the discriminatory intent on the part of Target, proof of which is required for a claim under the Unruh Act.

Finally, unlike the instant case, *Butler* does not implicate sections 51(d) and 52(g), also discussed above. A policy of denying services to same-sex couples can be eliminated

TARGET'S SUPPLEMENTAL BRIEF
CASE NO. C 06-01802 MHP
sf-2308945

6

without the need for any construction, alteration, repair, or modification.  Accordingly, sections 51(d) and 52(g) present no bar to relief in *Butler*, nor do they require that the plaintiffs' Unruh Act claim be based on the violation of the ADA or another statute.  As discussed above, however, section 51(d) and 52(g) bar Mr. Sexton from obtaining injunctive relief or damages under the Unruh Act, absent proof that the injunctive relief he seeks is otherwise required by law.

## II. PLAINTIFF SEXTON DOES NOT HAVE A CLAIM UNDER THE DISABLED PERSONS ACT.

Plaintiff Sexton's Disabled Persons Act fails as a matter of law.  The statute itself lists only physical places as examples of covered facilities.  *See* Cal. Civ. Code § 54.1(a)(1) (referring to "airplanes . . . private schools, hotels, lodging places, places of public accommodation, amusement, or resort").  Under the doctrine of *noscitur a sociis*, the Disabled Persons Act should be construed to apply only to physical places.  *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000).  Indeed, Plaintiffs conceded at oral argument that the Disabled Persons Act has never been applied to a website; the courts have only applied this statute where access to a physical place was denied.  (Declaration of Kristina Paszek in Support of Target Corporation's Supplemental Brief ("Paszek Decl."), Ex. A (Hearing Transcript April 12, 2007) at 33.)

Furthermore, in order for Mr. Sexton to establish a claim under the Disabled Persons Act, he must prove an ADA or Building Code violation.  *Mannick v. Kaiser Foundation Health Plan, Inc.*, No. C 03-5905-PJH, 2006 WL 2168877, at *16 (N.D. Cal. July 31, 2006).  For the reasons set forth in Target's opening and reply briefs, Mr. Sexton does not have a valid claim under the ADA.  Plaintiffs have neither alleged nor supplied evidence of any Building Code violation in this case.

As a matter of law, the evidence regarding Mr. Sexton's failed efforts to navigate the Target.com website simply does not support a claim under the Disabled Persons Act.  Summary judgment must be entered against him with respect to this claim.

### III. THE COURT SHOULD NOT CERTIFY A CALIFORNIA CLASS OR SUBCLASS.

On this record, it is clear that summary judgment must be entered not only with respect to Mr. Sexton's ADA claims, but also with respect to his claims under the Unruh Act and Disabled Persons Act. Just as these state laws do not help Mr. Sexton make a valid claim, they likewise do not provide a solution for Plaintiffs' class certification problems. In its opposition to Plaintiffs' motion for class certification, Target has already explained why Plaintiffs' ADA claim should not be certified. For the reasons explained in that brief and herein, certification of either or both of Plaintiffs' state law claims is likewise improper under Rule 23.

#### A. Certification of a California Class Does Not Solve Plaintiffs' Class Certification Problems

If the court declined to certify Plaintiffs' ADA claim, and nonetheless certified one or both of Plaintiffs' state law claims, class certification under Rule 23(b)(2) would be improper. NFB and NFB California lack standing to seek damages on behalf of their members. *See Warth v. Seldin*, 422 U.S. 490, 515-16 (1975). Moreover, where, as here, "the parties have resolved the majority of issues that would require injunctive relief . . . class certification under Rule 23(b)(2) [is] inappropriate." (Declaration of Laurence Paradis in Support of Motion for Class Certification [Document 87], Ex. R ("Macy's Order dated Dec. 18, 2000") at 5.) Plaintiffs have also not shown that the prerequisites of Rule 23(a), including numerosity, have been independently satisfied with respect to a California class. All of these reasons, which are detailed in Target's opposition to Plaintiffs' motion for class certification, preclude certification of a California class or subclass. Omitting Plaintiffs' ADA claim from class certification does not remedy any of these defects.

With respect to Rule 23(a)'s numerosity requirement, a recent ruling by Judge Hamilton, which issued on April 18, 2007, underscores the inadequacy of Plaintiffs' showing. In *Celano v. Marriott Int'l, Inc.*, No. C 05-4004 PJH, 2007 WL 1149113 (N.D. Cal. Apr. 18, 2007) (Paszek Decl. Ex. B), the plaintiffs alleged that Marriott's failure to provide "accessible" or "single-rider" golf carts to allow disabled persons to play golf at its

1  courses violated the ADA, the Unruh Act, and the Disabled Persons Act.  As in this case, the
2  *Celano* plaintiffs sought to certify a national class as well as a California subclass.  *See id.* at
3  *1-*2.

4        In *Celano*, plaintiff attorneys, including Disability Rights Advocates, apparently
5  mailed in a numerosity analysis identical to the one they offered this Court.  Judge Hamilton
6  would have none of it.  The court denied the plaintiffs' motion for class certification because
7  they failed to establish numerosity under Rule 23(a).  To support their motion, the plaintiffs
8  submitted "21 declarations from individuals who are mobility-impaired golfers (including the
9  three named plaintiffs) that state they would play at defendant's golf courses if accessible
10 carts were available there."  *Id.* at *3.  The plaintiffs also cited:

> census statistics and association data as support, including: 1) recent census statistics showing that 25 million individuals have ambulatory disabilities, 2.7 [sic] of those disabled individuals use a wheelchair, and 51.2 million people have disabilities affecting their ability to perform a major activity; 2) Paralyzed Veterans Association (an association with over 20,000 members) statistics showing that 21% of its members are interested in golf and 6% participate in golf; 3) Mobility Impaired Golf Association's estimation that two million people would be "ready to enter the game of golf if conditions were more amenable"; and 4) National Golf Foundation's statistic that 28 million people (13.4% of adults) play golf.

*Id.* at *4.

The court found that:

> Plaintiffs' census data and statistics are too ambiguous and speculative to establish numerosity.  Plaintiffs first ask the court to infer from them that many mobility impaired individuals who do not currently play golf, would like to.  Then they ask the court to infer that many of the mobility impaired individuals who would like to play golf would play at Marriott if carts were available, without providing information about why this inference should be made . . . .  More significantly, plaintiffs' data provides no insight into how many disabled people who would like to play golf, at Marriott courses, are deterred from doing so because of the absence of single-rider carts.

25 *Id.*  The court explained that while it did not "expect or require that plaintiffs show the
26 number of potential class members with certainty," it did "expect that any common sense

1  inferences that plaintiffs urge the court make, be based upon something other than rank
2  speculation untethered to real facts." *Id.* at *6.
3        As detailed in Target's opposition to Plaintiffs' class certification motion and in
4  Target's motion to strike the declaration of Anne Taylor, Plaintiffs' numerosity showing in
5  the instant case fails for the reasons identified by Judge Hamilton in *Celano*. Plaintiffs rely
6  on a declaration of an NFB employee in which she speculates, based on data regarding the
7  total number of monthly visitors to Target.com, about the number of blind and visually-
8  impaired persons using screen access software in the United States and in California who
9  would visit Target.com if it were fully and equally accessible. (Declaration of Anne Taylor
10 in Support of Plaintiffs' Reply in Support of Motion for Class Certification [Document 109]
11 at ¶¶ 5-6.) The evidence that Plaintiffs have submitted is a patently insufficient basis for
12 estimating the number of blind users of screen access software in the United States and in
13 California who have encountered actionable difficulties while attempting to navigate the
14 Target.com website.[2] Absent reliance on "rank speculation untethered to real facts," *Celano*,
15 2007 WL 1149113, at *6, the Court cannot find that numerosity has been established in this
16 case.

      **B.    The Need for Individualized Proof of Discriminatory Intent Bars Certification of Plaintiffs' Unruh Act Claim**

19       Class certification under Rule 23(b)(3) has been found to be improper for claims that,
20 like the Unruh Act, require indivualized proof of discriminatory intent. In *Rutstein v. Avis
21 Rent-A-Car Sys., Inc.*, 211 F.3d 1228 (11th Cir. 2000), the Eleventh Circuit reversed the
22 district court's certification of a class under Rule 23(b)(3) in an action alleging
23 discrimination against Jewish individuals and Jewish-owned businesses. The court observed
24 that in order to establish liability, "[e]ach plaintiff will have to bring forth evidence
25 demonstrating that the defendant had an intent to treat him or her less favorably because of
26 the plaintiff's Jewish ethnicity." *Id.* at 1235. The court further explained that "a policy or

---

27     [2] Target reserves the right to object to class certification based on a class definition other than the one proposed by Plaintiffs in their class certification motion.

1  practice of discrimination . . . cannot establish that the company intentionally discriminated
2  against every member of the putative class." *Id.* Because of the need for individualized
3  proof, the court ruled that the predominance requirement of Rule 23(b)(3) was not satisfied,
4  and class certification was erroneous. *Id.* at 1236; *see also, e.g., Basic Inc. v. Levinson*,
5  485 U.S. 224, 242 (1998) (noting that "[r]equiring proof of individualized reliance from each
6  member of the proposed plaintiff class [instead of relying on a presumption of reliance]
7  would have prevented respondents from proceeding with a class action, since individual
8  issues then would have overwhelmed the common ones").

9  In addition, the *Rutstein* court explained, liability for damages was also a "necessarily
10 individualized inquiry." *Id.* at 1240. The court rejected the plaintiffs' assertion, similar to
11 the one made by Plaintiffs in the instant case, that class-wide liability for damages could
12 follow from proof of a policy or practice of discrimination. As the court observed, "[t]he
13 idea that proof of a policy or practice of discrimination could establish that every member of
14 the class is entitled to . . . damages is, given the substantive elements of the underlying cause
15 of action, untenable." *Id.* at 1241.

16 The rationale of *Rutstein* applies with equal force here. To establish liability under
17 the Unruh Act, each class member, like those in *Rutstein*, would have to prove discriminatory
18 intent and entitlement to damages individually. Once again, a "disparate impact analysis or
19 test does not apply to Unruh Act claims." *Harris*, 52 Cal. 3d at 1175. Plaintiffs' assertion
20 that damages "will flow directly from the Court's liability determination with respect to
21 injunctive and declaratory relief" is wrong. The need for individualized proof precludes
22 certification of Plaintiffs' Unruh Act claim. The damages claims, and the individualized
23 inquiries necessitated by them, would clearly predominate. In such instances, a class cannot
24 be certified under Rule 23(b)(2). *See Molski v. Gleich*, 318 F.3d 937, 949 (2003); Macy's
25 Order dated Dec. 18, 2000, at 4-5. Nor would certification be proper under Rule 23(b)(3).
26 *See Rutstein*, 211 F.3d at 1236, 1241; Macy's Order dated Dec. 18, 2000, at 8.

27
28

**CONCLUSION**

For the foregoing reasons, Target's motion for summary judgment against Plaintiff Bruce F. Sexton should be granted and Plaintiffs' motion for class certification should be denied.

Dated: April 26, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By: /s/ Harold J. McElhinny
Harold J. McElhinny

Attorneys for Defendant
TARGET Corporation

**ECF CERTIFICATION**

Pursuant to General Order No. 45, § X.B., the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatory to this document.

/s/ Kristina Paszek
Kristina Paszek