# EXHIBIT A

1

1  UNITED STATES DISTRICT COURT

2  NORTHERN DISTRICT OF CALIFORNIA

3

4 NATIONAL FEDERATION OF    )

5 THE BLIND, ET AL.,        )

6          PLAINTIFFS,  )  CASE NO. C06-1802 MHP

7 VERSUS               ) APRIL 12, 2007

8                      ) SAN FRANCISCO, CALIFORNIA

9 TARGET CORPORATION,       )

10         DEFENDANTS. )

11 _____ )

12         BEFORE THE HONORABLE MARILYN H. PATEL

13         UNITED STATES DISTRICT COURT JUDGE

14 APPEARANCES:

15 FOR PLAINTIFFS:   DISABILITY RIGHTS ADVOCATES
                    BY: LAURENCE W. PARADIS, ESQ.
16                      JOSHUA KONECKY, ESQ.
                        ROGER HELLER, ESQ.
17                      DAN GOLDSTEIN, ESQ.
                    180 MONTGOMERY STREET SUITE 2000
18                  SAN FRANCISCO, CALIFORNIA 94104

19 FOR DEFENDANT:    MORRISON FOERSTER
                    BY: HAROLD J. MC ELHINNY, ESQ.
20                      KRISTINA PASZER, ATTORNEY AT LAW
                    425 MARKET STREET
21                  SAN FRANCISCO, CALIFORNIA 94105

22

23 REPORTED BY:    JUANITA GONZALEZ

24         CSR NO. 3003

25

2

1    THE CLERK: CALLING CASE C06-1802, NATIONAL FEDERATION
2 OF THE BLIND, ET AL., VERSUS TARGET CORPORATION.
3    THE COURT: YOUR APPEARANCES, PLEASE.
4    MR. PARADIS: GOOD AFTERNOON, YOUR HONOR. LAURENCE
5 PARADIS, DAN GOLDSTEIN AND JOSH KONECKY, FOR THE PLAINTIFF.
6    MR. MC ELHINNY: HAROLD MC ELHINNY AND KRISTINA PASZER,
7 FOR DEFENDANT.
8    THE COURT: TELL ME, MR. PARADIS, SINCE -- WELL, I'VE
9 SEEN WHAT TARGET AND, I GUESS, EACH OF YOUR EXPERTS HAS SAID HAS
10 BEEN DONE SINCE THE LAST ROUND OF MOTIONS THAT WE HAD. WHAT
11 REMAINS TO BE DONE, IF ANYTHING?
12    MR. PARADIS: I ASSUME YOU'RE TALKING ABOUT THE CHANGES
13 TO THE WEBSITE.
14    THE COURT: YES.
15    MR. PARADIS: PLAINTIFF'S UNDERSTANDING IS THAT QUITE A
16 BIT REMAINS TO BE DONE. THE DEFENDANT DESIGNEE WITNESS ON THIS
17 30(B)(6) DESIGNEE EVIDENCE THAT TARGET WAS STILL WORKING ON THE
18 PLAN FOR THE FIX, THAT IT HAD BEGUN THE FIX, BUT STILL QUITE A
19 BIT TO DO. THE OTHER DESIGNEE TESTIFIED THAT IT WAS A TWO-YEAR
20 PLAN AND THEY WERE PARTWAY INTO IT. THE -- OUR EXPERT DID A
21 COMPREHENSIVE EVALUATION ON THE WEBSITE AT THE BEGINNING OF THIS
22 WHOLE PROCESS BEFORE THE SUIT WAS FILED. TARGET'S WITNESSES
23 TESTIFIED THEY ARE TAKING OUR EXPERT'S DECLARATION AND REPORT
24 AND WORKING ON IMPLEMENTING IT, BUT THEY'RE DOING IT WITHOUT OUR
25 INVOLVEMENT; SO WE REALLY DON'T KNOW TO WHAT EXTENT TARGET IS

33

1 MEDICAL FACILITIES, ETCETERA, AND IT GOES ON AND ON AND ON. IT

2 NEVER SAYS "ADVANTAGES OF" OR "IN". THERE'S NO PREPOSITION AT

3 ALL, SO I'M NOT SURE EXACTLY WHAT THAT MEANS AND WHETHER OR NOT

4 THAT SHOULD BE INTERPRETED THE SAME WAY THAT 51 SUGGESTS.

5      MR. PARADIS: WELL, PLAINTIFFS HAVE BRIEFED THIS

6 ADEQUATELY IN OUR CLASS CERTIFICATION PAPERS. WE HAVE A WHOLE

7 SECTION ON WHY WE BELIEVE THE STATE LAW CLAIMS WOULD REQUIRE THE

8 WEBSITE TO BE ACCESSIBLE EVEN IF THEY HAD NO PHYSICAL STORES;

9 THAT THE WEBSITE ITSELF IS A BUSINESS ESTABLISHMENT, AS

10 CALIFORNIA COURTS HAVE INTERPRETED IT, AND THAT 54.1 IS

11 CERTAINLY A NEW QUESTION. THERE ISN'T A LOT OF PRECEDENT ON

12 THIS.

13      THE COURT: HAS THAT BEEN REACHED BY ANY CALIFORNIA

14 COURT?

15      MR. PARADIS: THE CLOSEST THAT WE HAVE IS A CALIFORNIA

16 APPELLATE COURT IN DONALD VERSUS CAFE ROYALE WHERE THE ISSUE WAS

17 A POLICY THAT PRECLUDED ACCESS; AND THE COURT SAID, 54.1 IS NOT

18 LIMITED TO JUST PHYSICAL BARRIERS; THAT POLICIES THAT MAKE THE

19 FACILITY IN ACCESSIBLE ARE ALSO COVERED.

20      THE COURT: BUT IT WAS A PHYSICAL LOCATION.

21      MR. PARADIS: IT WAS. SO THIS IS NEW.

22      THE COURT: AND DID JUDGE HAMILTON GET INTO THE 54.1

23 ISSUE?

24      MR. PARADIS: THEY DID NOT ALLEGE 54.1 IT WAS A

25 DISCRIMINATION BASED ON SEXUAL ORIENTATION AT ISSUE THERE.