LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:     (510) 665-8511
TTY:           (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:     (415) 421-7100
Fax:           (415) 421-7105
TTY:           (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:           (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:     (315) 443-9703
Fax:           (315) 443-9725

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**APPENDIX OF SUPPLEMENTAL DECLARATIONS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Appendix of Supplemental Declarations in Support of Plaintiffs' Motion for Class Certification

Dockets.Justia.com

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    Pursuant to the Court's Order dated April 25, 2007, Plaintiffs hereby submit the

2 following Appendix of Supplemental Declarations in Support of Plaintiffs' Motion for Class

3 Certification.

4

5    Respectfully submitted,

6

7    Dated:  May 25, 2007                    DISABILITY RIGHTS ADVOCATES
                                             SCHNEIDER & WALLACE
8                                            BROWN, GOLDSTEIN & LEVY, LLP
                                             PETER BLANCK, J.D., Ph.D.
9

10                                           By: _____

11                                               Roger Heller
                                                 Attorney for Plaintiff
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Appendix of Supplemental Declarations in Support of Plaintiffs' Motion for Class Certification**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

1                                 TABLE OF CONTENTS

2     1.  Melissa Williamson

3     2.  James Marks

4     3.  Steve Booth

5     4.  Joanne Wilson

6     5.  Rosie Carranza

7     6.  Jeffrey Altman

8     7.  Ron Gardner

9     8.  Robert Kresmer

10    9.  Charlotte Czarnecki

11    10. Daniel Frye

12    11. Ron Hideshima

13    12. Jennifer Wenzel

14    13. Garrick Scott

15    14. Bruce Sexton

16    15. Terri Uttermohlen

17    16. Anil Lewis

18    17. Carlos Servan

19    18. Steve Jacobson

20    19. Bernadette Jacobs

21    20. Eric Clegg

22    21. Michelle Bruns

23    22. Shannon Dillon

24    23. Tim Elder

25    24. Sharon Maneki

26    25. Olga Peterkin

27    26. Ken Metz

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Appendix of Supplemental Declarations in Support of Plaintiffs' Motion for Class Certification**

1    27. Ken Volonte

2    28. Ann Taylor

3    29. Maria Morais

4    30. Robert Crowley

5    31. Denise Brown

6    32. Misty Brandon

7    33. Jeff Rios

8    34. Robert Stigile

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.:  C 06-01802 MHP**
**Appendix of Supplemental Declarations in Support of Plaintiffs' Motion for Class Certification**

# EXHIBIT 1

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:          (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>        Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF MELISSA WILLIAMSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Melissa Williamson, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      My name is Melissa Williamson.

3.      I live in Trussville, Alabama.

4.      I am a former teacher and currently run a non-profit organization.

5.      I have been a member of the National Federation of the Blind since 1988.

6.      I am legally blind and use screen-access software to access the Internet.

7.      I rely heavily on the internet to ease my in-store shopping experiences.  I routinely consult store websites for product and price information before purchasing items at the physical store.  For example, I often visit the Kohl's, Wal-Mart, Bed, Bath & Beyond, and grocery store websites before shopping at their area locations.

8.      Although I could buy many of the products directly online, I prefer to go to the physical store because I like to get my hands on the product before making a final decision about whether to purchase it.  For example, I might use a store's website to select flatware that I am interested in purchasing.  Although the flatware may sound attractive based on the product description, however, I would not want to buy it until I first felt how weighty and solid it is.

9.      I also tend to shop at physical stores because I can buy routine household items at many of them in addition to the specific products I have researched.  That way I can get everything in one trip and do not have to wait for items in the mail or pay shipping fees.

10.      I have five children, ages eleven, eight, six, two and twelve weeks and run a non-profit as a volunteer.  Time and money are, therefore, precious commodities for me and shopping is something I am constantly doing that drains both.  When I visit a store's website ahead of time, I save both time and money, and can shop with greater efficiency.

11.      Visiting a store's website before shopping at the physical store allows me to select exactly what I want to buy quickly, easily, and independently while at home.  For example, when trying to find a gift for my children to take to birthday parties, I can easily use a store's website

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Melissa Williamson in Support of Plaintiffs' Motion for Class Certification                    1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1  to search for age-appropriate toys within our price range then go to the store to buy the gift. At

2  Christmastime, I can determine which stores carry the items on my children's Christmas lists for

3  the best price, without having to spend time looking in the stores. I also use store websites to

4  find appliances and household items before I go to the store to buy them. That way, I can

5  quickly and easily find the products that suit my needs, read the product description, and

6  compare prices. When I have made my selection, I contact the local retailer to verify that what I

7  want is in stock.

8  12.        Once I have selected the products I want to purchase and confirm that the local store

9  carries them, I sometimes cut and paste the product descriptions and item numbers from the

10  website into a list. Occasionally, I e-mail the list to my husband to get his opinion about things

11  like whether the bedspread I selected matches the color of the room.

12  13.        I rely on a driver who assists me in running errands two to three times a week.

13  Because I only have a limited amount of time in which to shop and I have to pay for my driver's

14  time, consulting a store's website is crucial to maximizing my time and money. I can simply

15  hand a list of items and store locations to the driver, then stop by each store to make the

16  purchases.

17  14.        In contrast, when I cannot access a store's website in advance, I spend an inordinate

18  amount of extra time at the physical store and am forced to rely more heavily on sighted

19  assistance. On those occasions, a customer service clerk or my driver must accompany me

20  through the aisles and orally describe the selection of products I am looking for and each

21  product's specifications. For example, if I am looking for a vacuum cleaner and have not looked

22  up the store's website in advance, my driver or the customer service clerk would have to describe

23  each type of vacuum that the store carries, and the vacuums' specifications, prices, etc. This

24  process is lengthy and laborious, especially with an infant and two year old at my side. It also

25  requires that I trust that the store clerk or driver will provide an accurate description of the

26  products.

27  15.        In addition to spending more time at the store and relying on sighted assistance, I

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Melissa Williamson in Support of Plaintiffs' Motion for Class Certification**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1   waste time by having to shop at more stores when I have not searched the store's website in

2   advance.  Because I do not know whether a store carries the specific item I want, or may only

3   have a general idea of what I am looking for, I end up traveling from store to store in search of

4   what I want.  As a result, I waste money by having to pay my driver for the extra transportation

5   time and for waiting while I spend time with the store clerks.  Thus, whenever possible, I prefer

6   to independently find the information I need from the store's website and come prepared

7   knowing what items I want to purchase.

8   16.      I shop at Target at least once every two weeks.  There is a Target store not far from

9   the non-profit I run.  Because it is so conveniently located, I would love to shop there more

10  often.  Also, I prefer Target's products to those at similar stores, like Wal-Mart.  In general, I

11  find that Target has better quality and selection of clothes for my kids and of housewares.

12  17.      I do not buy as much from Target as I would like to because I have found Target's

13  website to be inaccessible.  Last Christmas, for example, I tried to use Target's website to find

14  toys and a video game that were on my children's Christmas lists and to get gift ideas for my

15  husband.  When I got to Target's website, I was not able to locate any products or to access any

16  product descriptions.  I tried at length to find information about video games and to get gift

17  ideas, but no matter what I did could not find my way through the website or get any meaningful

18  information.  I was so frustrated that I gave up and decided to move on to other stores' websites

19  instead.  I ended up finding the video game I was looking for on Wal-Mart's website and

20  purchased the game from our local Wal-Mart store.  If I had been able to find the game on

21  Target's website, and if the price had been competitive, I would probably have purchased it from

22  Target.

23  18.      I often use store websites to find sale information and special deals before going to

24  the physical store.  Because I cannot independently know what items are marked on sale when I

25  am shopping at the physical store, I rely on store websites as the primary means to find sale

26  items and prices.  If Target's website were accessible, I would look up sale information and

27  special deals before going to the local Target store.  I would also use online coupons at the store.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*                                    3
Case No.:  C 06-01802 MHP
**Declaration of Melissa Williamson in Support of Plaintiffs' Motion for Class Certification**

19.    I would consider using Target's online prescription refill service if it were accessible. Knowing I could refill prescriptions online through Target's website and pick the prescriptions at the store is a factor I would consider in deciding which pharmacy to go to.

20.    If Target's website were accessible, I would use it to find out about products I am interested in purchasing, their prices, and sale information, before going to the Target store to make purchases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24 day of May, 2007, at Trussville, Alabama,

MELISSA WILLIAMSON

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Melissa Williamson in Support of Plaintiffs' Motion for Class Certification

4

EXHIBIT 2

1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:    (510) 665-8644
   Facsimile:    (510) 665-8511
4  TTY:          (510) 665-8716

5  JOSHUA KONECKY (California Bar No. 182897)
   RACHEL BRILL (California Bar No. 233294)
6  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
7  San Francisco, CA 94104
   Telephone:    (415) 421-7100
8  Fax:          (415) 421-7105
   TTY:          (415) 421-1655
9

10 DANIEL F. GOLDSTEIN (*pro hac vice*)          PETER BLANCK (*pro hac vice*)
   BROWN, GOLDSTEIN & LEVY, LLP               900 S. Crouse Ave.
11 120 E. Baltimore St., Suite 1700           Crouse-Hinds Hall, Suite 300
   Baltimore, MD 21202                        Syracuse, NY 13244-2130
12 Telephone:    (410) 962-1030               Telephone:    (315) 443-9703
   Fax:          (410) 385-0869               Fax:          (315) 443-9725
13

14

15                    UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                     SAN FRANCISCO DIVISION

18

19 NATIONAL FEDERATION OF THE          Case No.:  C 06-01802 MHP
   BLIND, the NATIONAL FEDERATION OF
20 THE BLIND OF CALIFORNIA, on behalf of   CLASS ACTION
   their members, and Bruce F. Sexton, on behalf
21 of himself and all others similarly situated,   DECLARATION OF JAMES MARKS IN
                                               SUPPORT OF PLAINTIFFS' MOTION
22             Plaintiffs,                      FOR CLASS CERTIFICATION

23 v.

24 TARGET CORPORATION,
              Defendant.
25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, James P. Marks, declare as follows:

1.        The facts in this declaration are based upon my personal knowledge.  If called to testify, I could testify competently to the facts described in this declaration.

2.        My name is James Patrick Marks.

3.        I live in Missoula, Montana.

4.        I am an administrator for the University of Montana.

5.        I have been a member of the National Federation of the Blind since 1991.

6.        I am legally blind and use screen-access software to access the Internet.

7.        I have been using the Internet in conjunction with in-store shopping since the Internet became available.  At least weekly, I visit the websites of stores I frequent, such as REI, Staples, and Costco, to look for featured products, get an overall sense of the inventory, learn product information, and compare costs.  In addition, because I love finding a bargain, I almost always look for sale information, coupons, and special deals.

8.        I prefer to purchase products I want from the physical store rather than online.  I am a people person and enjoy being out in public and interacting with people.  I also like the instant gratification of getting the products I want immediately, rather than waiting for them to arrive by mail.

9.        Using the Internet before going to a store significantly enhances my overall shopping experience.  When I go shopping, I typically hire a driver and/or reader to accompany me.  Knowing what I want to purchase in advance drastically reduces the time I spend shopping and, in turn, saves money that I would otherwise pay my driver and reader.  It also lets me learn product information independently so I rely less on store clerks and aides.

10.        I have been shopping at Target for years.  I shop at Target at least twice a month.  There is a Target store next to my bus stop, which is less than a mile from my house.  I take the bus to and from work and walk by Target every day on my way home.  In addition to its convenient location, I like shopping at Target because the store is laid out well and I can easily return and exchange products.  I typically purchase clothes, electronics, yard care and household

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of James P. Marks in Support of Plaintiffs' Motion for Class Certification
1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1   products from Target.

2   11.        I do not shop at Target as much as I want to because its website is inaccessible. At

3   least six times in the past three years, I have tried to use Target.com to find product information,

4   sale items and coupons, and to compare costs, as I do with other stores, before shopping at

5   Target. Each time I tried to access Target's website, it was extremely difficult to navigate

6   through the page. The information I received was jumbled and unintelligible. Images were not

7   labeled and large chunks of information were missing. I could not find anything I was looking

8   for and felt extremely frustrated.

9   12.        Because I cannot access Target's website, I have reverted to paying an aide to

10  accompany me through the store when I shop there. I also shop more frequently at stores that

11  have accessible websites, such as Costco and Staples, than I otherwise would. Even though

12  those stores are harder to get to, it is easier and faster for me to shop there because I can select

13  the products I want from the website in advance. If Target's website were accessible, Target

14  would be, by a landslide, the most convenient place for me to shop in Missoula.

15  13.        In addition to finding product and sale information, I would be likely to use Target's

16  online gift registry if the website were accessible. Not long ago, my fiancée's friend registered at

17  Target for her baby shower. I did not go online with my fiancée to select a gift as I might

18  otherwise have done because I did not want to repeat the frustration of my earlier experience on

19  Target.com. If the registry were accessible, I would use it to select gifts prior to purchasing them

20  at the store.

21  14.        I would consider using Target's pharmacy because of the store's close proximity to

22  me. Knowing I could access Target's pharmacy online to renew prescriptions would influence

23  my decision of whether to switch pharmacies.

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of James P. Marks in Support of Plaintiffs' Motion for Class Certification                    2

1  I declare under penalty of perjury under the laws of the United States of America that the

2  forgoing is true and correct.

3

4  Executed this __24__ day of May, 2007, at Missoula, Montana,

5

6                                                    JAMES P. MARKS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of James P. Marks in Support of Plaintiffs' Motion for Class Certification

3

# EXHIBIT 3

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:     (510) 665-8511
TTY:           (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:     (415) 421-7100
Fax:           (415) 421-7105
TTY:           (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:           (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:     (315) 443-9703
Fax:           (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>        Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF STEVE BOOTH IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    I, Steven Booth, declare as follows:

2    1.         The facts in this declaration are based upon my personal knowledge.   If called to

3    testify, I could testify competently to the facts described in this declaration.

4    2.         My name is Steven Booth.

5    3.         I live in Baltimore, Maryland.

6    4.         I am an access technology specialist for the National Federation of the Blind.

7    5.         I have been a member of the National Federation of the Blind since 1988.

8    6.    .      I am legally blind and use screen-access software to access the Internet.

9    7.         I often use the Internet before shopping at physical stores.  I look up store websites to

10   see what products the store sells and learn about them.  That way, I can make informed decisions

11   when I am shopping and cut down on my shopping time.

12   8.         I do not like shopping much.  When I do shop, however, I prefer to go to the physical

13   store rather than order online so that I can feel the product and be certain that I really want to buy

14   it. Going to the store's website in advance helps me narrow down the products I am interested in

15   and saves the time I would otherwise spend in the store asking a store clerk or sighted

16   companion about product descriptions and details.  I find that visiting a store's website is the

17   most efficient way for me to independently get detailed product information.  Some of the store

18   websites I visit before going to the store include Wal-Mart, Marshalls, Sears, and Sam's Club.

19   9.         Sometimes I discover a product at the store, go home to learn about it from the store's

20   website, then return to the store to purchase it.  For example, recently, when shopping at Sam's

21   Club, I found a chair that I liked.  I was able to get a general idea about the chair from the store,

22   but wanted more detailed information before deciding whether or not to buy it.  When I went

23   home, I looked up the chair on Sam's Club's website and read all about the product

24   specifications, including the dimensions, colors, price, and care information.  Satisfied that this

25   was the chair I wanted, I returned to the store and bought it.  Although I could have asked a store

26   clerk for information, I preferred to read the information myself to get the depth of information I

27   wanted.  Plus, it was something I could do comfortably at home rather than standing around in

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*    1
Case No.:  C 06-01802 MHP
**Declaration of Steven Booth in Support of Plaintiffs' Motion for Class Certification**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1  the store.

2  10.    I own a home in Massachusetts and shop at the local Target store when I am there.  I

3  go to Target to purchase clothes and household items because the store is conveniently located,

4  has a great selection of products, and is relatively inexpensive.

5  11.    Last fall, I wanted to buy inexpensive lounge clothes that I could wear around the

6  house and keep in Massachusetts.  I thought Target would be the perfect place to find what I was

7  looking for.  Before I left for Massachusetts, I went to Target's website to see what casual

8  clothes they offered, thinking I would come up with a list of items to try on at the store when I

9  got there.  When I arrived at Target's website, however, I could not read any of the links.  For

10  fifteen minutes, I waded through a mess of unlabeled links and incoherent information.  I tried

11  everything I could think of to get clothing information, but nothing worked.  I got so frustrated

12  that I almost broke my keyboard before I gave up.

13  12.    When I got to Massachusetts I forced my brother to come to Target with me (he hates

14  shopping as much as I do) so that he could describe the casual clothes for me.  It took at least an

15  hour of our time for him to describe the color, material, design, price, etc., of the various shirts,

16  sweaters, and pants I was looking for, all information I could have learned from the website in

17  advance.  We both felt frustrated that we had wasted our time.

18  13.    Despite that experience, sometime later I tried Target's website once again, this time

19  to purchase a gift certificate.  Again, the website was so confusing that I could not find what I

20  was looking for and gave up.

21  14.    Now, I avoid shopping at Target altogether because I find it to be nothing more than

22  an exercise in frustration.  Instead, I shop at stores that have accessible websites, like Sam's

23  Club, before I go to the physical store.

24  15.    If Target's website were accessible, I would use it to research product information

25  and pre-select items I want to buy from the physical store, especially before I travel to my house

26  in Massachusetts where there is a Target store nearby.

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Steven Booth in Support of Plaintiffs' Motion for Class Certification**                          2

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of May, 2007, at Baltimore, MD,

_____

STEVEN BOOTH

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Steven Booth in Support of Plaintiffs' Motion for Class Certification

3

EXHIBIT 4

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:      (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:      (415) 421-7100
Fax:            (415) 421-7105
TTY:            (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:      (410) 962-1030
Fax:            (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:      (315) 443-9703
Fax:            (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF JOANNE WILSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Joanne Wilson, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      My name is Joanne Wilson.

3.      I live in Baltimore, Maryland.

4.      I am the Executive Director of Affiliate Action for the National Federation of the Blind.  I have a master's degree and have received two honorary doctorates.  I have served as a member of the Board of Directors of the National Federation of the Blind, President of the NFB's Lousiana affiliate, and was the founder and first director of the Louisiana Center for the Blind.  In 2001, President George W. Bush appointed me commissioner of the Rehabilitation Services Administration of the United States Department of Education, a position I held until 2005.

5.      I have been a member of the National Federation of the Blind since 1966.

6.      I am legally blind and use screen-access software to access the Internet.

7.      I routinely consult store websites to pre-select what I want to buy from the physical store.  I use the Internet to find out whether the store carries products I am interested in purchasing, get product information and prices, and to comparison shop.  Among the websites I visit are Wal-Mart, Best Buy, and stores my daughter likes, such as Puma and Urban Outfitters.  I also visit Target's website before shopping at Target stores.  Unlike other store websites, however, I cannot use Target's website without sighted assistance.

8.      I enjoy getting out and going shopping.  So, I often prefer to purchase items I want from the physical store, rather than order them online.  I also prefer to physically feel the product before I buy it.  In addition, purchasing items at the store can be more convenient and cost effective.  For example, if I want to buy a specific item or gift that I found on Wal-Mart's website, and I also need to buy routine things that I know that store carries, like paper towels and shampoo, I will physically go to the store and pick up everything at once, rather than order the items online, pay for shipping, and wait for delivery.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Joanne Wilson in Support of Plaintiff's Motion for Class Certification**                                    1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    9.    Using store websites to select items I plan to buy from the physical store is crucial to

2    maximizing my in-store shopping time.  When I go shopping, I either hire a taxi or, more often,

3    ask a family member or friend to take me.  I do not like feeling that I am burdening my friends

4    and family or wasting their time, especially since, like me, most of them lead busy lives.

5    Knowing what I want to buy before I go into the store cuts down my shopping time and,

6    therefore, the time my friends and family have to wait for me.

7    10.    I have a large family that includes five children and ten grandchildren.  So, I am

8    always buying gifts for birthdays and special occasions, like weddings and baby showers.  I rely

9    heavily on the Internet to simplify the gift-shopping process.  This is especially true at

10   Christmastime.  To keep Christmas shopping organized in our family, each grandchild provides

11   me with a "wish list" of specific items they want for Christmas.  I spend lots of time going from

12   website to website to find out which area stores carry the items my grandchildren have requested

13   and how much they cost.  Then, I make a list of the gifts I want to purchase from each store and

14   physically go to the store to buy them.  Using websites to virtually travel from store to store

15   saves me the time I would otherwise spend physically traveling form store to store to find out the

16   same information, especially during the busy holiday season.

17   11.    There are two Target stores near me, in Glen Burnie and Towson, Maryland.  I shop

18   at those stores occasionally because I like the selection of products and the prices and I prefer the

19   quality of Target's products to Wal-Mart's.  I also shop at Target to buy gifts for my friends and

20   family.

21   12.    In the past two years, I have tried to access Target's website to find out whether it has

22   gifts I want to buy for my family several times.  However, I have never been able to find the

23   information I wanted independently.

24   13.    For example, in late summer or fall of last year, I tried to access Target's online gift

25   registry because some friends of mine had registered at Target for their wedding.  I had put off

26   purchasing a gift until the last minute.  Before going to a local Target store to buy their gift, I

27   went to Target's website to pick out a gift from their registry and make sure my local store had it

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*                    2
Case No.:  C 06-01802 MHP
**Declaration of Joanne Wilson in Support of Plaintiff's Motion for Class Certification**

1  in stock. I tried to get into the registry on my own but, no matter what I tried, was not able to do

2  so. After much frustration, I had to bother my daughter, a busy nursing student, to get into the

3  registry and tell me what items were listed. After she told me what was listed, I made a selection

4  and went to Target to buy the gift.

5  14.    I have had the same frustration using Target's website when Christmas shopping.

6  Last Christmas, for example, I was trying to find area stores that sold toys on my grandchildren's

7  Christmas lists, including a doll house, stuffed animals and a pirate set. I thought Target might

8  sell some of these items at reasonable prices and went to Target.com to find out before buying

9  gifts at the physical store. The website was extremely confusing and difficult to navigate. I was

10  unable to find any of the items I was searching for. Although reluctant to do so, I had to get my

11  daughter to help me once again. She read the text on the screen aloud to me, and I dictated to her

12  what I wanted her to select. With my daughter's assistance, I found items I wanted, and

13  purchased the gifts from the physical store.

14  15.    I have tried to find gifts using Target's website on various other occasions. Each

15  time, I was unable to navigate the website independently. Instead, after much aggravation, I

16  reluctantly resorted to the assistance of nearby co-workers or family members who are sighted.

17  When alone, I have even called my sons who live far away for help. And, at times when no one

18  was available, I have given up altogether and gone to Wal-Mart's website and store instead.

19  16.    I am an independent and determined person. Whenever possible, I like to do things

20  on my own. I do not give up easily. I have tried to use Target's website before shopping at

21  Target stores again and again, each time with renewed determination. And each time, I have

22  failed and been forced to either succumb to sighted assistance or to shop elsewhere instead.

23  17.    If Target's website were accessible I would use it often to find information about

24  products before going to the store to purchase them, especially when looking for gifts for my

25  family and friends from the general website or the online gift registry.

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Joanne Wilson in Support of Plaintiff's Motion for Class Certification**

3

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    Executed this ___23rd___ day of May, 2007, at Baltimore, MD.

5    _____

6                        JOANNE WILSON

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Joanne Wilson in Support of Plaintiff's Motion for Class Certification**
4

# EXHIBIT 5

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:          (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>        Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROSIE CARRANZA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1  I, Rosalba Carranza, declare as follows:

2  1.       The facts in this declaration are based upon my personal knowledge.   If called to

3  testify, I could testify competently to the facts described in this declaration.

4  2.       My name is Rosalba Carranza.

5  3.       I live in Baltimore, Maryland.

6  4.       I am the coordinator of program services for the National Federation of the Blind.

7  5.       I have been a member of the National Federation of the Blind since 1998.

8  6.       I am legally blind and use screen-access software to access the Internet.

9  7.       I often use the Internet in connection with in-store shopping.  Before I go to a store, I

10  look up items I am interested in on the store's website to research style, product, and price

11  information.  Once I have read about a product and decide to buy it, I call the store location to

12  ensure they have what I want in stock before I make my way to the store.  I often visit websites

13  for stores like Pier 1 Imports, the Bombay Company, L.L. Bean and Safeway, before buying

14  items from their physical stores.

15  8.       I love to shop, especially to buy clothes and home décor products.  Although

16  sometimes I buy products online, if I want something from a store that is nearby, I will go to the

17  store to buy it because I enjoy doing so.

18  9.       I started using the Internet before in-store shopping about three years ago and found it

19  to be an effective way for me to shop with increased ease, efficiency and independence.  Now, I

20  often look up products on store websites before I go to the store.

21  10.      Looking up product information on the website beforehand allows me to rely less on

22  customer service personnel.  Instead, I can go into a store knowing exactly what items I want to

23  buy.  Also, I can get more detailed product information and more easily get input from friends,

24  so that I end up selecting better products.  For example, if I want to buy a set of decorative

25  pillows for my living room, I can use store websites to learn about the size, material, color,

26  design, and price of pillows sold at area stores.  Once I narrow down the pillows I like best, I can

27  e-mail a picture of the pillows to my friends to get their opinion about things like whether the

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Rosalba Carranza in Support of Plaintiffs' Motion for Class Certification**                                  1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    colors will match my living room décor. Once I make my final selection, I call the store to make

2    sure they have the pillows I want in stock, and go to the store to buy them.

3    11.      There is a Target in Towson, Maryland, not far from where I live. I have been

4    shopping there every month or so since I moved to the Baltimore area two years ago. I like

5    shopping at Target because I like the variety of products and the prices. Plus, I think Target sells

6    cuter stuff than other stores in its price range. In particular, I love Target's selection of tights and

7    stockings. I also like Target's workout clothes because they are stylish and reasonable. In

8    addition to those items, I buy day-to-day household products there.

9    12.      I have tried, without success, to use Target's website before shopping at my local

10    Target store. Early last year, a friend of mine registered at Target and another store for an event.

11    I went to Target.com to select a gift. However, it was tremendously difficult to navigate the page

12    and I could not make my way into the registry. The layout of the website was extremely

13    confusing and large portions of information appeared to be missing. So, I went to the other

14    store's website instead. I easily selected a gift from that store's online registry and a friend of

15    mine purchased it from the local store.

16    13.      Since then, I have received other invitations from family and friends who registered at

17    Target. Rather than face the frustration of dealing with Target's online registry again, I simply

18    buy a gift from another store at which the person has registered.

19    14.      I tried to use Target's website again early this year. That time, I wanted to find

20    information about my local Target store and got on the website to use the store locator. I was not

21    able to find the information I needed, however, because I kept getting nonsense.

22    15.      On yet another occasion, I tried to get current sale information from Target's website.

23    Again, the website was confusing and I was not able to figure out what prices corresponded to

24    what products. I got so frustrated that I decided not to go to Target and went shopping at another

25    store instead.

26    16.      Because Target's website has proven on multiple occasions to be impossible for me

27    to use, I shop at Target stores less frequently than I would if the website were accessible. Even

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Rosalba Carranza in Support of Plaintiffs' Motion for Class Certification      2

1    though I prefer Target's products, I go to Wal-Mart instead because it is so much easier to shop

2    when I can visit a store's website before going to the store.  Or, I go to specialty stores at the

3    mall, such as Foot Locker.

4    17.        If Target's website were accessible, I would use it to find products and gifts I am

5    interested in purchasing before going to the physical store.  I would also use the website to find

6    store and sale information and to access the gift registry before in-store shopping.  Because I

7    have not been able to use Target's website, I do not shop at Target as frequently as I would like

8    to.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Rosalba Carranza in Support of Plaintiffs' Motion for Class Certification**

3

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    Executed this _23_ day of May, 2007, at Baltimore, MD,

5

6                                                                ROSALBA CARRANZA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  **C 06-01802 MHP**
**Declaration of Rosalba Carranza in Support of Plaintiffs' Motion for Class Certification**

4

EXHIBIT 6

1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:    (510) 665-8644
   Facsimile:    (510) 665-8511
4  TTY:          (510) 665-8716

5  JOSHUA KONECKY (California Bar No. 182897)
   RACHEL BRILL (California Bar No. 233294)
6  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
7  San Francisco, CA  94104
   Telephone:    (415) 421-7100
8  Fax:          (415) 421-7105
   TTY:          (415) 421-1655
9

10 DANIEL F. GOLDSTEIN (*pro hac vice*)        PETER BLANCK (*pro hac vice*)
   BROWN, GOLDSTEIN & LEVY, LLP               900 S. Crouse Ave.
11 120 E. Baltimore St., Suite 1700           Crouse-Hinds Hall, Suite 300
   Baltimore, MD 21202                        Syracuse, NY 13244-2130
12 Telephone:    (410) 962-1030               Telephone:    (315) 443-9703
   Fax:          (410) 385-0869               Fax:          (315) 443-9725
13

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17               SAN FRANCISCO DIVISION

18

19 NATIONAL FEDERATION OF THE          Case No.:  C 06-01802 MHP
   BLIND, the NATIONAL FEDERATION OF
20 THE BLIND OF CALIFORNIA, on behalf of   **CLASS ACTION**
   their members, and Bruce F. Sexton, on behalf
21 of himself and all others similarly situated,   **DECLARATION OF JEFFREY ALTMAN
                                                   IN SUPPORT OF PLAINTIFFS' MOTION
22              Plaintiffs,                        FOR CLASS CERTIFICATION**

23 v.

24 TARGET CORPORATION,
25            Defendant.

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

1   I, Jeffrey Altman, declare as follows:

2   1.          The facts in this declaration are based upon my personal knowledge.  If called to

3   testify, I could testify competently to the facts described in this declaration.

4   2.          My name is Jeffrey Altman.

5   3.          I am a mobility instructor at the Nebraska Commission for the Blind and Visually

6   Impaired and live in Lincoln, Nebraska.

7   4.          I have been a member of the National Federation of the Blind since 1990.

8   5.          I am legally blind and use screen-access software to access the Internet.

9   6.          I find it helpful to use the Internet before shopping at physical stores.  For example,

10  woodworking is one of my hobbies and I like to go to the Sears website to see what the features

11  and prices are for various woodworking tools before I go to the store.  I recently went to the

12  Sears site and others to research the various features and prices of vacuum cleaners in

13  anticipation of buying one at a store.

14  7.          I go to the Target store at 48th and O Streets in Lincoln, Nebraska at least twice a

15  month, though not necessarily to shop.  Target is within walking distance of my office and when

16  I am teaching blind students how to travel with their canes, I often take them to Target.  I shop

17  there as well and have done so since 1995.  When I go to shop, I take the bus from home, about a

18  half-hour ride.

19  8.          Because we have an 11 year old, Target is an ideal place to shop for clothes, and we

20  also buy Target's household items and occasionally electronics.

21  9.          Several years ago, just before Christmas, I tried to go on Target's web site to see if

22  the store had certain toys my daughter wanted and also for the present I wanted to buy for my

23  wife, but I could not access the site.  Links were blank or I would simply hear "graphic."  Things

24  that appeared to be links were not operative.  I called the store to ask if it had these toys in stock

25  and it was an endless process:  the store had to page somebody from that department who then

26  came on the line, and who then had to go look and come back to report.  I went somewhere else

27  for my wife's present.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Jeffrey Altman in Support of Plaintiffs' Motion for Class Certification**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

10.       More recently I tried to go on the Target gift registry to buy a present for a co-worker and could not access the site.  I actually got into the registry, but I couldn't find my friends or their list.  I ended up asking my wife, who is sighted, for her assistance with the website and then I went to the store to buy the item.  My wife, of course, has other things to do than help me shop for my co-workers and I should not have to depend on her availability to buy my own presents.

11.       If Target's website were accessible, I would be more likely to buy more things at Target, including presents for my wife.  If the selection and price were right, I might go there instead of Sears for some items.

12.       I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _18th_ day of May, 2007, at Lincoln, NE



JEFFREY ALTMAN

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Jeffrey Altman in Support of Plaintiffs' Motion for Class Certification**

2

EXHIBIT 7

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:      (510) 665-8511
TTY:             (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:     (415) 421-7100
Fax:             (415) 421-7105
TTY:             (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:             (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:     (315) 443-9703
Fax:             (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF RON GARDNER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Ron Gardner, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      My name is Ron Gardner.

3.      I live in Bountiful, Utah.

4.      I am an attorney.

5.      I have been a member of the National Federation of the Blind since 1974.

6.      I have been blind since 1951 and use screen-reading software to access the Internet.

7.      The Internet is important to the shopping I do in various stores.  I regularly go to the websites for Best Buy, Sears, Circuit City, Comp USA and Wal-mart in anticipation of going to their stores.  I made use of these sites when I was setting up my office and needed office and computer equipment, for small home appliances and to try to understand better the plusses and minuses of plasma versus LCD television.

8.      Target has a store about four miles from my home.  I get there by car—either by paying a driver or by accompanying my wife who is sighted.  We have been shopping at Target for more than 25 years, starting when we lived in Colorado.  One of the most appealing aspects of Target stores for me is the ease of navigating the store as a white cane user:  the aisles are wider than most and the tile floors are easy to walk on.  My wife and I buy groceries and household goods at Target and we both like the breadth of selection and prices.

9.      Unfortunately, the inaccessibility of target.com has affected my use of Target stores. Last Christmas I wanted to buy my son, who does much nature photography, a 7 megapixel digital camera, but with an optical rather than a digital zoom.  I was very interested in seeing the range of prices and choices within that category and I tried to go to target.com.  It was a very frustrating experience; I could not succeed even in navigating to electronics.  I gave up, found a camera that met my requirements at Costco and bought my son his Christmas present there. While I believe I bought him a good camera, Costco generally does not have the breadth of electronic merchandise that one finds at Target.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Daniel B. Frye in Support of Plaintiff's Motion for Class Certification**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

10.      About a year ago one of my nephews was getting married and had registered with target.com. I was out of town when it came time to buy the present and my wife asked me what I wanted to get my nephew. I tried to get to Target's online wedding registry, but could not get in. As a result, I had to ask my wife to handle selecting the present without my input and she bought the couple something at some store. I was disappointed not to be part of that decision.

11.      I have also tried calling Target to see if my local Target store has something I am looking to buy in stock and, if so, at what price. I have found that alternative as frustrating, if not more so, than the website and as time-consuming as being driven to the store and asking those questions face to face.

12.      If target.com were accessible, I definitely would buy more at Target, especially electronics which are items that I tend to pick out, rather than my wife. In that regard, I would be very interested in being able to use the Target coupons and "weekly specials" information from Target's website, because coupons and specials are much of the way that price competition is expressed in electronics.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this _____ day of May, 2007, at Bountiful, Utah.

_____
RON GARDNER

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.: C 06-01802 MHP**
**Declaration of Daniel B. Frye in Support of Plaintiff's Motion for Class Certification**                                     2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

10.  About a year ago one of my nephews was getting married and had registered with target.com. I was out of town when it came time to buy the present and my wife asked me what I wanted to get my nephew. I tried to get to Target's online wedding registry, but could not get in. As a result, I had to ask my wife to handle selecting the present without my input and she bought the couple something at some store. I was disappointed not to be part of that decision.

11.  I have also tried calling Target to see if my local Target store has something I am looking to buy in stock and, if so, at what price. I have found that alternative as frustrating, if not more so, than the website and as time-consuming as being driven to the store and asking those questions face to face.

12.  If target.com were accessible, I definitely would buy more at Target, especially electronics which are items that I tend to pick out, rather than my wife. In that regard, I would be very interested in being able to use the Target coupons and "weekly specials" information from Target's website, because coupons and specials are much of the way that price competition is expressed in electronics.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 24th day of May, 2007, at Bountiful, Utah

RON GARDNER

National Federation of the Blind, et al. v. Target Corporation, et al.
Case No.: C 06-01802 MHP
Declaration of Ron Gardner in Support of Plaintiffs' Motion for Class Certification

2

# EXHIBIT 8

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:          (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>        Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ROBERT KRESMER IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

I, Robert Kresmer, declare as follows:

1.    The facts in this declaration are based upon my personal knowledge.  If called to testify, I could testify competently to the facts described in this declaration.

2.    My name is Robert Kresmer.

3.    I live in Tucson, Arizona.

4.    I am a rehabilitation teacher and do contract work for the State of Arizona.

5.    I have been a member of the National Federation of the Blind since 1988.

6.    I am legally blind and use screen-access software to access the Internet.

7.    I visit store websites in connection with in-store shopping at least twice a month. Typically, I consult store websites to compare products and prices, learn more about products I am interested in purchasing, and find out what products are available before I go to the store. The store websites I visit before shopping at the physical store include Wal-Mart, Bed, Bath & Beyond, K-Mart, and my area grocery stores.

8.    I have found that visiting store websites before going to the store is way is a terrific tool for shopping efficiently and independently.  By consulting a store's website in advance, I can find information I want on my own and do not have to rely upon store clerks or others to read the product information on boxes and packaging or to make comparisons for me.

9.    My job responsibilities as a rehabilitation teacher include teaching skills to the newly blind that will enable them to lead independent lives.  As part of their training, I teach my students to visit store websites before they shop at the physical store.  Learning to use the internet in conjunction with in-store shopping is an important component of their independence as consumers because it enables the students to gain information about products and make shopping decisions without relying on sighted assistance.

10.    I teach my students that, when possible, they should go to the physical store to make purchases rather than order the item directly online.  Going to the physical store allows them to gain tactile information about the product so that they can make a fully-informed decision about whether or not they want to buy the item.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Robert Kresmer in Support of Plaintiffs' Motion for Class Certification

11.    In my classes, I use K-Mart's website to teach my students how to gain product information before going to the physical store. I use K-Mart as an example because of the website's accessibility and the store's commonality and breadth of household products. Although Target stores are also prevalent and sell a variety of useful products, I have specifically chosen not to use Target as a teaching tool because I have found Target's website to be extremely difficult to use.

12.    I personally shop at Target several times a year. There are two Target stores in close proximity to where I live. I like Target's selection of house wares. I purchase cookware and notions there. Sometimes I buy kitchen supplies from Target to use with my classes. I would prefer to shop at Target more often than I currently do. I do not, however, because I have found Target's website to be inaccessible.

13.    I have visited Target's website to get information about products before purchasing them at a local Target store. I went to Target's website specifically to learn the prices of products I wanted to purchase from the Target store. I was not able to obtain this information from Target's website because I could not move past the images on the website and the images were not tagged. I became frustrated and went to another store's website to find what I was looking for instead. Eventually, I did purchase what wanted from an area Target store. However, my wife had to assist me by reading the product information to me aloud and telling me the prices.

14.    If Target's website were accessible, I would visit the website before going to the physical store to learn about products I am interested in, compare prices, and independently make informed decisions about what I want to buy.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Robert Kresmer in Support of Plaintiffs' Motion for Class Certification

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    I declare under penalty of perjury under the laws of the United States of America that the

2    forgoing is true and correct.

3    Executed this $\underline{24}$ day of May, 2007, at Tucson, Arizona,

4

5

6                                        ROBERT KRESMER

7

8

9

10

11

12

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Robert Kresmer in Support of Plaintiffs' Motion for Class Certification**

3

EXHIBIT 9

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:    (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:    (415) 421-7105
TTY:    (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:    (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:    (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,

Plaintiffs,

v.

TARGET CORPORATION,

Defendant.

Case No.:  C 06-01802 MHP

**CLASS ACTION**

**SUPPLEMENTAL DECLARATION OF CHARLOTTE CZARNECKI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Charlotte Czarnecki, do hereby declare that:

1.    I am over eighteen years of age and am competent to make this Declaration.

2.    I reside in Minneapolis, Minnesota.

3.    I have previously executed a declaration in this case, a true and correct copy of which is attached hereto as Exhibit A.

4.    I often use the Internet to find information about products before I go to the store to purchase them. This is particularly true of products that I want to examine closely before purchasing. For example, when I buy clothes, electronics, and gifts, I like to try on and/or feel the items before I decide to buy them, rather than buy them directly online.

5.    Before going to the store, I look up products I am interested in purchasing on the store's website. There, I can learn about different brands, find prices and sale information, and formulate a list of products I want to buy at the store. That way, I am able to ask better and more focused questions about products when I am at the store. And, it saves time because I can enter the store knowing exactly what I want and what the current sales are without having to ask anyone at the store. I have visited store websites such as Walgreens, JC Penny's, and local grocery stores, to find such information before making purchases at their physical stores.

6.    I often go shopping at the Target store at the Nicolette Mall. This store is close to where I work. It is easy for me to stop there on my lunch break or on my way home.

7.    In 2005, I wanted to purchase a gift for a friend who had registered at Target. I got onto Target's website to browse my friend's list of gifts, thinking I would note what I liked then check out those products and buy the gift at my local Target store. When I got to Target's website, however, I could not pull up any information from the online

2001 Center Street, Third Floor
Berkeley, California 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Charlotte Czarnecki in Support of Plaintiffs' Motion for Class Certification

1  registry. I tried to browse through the webpage looking for products, but could not find

2  anything readable on the page. After a while, I lost my patience and gave up.

3  8.    Instead, I went to the physical Target store and asked a store clerk to print out the

4  registry and read it to me. The list was very long with many categories. I felt

5  uncomfortable because the store clerk seemed reluctant to read the entire list to me aloud

6  and provide the level of detail I needed to decide what to buy. The process was also

7  laborious and time-consuming. In the end, I made a rash decision about what to buy and

8

9  purchased the gift before I left the store.

10  9.    Had Target's online gift registry been accessible, it would have helped me

11  immensely by enabling me to browse through the list independently and quickly so that I

12  could have made an informed decision, rather than a rushed one.

13  10.    If Target's website were accessible, I would often use it to find gifts from the

14  online registry and to locate sale and product information before making purchases at

15  Target stores.

16

17

18  I declare under penalty of perjury that the foregoing is true and correct.

19

20  Executed this 2 4 day of May, 2007, at Minneapolis, Minnesota.

21

22

23                                        CHARLOTTE CZARNECKI

24

25

26

27

28  *National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Charlotte Czarnecki in Support of Plaintiffs' Motion for Class Certification**

2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# EXHIBIT A

LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
ROGER HELLER (California Bar No. 215348)
rheller@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:    (510) 665-8716

TODD M. SCHNEIDER (California Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 421-7100
Fax:    (415) 421-7105
TTY:    (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:    (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Avenue
Crouse-Hinds, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:    (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.: C 06-01802 MHP<br><br>CLASS ACTION<br><br>**DECLARATION OF CHARLOTTE CZARNECKI IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Charlotte Czarnecki, declare as follows:

1.     The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

### Background

2.     My name is Charlotte Czarnecki, and I was born June 16, 1972.

3.     I have been totally blind since birth due to congenital glaucoma.

4.     I reside in Minneapolis, Minnesota.

5.     I am a vocational rehabilitation counselor.

6.     I have been a member of the National Federation of the Blind since 1996.

### Computer and Internet Use

7.     I have used computers since 1997. Since I can use the programs and web sites I need, I would say I am a proficient computer user.

8.     I have accessed the Internet since 1999. I use the Internet for shopping, doing research, sending e-mail, reading the news, among other tasks.

9.     I have used JAWS screen-reading software since 1997. Screen-reading software allows me to use computers and access information on the screen and perform important functions in my life.

10.     When web sites are properly coded, I can use them. I regularly use the web sites of CNN, the Star Tribune, Simon Delivers (a grocery shopping site), and Travelocity. A majority of web pages I have come across are more accessible than Target.com.

### Experience with Target Retail Stores

11.     My friends, family, and I use Target retail stores. I like shopping at Target because I like the store's products. I believe they are high quality and affordable. I specifically like their household products, such as shampoo.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Declaration of Charlotte Czarnecki in Support of Plaintiff's Motion for Class Certification

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

### Harms Experienced Because of the Inaccessibility of Target.com

12.    I prefer to shop online for items that one does not need to examine closely, such as toilet paper, groceries, and shampoo. However, I also believe that though I am a blind person, I should be able to browse products extensively online. I want the ability to look at the different varieties of each product. When I go to the store now, I need to know exactly what I want because I am taking the time of a customer service assistant. I want to be a free and independent person and spend more time learning about products. If Target.com were easily accessible, I would definitely use it in connection with my future visits to Target's retail stores. By previewing products on Target.com, I can also purchase items at physical Target stores more efficiently.

13.    I would like to shop at Target.com because it would be nice not to have to physically carry these products back home with me. I also want to make use of Target's wedding registry and weekly advertisements.

14.    I attempted to use Target.com four to five times between 2003 and October 2006. On my last visit, I spent between thirty to forty five minutes. I initially visited the site in order to find about the weekly advertisements and sales.

15.    Target.com contained links and images without labels as to what they were or what they did. The site contained many images that were described by a number. This was problematic because it was unclear where hyperlinks would lead.

16.    Inexplicable code and garbled text prevented me from navigating the site. I only have so much time to experiment with the site and to decipher what it is trying to present.

17.    Target.com used unlabelled or incorrectly labeled forms requiring me to input information. The word "edit" would often appear in place of the name of the form, and I would not know what to enter in the field.

18.    Use of Target's web page made me feel frustrated.

19.    Target.com does not treat me the same as it treats sighted individuals.

20.    Lack of access to Target.com compromised my independence and forced me to rely on others.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Charlotte Czarnecki in Support of Plaintiff's Motion for Class Certification

2

21.    It is my hope is that Target will make and keep its website fully and easily accessible for the blind so that I can shop the website just as sighted people do.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed this January day of ___5___, 2007, at Minneapolis, Minnesota.

CHARLOTTE CZARNECKI

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Charlotte Czarnecki in Support of Plaintiff's Motion for Class Certification

3