# EXHIBIT 10

Dockets.Justia.com

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:      (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:   (415) 421-7100
Fax:         (415) 421-7105
TTY:         (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:   (410) 962-1030
Fax:         (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:   (315) 443-9703
Fax:         (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF DANIEL FRYE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1   I, Daniel B. Frye, declare as follows:

2   1.          The facts in this declaration are based upon my personal knowledge.   If called to

3   testify, I could testify competently to the facts described in this declaration.

4   2.          My name is Daniel B. Frye.

5   3.          I live in Baltimore, Maryland.

6   4.          I am the Manager of Affiliate Action Advocacy and Training for the National

7   Federation of the Blind.

8   5.          I have been a member of the National Federation of the Blind since 1982.

9   6.          I am legally blind and use screen-access software to access the Internet.

10  7.          I regularly use the Internet in connection with in-store shopping.  At least twice a

11  month, I visit websites for local stores, such as Wal-Mart and Safeway, to preview their

12  products, compare prices, and determine what I want to buy before I go to the store.

13  8.          For the most part, I do not enjoy shopping because I find the crowds and waiting

14  around bothersome.  Using a store's website to select what I want in advance streamlines the

15  shopping process so I can spend my time doing other things.

16  9.          Although I could buy products directly online, I often select what I want from store

17  websites then purchase the item at the store.  I do so because I prefer to get my hands on the

18  product before I make a final decision of whether to buy it.  Also, sometimes I want to buy an

19  item right away.

20  10.         I shop at Target stores at least once every three months.  Target offers a great

21  selection of household products and furniture at reasonable prices.  Recently, I bought a patio set

22  from Target.

23  11.         About one year ago, I tried to look for products on Target.com, but was unable to do

24  so because the website was inaccessible.  On that occasion, I wanted to buy a portable XM-

25  satellite radio receiver.  I planned to select a receiver online then go to the store so that I could

26  feel the design, button locations, etc., before making the final decision to purchase it.  I had a

27  general idea of what I wanted and went to three store websites to see what receivers they sold,

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Daniel B. Frye in Support of Plaintiff's Motion for Class Certification**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    how much they cost, and learn more about their features. I was easily able to find the

2    information I wanted at Walmart.com and Bestbuy.com. When I went to Target.com, however,

3    the website was impossible to navigate with a screen reader. I could not even determine if

4    Target sold XM receivers. I became so frustrated that I abandoned my search at Target

5    altogether. Instead, I selected the receiver I liked best from Wal-Mart.com then purchased it at a

6    Wal-Mart store. If Target.com had been accessible, and offered the type of receiver I wanted at a

7    competitive price, I would have purchased it from a Target store.

8    12.      My experience using Target.com was so frustrating that I have not tried to use it to

9    find product information again. As a result, I do not make as many purchases from Target as I

10    would if its website were accessible.

11    13.      If Target.com were accessible, I would also use Target's gift registry. Several friends

12    of mine have registered at Target for weddings and baby showers. Last spring, some friends

13    registered at Target and Babies "R" Us for their baby shower. I tried to use Target's online

14    registry to select a shower gift. I was unable to access the online registry using a screen reader

15    and, again, became so frustrated that I gave up. I selected a gift from the Babies "R" Us online

16    registry instead and my wife purchased it from the store.

17    14.      I declare under penalty of perjury under the laws of the United States of America that

18    the foregoing is true and correct.

19

20    Executed this 23rd day of May, 2007, at Baltimore, MD,

21

22                      DANIEL B. FRYE

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Daniel B. Frye in Support of Plaintiff's Motion for Class Certification**

2

EXHIBIT 11

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:     (510) 665-8511
TTY:           (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:     (415) 421-7100
Fax:           (415) 421-7105
TTY:           (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:           (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:     (315) 443-9703
Fax:           (315) 443-9725

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF RON HIDESHIMA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Ron Hideshima, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      I am submitting this declaration to explain how I use retailers' websites, and would like to use Target.com if it were accessible, to enhance my in-store shopping experiences.

3.      I am 45 years old.

4.      I have been legally blind since age 25.

5.      I reside in San Francisco, California.

6.      I am an access technology instructor at the Living Skills Center for the Visually Impaired.

7.      I have been shopping at Target for many years; and have shopped at multiple Target stores in the Bay Area.  I probably shop at a Target store twice per year.  I like Target because they have cheap prices but good products.

8.      The internet makes shopping much easier for me.  When I shop at retail stores I like to consult the store website, if it is accessible, before going.  I prefer to comparison shop online rather than in physical stores.  There is usually more information, and I can find it much faster than comparing in a store.  I buy some things online, but for larger purchases, I like to actually go to a store and check out the item.

9.      I regularly use Safeway.com, Albertsons.com, TigerDirect.com, TowerRecords.com, and Costco.com.

10.     I recently purchased a pocket radio.  I compared models using Circuit City's web page; and chose the best one for my needs.  I then went to Circuit City so that I could get a better look at that radio.  I wound up purchasing the radio from Circuit City's web page.

11.     My girlfriend, who is sighted, told me that Target.com featured the radio I wanted for $15 less than Circuit City.  I tried to locate the radio on Target's website, but was unable to find it because I could not navigate the webpage.  The page is very visual; it was clear that I could not get the same information as a sighted user could.  In fact, I thought I had found what I was

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Ron Hideshima in Support of Plaintiffs' Motion for Class Certification**

1

1  looking for, only to have a sighted colleague tell me it was a different product entirely.

2  12.    Had Target's web site been accessible, and if the radio was available for the cheaper

3  price, I would have gone to the Target store to try the radio, and would have purchased the radio

4  from Target.

5  13.    If Target.com were accessible, I would use it to find out about products in Target stores

6  before going to the stores.  This would allow me to shop at Target stores with better information,

7  making my trips more efficient and more independent.

8

9      I declare under penalty of perjury under the laws of the United States of America that the

10     foregoing is true and correct.

11

12     Executed this ____ day of May, 2007, at San Francisco, California.

13

14                                    RON HIDESHIMA

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Declaration of Ron Hideshima in Support of Plaintiffs' Motion for Class Certification

2

EXHIBIT 12

1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:    (510) 665-8644
   Facsimile:    (510) 665-8511
4  TTY:          (510) 665-8716

5  JOSHUA KONECKY (California Bar No. 182897)
   RACHEL BRILL (California Bar No. 233294)
6  SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
8  Telephone:    (415) 421-7100
   Fax:          (415) 421-7105
9  TTY:          (415) 421-1655

10 DANIEL F. GOLDSTEIN (*pro hac vice*)          PETER BLANCK (*pro hac vice*)
   BROWN, GOLDSTEIN & LEVY, LLP               900 S. Crouse Ave.
11 120 E. Baltimore St., Suite 1700           Crouse-Hinds Hall, Suite 300
12 Baltimore, MD 21202                        Syracuse, NY 13244-2130
   Telephone:    (410) 962-1030               Telephone:    (315) 443-9703
13 Fax:          (410) 385-0869               Fax:          (315) 443-9725

14

15                    **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17                       **SAN FRANCISCO DIVISION**

18

19 NATIONAL FEDERATION OF THE            Case No.:  C 06-01802 MHP
   BLIND, the NATIONAL FEDERATION OF
20 THE BLIND OF CALIFORNIA, on behalf of  **CLASS ACTION**
   their members, and Bruce F. Sexton, on behalf
21 of himself and all others similarly situated,  **DECLARATION OF JENNIFER
                                                 WENZEL IN SUPPORT OF PLAINTIFFS'
22                                               MOTION FOR CLASS CERTIFICATION**
                    Plaintiffs,
23
   v.
24
   TARGET CORPORATION,
25          Defendant.

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Jennifer Wenzel, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      My name is Jennifer Wenzel.

3.      I live in Janesville, Wisconsin.

4.      I am a part-time Braille proofreader and stay-at-home mother.

5.      I have been a member of the National Federation of the Blind since 1991.

6.      I am legally blind and use screen-reading software to access the Internet.

7.      I often consult the Internet before shopping in physical stores.  I visit store websites to find gift ideas, prices, sale information, and to pre-select products before going to the store to buy them.  The store websites I routinely visit include Wal-Mart, Kohls, Kitchen Collection, and Toys "R" Us.

8.      I have three children, ages seven, five, and two, and I work part time.  Visiting store websites before I shop significantly curbs the amount of time I would otherwise spend roaming the aisles with three kids who want to buy everything in sight.  Instead, I can easily hop online at home while the kids are playing or napping, select the items I want to buy, then go to the store to purchase them.

9.      I shop at Target at least once a week.  There is a Target store about two-and-a-half miles from my house.  It is easy to get there by bus.  My family and I use Target's pharmacy for all of our prescription medications.  I also shop there because it is the only store in the area that carries the cereal my children eat and Thomas the Train toys.  I like the quality of Target's products and shop there all the time for clothes and household items, as well.

10.      I have tried to use Target's website on more than one occasion, each time without success.  In 2005, I needed to buy a wedding gift for friends who registered at Target.  I went to the online registry to select a gift.  At the time, I had not decided whether I would order the gift online or pick it up from the store.  Although I typically pick up registry gifts from local stores

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Jennifer Wenzel in Support of Plaintiffs' Motion for Class Certification**                                                        1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1   when I can, these friends lived far away. I wanted to select a gift then look for shipping and size

2   information before making a decision. When I got to the website, I had trouble finding where to

3   enter the information required to access the registry. Once I managed to get into the registry, I

4   was unable to get any product descriptions, size or shipping information. I became extremely

5   frustrated. Ultimately, I realized I could not navigate the registry on my own and my husband,

6   who is sighted, took charge of getting the gift.

7   11.        Since then, I have had to buy presents for other friends and family who registered at

8   Target. When there is a choice of registries, I always buy a gift from a store with an accessible

9   online registry, such as Wal-Mart or Baby Depot. Although I would prefer to purchase the

10   registry gift from my local Target store, the frustration of using Target's website is not worth the

11   effort.

12   12.        On one occasion, Target was the only listed gift registry. Rather than deal with

13   Target's website, I waited until a friend was available to go to Target with me. When we arrived

14   at the Target store, my friend printed a copy of the registry from a kiosk and read me the list of

15   items and prices. Then, we went through the store to select a gift. This was a waste of time for

16   both of us.

17   13.        In addition to the online registry, I have tried to access Target's website to get portrait

18   coupons. My family and I go to Target to get our portraits taken. Earlier this year, when I was

19   thinking it was time for a new family portrait, I received an e-mail from Target's Portrait Studio

20   about current deals. The e-mail contained links to Target's website where you could print out

21   coupons and find more information about the offers, including a special deal for a portrait

22   packet. I wanted to know what the packet included and to read the coupons to learn about other

23   deals. When I clicked on the link, I was not able to locate any coupons or find any information

24   about the packet or other deals.

25   14.        The e-mail also provided a link to Target's website through which you could book a

26   portrait appointment. I tried several times to book an appointment through the website, but was

27   unable to enter in the information. So, I called Target to book the portrait appointment. When I

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*      2
Case No.: C 06-01802 MHP
**Declaration of Jennifer Wenzel in Support of Plaintiffs' Motion for Class Certification**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1   arrived at the store for the portrait, I brought a printout of the e-mail with me and asked a store

2   clerk to explain the deals and what the packet included.  I would have preferred to learn this

3   information from the website in advance and to have had the option of booking the appointment

4   online.

5   15.      I avoid using Target's website because of its inaccessibility and the frustration it has

6   caused me.  Nonetheless, I continue to shop at Target because I love the quality of the products,

7   prices, services, and location.  However, I waste excessive amounts of time relying upon

8   customer service personnel to explain information I could otherwise know in advance, as I do

9   when shopping at other stores, and that sighted Target patrons can enjoy.

10  16.      If Target's website were accessible I would use it all the time.  I would use the

11  website to find sale information, coupons, and deals; to book portrait appointments; to select toys

12  before going through the toy aisle; to aid in gift selection; and to find other specific products in

13  advance, like school supplies.

14  17.      I declare under penalty of perjury under the laws of the United States of America that

15  the foregoing is true and correct.

16

17       Executed this ____ day of May, 2007, at Janesville, Wisconsin,

18

19                                           _____
                                             JENNIFER WENZEL

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*                               3
**Case No.:  C 06-01802 MHP**
**Declaration of Jennifer Wenzel in Support of Plaintiffs' Motion for Class Certification**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1  arrived at the store for the portrait, I brought a printout of the e-mail with me and asked a store

2  clerk to explain the deals and what the packet included. I would have preferred to learn this

3  information from the website in advance and to have had the option of booking the appointment

4  online.

5  15.    I avoid using Target's website because of its inaccessibility and the frustration it has

6  caused me. Nonetheless, I continue to shop at Target because I love the quality of the products,

7  prices, services, and location. However, I waste excessive amounts of time relying upon

8  customer service personnel to explain information I could otherwise know in advance, as I do

9  when shopping at other stores, and that sighted Target patrons can enjoy.

10 16.    If Target's website were accessible I would use it all the time. I would use the

11 website to find sale information, coupons, and deals; to book portrait appointments; to select toys

12 before going through the toy aisle; to aid in gift selection; and to find other specific products in

13 advance, like school supplies.

14 17.    I declare under penalty of perjury under the laws of the United States of America that

15 the foregoing is true and correct.

16

   Executed this _25_ day of May, 2007, at Janesville, Wisconsin,

17

18

19 
   JENNIFER WENZEL

20

21

22

23

24

25

26

27

28 *National Federation of the Blind, et al. v. Target Corporation, et al.*                                    3
   Case No.: C 06-01802 MHP
   Declaration of Jennifer Wenzel in Support of Plaintiffs' Motion for Class Certification

EXHIBIT 13

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:          (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF GARRICK SCOTT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

1  I, Garrick Scott, declare as follows:

2  1.        The facts in this declaration are based upon my personal knowledge.   If called to

3  testify, I could testify competently to the facts described in this declaration.

4  2.        My name is Garrick Scott.

5  3.        I live in Avondale Estates, Georgia.

6  4.        I am the outreach manager for Newsline Services.

7  5.        I have been a member of the National Federation of the Blind since _____.

8  6.        I am legally blind and use screen-access software to access the Internet.

9  7.        I often visit store websites to get information about products before I purchase them

10  from the store.  I browse store websites to find products I might want and learn about their

11  features and prices.  I also compare what one store has versus another.  When I decide what I

12  want to buy, I use the websites to find out whether the store has what I want in stock.  The store

13  websites I visit most often before in-store shopping are Best Buy and Wal-Mart.

14  8.        Although I am an avid internet user, I rarely make purchases online.  I prefer to buy

15  products from the physical store because I do not feel safe entering my credit card information

16  online.  I also tend to miss delivery times because I am at work and thus not available to sign for

17  the package.  Plus, I enjoy the outing.

18  9.        For me, going shopping takes careful planning and is rarely spontaneous.  I typically

19  rely on a public van to take me to the stores I want to go to.  To schedule the van, I have to book

20  my trip 24 hours in advance.  Once the van drops me off at the store, I do not always know when

21  it will be back to pick me up.  Sometimes, when it comes earlier than expected, I miss it and

22  have to wait.  To speed up my shopping and ensure that I do not miss the van or waste my time, I

23  select the products I know I want to buy from the store's website in advance and verify that the

24  store has the item in stock.

25  10.        There is a Target store about 15 minutes away from where I live.  I like Target

26  because its selection of products is different from what I often find available in other stores,

27  especially their clothing and small appliances, and Target offers good prices too.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*                        1
Case No.:  C 06-01802 MHP
**Declaration of Garrick Scott in Support of Plaintiffs' Motion for Class Certification**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

11.     I rarely shop at Target, however, because I cannot access its website to select what I want in advance.  Therefore, to shop at Target I have to have a friend or store clerk accompany me through the store to identify and describe each product I am interested in.  Not only is this time consuming, but because the store is usually very busy it is difficult to find a store clerk who has time to assist me.

12.     I have tried to access Target's website twice without success.  On one occasion, I tried to purchase a bike for my daughter.  Because my daughter and her mother live in another town, I wanted to purchase the bike online and have my daughter's mother pick up the item at her local Target store.  When I got onto Target's website, I was not able to find any bikes or access any product information.  The site was extremely difficult to navigate.  I became frustrated and went to Wal-Mart's website instead.  There, I quickly found the bike my daughter wanted, purchased it online, and arranged for in-store pickup by my daughter's mother.

13.     More recently, around Christmastime of 2006, I went to Target's website to look for a space heater.  A co-worker of mine had a space heater.  I was so impressed by its design and function that I asked him where he bought it.  He told me, "Target." I thought it would be the perfect Christmas gift for a friend of mine and went onto Target's website to find the current price and see if my local store had it in stock.  When I went to the website, there were tons of unlabeled graphics and no coherent information. I was not able to find out if my local Target sold space heaters at all, let alone the one I wanted.  Frustrated and disappointed, I tried Wal-Mart's website and easily found its selection of space heaters.  I picked one out, and purchased it from the physical store, even though it was not the one I really wanted.

14.     If Target's website were accessible I would use it to find product information and prices, select items I want to buy from the store, and find out whether my local Target store carries the item I want.  Because Target's website is not accessible, I do not shop at Target as frequently as I otherwise would.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Garrick Scott in Support of Plaintiffs' Motion for Class Certification**

2

1    I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct.

3

4    Executed this 23rd day of May, 2007, at Avondale Estates, Georgia,

5

6

7                                                        GARRICK SCOTT

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Declaration of Garrick Scott in Support of Plaintiffs' Motion for Class Certification

3

EXHIBIT 14

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:          (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>        Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF BRUCE SEXTON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Bruce Sexton, declare as follows:

1.     The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.     I have submitted three prior declarations in this case.  They are attached hereto as **Exhibits A, B, and C,** respectively.

3.     Though I do some shopping online, I still do a substantial amount of my shopping at physical stores.  One reason, among others, that I shop at physical stores is that there are some items that I want to physically touch to get a sense of the item's quality and accessibility before actually buying it.  I often use the product listings and descriptions on retail stores' websites in order to research products, compare prices, and make decisions about purchasing goods in the stores' physical locations.  Doing so allows me to save considerable time and money, and allows me to shop at physical stores more efficiently.

4.     For example, if I am looking for a particular item, I can go to several stores' websites and see what each store carries.  I can compare the prices and details of the options that each store carries and decide where to go to make a purchase.  This process allows me to figure out which store to buy at without physically going to every singe store.  This saves me time and money because I often need to take public transportation or hire someone to transport me to and from each store that I have to physically visit.  Also, if I decide after looking at the stores' websites that I don't want to buy the item at all (because of price or some other reason), this process can save me from making an unnecessary trip to any store.

5.     This process also saves me time in the store that I ultimately chose to shop at.  Because I know what I want when I walk in the store, I can just ask a store worker to help me locate the items that are on my shopping list that I bring to the store.  I don't have to worry about finding someone at the store to walk around the store with me and read price and other product information, because I have gotten that information on my own on the store's website.  Nor do I need to hire someone to help me shop, which can be necessary because store workers are often unable to adequately help me if I come to the store without a definitive list of the exact products

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Supplemental Declaration of Bruce Sexton in Support of Plaintiffs' Motion for Class Certification**

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1  that I want.  Thus, this process also saves me money in this way and allows me to shop more

2  independently.

3  6.       I have been a regular shopper at Target stores for many years.  I have tried to use

4  Target.com, in the same ways that I've used other stores' websites, to make shopping at Target

5  stores easier.  However, because the site has been largely inaccessible, I have been unable to use

6  Target.com for that purpose.  My difficulties trying to access Target.com are spelled out in more

7  detail in my previous declarations in this case.

8  7.       I have attempted to access the weekly advertisements on Target.com for goods and

9  services for sale at Target stores, but I have been unable to do so because they have been

10  inaccessible.  Those advertisements would likely come in handy for me because I am a regular

11  shopper at Target stores.

12

13       I declare under penalty of perjury under the laws of the United States of America that the

14  foregoing is true and correct.

15

16       Executed this  25  day of May, 2007, at Berkely, California.

17

18                                                                    BRUCE SEXTON

19

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Supplemental Declaration of Bruce Sexton in Support of Plaintiffs' Motion for Class Certification**

2

# EXHIBIT A

1  LAURENCE W. PARADIS (California Bar No. 122336)
   lparadis@dralegal.org
2  MAZEN M. BASRAWI (California Bar No. 235475)
   mbasrawi@dralegal.org
3  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
4  Berkeley, California 94704
   Telephone:    (510) 665-8644
5  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716
6
7  TODD M. SCHNEIDER (California Bar No. 158253)
   tschneider@schneiderwallace.com
   JOSHUA KONECKY (California Bar No. 182897)
8  jkonecky@schneiderwallace.com
   SCHNEIDER & WALLACE
9  180 Montgomery Street, Suite 2000
   San Francisco, CA  94104
10 Telephone:    (415) 421-7100
   Fax:          (415) 421-7105
11 TTY:          (415) 421-1655
12 DANIEL F. GOLDSTEIN (pro hac vice)
   dfg@browngold.com
13 BROWN, GOLDSTEIN & LEVY, LLP
   120 E. Baltimore St., Suite 1700
14 Baltimore, MD 21202
   Telephone:    (410) 962-1030
15 Fax:          (410) 385-0869

16

**UNITED STATES DISTRICT COURT**

17

**NORTHERN DISTRICT OF CALIFORNIA**

18

**SAN FRANCISCO DIVISION**

19

| | |
|---|---|
| 20  NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, | Case No.:  C 06-01802 MHP |
| 21 | **CLASS ACTION** |
| 22 | **DECLARATION OF BRUCE F. SEXTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |
| 23         Plaintiffs, | |
| 24  v. | Hearing Date: June 12, 2006 |
| 25  TARGET CORPORATION, | Time:          2:00 p.m. |
| 26         Defendant. | Judge:         The Honorable Marilyn Hall Patel |

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

Case 3:06-cv-01802-MHP    Document 20    Filed 05/08/2006    Page 2 of 5

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

I, Bruce F. Sexton, Jr., declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

### Background

2.      I have been legally blind since birth due to a genetic condition.

3.      I was born on November 25, 1981.

4.      I am a student at the University of California - Berkeley and I have been enrolled there since the Fall of 2005.

5.      I have resided at 2415 Dwight Way, Berkeley, California 94704, in the County of Alameda since August 2005.

6.      I understand that this case has been filed as a class action, and that I represent a class consisting of blind and vision-impaired individuals who have been denied access to the services and accommodations associated with the website of Target Corporation, http://www.target.com.

7.      I have been a member of the National Federation of the Blind since 1996.

8.      I have been a member of the National Federation of the Blind of California since 1996.

9.      I have served on the board of the California Association of Blind Students (CABS), a division of the National Federation of the Blind of California, since 2002.  I have served as the President of CABS since October 2005.

10.      Since 2002, I have attended bi-annual seminars sponsored by CABS in Northern and Southern California that host around sixty (60) other blind students.

11.      Through my CABS board membership and presidency, I have regular contact with other blind students and have many opportunities to discuss with them the leading issues and concerns of blind students in California.

### Internet Use

12.      I have used a computer since I was 10 years old.

13.      I have used the screen reading software "JAWS" to access computers and, especially, the internet since I was 18 years old.

---

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

Case 3:06-cv-01802-MHP    Document 20    Filed 05/08/2006    Page 3 of 5

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

14.     I use the internet every day for between three (3) and six (6) hours. I use the internet for a variety of functions and activities in my daily life, including:  banking; search engines to find information, products and services; online stores to make purchases of consumer goods from my home; research for school; and e-mail and instant messaging.

15.     I periodically shop online at various websites to purchase myriad consumer goods, including electronics, tools, towels, bedding, and other household items.

16.     I often use the product listings and descriptions on retail stores' websites in order to research products, compare prices, and make decisions about purchasing goods in the stores' physical locations.

17.     Generally, I only navigate to sites that I know to be accessible through prior experience online.  When I come upon a site that is inaccessible to me through my screen reader, I become discouraged from even attempting to access that site in the future.

18.     It is important to me to be able to do things in daily life on my own, without the assistance of any other individual.  Using my screen reader to access the internet has significantly improved my own view of my independence to conduct personal business and schoolwork without the help of others.

### Experience with Target Retail Stores

19.     I have shopped at Target stores for several years by myself and with members of my family.

20.     When I shop at Target's physical locations, I almost always have to travel to the store with someone else in order to navigate the store and find the products I want.

21.     I have shopped at Target for several years with my mother, who is also blind and who has a Target-sponsored credit card.

22.     When I go to Target, with or without a companion to help me shop in the store, I must hire a driver to take me to the physical location.

23.     In order to visit a Target retail store, I must coordinate the schedules of myself, a companion, and a driver to make an appointment.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction

2

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

24.    In addition, I need either the driver or another companion to assist me in browsing the aisles of the store.

25.    The cost of a driver for an average outing to Target, which lasts around three (3) hours, is thirty to forty dollars ($30-$40).

26.    I know many people my age and at my university that shop at Target stores.

27.    Target is a popular retail location for college students because they have a big selection of quality products at affordable prices.

### Harms Experienced Because of the Inaccessibility of Target.com

28.    I would like to shop at Target.com because having to hire a driver and find someone to travel to the physical retail location with me necessitates a significant expense of time, energy, and money.

29.    I have attempted on numerous occasions to access Target.com with my screen reader.

30.    I have found it extremely difficult, and at times impossible, to browse for products on Target.com using my screen reader if I do not have a specific item in mind.

31.    Upon accessing Target.com on several occasions, I have become frustrated with inexplicable code and garbled text that has prevented me from continuing to navigate through the site.

32.    I have been told that there are many useful store-related features on the Target.com website, including weekly advertisements, which I would like to use.  When I attempted to access the weekly ads, I was unable to do so because the web page is inaccessible.

33.    In the summer of 2005, I attempted to purchase towels in preparation for moving into my dorm room the following fall.  I searched Target.com for "towels" and found several items.  However, the numerous results were not matched with the different product descriptions.  Because of this situation, I could not determine which product I wanted to purchase.  I became so frustrated that I did not continue to the point where I could even attempt to complete a transaction on Target.com.  I then hired a driver and coordinated my time with both the driver and a companion to go to the store to select my items.  Even though I could not complete the transaction online, I purchased the towels I needed along with laundry soap, hand soap, Kleenex

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

3

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1  tissue, toilet paper, shampoo, conditioner, toothpaste, and other items at one of Target's physical

2  locations.

3  34.  Since the summer of 2005, I have attempted on several occasions to shop at Target.com

4  but I have always been frustrated to find the same or similar problems as described in ¶31-32.

5  35.  I have found the entire process of attempting to access Target.com to be extremely

6  frustrating and aggravating.

7  36.  I have spent time on Target.com frustrated with my own inability to understand what my

8  screen reader is trying to interpret.  As a result I have wondered whether the problems with the

9  site reflected, in fact, my own inability to correctly utilize the screen reading software on the site.

10  37.  Not being able to access Target.com's marketplace with my screen reader, which allows

11  me to access a great amount of information and to participate in online activities on accessible

12  websites, makes me feel as though I am being blocked from participating fully and

13  independently in society.

14

15  I declare under penalty of perjury under the laws of the State of California that the

16  forgoing is true and correct.

17  Executed this April day of __12__, 2006, at Berkeley, California.

18

19

20

21  BRUCE F. SEXTON, JR.

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction**

4

# EXHIBIT B

LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
MAZEN M. BASRAWI (California Bar No. 235475)
mbasrawi@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:     (510) 665-8511
TTY:           (510) 665-8716

TODD M. SCHNEIDER (California Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:     (415) 421-7100
Fax:           (415) 421-7105
TTY:           (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:           (410) 385-0869

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendants. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**REPLY DECLARATION OF BRUCE F. SEXTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

1  I, Bruce F. Sexton, Jr., declare as follows:

2  1.    The facts in this declaration are based upon my personal knowledge. If called to testify, I

3  could testify competently to the facts described in this declaration.

4  **Experience Calling Target.com's 1-800 Number**

5  2.    I understand that Target is suggesting that blind customers can use an 800 number

6  when they encounter difficulty using Target.com. On or about Thursday, June 22, 2006, at

7  approximately 1:00 am, I attempted to make a purchase using Target.com's 1-800 number. I

8  found this phone service difficult to use and it did not enable me to browse as independently,

9  easily or freely as I would like to be able on Target.com. I believe that Target.com's 1-800

10  number is not an adequate substitute for the independence offered by shopping on an internet

11  site which is fully and equally accessible.

12  3.    During my previous visits to Target.com, I did not even know that there was an 800

13  number to call for help. This number certainly was not prominently presented in any way to me

14  as a blind visitor to Target.com. For the purposes of my June 22, 2006 phone call, I was given

15  the number by my counsel in this litigation.

16  4.    Since I was speaking on the phone with someone else, I could not multi-task the way that

17  I would be able if I were using the internet. For example, I couldn't comfortably answer the door,

18  answer the phone, check email, or send instant messages.

19  5.    I was unable to browse through products by calling Target.com's 1-800 number as I

20  would be able if I had full and equal access to Target.com. As a result, I was never made aware

21  of many features available on Target.com, like the weekly specials. Instead, I was asked to be

22  more specific about what I was looking for and was told that they couldn't help me look around

23  for different products.

24  6.    At one point, the operator suggested that I should go online and look at the products for

25  myself. I had to explain that I was blind, which made me feel like less of a person because I

26  couldn't use Target.com like most other people would. Later, it was suggested that if I wanted to

27  browse for products, I should go to the library to use the internet with a sighted friend to assist

28  me.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Reply Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

7.       I could not go through the links at my own pace, but was hurried along throughout the process. Also, I was told that they could only spend a certain amount of time with me because the lines were getting busy, and that I would have to put a limit on the number of items I was purchasing at that time. As a result, I felt bad because I felt like I was wasting the operator's time. I also felt like if I were browsing through a certain category of items such as electronics, I felt obligated to purchase an item regardless of whether I had found something that I wanted, because I got the sense that the operator felt like his time was being wasted. Otherwise, if I were browsing for products online, I could freely look at different categories of products without feeling obligated to make a purchase after browsing.

8.       For these reasons, I believe that Target.com's 1-800 number is a vastly inferior substitute for full and equal access to Target.com.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed this July, day of _10_, 2006, at Berkeley, California.

BRUCE F. SEXTON, JR.

\\server\Cases\NFB.Target\Pleadings\prelim_injunc_motion\declarations\sexton_reply_decl_draft1.doc

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Reply Declaration of Bruce F. Sexton in support of Plaintiffs' Motion for Preliminary Injunction

# EXHIBIT C

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:      (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:      (415) 421-7100
Fax:            (415) 421-7105
TTY:            (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:      (410) 962-1030
Fax:            (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:      (315) 443-9703
Fax:            (315) 443-9725

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members and all others similarly situated, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION<br><br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF BRUCE F. SEXTON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Hearing Date: April 16, 2007<br>Time: 2:00 PM<br>Judge: The Hon. Marilyn Hall Patel |

*National Federation of the Blind, et al. v. Target Corporation.*
Case No.:  C 06-01802 MHP
Declaration of Bruce F. Sexton in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment 1

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

I, Bruce F. Sexton, Jr., declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

2.      As I stated in an earlier declaration in this case, I often use the product listings and descriptions on retail stores' websites in order to research products, compare prices, and make decisions about purchasing goods in the stores' physical locations.  As I also stated in an earlier declaration in this case, I have shopped at Target's retail stores for several years.  On numerous occasions, I have attempted to access Target.com to research products that are available at Target's retail stores, compare the prices of goods at Target's retail stores with the prices of Target's competitors, and to make decisions about purchasing goods at Target's retail stores. However, because of various accessibility barriers on Target.com, I have not been able to use Target.com for these purposes.

3.      My primary goal in this case has been to ensure that Target.com becomes and remains fully and equally accessible to people who are blind and visually impaired.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed this 2 0 day of March, 2007, at Berkeley, California.

BRUCE F. SEXTON, JR.

National Federation of the Blind, et al. v. Target Corporation, et al.
Case No.: C 06-01802 MHP
Declaration of Bruce F. Sexton in Support of Plaintiffs' Opposition to Defendant's Motion for Summary Judgment

1

EXHIBIT 15

LAURENCE W. PARADIS (California Bar No. 122336)
ROGER N. HELLER (California Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:    (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
RACHEL BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:    (415) 421-7105
TTY:    (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:    (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:    (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF TERRI UTTERMOHLEN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    I, Terri Uttermohlen, declare as follows:

2    1.    The facts in this declaration are based upon my personal knowledge.   If called to testify,

3    I could testify competently to the facts described in this declaration.

4    2.    Attached hereto as **Exhibit A** is a true and correct copy of my earlier declaration in this

5    case. I am submitting this supplemental declaration to explain how I use retailers' websites, and

6    would like to use Target.com if it were accessible, to enhance my in-store shopping experiences.

7    3.    I am 46 years old.

8    4.    I have been legally blind since 1975 and totally blind since 1983.

9    5.    I reside in Baltimore, Maryland.

10    6.    I have been a member of the National Federation of the Blind since 1996.

11    7.    I have been shopping at Target stores for many years.  The primary store that I visit is

12    about 10 miles from where I live, in the Baltimore area.  Though getting to and from the store

13    can be somewhat of a hassle, I still regularly visit Target stores.  Historically, I have visited

14    Target stores approximately five or six times per year.  In the past year, I have visited Target

15    stores approximately three or four times.

16    8.    For many reasons, I still regularly shop at physical stores for everyday items and "big

17    ticket" items.  For "big ticket" items in particular, I usually want to be able to touch a product

18    and make sure that it is accessible to me before I make a final decision to buy.

19    9.    I regularly use retailers' websites, if they are accessible, to get information about the

20    products that are available at their physical stores.  Doing this research benefits me in at least two

21    ways.  First, it helps me know whether or not it makes sense to even visit a particular store.  For

22    example, if I search a store's website, and they don't have the product that I'm looking for, I

23    won't bother to go to the store.  This is particularly helpful for me because of the time and

24    expense that are required for me to get to a store.  Second, if I determine based on my research

25    on a store's website that there are products that I want to buy at that store, I can do my shopping

26    at that store much more efficiently because I will know exactly what I want before I even walk in

27    the door.  This is particularly helpful for me because I often need to ask for help in stores.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Supplemental Declaration of Terri Uttermohlen in Support of Plaintiffs' Motion for Class Certification

1

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    Simply telling a store employee the exact product that I want takes a lot less time than even

2    finding someone that is able help me shop, not to mention the time it would actually take for me

3    to shop with assistance.

4    10.    For example, recently I was looking to buy some fabric. I looked online to compare

5    availability and prices. I went to Walmart.com and found that Walmart stores carried a fabric

6    that I was interested in. I also looked up directions for the closest Walmart store on

7    Walmart.com. I went into to the Walmart store and bought the fabric.

8    11.    I recently was looking to buy a new brief case for my husband. I went to the website for

9    Howard Luggage, which is a local luggage store in the Baltimore area. I was able to find on the

10   website a great brief case that they carried in the store. I went to the store shortly thereafter and

11   bought that brief case.

12   12.    A couple of years ago, I wanted to buy a grill. I looked on the websites of Sears and

13   several other retailers to see what grills they sold at their stores and to get information about the

14   grills they sold at their stores. After deciding that the grill I wanted was carried by Sears, I went

15   down to the local Sears store to examine what they had advertised on their website.

16   13.    I am currently in the process of shopping for a new couch. I have looked at several

17   retailers' websites to see what they carry, and have started to visit the stores which carry couches

18   that I am interested in to check out the couches in person. I plan to ultimately buy a couch at one

19   of these stores. There are stores that I determined I do not need to even visit because I learned

20   from their websites that they do not carry any couches that I am interested in.

21   14.    I have tried to access Target.com on numerous occasions, but have found it difficult, and

22   at times impossible, to access product information and other information and features on the

23   website. My experiences trying to access Target.com are described in my previous declaration in

24   this case.

25   15.    If Target.com were accessible, I would use Target.com to see what products are available

26   at Target stores and at what prices, and, in doing so, would be able to shop Target stores more

27   efficiently and effectively. I would also visit Target more often because I would know it was

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Supplemental Declaration of Terri Uttermohlen in Support of Plaintiffs' Motion for Class Certification

2

1  worth a trip.  In past visits to Target stores, I have had difficulty finding a customer service

2  representative who is knowledgeable and has the time to help me shop.  If I could use

3  Target.com to see information about the products available at Target before going to the store, I

4  could save much of this time and have a more efficient shopping experience.

5

6          I declare under penalty of perjury under the laws of the United States of America that the

7  foregoing is true and correct.

8

9  Executed this 2 2 day of May, 2007, at Baltimore, Maryland.

10

11                                                    TERRI UTTERMOHLEN

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
Supplemental Declaration of Terri Uttermohlen in Support of Plaintiffs' Motion for Class Certification

3

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704-1204
510.665.8644

# EXHIBIT A

LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
MAZEN M. BASRAWI (California Bar No. 235475)
mbasrawi@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:          (510) 665-8716

TODD M. SCHNEIDER (California Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone:    (415) 421-7100
Fax:          (415) 421-7105
TTY:          (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:          (410) 385-0869

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant. | Case No.:  C 06-01802 MHP <br><br> **CLASS ACTION** <br><br> **DECLARATION OF TERRI UTTERMOHLEN IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** <br><br> Hearing Date: June 12, 2006 <br> Time:          2:00 p.m. <br> Judge:         The Honorable Marilyn Hall Patel |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    I, Terri Uttermohlen, declare as follows:

2    1.      The facts in this declaration are based upon my personal knowledge.   If called to testify,

3    I could testify competently to the facts described in this declaration.

**Background**

5    2.      I am 45 years old.

6    3.      I have been legally blind since 1975 and totally blind since 1983.

7    4.      I reside in Baltimore, Maryland.

8    5.      I have been a member of the National Federation of the Blind since 1996.

**Internet Use**

10    6.      I have used a computer since 1989.

11    7.      I have used the screen reading software "JAWS" to access computers and, especially, the

12    internet for nine years.  Before that, I used different screen access software.

13    8.      I use the internet every day for a variety of functions and activities in my daily life,

14    including: email, technical research, information gathering, shopping for groceries and pharmacy

15    products, pet food, travel planning, airline tickets, airline check-in, and consumer research.

16    9.      I consider myself a fairly sophisticated user of computers and the internet.

17    10.     I also utilize the internet for work.  I provide training and technical assistance on federal

18    disability programs.  I must research work-related questions frequently on the internet.

19    11.     I often shop online rather than go to a physical store because I find it significantly easier

20    to do so.  Particularly for items like groceries, shopping online allows me to read product

21    information like labels that I would not be able to read in a store without assistance.  Because my

22    husband is also blind, shopping online saves us the cost of using taxis to get to and from the

23    store, as well as saving us time and energy.

24    12.     Using my screen reader to access the internet has significantly improved my own view of

25    my independence to conduct personal business without the help of others.

**Experience with Target Retail Stores**

27    13.     I have shopped at a Target store that is about 10 miles from my home.

28

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Terri Uttermohlen in support of Plaintiffs' Motion for Preliminary Injunction**

1

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

14.    For me, shopping at Target's physical location near my home requires finding a friend to drive me there or paying for a taxi, which generally costs about $25 to that location. When there, I need assistance from a friend, or a Target employee, to find what I need.

### Harms Experienced Because of the Inaccessibility of Target.com

15.    I would like to shop at Target.com because traveling to the physical retail location necessitates a significant expense of time, energy, and money. It also means that I must depend on others to provide direction and product information. Unlike my experience in the store, I can access price, color, and other product information autonomously from accessible websites.

16.    I have attempted unsuccessfully on numerous occasions to access Target.com with my screen reader.

17.    I often come to Target.com through searches I conduct on Google.com when looking for products I wish to purchase. I would like to use the information on Target.com in order to compare prices and product information with other information I find on different sites.

18.    Most recently, I searched on Google.com for places to purchase a grill, grilling tools, and gloves for my husband. When I completed this search, pages on Target.com were popular search results. However, I found it impossible both to read product descriptions and to complete any purchase on Target.com.

19.    I have found it extremely difficult, and at times impossible, to browse for products on Target.com using my screen reader. I have avoided the site because of the poorly labeled graphics and the site's inaccessibility.

20.    Upon accessing Target.com on several occasions, I have become frustrated with inexplicable code and garbled text that has prevented me from continuing to navigate through the site, and I have never navigated past the home page except on the occasions I found a direct link through Google.com. When I get there, I back out as soon as I realize that I won't be able to access the site successfully. Even though Target may have good prices, or good products, I am barred from purchasing from them online.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Terri Uttermohlen in support of Plaintiffs' Motion for Preliminary Injunction**

2

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

21.    I have been told that there are many useful store-related features on the Target.com website, including weekly advertisements, an online pharmacy, and photo printing, which I would like to use.

22.    I have found the entire process of attempting to access Target.com to be extremely frustrating and aggravating.

23.    If Target.com were an accessible website I would frequently visit the website and make purchases at the website.  I prefer Target to many other discount stores because of the quality of the products they carry.

24.    My inability to use Target.com either causes me to lose the option of shopping at Target, or forces me to rely on others.  I would shop there much more frequently if Target were accessible online.

I declare under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Executed this April day of _27_, 2006, at Baltimore, Maryland.

_____
TERRI UTTERMOHLEN

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Terri Uttermohlen in support of Plaintiffs' Motion for Preliminary Injunction**

3

EXHIBIT 16

1   LAURENCE W. PARADIS (California Bar No. 122336)
    ROGER N. HELLER (California Bar No. 215348)
2   DISABILITY RIGHTS ADVOCATES
    2001 Center Street, Third Floor
3   Berkeley, California 94704
    Telephone:     (510) 665-8644
    Facsimile:     (510) 665-8511
4   TTY:           (510) 665-8716

5   JOSHUA KONECKY (California Bar No. 182897)
    RACHEL BRILL (California Bar No. 233294)
6   SCHNEIDER & WALLACE
    180 Montgomery Street, Suite 2000
7   San Francisco, CA  94104
    Telephone:    (415) 421-7100
8   Fax:          (415) 421-7105
    TTY:          (415) 421-1655
9

10  DANIEL F. GOLDSTEIN (*pro hac vice*)      PETER BLANCK (*pro hac vice*)
    BROWN, GOLDSTEIN & LEVY, LLP              900 S. Crouse Ave.
11  120 E. Baltimore St., Suite 1700         Crouse-Hinds Hall, Suite 300
    Baltimore, MD 21202                      Syracuse, NY 13244-2130
12  Telephone:    (410) 962-1030             Telephone:    (315) 443-9703
    Fax:          (410) 385-0869             Fax:          (315) 443-9725
13

14

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>          Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL DECLARATION OF ANIL LEWIS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Anil Lewis, do hereby declare that:

1.      I am over eighteen years of age and am competent to make this Declaration.

2.      I reside in Atlanta, Georgia.

3.      I have previously executed a declaration in this case, a true and correct copy of which is attached hereto as Exhibit A.

4.      I often use the internet in connection with in-store shopping.  Before I go to a store, I want to know what kind of selection is there, have compared prices and products and, of course, to find out if an item is in stock.  If a product is more complicated, I also want to get specifications; for example, if I am replacing a printer cartridge, I want to know how many sheets I can expect to use it for.  For many items, the wait for shipping and the expense make it preferable to buy the items in person.  Moreover, there are some items I cannot be certain I want until I go to the store and inspect them personally.

5.      Among the web sites that I visit before I go shopping are Sharper Image, Staples, Office Depot, Best Buy and Barnes and Nobles.  Usually I print out the items I want so that I can then give them to a sales clerk in the store.  This saves me money as it cuts down on the amount of time a driver is waiting for me to complete my shopping.  In addition, clerks have commented when they see a sheet that they did not know the store carried the item in question.

6.      I often go to the Edgewood Shopping Center which is a 15-20 minute cab ride, or about $12 to $15 fare, one way.  At that shopping center, there is a Best Buy, an Office Depot, a Barnes and Nobles, and a Target store.  Because Target alone does not allow me to find and select items online before I shop, I rarely buy anything at Target, and buy my items instead at the above-stores, even though I know that Target carries many of the

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.:  C 06-01802 MHP**
**Supplemental Declaration of Anil Lewis in Support of Plaintiffs' Motion for Class Certification**

1

things I buy in those other stores and may have better selection and prices.  I was in Target recently because a friend wanted something from there, but I contented myself with buying popcorn.

7.       If Target's gift registries were accessible, I would definitely use them before picking up the item, because I am not a good gift picker-outer and prefer to buy something for people that they have said they wanted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of May, 2007, at Atlanta, Ga.

_____
ANIL LEWIS

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Supplemental Declaration of Anil Lewis in Support of Plaintiffs' Motion for Class Certification**

2

1    things I buy in those other stores and may have better selection and prices. I was in

2    Target recently because a friend wanted something from there, but I contented myself

3    with buying popcorn.

4        If Target's gift registries were accessible, I would definitely use them before

5    picking up the item, because I am not a good gift picker-outer and prefer to buy

6    something for people that they have said they wanted.

7        I declare under penalty of perjury that the foregoing is true and correct.

8        Executed this         day of May, 2007, at Atlanta, Ga.

9

10

11                                                                ANIL LEWIS

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   *National Federation of the Blind, et al. v. Target Corporation, et al.*
     Case No.: C 06-01802 MHP
     Declaration of Anil Lewis in Support of Plaintiffs' Motion for Class Certification

# EXHIBIT A

LAURENCE W. PARADIS (California Bar No. 122336)
lparadis@dralegal.org
ROGER HELLER (California Bar No. 215348)
rheller@dralegal.org
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:    (510) 665-8644
Facsimile:    (510) 665-8511
TTY:           (510) 665-8716

TODD M. SCHNEIDER (California Bar No. 158253)
tschneider@schneiderwallace.com
JOSHUA KONECKY (California Bar No. 182897)
jkonecky@schneiderwallace.com
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:    (415) 421-7100
Fax:           (415) 421-7105
TTY:           (415) 421-1655

DANIEL F. GOLDSTEIN (*pro hac vice*)
dfg@browngold.com
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:    (410) 962-1030
Fax:           (410) 385-0869

PETER BLANCK (*pro hac vice*)
900 S. Crouse Avenue
Crouse-Hinds, Suite 300
Syracuse, NY 13244-2130
Telephone:    (315) 443-9703
Fax:           (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**DECLARATION OF ANIL LEWIS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Anil Lewis, declare as follows:

1.      The facts in this declaration are based upon my personal knowledge.   If called to testify, I could testify competently to the facts described in this declaration.

### Background

2.      My name is Anil Lewis, and I was born June 4, 1964.

3.      I have been legally blind since 1989 due to retinitis pigmentosa.

4.      My primary residence is in Atlanta, Georgia.

5.      I am director of the Visionary Center, an advocacy training organization for blind people.

6.      I have been a member of the National Federation of the Blind since 1992. I have been president of the National Federation of the Blind of Georgia since 2002. I also serve on the NFB national board.

### Computer and Internet Use

7.      I am a proficient computer user. I have used computers since I was in high school in 1978. I received my bachelor's degree in Business Administration with an emphasis in Computer Information Systems. I have also taught computer assistive technologies to the blind at the Center for the Visually Impaired.

8.      I have used the Internet since 1991. I use the Internet in order to manage my finances with online banking, shop, conduct research, send and receive e-mail, and read the news, among other tasks.

9.      I have used JAWS screen-reading software since 1990. Screen-reading software is the primary reason that I remain in my profession. It gives me the ability to perform a wide variety of functions confidently and independently. Moreover, it allows me to thrive in educational environments. I used this software while I received my bachelor's degree and while I earned my master's degree in Public Administration.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Anil Lewis in Support of Plaintiff's Motion for Class Certification

1

10.     When web sites are properly coded, I can use them. I regularly use the web pages of the National Federation of the Blind, Google, Bank of America, Georgia State University, and Zifty, a personal shopping service. When compared to the accessibility of other web pages I use, Target.com is very poor since I cannot fulfill the primary function of purchasing goods.

### Experience with Target Retail Stores

11.     My family, friends, and I use Target stores. I like Target Retail Stores because I see these them as a broad shopping "one-stop-shops." I like Target products because I believe they are good quality and affordable.

12.     It is inconvenient for me to travel to a physical Target store. It costs a minimum of thirty dollars to hire a driver to make the round-trip journey. If I need a limited number of items and ask the driver to wait, the meter continues to run and the cost is even greater.

### Harms Experienced Because of the Inaccessibility of Target.com

13.     I prefer to shop online because shopping in a physical store involves many challenges. As a blind person, I find traveling to the store and using customer service to help me navigate the store inconvenient. Using a driver can be expensive and time consuming. Customer service personnel often do not like to read aloud the details of each product that interests me.

14.     At the same time, there are instances when I cannot afford to wait for the product to be delivered. At these moments, I need to be educated about what is available in physical stores so that I can go to there and give the customer service attendant the title and description of what I want in order to purchase this item quickly and efficiently. For example, in September 2006, I wanted to buy a robot for my son from the Sharper Image for his birthday. By searching for the item beforehand online, I was able to be more clear and efficient when I visited the physical store. If Target.com was more accessible to me, I believe my experience at physical Target stores would be greatly improved in a similar way. As such, if Target.com were easily accessible, I would definitely use it in connection with my future visits to Target's retail stores.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Anil Lewis in Support of Plaintiff's Motion for Class Certification

2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

15. I would like to shop at Target.com to make use of the site's sales.

16. I attempted to use Target.com twice on December 14, 2006. I was focused on purchasing a single product, and I spent forty five minutes attempting to purchase it.

17. During this attempt, I sought to purchase the Chronicles of Narnia, a four disc DVD set, for my son for Christmas. It is difficult for me to be a blind parent of a sighted child, especially since I am on a fixed income. I wanted to make sure my son had a Christmas that he would enjoy. I knew that this purchase would help me provide my son the enjoyment I wanted to provide him during the holidays. Through a television commercial, I knew this product was on sale at Target, and I found out that this sale also extended to Target.com by word of mouth.

18. Forms where I was expected to provide personal data were unaccompanied by labels indicating the type of information needed.

19. Target.com did not use headings so that I could skim the contents of its web pages. The subheadings on each page I visited were not labeled as such. As a result, I would often confuse web page text with these headings, and I was unable to navigate the page efficiently. I would liken my use of Target.com to a sighted person attempting to use a phone book with names that are not listed in alphabetical order. Since the site was functionally inaccessible in this way, I decided to use the search function to find the Chronicles of Narnia.

20. I was unable to use the Continue to Checkout button. I unsuccessfully clicked on this button with three different methods. I used the space bar, enter key, and the JAWS cursor in attempts to use the button. After each attempt, I was brought back to the same page.

21. Given my desire to give my son an ideal Christmas, Target.com made me feel extremely angry, frustrated, and upset.

22. Target's web site did not treat me the same as it treated a sighted individual.

23. Lack of access to Target.com compromised my independence.

24. It is my hope that Target will make and keep its website fully and easily accessible for the blind so that I can shop the website just as sighted people do.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Declaration of Anil Lewis in Support of Plaintiff's Motion for Class Certification**

3

1    I declare under penalty of perjury under the laws of the United States of America that the

2    forgoing is true and correct.

3

4    Executed this January day of 19, 2007, at Atlanta, Georgia.

5

6                                    ANIL LEWIS

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA, 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Anil Lewis in Support of Plaintiff's Motion for Class Certification

4

EXHIBIT 17

1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:    (510) 665-8644
4  Facsimile:    (510) 665-8511
   TTY:          (510) 665-8716

5  JOSHUA KONECKY (California Bar No. 182897)
   RACHEL BRILL (California Bar No. 233294)
6  SCHNEIDER & WALLACE
   180 Montgomery Street, Suite 2000
7  San Francisco, CA 94104
   Telephone:    (415) 421-7100
8  Fax:          (415) 421-7105
   TTY:          (415) 421-1655
9

10  DANIEL F. GOLDSTEIN (*pro hac vice*)          PETER BLANCK (*pro hac vice*)
    BROWN, GOLDSTEIN & LEVY, LLP                 900 S. Crouse Ave.
11  120 E. Baltimore St., Suite 1700            Crouse-Hinds Hall, Suite 300
    Baltimore, MD 21202                         Syracuse, NY 13244-2130
12  Telephone:    (410) 962-1030               Telephone:    (315) 443-9703
    Fax:          (410) 385-0869               Fax:          (315) 443-9725
13

14

15                    UNITED STATES DISTRICT COURT

16                   NORTHERN DISTRICT OF CALIFORNIA

17                      SAN FRANCISCO DIVISION

18
    NATIONAL FEDERATION OF THE              Case No.:  C 06-01802 MHP
19  BLIND, the NATIONAL FEDERATION OF
    THE BLIND OF CALIFORNIA, on behalf of   **CLASS ACTION**
20  their members, and Bruce F. Sexton, on behalf
    of himself and all others similarly situated,   **DECLARATION OF CARLOS SERVAN**
21                                          **IN SUPPORT OF PLAINTIFFS' MOTION**
                                            **FOR CLASS CERTIFICATION**
22
                    Plaintiffs,
23
    v.
24
    TARGET CORPORATION,
25              Defendant.

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

I, Carlos Servan, do hereby declare that:

1.     I am over eighteen years of age and am competent to make this Declaration.

2.     I reside in Lincoln, Nebraska.

3.     I am the Deputy Director of the Nebraska Commission for the Blind and Visually Impaired.

4.     I have been a member of the National Federation of the Blind since 1989.

5.     I am legally blind.

6.     Because I am blind, I use screen-reading software to independently access the internet.

7.     I often use the internet in connection with in-store shopping. At least once a month, I visit websites for stores such as Wal-Mart. I use these websites to find a selection of products I am interested in purchasing and to compare prices. Usually, I am buying presents for my wife, my children and other family members, clothing and presents for birthday parties for my children's friends. I also use the internet to access gift registries, but with all of these things, I tend to buy the items at the stores themselves rather than order on the internet, because I often leave such purchases to the last minute when it is too late to have them shipped.

8.     Before NFB filed its lawsuit against Target I had tried to use target.com but could not navigate the site at all.

9.     There are two Target stores in Lincoln and the Target store at North 48th Street is considerably more convenient to me than Wal-Mart. Nonetheless, because the Wal-Mart website is easily accessible and I can find out whether Wal-Mart has a product I want at a

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Declaration of Carlos Servan in Support of Plaintiffs' Motion for Class Certification

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

1    price I will pay, I will research the item on Wal-Mart's web site and then pay a driver to

2    take me to Wal-Mart.

3    10.    As a blind shopper, looking up product information on a store's website prior to

4    shopping at the store is critical to my independence. If I have not selected the item in

5    advance, the driver is not going to know exactly what I am looking for and I lose both

6    independence and efficacy. And, the more time I have to spend in the store, the more I

7    have to pay my driver.

8

9    11.    My wife is sighted and Target is her favorite store. I accompany her there about

10   every two months. If target.com were accessible, I would do more of my shopping there

11   as well, especially on those occasions where we shop together. Moreover, it is my

12   understanding that target.com offers coupons that are redeemable at the store and the

13   ability to order photos online for pickup at the store. Those are services I would use if

14

15   they were accessible.

16   12.    Recently, I tried to use the Target wedding registry to pick out a gift for friends. I

17   could not do that successfully because of the lack of access, so my wife brought up the

18   registry, told me what was on it and then we went to Target together to pick it up. I have

19   mastered many alternative techniques to accomplish otherwise "sight-based" tasks so that

20   I can be a functioning and effective adult, so that the division of labor in our family is not

21   determined by my blindness and so that I set a proper example for my children.

22   Although having to depend on my wife in this instance was not a major event;

23

24   nonetheless, having used accessible web sites to shop at stores and otherwise, I know of

25   no reason why I should have to sacrifice my independence to be a Target shopper.

26

27

28   *National Federation of the Blind, et al. v. Target Corporation, et al.*
     Case No.: C 06-01802 MHP
     Declaration of Carlos Servan in Support of Plaintiffs' Motion for Class Certification

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

13.    If Target's website were accessible and I could find the toys, clothing and other products I buy at Wal-Mart at that site, I would definitely consult the website to find out what is offered there for sale and then go to Target because it is at a more convenient location.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of May, 2007, at Lincoln, NE.

_____
CARLOS SERVAN

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
510.665.8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Declaration of Carlos Servan in Support of Plaintiffs' Motion for Class Certification**