1  HAROLD J. McELHINNY (CA SBN 66781)
   MATTHEW I. KREEGER (CA SBN 153793)
2  KRISTINA PASZEK (CA SBN 226351)
   HMcElhinny@mofo.com
3  MKreeger@mofo.com
   KPaszek@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Defendant
   TARGET CORPORATION
8

9                        UNITED STATES DISTRICT COURT

10                      NORTHERN DISTRICT OF CALIFORNIA

11                            SAN FRANCISCO DIVISION

12

13 | NATIONAL FEDERATION OF THE BLIND, | Case No.   C 06-01802 MHP
   | the NATIONAL FEDERATION OF THE
14 | BLIND OF CALIFORNIA, on behalf of their | **TARGET CORPORATION'S**
   | members, and Bruce F. Sexton, on behalf of | **ADMINISTRATIVE MOTION**
15 | himself and all others similarly situated, | **REQUESTING A BRIEFING**
   |                                          | **SCHEDULE AND FURTHER**
16 |            Plaintiffs,                   | **DEPOSITIONS**
17 |     v.                                   | Judge: Hon. Marilyn Hall Patel
18 | TARGET CORPORATION,
19 |            Defendant.

TARGET'S ADMIN. MOTION FOR BRIEFING SCHEDULE AND FURTHER DEPOSITIONS
CASE NO. C 06-01802 MHP
sf-2327210

**INTRODUCTION**

Pursuant to Civil Local Rule 7-11, Target respectfully requests an order that: (1) gives Target 45 days to depose the putative class members whose declarations were filed on May 25, 2007, in response to the Order of April 25; (2) sets a briefing schedule in which Target's supplemental brief on class certification is due fourteen days after the period for depositions is complete, and Plaintiffs' responsive supplemental brief is due fourteen days after Target's brief is filed; and (3) provides that the foregoing depositions do not count against the previously ordered limit of twenty depositions per side.

**STATEMENT OF FACTS**

In October 2006, the parties proposed, and the Court ordered, a briefing and hearing schedule on the issue of class certification. At that juncture, the Court also ordered limits on discovery. With regard to depositions, the Court accepted the parties' joint proposal to limit the number of depositions to twenty per side, not including the depositions that had already been taken in the case. By that time, Target had already deposed the eight putative class members whose declarations had been filed in support of Plaintiffs' motion for a preliminary injunction.

The parties conducted discovery on the issue of class certification, and on February 1, 2007, Plaintiffs filed their class certification motion. To support their motion, Plaintiffs relied on the declarations of the eight putative class members that Target had deposed, along with declarations from additional putative class members. Based on the content of Plaintiffs' motion and the evidence submitted therewith, Target deposed several additional declarants and submitted an opposition brief.

On April 25, 2007, after a hearing, this Court issued an order regarding Plaintiffs' motion. In that order, the Court modified the proposed class definition for claims brought under the Americans with Disabilities Act ("ADA"), 42 U.S.C., section 12101 *et seq.* (Memorandum and Order Re: Class Certification at 8 (Document No. 119), hereinafter "Order".) In addition, the Court expressed "concern[] . . . whether any of these declara[tions] [submitted by Plaintiffs in support of their motion for class certification] satisfy the class

1  definition." (*Id.*) The Court gave Plaintiffs thirty days to submit class member declarations
2  that satisfied the class definition. (*Id.*) The order stated that "[t]hereafter the court will set a
3  further briefing schedule if necessary." (*Id.*) In response, Plaintiffs filed on May 25, 2007,
4  34 new declarations, some from putative class members that previously submitted
5  declarations in this action and some from putative class members that were submitting
6  declarations in this action for the first time.

## ARGUMENT

### I.  TARGET SHOULD BE GIVEN AN OPPORTUNITY TO RESPOND TO PLAINTIFFS' NEW EVIDENCE

10  The Supreme Court has held that class certification should be preceded by "rigorous
11  analysis." *General Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 161 (1982). In its
12  opposition brief, Target identified the problems that plagued Plaintiffs' class certification
13  motion. Target's analysis of the deposition testimony, as well as declarations, of putative
14  class members was essential to this task. In its recent order, the Court made clear that it
15  shared Target's concerns regarding the adequacy of the proposed definition of a nationwide
16  class and the declarations of its members. The Court modified Plaintiffs' class definition and
17  gave Plaintiffs an additional opportunity to submit evidence of an ADA violation consistent
18  with the Court's rulings.

19  In response, Plaintiffs have submitted 34 new declarations in a second attempt to
20  show that the requirements of Rule 23 are satisfied. Since Target filed its opposition brief in
21  early March, both the class that Plaintiffs seek to certify and the evidence on which they seek
22  to rely have completely changed. Plaintiffs' supplemental evidentiary filing in support of its
23  motion for class certification is voluminous, consisting largely of testimony from new
24  declarants. Target should be afforded an opportunity to be heard on the propriety of class
25  certification in light of the newly defined class and new evidentiary record. Indeed, the
26  Court's April 25 order contemplates further briefing following Plaintiffs' submission of new
27  declarations. (Order at 8.) Target respectfully requests that, consistent with that order, the
28

1  Court set a briefing schedule to allow Target to file a supplemental brief on the issue of class
2  certification.

## II. PRIOR TO FILING A SUPPLEMENTAL BRIEF, TARGET SHOULD BE PERMITTED TO DEPOSE PUTATIVE CLASS MEMBERS

In addition, Target should be given the opportunity, before filing its supplemental brief on class certification, to depose those putative class members whose declarations were filed on May 25. The Court previously provided for discovery on the issue of class certification. The parties conducted such discovery, which was critical to the arguments made regarding the propriety of class certification. In their briefing on the issue, both sides relied on deposition testimony. This is no surprise. Courts have long recognized that a defendant is entitled depose the putative class members whose declarations are submitted in support of a class certification motion. *See Fitz, Inc. v. Ralph Wilson Plastics Co.*, 174 F.R.D. 587, 591 (D.N.J. 1997) (providing defendants with the opportunity to depose declarants that had not been previously identified and thereafter file a supplemental brief on the issue of class certification in order to avoid prejudice); *see also Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 234 (C.D. Cal. 2006) (noting that the Court offered the defendant an opportunity to depose declarants who had not been previously disclosed, before the defendant chose instead to proceed with class certification proceedings as already scheduled). Depositions often reveal critical facts that form the basis for class certification rulings. *See, e.g., Mick v. Ravenswood Aluminum Corp.*, 178 F.R.D. 90, 92-94 (S.D. W. Va. 1998) (ruling that class certification was improper because, as evidenced by deposition testimony of putative class members, commonality and typicality were lacking).

At this stage, the opportunity to depose putative class members is particularly crucial. Plaintiffs seek to rely on declarations from putative class members whom Target has never before had the opportunity to depose. In addition, Plaintiffs seek to rely on declarations from putative class members whose testimony has changed in response to the Court's expressed concerns about the validity of their claims. Particularly under these unique circumstances, the chance to question these putative class members about their new statements and test their

credibility is essential to a fair defense. As this Court is well aware, there are occasions when deposition testimony calls into question evidence that is submitted in the form of declarations. *See, e.g., Reid v. Lockheed Martin Aeronautics Co.*, 205 F.R.D. 655, 663 (N.D. Ga. 2001) (ruling that where declarations of putative class members submitted in support of a motion for class certification were contradicted by deposition testimony, the deposition testimony would control); *Sundstrom v. McDonnell Douglas Corp.*, 816 F. Supp. 587, 594 (N.D. Cal. 1993) (Patel, J.) (striking declarations where a witness's lack of personal knowledge, which was revealed by his deposition testimony, "render[ed] his declarations misleading").

Finally, because this additional round of evidentiary submissions was unforeseen, any depositions of putative class members who submitted declarations on May 25 should not count against the twenty-deposition limit to which Target agreed last October.

**CONCLUSION**

For the foregoing reasons, the Court should issue an order that: (1) gives Target 45 days to depose the putative class members whose declarations were filed on May 25, 2007, in response to the Order of April 25; (2) sets a briefing schedule in which Target's supplemental brief on class certification is due fourteen days after the period for depositions is complete, and Plaintiffs' responsive supplemental brief is due fourteen days after Target's brief is filed; and (3) provides that the foregoing depositions do not count against the previously ordered limit of twenty depositions per side.

Dated: May 29, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By: /s/ Matthew I. Kreeger
   Matthew I. Kreeger

   Attorneys for Defendant
   TARGET CORPORATION

<u>ECF CERTIFICATION</u>

Pursuant to General Order No. 45, § X.B., the filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatory to this document.

                          /s/ Kristina Paszek
                          Kristina Paszek