# EXHIBIT B



**DRA**
DISABILITY RIGHTS ADVOCATES
A non-profit corporation

2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
general@dralegal.org

BOARD OF DIRECTORS
William F. Alderman
*Orrick, Herrington & Sutcliffe*
Shelley Bergum
*California Communications Access Foundation*
Peter Blanck
*Burton Blatt Institute*
Mark A. Chavez
*Chavez & Gertler LLP*
Benjamin Foss
*Intel Corporation*
Dr. Alan Kalmanoff
*Institute for Law and Policy Planning*
Johnnie Lacy
*CROIL (Retired)*
Paul Longmore
*San Francisco State University*
Laurence Paradis
*Disability Rights Advocates*
Walter Park
*Access Consultant*
Anne E. Schneider
*LD Access Foundation, Inc.*
Michael P. Stanley
*Legal Consultant*
Liane Chie Yasumoto
*Cultural Disability Talent*

ATTORNEYS
Laurence Paradis
*Executive Director*
Sid Wolinsky
*Litigation Director*
Melissa Kasnitz
*Managing Attorney*
Jennifer Weiser Bezoza
*Senior Staff Attorney*
Roger Heller
*Senior Staff Attorney*
Kevin Knestrick
*Staff Attorney*
Alexius Markwalder
*Staff Attorney*
Mary-Lee Kimber
*DRA / Westrec Marinas Fellow*
Lisa Burger
*David Boles / LD Access Fellow*
Kasey Corbit
*DRA Fellow*

ADVISORY BOARD
Joseph Cotchett
*Cotchett, Pitre, Simon & McCarthy*
Hon. Joseph Grodin
*Retired Justice, California Supreme Court*
Kathleen Hallberg
*Zilbeg, Brittenham & Branca*
Karen Kaplowitz
*President, New Ellis Group*
Hon. Charles Renfrew
*Retired, United States District Judge*
Margaret R. Roisman
*Partner, Roisman Henel LLP*
Guy T. Saperstein
Gerald Uelmen
*Former Dean, Santa Clara University School of Law*

May 24, 2007

**Via Facsimile (415.268.7522)**

Kristina Paszek
Morrison & Forrester LLP
425 Market Street
San Francisco, CA 94105

Re:   *NFB v. Target Corp.*

Dear Kristina:

This letter is in regards to your call and email yesterday regarding how Target would like this case to proceed after Plaintiffs have filed the supplemental declarations ordered by the Court later this week. Without providing any specific proposals, you indicated that Target would like to take additional depositions of declarants, and that Target plans to ask the Court for leave to file additional briefing in connection with Plaintiffs' motion for class certification.

Plaintiffs are unclear why additional depositions would be necessary or appropriate at this stage of the case. Target has already taken the depositions of numerous individuals who filed declarations in support of Plaintiffs' motions, in addition to Mr. Sexton. The supplemental declarations that Plaintiffs will file later this week simply provide additional factual support for allegations concerning the nexus issue which have been part of Plaintiffs' case from the beginning and were addressed in prior declarations. Target was clearly on notice regarding these allegations, and had every opportunity, but largely declined, to ask the previously-deposed declarants questions about these allegations.

Similarly, Plaintiffs are unclear why additional briefing regarding Plaintiffs' motion for class certification would be necessary at this stage of the case. The parties have fully briefed Plaintiffs' motion for class certification, including supplemental briefs submitted at Target's request. Plaintiffs do not see how the supplemental declarations would create the need for additional briefing on Plaintiffs' motion, or what issues would be addressed in any additional briefing that have not already been addressed in prior briefing. Indeed, Judge Patel has made it clear that she has and will thoroughly review the declarations and that she is fully capable of determining their import with respect to the Court's ultimate class certification ruling.

These concerns notwithstanding, Plaintiffs are willing to consider a specific proposal from Target, as long as it is reasonable and will not cause unnecessary delay or unnecessarily drive up lawyers' fees and costs. To that end, Plaintiffs ask Target to do the following:

1. After Target has had a chance to review the supplemental declarations that Plaintiffs will file later this week, if Target still wishes to take additional depositions:
    a. make a specific proposal regarding the additional depositions that Target would like to take; and
    b. explain why such additional depositions are necessary.
2. Explain what issues Target would like the parties to brief in any additional briefing regarding Plaintiffs' motion for class certification, and why such additional briefing is necessary.

Please call me if you have any questions.

Sincerely,

Roger Heller

cc:    Joshua Konecky (via fax)
       Daniel Goldstein (via fax)
       Laurence Paradis

### Paszek, Kristina

**From:** Roger Heller [rheller@dralegal.org]
**Sent:** Thursday, May 24, 2007 10:55 AM
**To:** Paszek, Kristina
**Cc:** Larry Paradis; 'Daniel F. Goldstein'; Kreeger, Matthew I.; 'Josh G. Konecky'
**Subject:** RE: NFB v. Target

Kristina-

You should have received a letter from me this morning responding to your call and email yesterday. Just so I am perfectly clear, Plaintiffs cannot determine whether or not to oppose Target's motion without a specific proposal from Target regarding additional depositions and additional briefing, and an explanation why Target thinks they are necessary. Should Target decide to go forward with its motion on Tuesday without giving Plaintiffs a specific proposal or any explanation why additional depositions and briefing are necessary, Plaintiffs request that Target attach my letter from this morning and this email to its motion.

-Roger

> -----Original Message-----
> **From:** Paszek, Kristina [mailto:KPaszek@mofo.com]
> **Sent:** Wednesday, May 23, 2007 8:02 PM
> **To:** Roger Heller
> **Cc:** Larry Paradis; Daniel F. Goldstein; Kreeger, Matthew I.
> **Subject:** NFB v. Target
>
> Dear Roger,
>
> I am writing to follow up on the phone conversation that you and I had this morning. Target plans to file on Tuesday a motion seeking: (1) leave to depose the putative class members whose declarations are filed in response to the Court's order of April 25; (2) for an order that those depositions do not count against the twenty-deposition limit; and (3) leave to file, after those depositions have been taken, a supplemental brief on the issue of class certification. Please let us know by Friday whether Plaintiffs will oppose such a motion.
>
> Regards,
> Kristina
>
> Kristina Paszek
> Morrison & Foerster LLP
> 425 Market Street
> San Francisco, CA 94105
> tel: 415 268 7334
> fax: 415 268 7522
> kpaszek@mofo.com
>
> ==========================================================
>
> To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and

cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230.html

---

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail @mofo.com, and delete the message.

---

5/28/2007