# EXHIBIT D



**DRA**
DISABILITY RIGHTS ADVOCATES
A non-profit corporation

2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
general@dralegal.org

BOARD OF DIRECTORS
William F. Alderman
Orrick, Herrington & Sutcliffe
Shelley Bergum
California Communications Access Foundation
Peter Blanck
Burton Blatt Institute
Mark A. Chavez
Chavez & Gertler LLP
Benjamin Foss
Intel Corporation
Dr. Alan Kalmanoff
Institute for Law and Policy Planning
Johnnie Lacy
CRIL (Retired)
Paul Longmore
San Francisco State University
Laurence Paradis
Disability Rights Advocates
Walter Park
Access Consultant
Anne E. Schneider
LD Access Foundation, Inc.
Michael P. Stanley
Legal Consultant
Liane Chie Yasumoto
Cultural Disability Talent

ATTORNEYS
Laurence Paradis
Executive Director
Sid Wolinsky
Litigation Director
Melissa Kasnitz
Managing Attorney
Jennifer Weiser Bezoza
Senior Staff Attorney
Roger Heller
Senior Staff Attorney
Kevin Knestrick
Staff Attorney
Alexius Markwalder
Staff Attorney
Mary-Lee Kimber
DRA / Westrec Marinas Fellow
Lisa Burger
David Boies / LD Access Fellow
Kasey Corbit
DRA Fellow

ADVISORY BOARD
Joseph Cotchett
Cotchett, Pitre, Simon & McCarthy
Hon. Joseph Grodin
Retired Justice, California Supreme Court
Kathleen Hallberg
Zifren, Brittenham & Branca
Karen Kaplowitz
President, New Ellis Group
Hon. Charles Renfrew
Retired, United States District Judge
Margaret R. Roisman
Partner, Roisman Henel LLP
Guy T. Saperstein
Gerald Uelmen
Former Dean, Santa Clara University School of Law

May 25, 2007

**Via Facsimile (415.268.7522)**

Kristina Paszek
Morrison & Forrester LLP
425 Market Street
San Francisco, CA 94105

Re:    NFB v. Target Corp.

Dear Kristina:

This letter is in regards to your email today concerning Target's proposed motion seeking additional depositions and further briefing on Plaintiffs' motion for class certification. Plaintiffs remain concerned that Target's approach could further delay this case and unnecessarily drive up fees and costs for both parties, and are still not clear why additional depositions and further briefing are necessary. Plaintiffs remain willing to consider any specific proposal from Target regarding how this case should proceed, however Target still has not explained why it believes additional depositions and further briefing are necessary, or provided sufficient detail to allow Plaintiffs to properly consider whether to accept or oppose Target's motion.

For example, Target has not indicated how many additional depositions it wishes to take, whether there would be any limit to the issues covered in any additional depositions, or whether declarants that have previously been deposed could be deposed again. Without that information, it is difficult for Plaintiffs to agree to such an open-ended proposal regarding additional depositions.

Target has already taken numerous class member depositions in connection with Plaintiffs' motion for class certification. The supplemental declarations Plaintiffs are filing today simply provide additional factual support for allegations concerning the nexus issue which have been part of Plaintiffs' case from the beginning and were addressed in prior declarations. Target was clearly on notice regarding these allegations when it took the previous rounds of class member depositions, and had every opportunity, but largely declined, to ask the previously-deposed declarants questions about these allegations. It is thus unclear what additional depositions at this time would accomplish, other than to increase the fees and costs expended by both sides.

As suggested in my previous letter, Plaintiffs suggest that Target do the following: (1) review the supplemental declarations that Plaintiffs

will file today; and (2) if Target still wishes to take additional depositions, make a more tailored proposal that is based on Target's need, if any, for additional depositions.

With respect to Target's desire for further briefing, the parties have briefed the issues relating to Plaintiffs' ADA claim many times already in this case, and have fully briefed Plaintiffs' motion for class certification. The Court already has sufficient information to be able to review the supplemental declarations that Plaintiffs will file today and determine whether class certification is appropriate and, if so, what class definition is appropriate for Plaintiffs' ADA claim. For that reason, Plaintiffs do not at this time understand what issues would be addressed, or what purpose would be served, by further briefing. Plaintiffs again ask Target to explain why it believes further briefing is necessary, and to indicate what specific issues Target envisions the parties addressing in further briefing, so that Plaintiffs can properly consider whether to accept Target's approach as it pertains to further briefing.

Plaintiffs hope that we can resolve this matter cooperatively and expeditiously. I look forward to your response.

Sincerely,

Roger Heller

cc:   Joshua Konecky (via fax)
      Daniel Goldstein (via fax)
      Laurence Paradis

29J



**RECEIVED**
MAY 2 5 2007
SF FAX CENTER

2001 Center Street, Fourth Floor
Berkeley, CA 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
general@dralegal.org

## Confidential Facsimile

**To:** Kristina Paszek
Matt Kreeger
Morrison & Forrester LLP

**Fax** 415-268-7522

**From:** Roger Heller

**Date:** Friday, May 25, 2007

**Re:** NFB v. Target Corp.

☐ Urgent ☐ For Review ☐ Please Comment ☐ Please Reply

Including this cover sheet, this facsimile contains: 3 Pages.

If you do not receive all the transmittal pages, please call (510) 665-8644

The information in this facsimile transmittal is intended only for the use of the addressee and may contain information that is privileged, confidential, and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us at the above address via U.S. Postal Service. Thank you.