1  HAROLD J. McELHINNY (CA SBN 66781)
   MATTHEW I. KREEGER (CA SBN 153793)
2  KRISTINA PASZEK (CA SBN 226351)
   HMcElhinny@mofo.com
3  MKreeger@mofo.com
   KPaszek@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Defendant
   TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>TARGET CORPORATION,<br><br>              Defendant. | Case No.   C 06-01802 MHP<br><br>**DEFENDANT'S PROPOSED CLASS NOTICE**<br><br>Judge:   Hon. Marilyn Hall Patel |

PROPOSED CLASS NOTICE
CASE NO. C 06-01802 MHP
sf-2415524

Pursuant to the Court's order entered on October 2, 2007, Target hereby submits a proposed class notice, which is attached as Exhibit A and includes a class commencement date. Target also wishes to inform the Court that pursuant to Federal Rule of Civil Procedure 23(f), it petitioned for review by the United States Court of Appeals for the Ninth Circuit of the Court's decision to grant class certification.

The parties have met and conferred regarding a proposed class notice and class commencement date, but they were unable to reach agreement. Accordingly, they are submitting separate proposed class notices. To assist the Court in its review of these proposed notices, Target notes the following points of disagreement.

First, the parties disagree as to the applicable class commencement date. Target maintains that the proper class commencement date is February 7, 2004, because a two-year statute of limitations applies for plaintiffs' claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181, *et seq.*, California's Unruh Civil Rights Act (the "Unruh Act"), California Civil Code §§ 51, *et seq.*, and California's Blind and Other Physically Disabled Persons Act ("Disabled Persons Act"), California Civil Code §§ 54, *et seq*. The applicable statute of limitations for an Unruh Act claim is the statute of limitations provided for injury caused by the wrongful act or neglect of another. *See Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 753-60 (2002); *West Shield Investigations and Security Consultants v. Superior Court*, 82 Cal. App. 4th 935, 952-53 (2000). That provision, California Code of Civil Procedure § 335, provides for a two-year limitations period.[1] The same limitations period applies for all three claims brought by plaintiffs in this action. *See Pickern v. Best Western Timber Cove Lodge Marina Resort*, No. Civ. S-00-1637, 2002 U.S. Dist. LEXIS 1709 (E.D. Cal. Jan. 17, 2002) (holding that the statute of limitations for claims under the ADA, the Unruh Act, and the Disabled Persons Act is the same).

---

[1] When *Gatto* and *West Shield* were decided, the applicable provision was California Code of Civil Procedure § 340(3), which provided for a one-year period for "injury to … one caused by the wrongful act or neglect of another." Section 340(3) has since been amended, and the operative language regarding damages caused by a "wrongful act or neglect" was moved to § 335.1 which provides for a two-year limitations period.

PROPOSED CLASS NOTICE
CASE NO. C 06-01802 MHP
sf-2415524

1

1  Second, the parties offer different characterizations of the claims and defenses and the parties respective positions. Target objects that plaintiffs' characterizations are prejudicial to Target. For example, the statement that "[Target] contends that it has, subsequent to the filing of the lawsuit, made efforts to make its website accessible to the blind" suggests that Target made no such efforts prior to the filing of the lawsuit. Target's proposed class notice describes the litigation in a fair and neutral manner that is appropriate for a class notice.

Third, Target proposes that inquiries regarding the class action be directed to a neutral administrator who can then forward them to counsel for both parties. It would be inappropriate to direct all inquiries regarding the matter solely to plaintiffs' counsel.

Finally, Target objects to the creation of a website with the title "www.targetlawsuit.com." The class action administrator could handle communications with putative class members. If any website is to be established to describe plaintiffs' lawsuit, perhaps it should be called "www.nfblawsuit.com," but in all events its name should not contain Target's trademark.

Dated: November 1, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP


By:   /s/Harold J. McElhinny
      Harold J. McElhinny

Attorneys for Defendant
TARGET CORPORATION