

2001 Center Street, Third Floor
Berkeley, California 94704-1204
Telephone: (510) 665-8644
Facsimile: (510) 665-8511
TTY: (510) 665-8716
general@dralegal.org

**BOARD OF DIRECTORS**
William F. Alderman
*Orrick, Herrington & Sutcliffe*
Leslie Aoyama
*Nordstrom*
Shelley Bergum
*California Communications Access Foundation*
Peter Blanck
*Burton Blatt Institute*
Mark A. Chavez
*Chavez & Gertler LLP*
Linda Dardarian
*Goldstein, Demchak, Baller, Borgen & Dardarian*
Benjamin Foss
*Intel Corporation*
Laurence Paradis
*Disability Rights Advocates*
Walter Park
*Access Consultant*
Anne E. Schneider
*LD Access Foundation, Inc.*
Todd Schneider
*Schneider & Wallace*
Michael P. Stanley
*Legal Consultant*
Liane Chie Yasumoto
*Culture! Disability! Talent!*

**ATTORNEYS AND FELLOWS**
Laurence Paradis
*Executive Director*
Sid Wolinsky
*Litigation Director*
Melissa Kasnitz
*Managing Attorney*
Jennifer Weiser Bezoza
*Senior Staff Attorney*
Roger Heller
*Senior Staff Attorney*
Kevin Knestrick
*Staff Attorney*
Mary-Lee Kimber
*Staff Attorney*
Kasey Corbit
*DRA Attorney-Fellow*
Stephanie Biedermann
*Arthur Liman Fellow*
Claire-Therese Luceno
*Cotchett / DRA Fellow*
Julia Pinover
*David Boies / LD Access Fellow*

**ADVISORY BOARD**
Joseph Cotchett
*Cotchett, Pitre & McCarthy*
Hon. Joseph Grodin
*Retired Justice, Calif. Supreme Court*
Kathleen Hallberg
*Ziffren, Brittenham & Branca*
Karen Kaplowitz
*New Ellis Group*
Hon. Charles Renfrew
*Retired, United States District Judge*
Margaret R. Roisman
*Roisman Henel LLP*
Guy T. Saperstein
Fernando M. Torres-Gil, Ph.D.
*University of Calif. Los Angeles*
Gerald Uelmen
*Santa Clara University School of Law*

November 1, 2007

**Via Electronic Filing and Overnight Mail**

The Honorable Marilyn Hall Patel
Northern District of California
United States Courthouse
450 Golden Gate Ave.
San Francisco, CA 94102

RE:   *NFB v. Target*, Case No. C-06-01802 MHP

Dear Judge Patel:

Your Honor's October 2, 2007 Order in the above-captioned matter required that a proposed notice to the class be submitted to the Court by today. Your Order also required the parties to confer regarding proposed notice. Plaintiffs and Defendant have been conferring on this matter, but have not been able to reach an agreement to date regarding proposed notice. The parties have agreed that each side will submit their own proposed notice. Attached hereto is Plaintiffs' proposed notice. Plaintiffs would be happy to submit their proposed notice in an electronic format should the Court so direct.

For the Court's convenience, the following are some differences between Plaintiffs' and Defendant's proposed notices:

- Defendant objects to a line in a previous draft of Plaintiffs' proposed notice (the last draft that Defendant saw before submitting its proposed notice) regarding Defendant's efforts subsequent to the filing of this lawsuit to improve the accessibility of Target.com. Plaintiffs have revised that paragraph in the attached proposed notice, which hopefully will alleviate Defendant's concern. Plaintiffs do believe, however, that Defendant's proposed notice, by failing to mention these subsequent efforts to improve the website, could give class members the mistaken

  impression that the current condition of the website is the same as the condition of the website when and before this case was filed.

- Plaintiffs' proposed notice provides more meaningful and useful information to class members about the nature of the claims in this case. For example, unlike Defendant's proposed notice, Plaintiffs' version explains the specific types of access barriers that are at issue in the case.

- Defendant objects to the use of a website where class members can get information about the case and opt-out procedures and submit requests to opt-out. However, due to the nature of the class in this case (i.e. they are blind web users), Plaintiffs believe that an accessible website may be the most effective way for many class members to get such information and submit opt-out requests. Thus, Plaintiffs' proposed notice provides multiple options, including an accessible website, for class members to get information about the case and request to opt-out.

- Defendant also takes issue with including the word "target" in the class website name. Plaintiffs believe that the name of the class website should reflect the subject matter of the case so that the website's purpose is clear to visitors. If Defendant is sensitive to using the word "target" in the class website name, however, than the parties could choose another name for the website that accurately reflects what this case is about.

- Defendant's proposed notice suggests that members of the California subclass can opt-out of the subclass entirely (i.e. for damages and injunctive and declaratory relief). However, as this is a certified Rule 23(b)(2) class, class members can only opt-out of the damages portion of the case.

- Defendant's proposed notice fails to inform class members that they may contact Class Counsel to get information about this case, and fails to give contact information for Class Counsel. However, once a class has been certified, it is customary for Class Counsel to be the primary contact for class members regarding all case-related issues.

- Defendant's proposed notice seems to suggest that the notice administrator can refer class members to Plaintiffs' counsel and/or Defendant's counsel. However, since a class has now been certified, it would clearly be improper for Defendant's counsel to communicate with members of the class about the case.

  Your Honor's October 2 Order did not specifically direct the parties to confer regarding a distribution plan for the proposed notice. Plaintiffs believe the most practicable method for distribution would be by sending the Notice to a variety of organizations for on-line postings. Plaintiffs also suggest that a separate website be established for class members to visit for more detailed information, including an on-line opt-out procedure. Plaintiffs request that Your Honor schedule a status conference for

the parties and the Court to address the distribution and opt-out procedures in more detail.

Your Honor also ordered Plaintiffs to substitute a new class representative with respect to the ADA claims. Accordingly, Plaintiffs are filing today a Second Amended Complaint which names two substitute individual plaintiffs as class representatives for the ADA claims. These two individuals, Ms. Williamson and Mr. Marks, are prior declarants who's experiences are specifically discussed in Your Honor's October 2 Order.

Your Honor also ordered counsel for Plaintiffs to set forth a class commencement date. Plaintiffs propose that the commencement date be February 7, 2003. This case was filed on February 7, 2006. Under applicable precedent, the statute of limitations for Plaintiffs' state law claims is either 2 or 3 years. For the reasons discussed below, Plaintiffs contend the proper period is 3 years.

Plaintiffs' state law causes of action are brought under the Unruh Civil Rights Act (Cal. Civ. Code §§ 51 *et. seq.*, hereinafter "Unruh Act") and the Disabled Person's Act (Cal. Civ. Code §§54 *et. seq.*,, hereinafter "DPA"). Members of the California subclass are entitled to statutory minimum damages for each violation under each of these statutes. Cal. Civ. Code § 52; Cal. Civ. Code § 54.3. (Plaintiffs do not seek an award of multiple damages under both statutes – if the higher damage amount specified in Section 52 is awarded, that would subsume the lesser amount specified in Section 54.3.)

Section 338(a) of the California Code of Civil Procedure provides that a "three year" statute of limitations applies to actions where the liability is "created by statute." Because Defendant's liability under the Unruh Act and the DPA is "created by statute," this three year time period should apply. Alternatively, the Court could apply the two year statute of limitations applicable to general tort claims.

Generally, defendants may be liable under the Unruh Act and the DPA for a "variety of claims . . . some of which derive from the common law and some of which do not." *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 757 (2002). In *Gatto*, the court surveyed the history of often conflicting cases addressing the statute of limitations under the Unruh Act and found that different claims under the same statute may be subject to different limitations periods.

Those courts which have applied the shorter general tort statute of limitations have analogized their cases to conduct which would have been unlawful under older common law. *Gatto, supra*, at 754-759. It should be noted that the California Legislature recently amended the California Code of Civil Procedure to extend the statute of limitations for general tort cases from one year to two years. *See* Cal. Code Civ. Proc. § 335.1 (2007); *see also K.S. ex rel. v. Fremont Unified Sch. Dist.*, 2007 WL 915399 at * 3, n.1 (N.D. Cal. Mar. 23, 2007) ("In 2002, the California legislature amended the statute of limitations for personal injuries from one year to two years. Cal. Code Civ. Proc. § 335.1.").

On the other hand, several courts have held that the three year statute of limitations under §338(a) applies to disability access claims under the Unruh Act and DPA. *See e.g., Kramer v. Regents of the Univ. of Cal. at Berkeley*, 81 F. Supp. 2d 972, 977-978 (N. D. Cal. 1999) (surveying prior statute of limitations decisions in disability access cases and concluding that the three year statute should apply to access claims under Unruh and DPA); *Indep. Hous. Serv. of San Francisco v. Fillmore Ctr. Ass.*, 840 F. Supp. 1328, 1359-60 (N.D. Cal. 1993) (three years for disability access claim under Unruh and DPA ); *see also Arnold v United Artists Theatre Circuit, Inc.* 158 FRD 439, 449 (N.D. Cal. 1994) (court applied, without directly addressing the issue, a three year time period to damage claims of a California subclass in a disability access case against a movie theatre chain under Unruh and DPA).

In *Kramer,* Judge Illston of this District was faced with a class action on behalf of disabled students at a university who asserted claims under the Unruh Act and the DPA. Plaintiffs alleged they had been "denied the right to full and equal access to the benefits of the programs, services and activities of the University." 81 F. Supp. 2d. at 972. The court in *Kramer* found that the University's obligations under Unruh and DPA relating to disability access are rooted in statutory rights, and not the common law of tort or common carrier liability. *Id. at 976-78. See also, Gato*, *supra*, 98 Cal. App. 4th at 759, fn. 11 (suggesting that the time period for access claims relating to housing might be the shorter tort period under Unruh and the longer "statutory right" period under DPA).

The law on this subject is thus unsettled. As the court in *K.S., supra,* noted*:*

> Some courts have held that the statute of limitations should draw from the two year statute of limitations applicable to personal injury actions in California. *See, e.g., Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 760, 120 Cal. Rptr. 2d 550 (Cal. Ct. App. 2002); *Mitchell v. Sung*, 816 F. Supp. 597, 602 (N.D. Cal. 1993). Others have applied a three year statute of limitations to claims under the Unruh Act. *See, e.g., Kramer*, 81 F. Supp. 2d at 978; *see also Olympic Club v. Those Interested Underwriters at Lloyd's London*, 991 F.2d 497, 501 n. 11 (9th Cir. 1993) (indicating in dicta that the three year statute of limitations of California Code of Civil Procedure § 338(a) should apply to claims under the Unruh Act).

*K.S.*, supra, 2007 WL 915399 at * 3.

The California subclass' Unruh Act and DPA claims against Target are based on statutorily created rights. Thus, the three year limitations period under §338(a) should apply to the claims under both statutes. Alternatively, the Court could apply the two year statue to the Unruh Act claim and the three year statute to the DPA claim. *See, e.g., Gato, supra*, 98 Cal. App. 4th at 757, 759, fn. 11.

    Thank you for your attention to this matter.  Class counsel would be happy to respond to any questions that the Court might have regarding this matter.

    Very truly yours,

    DISABILITY RIGHTS ADVOCATES
    SCHNEIDER & WALLACE
    BROWN, GOLDSTEIN & LEVY, LLP
    DR. PETER BLANCK

    _____/s/_____
    LAURENCE W. PARADIS
    Class Counsel

cc:  Harold McElhinny (Counsel for defendant)