1  HAROLD J. McELHINNY (CA SBN 66781)
   MATTHEW I. KREEGER (CA SBN 153793)
2  KRISTINA PASZEK (CA SBN 226351)
   HMcElhinny@mofo.com
3  MKreeger@mofo.com
   KPaszek@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Defendant
   TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.   C 06-01802 MHP<br><br>**TARGET CORPORATION'S NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT; SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    January 7, 2008<br>Time:    2:00 PM<br>Judge:   Hon. Marilyn Hall Patel |
|---|---|

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

# NOTICE OF MOTION AND MOTION TO STRIKE THE SECOND AMENDED COMPLAINT

TO PLAINTIFFS NATIONAL FEDERATION OF THE BLIND, NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, BRUCE F. SEXTON, AND THEIR ATTORNEYS:

On January 7, 2008, at 2:00 p.m., or as soon thereafter as the matter may be heard, in the courtroom of the Honorable Marilyn Hall Patel at 450 Golden Gate Avenue, San Francisco, California, Defendant Target Corporation ("Target") will and hereby does move, pursuant to Rule 12 of the Federal Rules of Civil Procedure, to strike the second amended complaint and dismiss plaintiffs' claims under the Americans with Disabilities Act ("ADA"). This motion is based on this Notice of Motion and Motion, the supporting Memorandum of Points and Authorities, and such other evidence and argument as may be presented before the Court takes this motion under submission.

## MEMORANDUM OF POINTS AND AUTHORITIES

### ISSUE TO BE DECIDED

Whether plaintiffs' Second Amended Complaint, filed on November 1, 2007, should be stricken because leave to file it was never granted, and whether plaintiffs' ADA claims should be dismissed under *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003).

### INTRODUCTION

Plaintiffs have filed a second amended complaint without having first obtained consent or leave of court. Such a pleading is without legal effect and should be stricken. In addition, because plaintiff Sexton never had a viable ADA claim and no other plaintiff was a proper class representative or had standing to bring an ADA claim, the ADA claims alleged in plaintiffs' amended complaint should be dismissed at this juncture.

### BACKGROUND

Plaintiffs first filed a complaint in this action on February 7, 2006 [Docket No. 1]. On March 30, 2006, they filed an amended complaint [Docket No. 13]. Target moved to

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

1

dismiss the amended complaint on April 27, 2006 [Docket No. 16]. On September 20, 2006, after the Court issued an order granting in part and denying in part Target's motion to dismiss, Target filed an answer [Docket No. 66].

Eventually, plaintiffs moved for class certification [Docket Nos. 86 & 136], and Target moved for summary judgment on the claims of the only individual named plaintiff, Bruce Sexton [Docket No. 90]. On October 2, 2007, the Court granted plaintiffs' motion for class certification, and granted Target's summary judgment motion with respect to Sexton's ADA claim [Docket No. 149]. The order gave plaintiffs thirty days to substitute a new class representative for purposes of the ADA claims. Plaintiffs were not given leave to file an amended complaint.

On November 1, 2007, plaintiffs filed a second amended complaint [Docket No. 151]. The second amended complaint names two new plaintiffs and adds factual allegations regarding these plaintiffs. It also incorporates new class definitions and class commencement and termination dates. Plaintiffs never sought leave of court to file the second amended complaint, nor did Target consent to its filing.

**ARGUMENT**

**I.  BECAUSE LEAVE TO AMEND WAS NEVER GRANTED, THE SECOND AMENDED COMPLAINT SHOULD BE STRICKEN.**

At this stage in the proceedings, plaintiffs may amend their complaint only by first obtaining either leave of court or written consent by Target. Federal Rule of Civil Procedure 15(a) provides:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party….

Here, plaintiffs filed the original complaint on February 7, 2006 [Docket No. 1], and an amended complaint on March 30, 2006 [Docket No. 13]. Target moved to dismiss the

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

2

1  amended complaint on April 27, 2006 [Docket No. 16].  On September 20, 2006, after the
2  Court issued an order granting in part and denying in part Target's motion to dismiss, Target
3  filed an answer [Docket No. 66].   Over a year later, on November 1, 2007, plaintiffs filed a
4  second amended complaint [Docket No. 151].  Plaintiffs never obtained leave of court to file
5  a second amended complaint, nor did Target ever consent to its filing.  Plaintiffs did not
6  submit the second amended complaint with an accompanying motion seeking leave.  They
7  simply filed it.
8         By filing the second amended complaint without having obtained consent or leave of
9  court, plaintiffs plainly violated Rule 15.  A pleading filed in this manner is *without legal*
10 *effect*.  Charles Alan Wright, Arthur R Miller, & Mary Kay Kane, 6 Federal Practice &
11 Procedure:  Civil 2d § 1484 (West 2007) ("In general if an amendment that cannot be made
12 as of right is served without obtaining the court's leave or the opposing party's consent, it is
13 without legal effect and any new matter it contains will not be considered unless the
14 amendment is resubmitted for court approval.").  Plaintiffs' second amended complaint
15 should be stricken under Rule 12(f).  *See Serpa v. SBC Telecommunications, Inc.*, 318
16 F. Supp. 2d 865 (N.D. Cal. 2004) (Patel, J.) (granting the defendants' motion to strike an
17 amended complaint where the plaintiff did not seek leave of court until after the defendants
18 moved to strike).

19 **II.    DISMISSAL, RATHER THAN SUBSTITUTION, IS REQUIRED FOR PLAINTIFFS' ADA CLAIM.**
20
21        Although the parties briefed the general issue of class certification and oral argument
22 was also heard on this subject, Target has not had the opportunity to be heard on the specific
23 question that has arisen in this case:  namely, what the correct course of action is when the
24 plaintiff proffered as a class representative is found not to have or have had a claim.  The
25 Ninth Circuit's ruling in *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d
26 1018 (9th Cir. 2003), makes clear that if the plaintiff that is to serve as class representative
27 does not have a claim, dismissal, rather than substitution, must follow.
28

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

3

1   In *Lierboe*, the defendant moved to dismiss based on an issues of state law, and the plaintiff moved for class certification. The district court certified the state law issues raised by the motion to dismiss to the Supreme Court of Montana. Before the Supreme Court Montana issued its ruling, the district court granted the class certification motion. The Supreme Court of Montana later ruled that Lierboe did not have a claim. *Id.* at 1021-22. On appeal, the Ninth Circuit ruled that because Lierboe had no claim, she could not serve as the class representative. The certification order was accordingly vacated. The court further explained that if Lierboe had initially had a viable claim that later became moot, then the "law in an appropriate case would permit substituting proper class representatives to allow the suit to proceed." *Id.* at 1023 n.6. However, "because this [wa]s not a mootness case, in which substitution or intervention might have been possible," the Ninth Circuit remanded the case to the district court "with instructions to dismiss." *Id.* at 1023.

Pursuant to *Lierboe*, this Court should dismiss plaintiffs' claims under the ADA. Like Lierboe, plaintiff Sexton has and had no claim under the ADA. For this reason, the Court granted summary judgment against him. The remaining plaintiffs, the NFB and NFB of California, were never found to be proper class representatives under Rule 23. Moreover, such organizations lack standing to sue on behalf of their members when, as here, it is necessary for individual members to participate in the lawsuit.[1] *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977). Given the Court's ruling that a plaintiff must be denied access to the enjoyment of goods and services offered in Target stores in order to have a claim under the ADA, individual participation by class members is, and has already been, required. (Memorandum & Order filed Apr. 25, 2007 [Docket No.

---

[1] In opposition to plaintiffs' class certification motion, Target argued that the proposed damages subclass should not be certified because the organizational plaintiffs lack standing to pursue damages on behalf of their members. Although the class certification order states that "[t]he parties do not dispute that the organizational plaintiffs have standing to pursue the equitable relief sought by them independently and for the class," (Memorandum & Order filed Oct. 2, 2007 [Docket No. 149] at 8), Target has never conceded that point. As explained herein, the participation of individual members would be required not just for the damages claims, but for plaintiffs' ADA claims as well.

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

4

119] (requesting additional evidence regarding individuals for purposes of ADA claim).) Under the circumstances, none of the plaintiffs had standing to bring an ADA claim. *See Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924, 935 (C.D. Cal. 2005) (individuals' participation is required, precluding organizational standing for purposes of an ADA claim, when individuals must present evidence to establish their own standing).

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be stricken, and plaintiffs' claims under the Americans with Disabilities Act should be dismissed.

Dated:  November 19, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By: /s/ Matthew I. Kreeger
    Matthew I. Kreeger

Attorneys for Defendant
TARGET CORPORATION

TARGET'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS
CASE NO. C 06-01802 MHP
sf-2420525

5