1  LAURENCE W. PARADIS (California Bar No. 122336)
   ROGER N. HELLER (California Bar No. 215348)
2  DISABILITY RIGHTS ADVOCATES
   2001 Center Street, Third Floor
3  Berkeley, California 94704
   Telephone:  (510) 665-8644
4  Facsimile:  (510) 665-8511
   TTY:        (510) 665-8716
5
   JOSHUA KONECKY (California Bar No. 182897)
6  RACHEL BRILL (California Bar No. 233294)
   SCHNEIDER & WALLACE
7  180 Montgomery Street, Suite 2000
   San Francisco, CA 94104
8  Telephone:  (415) 421-7100
   Fax:        (415) 421-7105
9  TTY:        (415) 421-1655

10 DANIEL F. GOLDSTEIN (*pro hac vice*)            PETER BLANCK (*pro hac vice*)
   dfg@browngold.com                                900 S. Crouse Avenue
11 BROWN, GOLDSTEIN & LEVY, LLP                     Syracuse, NY 13244-2130
   120 E. Baltimore St., Suite 1700                 Telephone:  (315) 443-9703
12 Baltimore, MD 21202                              Fax:        (315) 443-9725
   Telephone:  (410) 962-1030
13 Fax:        (410) 385-0869

14                     UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16                        SAN FRANCISCO DIVISION

17

18 | NATIONAL FEDERATION OF THE              | Case No.  C06-01802 MHP
19 | BLIND, the NATIONAL FEDERATION OF
   | THE BLIND OF CALIFORNIA, on behalf of   | **PLAINTIFFS' CASE MANAGEMENT
   | their members, and Bruce F. Sexton, on behalf | STATEMENT**
20 | of himself and all others similarly situated,
                                              | Date:  TBD
21 |         Plaintiffs,                      | Time:  TBD

22 |    v.                                    | Judge: Hon. Marilyn Hall Patel

23 | TARGET CORPORATION,

24 |         Defendant.

25

Pursuant to the Court's request, Plaintiffs hereby submit this case management statement and revised discovery plan pursuant to Fed.R.Civ.P. 26(f). Plaintiffs respectfully request that the Court set a case management conference at the Court's earliest convenience.

### DESCRIPTION OF THE CASE

**(1.)  Brief Description of the Events Underlying the Action:**

Plaintiffs allege that Defendant Target Corporation ("Target") has violated, and continues to violate, Title III of the Americans with Disabilities Act ("ADA"), the California Unruh Act, and the California Disabled Persons Act because it does not provide full and equal access to and enjoyment of its website, Target.com, or the goods and services of its retail stores to people who are blind or visually impaired. Plaintiffs allege that Target.com lacks certain programming features that make it difficult or impossible for people that are blind or visually impaired and who use screen readers (which can vocalize web content) to access the goods and services available to sighted visitors to Target.com.

With respect to the ADA claim, Plaintiffs allege that the nexus between Target's retail stores and Target.com is sufficient so that in order for persons with disabilities to have "full and equal enjoyment" of Target's retail stores they must also have full and equal access to and enjoyment of Target.com. Additionally, Plaintiffs allege that Target.com is required to be accessible under the Unruh Act regardless of whether or not there is a connection to the physical stores because the Unruh Act applies to all services of a business enterprise (Target, Inc.) which operates in the state. Additionally, Plaintiffs allege that Target.com is a "place to which the public is invited" and thus is required to be accessible under the California Disabled Persons Act regardless of the connection between Target.com and Target's retail stores.

Target denies that it has violated, or is violating, any law with respect to the design and programming of its website, and Target continues to believe that Plaintiffs have failed to state a cognizable claim under the ADA or under California law.

Plaintiffs filed their original complaint in California Superior Court in January 2006. Target removed the action to this Court, and Plaintiffs filed their Amended Complaint on March 30, 2006. After obtaining limited relief from General Order 56, Target brought a motion to

dismiss the Amended Complaint and Plaintiffs brought a motion for a preliminary injunction. On September 6, 2006, the Court issued a written order denying the motion for preliminary injunction and granting in part and denying in part the motion to dismiss.

On September 8, 2006, the Court granted Plaintiffs' request for administrative relief from the General Order 56 and scheduled a Case Management Conference, resulting in its scheduling order of October 23, 2006. The Court limited discovery to class certification until that issue was resolved. Pursuant to a meet and confer, the parties agreed on the specific discovery requests and Rule 30(b)(6) deposition topics, already served by Plaintiffs, that would be deferred until after class certification. Thereafter, class certification issues were briefed and, on October 2, 2007, the Court certified a nationwide ADA class and statewide class for claims under the Unruh and Disabled Person Acts. Pursuant to the Court's direction, Plaintiffs filed a Second Amended Complaint naming new individual class representatives for the ADA claim. The next step is for Target to produce the discovery documents, answers and deponents responsive to the outstanding discovery requests and deposition notices that Plaintiffs had served in the Fall of 2006. This Case Management Statement incorporates the one submitted on October 13, 2006, but takes into account the Court's subsequent orders.

(2.) **The Principal Factual Issues Which the Parties Dispute:**

A. Whether, and to what extent, the programming and design of Target.com make it inaccessible to people who are blind or visually impaired.

B. Whether, and to what extent, the programming and design of Target.com impede the full and equal enjoyment of Target.com by people who are blind or visually impaired.

C. Whether, and to what extent, the programming and design of Target.com impede the full and equal enjoyment of the goods and services offered at Target's retail stores for people who are blind or visually impaired.

D. Whether, and to what extent, Target's 1-800 number provides an alternative means for people who are blind or visually impaired to access the goods and services that are determined to be "inaccessible" on Target.com.

(3.) **The Principal Legal Issues Which the Parties Dispute:**

     A.     Whether, to the extent Target has not effectively communicated to the blind via Target.com, Target has provided effective communication via reasonable and appropriate alternative means.

     B.     What constitutes "full and equal enjoyment" of the website if the Court determines that Target is required to modify its website to make it "accessible"?

     C.     Whether Plaintiffs are entitled to any damages under the Unruh Act or the Disabled Persons Act, and if so, the amount of damages.

**(4.)    Other Issues Which Remain Unresolved:**

Plaintiffs are not aware of any additional factual issues that remain unresolved at this time. However, two issues stemming from the Court's class certification Order which remain unresolved are: (i) the form of notice to the class in this case; and (ii) the appropriate commencement date for the class in this case. The parties each submitted their own proposed notice to the class, as well as proposals for the commencement date for the class in this case, on November 1, 2007. Plaintiffs propose that these issues be addressed as part of the upcoming case management conference.

**(5.)    The Parties Which Have Not Been Served and the Reasons:**

All parties have been served.

**(6.)    Additional Parties To Be Joined:**

Plaintiffs do not at present intend to join any other parties.

**(7.)    Consent To Assignment to United States Magistrate Judge for Trial:**

The parties did not consent to the assignment of this case to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

Before the class certification decision, the parties attempted a private mediation before the Honorable Edward A. Infante.

## DISCLOSURES

The parties certify that they have made the required Rule 26 initial disclosures.

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# DISCOVERY

## Limitations on Discovery

Plaintiffs are treated as a single party for purposes of these limitations.

(1.) Document Requests: In accordance with the Court's Order of October 23, 2006, 60 document requests per party.

(2.) Interrogatories: In accordance with the Court's Order of October 23, 2006, 60 interrogatories per party.

(3.) Requests for Admissions: In accordance with the Court's Order of October 23, 2006, 60 requests for admissions per party.

(4.) In accordance with the Court's Order of October 23, 2006, a limit of 20 depositions per party, not including experts. Depositions that have already been taken in this action do not count toward the limit of 20.

## Discovery Schedule

The parties have met and conferred regarding a discovery schedule, and have reached agreement on the durations of the relevant discovery periods. The parties' primary dispute regarding scheduling is whether Defendant should be allowed to delay merits discovery based on its petition for appellate review of the Court's class certification order. The parties also disagree about whether a trial date should be set at this time. The following is Plaintiffs' proposed schedule.

A. Non expert discovery is open and shall close on July 28, 2008.

B. Expert disclosure (simultaneous): August 25, 2008.

C. Rebuttal expert disclosure (simultaneous): September 22, 2008.

D. Expert discovery shall close on October 20, 2008.

E. Law and Motion Cut-off (i.e. last day to file motions): December 1, 2008.

F. Trial shall be scheduled to begin on February 4, 2009, or the soonest date thereafter that is convenient for the Court.

## Service of Discovery

PLAINTIFFS' CASE MANAGEMENT STATEMENT
CASE NO. C06-01802 MHP

4

1      The parties agree that discovery can be served via email to the attorneys of record for the
2  opposing party and that such service shall constitute service by hand under the Federal Rules.

4  Dated: November 28, 2007.　　　　　　DISABILITY RIGHTS ADVOCATES
　　　　　　　　　　　　　　　　　　　　SCHNEIDER & WALLACE
5  　　　　　　　　　　　　　　　　　　BROWN, GOLDSTEIN & LEVY, LLP
　　　　　　　　　　　　　　　　　　　　PETER BLANCK

　　　　　　　　　　　　　　　　　　By: _____/s/_____
　　　　　　　　　　　　　　　　　　　　Roger Heller
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644