# EXHIBIT B

Dockets.Justia.com

Appeal No. _____

## IN THE UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

**NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and BRUCE F. SEXTON, on behalf of himself and all others similarly situated,**

*Plaintiffs/Respondents*

v.

**TARGET CORPORATION,**

*Defendant/Petitioner*

Appeal from the United States District Court for the
Northern District of California Civil Action No. C 06-1802 MHP

## APPELLEES' OPPOSITION TO DEFENDAT'S PETITION FOR PERMISSION TO APPEALFROM ORDER GRANTING CLASS CERTIFICATION

LAURENCE W. PARADIS (Ca. Bar No. 122336)
ROGER N. HELLER (Ca. Bar No. 215348)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:     (510) 665-8644
Facsimile:      (510) 665-8511
TTY:            (510) 665-8716

DANIEL F. GOLDSTEIN (*pro hac vice*)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:     (410) 962-1030
Fax:            (410) 385-0869

JOSHUA KONECKY (Ca. Bar No. 182897)
RACHEL BRILL (Ca. Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:     (415) 421-7100
Fax:            (415) 421-7105
TTY:            (415) 421-1655

PETER BLANCK (*pro hac vice*)
900 S. Crouse Ave.
Crouse-Hinds Hall, Suite 300
Syracuse, NY 13244-2130
Telephone:     (315) 443-9703
Fax:            (315) 443-9725

*Counsel for Plaintiffs/Respondents*

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

STANDARD OF REVIEW .....................................................................................3

ARGUMENT ...........................................................................................................4

I.      The District Court's Class Certification Order Is Well-Reasoned and Supported by
        Both Substantial Evidence and Applicable Law............................................................4

        A.      The District Court Properly Certified the Nationwide Class. ...........................5

        B.      The California Subclass was Properly Certified Under Rule 23(b)(2). ..........12

II.     No Important Issues Will Evade Review if Target's Petition is Denied. ....................15

CONCLUSION.................................................................................................. 16

# TABLE OF AUTHORITIES

## CASES

*Armstrong v. Davis,* 275 F.3d 849 (9th Cir. 2001) ........................................................................3

*Arnold v. United Artists Theatre, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994).....................................9

*Bates v. United Parcel Service,* 204 F.R.D. 440 (N.D. Cal. 2001) ................................................7

*Berlowitz v. Nob Hill Masonic Management,* 1996 WL 724776, 1996 U.S. Dist. LEXIS 22599 ..9

*Chamberlan v. Ford Motor Co.*, 402 F.3d 952 (9th Cir. 2005)............................................4, 5, 15

*Colorado Cross-Disability Coalition v. Taco Bell Crop.,* 184 F.R.D. 354 (D.Colo. 1999)............9

*Doe v. Los Angeles Unified Sch. Dist.*, 48 F.Supp.2d 1233 (C.D. Cal 1999)................................10

*Dukes v. Wal-Mart, Inc.,* 474 F.3d 1214 (9th Cir. 2007) ............................................................11

*Haley v. Medtronic, Inc.,* 169 F.R.D. 643 (C.D. Cal. 1996)............................................................8

*In re Rubber Chemicals Antitrust Litigation*, 232 F.R.D. 346 (N.D.Cal. 2005) ......................7, 10

*James v. City of Dallas,* 254 F.3d 551 (5th Cir. 2001)....................................................................8

*Lieber v. Macy's Cal., Inc.* No. C 96-2955 MHP, Order re: Class Certification (N.D. Cal. Mar. 9,
    1988)...........................................................................................................................................9

*Lierboe v. State Farm Mutual Automobile Ins. Co.,* 350 F.3d 1018 (9th Cir. 2003) .................6, 7

*Moeller v. Taco Bell Corp.* 220 F.R.D. 604 (N.D. Cal. 2004) ........................................................9

*Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475 (9th Cir. 1983)................................................11

*O'Shea v. Littleton,* 414 U.S. 488 (1974) .......................................................................................6

*Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266 (11th Cir. 2000) ...................................4, 5

*Staton v. Boeing,* 327 F.3d 938 (9th Cir. 2003)..........................................................................3, 11

*Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288 (1st Cir. 2000)........................................4

*Weyer v. Twentieth Century Fox,* 198 F.3d 1104 (9th Cir. 2000) .......................................3, 11, 12

## OTHER AUTHORITIES

1 Conte & Newberg, *Newberg on Class Actions,* (4th Ed.2002) ...............................................7, 9

## STATUTES

**Federal Rules of Civil Procedure**

Rule 23(a) ............................................................................................................................1, 11

Rule 23(b) ...........................................................................................................................1, 12

Rule 23(f) ..........................................................................................................................passim

## INTRODUCTION

This disability discrimination class action challenges Defendant Target Corporation's ("Target") refusal to make its website ("target.com") accessible to the blind, resulting not only in a denial of access to the website itself but also to the full enjoyment of the goods and services offered at Target's retail stores. The District Court considered testimony from dozens of class members about their frustrating attempts to access various features on target.com, expert testimony showing that the website was not programmed to provide access for the blind, and testimony from Target's own Rule 30(b)(6) designees confirming that the access barriers addressed by this lawsuit affect the blind generally and can be addressed on a systemic level. The lion's share of the evidence underlying the class certification order was undisputed by Target. After a careful analysis, the District Court certified a nationwide class and a California subclass under Fed. R. Civ. P. 23(a) and 23(b)(2). *See* District Court Order filed Oct. 2, 2007, attached as Exhibit A to Target's Petition (hereafter "Order").

Although Target offers up a host of complaints, the District Court did not commit error, much less "manifest error," nor did it address any unsettled fundamental issue of law relating to class actions. Rather, Target's petition boils down to a complaint that the District Court did not resolve class certification in its favor coupled with a poorly disguised attempt to secure interlocutory review of the

District Court's rulings on Target's earlier motion to dismiss and its contemporaneous motion for summary judgment.

Because the District Court granted Defendant's motion for summary judgment with respect to the ADA claim of Bruce Sexton, one of the class representatives, Target claims that "the nationwide class was certified without a class representative." *See* Defendant's Petition (hereafter "Petition") at 8.  This is simply incorrect.  The Court held that two other named plaintiffs in the case - Plaintiff National Federation of the Blind ("NFB") and Plaintiff National Federation of the Blind-California ("NFB-CA") - have standing to pursue injunctive relief on behalf of their members and as representatives of the class. *See* Order at 8:10-11.

Target's assertions that the District Court erred in finding numerosity for the nationwide class and the California subclass cannot be squared with the undisputed evidence on which the District Court relied to make that finding.  Target attempts to impose a level of specificity for showing numerosity that is unsupported by the case law and does not comport with the "reasonable estimate" standard set forth in its own cited authority.

Target uses its Rule 23(f) petition to attempt to secure review of (1) the District Court's denial of its motion to dismiss, *see* Order filed September 6, 2006, (Ex. A to Defendant's Appendix in Support of Petition) at 4:16-11:26, in which it

2

held that *Weyer v. Twentieth Century Fox,* 198 F.3d 1104 (9th Cir. 2000) did not

bar a website from being considered a service of a physical place of public

accommodation within the reach of the ADA; and (2) the District Court's rulings,

in connection with Target's motion for summary judgment, as to the intent

requirement of the Unruh Act and the scope of the Disabled Persons Act.  Target

has not directly sought interlocutory review of these rulings and there is thus no

appellate jurisdiction to review these decisions at this time.  Target will have a full

opportunity to appeal those rulings after final judgment.

Target's assertion that damages are the primary purpose of the California

subclass is contrary to the record.  In contrast to the ADA, which the District Court

earlier ruled applies only to those portions of target.com that have a nexus to a

Target store, the state law claims reach the entire website.  Accordingly if relief is

granted under state law, Defendant will have to make all of target.com accessible

to blind people in California who wish to shop online.

## STANDARD OF REVIEW

A district court has broad discretion to decide whether to certify a class

action.  *See Armstrong v. Davis,* 275 F.3d 849, 871 n. 28 (9th Cir. 2001).

Accordingly, appellate review of a class certification decision is limited to

determining whether the district court abused its discretion.  *See Staton v. Boeing,*

327 F.3d 938, 953 (9th Cir. 2003).  Interlocutory review of a class certification

ruling under Rule 23(f) is ordinarily not available.[1]  Interlocutory review is

particularly inappropriate where the class certification decision turns on case

specific fact-finding.  *See Prado-Steinman ex rel. Prado v. Bush,* 221 F.3d 1266,

1275-76 (11th Cir. 2000) (*citing* Fed. R. Civ. P. 23 advisory committee's notes).

This Court has articulated three narrow circumstances where interlocutory review

of a class certification ruling is warranted:

> when:  (1) there is a death-knell situation for either [party] that is
> independent of the merits of the underlying claims, coupled with a
> class certification decision by the district court that is questionable;
> (2)  the certification decision presents an unsettled and fundamental
> issue of law relating to class actions, important to both the specific
> litigation and generally, that is likely to evade end-of-the-case review;
> or (3) the district court's class certification decision is manifestly
> erroneous.

*Chamberlan,* 402 F.3d at 959.  Under this standard, Rule 23(f) review is a "rare

occurrence."  *Id.* at 955.

## ARGUMENT

## I.    The District Court's Class Certification Order Is Well-Reasoned and Supported by Both Substantial Evidence and Applicable Law.

The limited circumstances that permit this Court to review a class

certification order are absent.  While Target labels aspects of the District Court's

decision as "manifestly erroneous," a decision that is manifestly erroneous must

---

[1]  *See Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 959 (9th Cir. 2005) (interlocutory appeals are "disfavored because they are 'disruptive, time-consuming, and expensive.'") (quoting *Waste Mgmt. Holdings, Inc. v. Mowbray,* 208 F.3d 288, 294 (1st Cir. 2000)).

involve an error of law that is "easily ascertainable" from the petition.

*Chamberlan*, 402 F.3d at 959.  Target fails to identify any such errors of law, but

instead sets forth all of the results of the proceedings in the District Court to date

with which it is unhappy – including the District Court's decisions on Target's

summary judgment motion and motion to dismiss.  In fact, the District Court's

ruling on class certification—the only ruling that is properly at issue in Target's

petition—involves the application of settled law to a complex set of facts, exactly

the kind of issues that this Court's "manifestly erroneous" standard is intended to

screen out.  *Id.* at 959, 962; *see also Bush*, 221 F.3d at 1275-76.

### A.    The District Court Properly Certified the Nationwide Class.

#### 1.    Allowing Plaintiffs to Substitute One Class Representative Was Not an Abuse of Discretion.

Target's insistence that the District Court certified the nationwide class

without a class representative is incorrect.  The District Court found NFB and

NFB-CA to be adequate representatives of the nationwide class.  *See* Order at 8.

As Target concedes in its Petition, where there is a proper class representative at

the time a class is certified, substitution of a named plaintiff is appropriate.  *See*

Petition at 9.

In any event, the District Court identified multiple class member declarants

who presented ample evidence that they had been subjected to the type of

discrimination necessary to state a claim under the ADA.  *See* Order at 9:16-13:9.

5

Accordingly, even if the Court had not found the organizational plaintiffs adequate class representatives (which it did), it identified multiple individual class members who could be proper class representatives. And, pursuant to the District Court's October 2, 2007 Order, Plaintiffs will be filing on or about November 1, 2007 a Second Amended Complaint naming additional class representatives whose declarations the District Court cited as setting forth injuries that meet the ADA class definition. Once the amendment occurs, any argument by Target that the new plaintiffs are not typical or adequate must be made to the District Court in the first instance.

Target's reliance on *Lierboe v. State Farm Mutual Automobile Ins. Co.,* 350 F.3d 1018 (9th Cir. 2003), is misplaced. In *Lierboe* the "*sole* named plaintiff never had standing to challenge" the policies at issue and was never a member of the class. *Id.* at 1023 (emphasis added). *Lierboe* applies when "*none* of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the Defendants." *Id.* at 1022 (citing *O'Shea v. Littleton,* 414 U.S. 488, 494 (1974) (emphasis added)). *Lierboe* is thus inapposite for at least two reasons. First, Mr. Sexton is not the only Plaintiff with a case or controversy against Target; NFB and NFB-CA have standing both on behalf of their members and as representatives of the nationwide class. *See* Order at 8:19-20. Second, the District Court found that Mr. Sexton has standing as to Plaintiffs' state law claims

6

and is an adequate representative for the California subclass. *Id.* at 8:17-18. Thus,

unlike the situation in *Lierboe*, named plaintiffs here have established a case or

controversy with respect to Target, and the Court's decision to permit amendment

is both jurisdictionally permissible and a proper exercise of discretion.[2]

### 2. The Court's Finding of Numerosity for the Nationwide Class Was Based on Extensive and Undisputed Evidence.

Numerosity requires that a class be so numerous that joinder of all members

is impracticable. *See* Fed. R. Civ. P. 23(a)(1). Plaintiffs do not need to state the

exact number of potential class members nor is a specific number of class members

required. *See, e.g., In re Rubber Chemicals Antitrust Litigation,* 232 F.R.D. 346,

350 (N.D.Cal. 2005); *Bates v. United Parcel Service,* 204 F.R.D. 440, 444 (N.D.

Cal. 2001). Indeed, a court may make common sense assumptions to support a

finding that joinder would be impracticable. *See* 1 Conte & Newberg, *Newberg on*

*Class Actions,* § 3:3, at 225 (4th Ed.2002) ("Where the exact size of the class is

unknown but general knowledge and common sense indicate that it is large, the

numerosity requirement is satisfied."). Even Target's authority from the Fifth

Circuit recognizes that numerosity findings often are based on a "reasonable

estimate" of the number of class members. *See* Petition at 12 (citing *James v. City*

---

[2] The *Lierboe* decision also recognizes established authority that, in situations other than when the sole plaintiff could never state a claim, "a court need not decertify the class if it turns out that the representative is no longer a member of the certified class." *Id.* at 1023, n.7 (citing *Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 406 n.12 (1977); *Gluth v. Kangas,* 951 F.2d 1504, 1509 (9th Cir. 1991)).

*of Dallas*, 254 F.3d 551, 570 (5th Cir. 2001)).  That a class is geographically

dispersed, and its class members difficult to identify, further support class

certification.  1 *Newberg on Class Actions, supra,*. § 3:6, at 251-52; *Haley v.*

*Medtronic, Inc.,* 169 F.R.D. 643, 648 (C.D. Cal. 1996).

The District Court's finding of numerosity was grounded in census data

regarding the number of blind people nationally and state-wide, evidence

concerning the number of blind people who use screen access software to access

the internet and the extremely large number of visitors to target.com, and

declarations from numerous class members about their efforts to use target.com,

the barriers they repeatedly experienced on the website, and the many ways they

were denied access to the enjoyment of goods and services offered in Target stores

as a result of these barriers.  *See* Order at 10:11-13:9, 17:25-19:13.  The District

Court noted, among other things, that "the type of activity, shopping at a Target

store, is sufficiently 'widespread', 'numerous' and 'readily available'" that it

justifies the use of census data  as part of the overall picture.  *See id.* at 19:8-12.

Target's contention that Plaintiffs offered no evidence of class members being

denied access to the full enjoyment of the goods and services at the retail stores is

simply untrue.  *See id.* at 18:5-9.  Moreover, Target concedes that the census data

and evidence regarding the number of blind people who use screen-access software

is "concrete and reliable." *See* Petition at 11. Courts often certify ADA classes like the one at issue here based on similar evidentiary showings of numerosity.[3]

The District Court had before it sworn testimony from more than 30 class members who had tried to use target.com in connection with shopping at Target stores, but were unable to do so because of barriers on the website. Given that numerosity is presumed at 40 members, *1 Newberg on Class Actions, supra,* § 3.5, at 248, the class member declarations alone support a reasonable inference of numerosity. These declarations were submitted in addition to the census data and undisputed evidence showing the prevalent use of screen-access software by the blind.

The type of barriers at issue in this case affect blind visitors to target.com in a similar fashion. Target's own Rule 30(b)(6) designee on access improvements for target.com explained, for example, that the lack of alt text for images on the website would prevent all blind visitors from having access to the information.[4]

---

[3] *See 1 Newberg on Class Actions, supra,* § 3:3, at 226 ("Census data [is] frequently relied on by courts in determining the size of proposed classes."); *see also Arnold v. United Artists Theatre, Inc.,* 158 F.R.D. 439, 448 (N.D. Cal. 1994); *Moeller v. Taco Bell Corp.* 220 F.R.D. 604, 608 (N.D. Cal. 2004); *Colorado Cross-Disability Coalition v. Taco Bell Crop.,* 184 F.R.D. 354, 358 (D.Colo. 1999); *Lieber v. Macy's Cal., Inc.* No. C 96-2955 MHP, Order re: Class Certification, at 5 (N.D. Cal. Mar. 9, 1988) (cited in District Court Order at 18:13-18); *Berlowitz v. Nob Hill Masonic Management,* 1996 WL 724776 at *3.

[4] *See* Deposition of Nemoir at 85:15-24. Excerpts from Mr. Nemoir's deposition were submitted to the District Court as Exhibit C to the Declaration of Laurence W. Paradis In Support of Plaintiffs' Motion for Class Certification. A copy of Mr. Paradis' Declaration and the cited page from Mr. Nemoir's deposition are submitted herewith as Exhibit 1 to Plaintiffs' Appendix Of Documents In Opposition to Target Corporation's Petition for Permission to Appeal Order Granting Class Certification (hereafter "Plaintiffs' Appendix").

Target is a major economic force, with approximately 1,400 retail stores

nationwide, including 205 stores in California. Order at 2:17-18. Defendant owns

and operates target.com in a manner which allows Target's customers to perform a

variety of functions relating to the physical stores. *Id.* at 2:18-22. Plaintiffs

presented undisputed evidence to the District Court that target.com receives tens of

millions of visitors each month.[5] In light of this record, involving one of the

largest and most popular retailers in the country, and a substantial group of blind

people who use the internet, the District Court reasonably determined that the

nationwide class is sufficiently large.[6]

Target's insistence that Plaintiffs somehow did not satisfy their burden

because they did not provide specific numerical evidence of the number of blind

individuals who have attempted to access target.com (Order at 18:10-12) has no

legal basis. Courts routinely certify ADA classes based on the application of

common sense conclusions from data indicating that a class is too numerous to join

all members as parties. Order at 18:12-27. Target offers no reason why blind

shoppers would be any different from the millions of sighted persons who use

target.com before shopping at a Target store. Indeed, the class member

---

[5] This evidence was submitted to the District Court as Ex. F to the Declaration of Roger Heller in Opposition to Defendant's Motion for Summary Judgment. A copy of Mr. Heller's Declaration and the Exhibit F thereto is submitted herewith as Exhibit 2 to Plaintiffs' Appendix.

[6] *See In re Rubber Chemicals Antitrust Litigation*, 232 F.R.D. at 350-51 (numerosity is generally satisfied where general knowledge and common sense indicate that the class is large); *Doe v. Los Angeles Unified Sch. Dist.*, 48 F.Supp.2d 1233, 1239 (C.D. Cal. 1999) (same).

declarations submitted explained why many blind shoppers would be particularly motivated to use target.com before shopping at a Target store if the website were accessible. *Id.* at 10:14-13:9. Target "seeks to impose a level of specificity not required by Rule 23(a)." *Id.* at 18:12-13.

### 3. Target's Argument that the District Court Failed to Apply *Weyer* is Not a Proper Basis for Rule 23(f) Review and is Inaccurate.

Target's argument that the District Court failed to apply *Weyer v. Twentieth Century Fox* (*See* Petition at 13) is an attack on the District Court's earlier ruling on Defendant's motion to dismiss. *See* Order filed September 6, 2006 (Ex. A to Defendant's Appendix in Support of Petition) at 4:16-11:26. Defendant failed to seek interlocutory appeal of that earlier ruling and there is thus no appellate jurisdiction to review that ruling at this time. In any event, the District Court actually followed *Weyer* as discussed at length in the District Court's ruling. *Id.* at 5:13-10:3.

### 4. The District Court Did Engage in the Necessary Factual Analysis.

Class certification is not an occasion for a preliminary inquiry into the merits.[7] Nevertheless, Target faults the District Court for failing to resolve factual disputes that reach the merits of the case. Appropriately, the District Court

---

[7] *See Dukes v. Wal-Mart, Inc.,* 474 F.3d 1214, 1227 (9th Cir. 2007); *Staton v. Boeing,* 327 F.3d 938, 954 (9th Cir. 2003); *Moore v. Hughes Helicopters, Inc.,* 708 F.2d 475, 480 (9th Cir. 1983).

considered whether the merits issues are suitable for resolution on a class-wide basis. Order at 9:28-10:14. Moreover, the District court "review[ed] each of the supplementary declarations to determine whether the putative class members met the class definition," and was "satisfied that many of the putative class members have alleged that they were denied access to the enjoyment of goods and services offered at Target stores as a result of their inability to access Target.com." *Id.* at 10:11-10:14. Indeed, a significant portion of the District Court's Order deals with the specific facts from class member declarations. *Id.* at 10:14-13:9. Thus, the District Court undertook the requisite factual analysis, but Target is unhappy with the results.

**B.    The California Subclass was Properly Certified Under Rule 23(b)(2).**

1.    The Purpose of the California Subclass is to Reach the Entire Website.

The primary purpose of the California subclass is not, as Target insists, to recover statutory damages. Rather, the critical purpose of the California subclass and Plaintiffs' corresponding claims under California law has always been to obtain injunctive relief requiring the entire website to be made accessible, as opposed to only those parts of the website that have a nexus with a physical Target store. The California subclass and the state law claims have become particularly important given the District Court's previous ruling, under *Weyer*, that Plaintiffs'

ADA claim only reaches those parts of the website that can be linked to Target stores. The significantly broader equitable relief available to Plaintiffs under state law is thus essential to full relief. Moreover, as the District Court noted, the sworn declarations of the putative subclass members "indicate that the major form of relief sought is equitable." Order at 23:8-9. Finally, Target cannot point to a single disability case in which a California state law subclass was denied on the basis of predominance of damages.

    2.    <u>The Court's Finding of Numerosity for the California Subclass Was Based on Extensive and Undisputed Evidence.</u>

Target's contention that Plaintiffs "offered no admissible evidence" regarding numerosity for the California subclass (*See* Petition at 17) is without merit. Because the California subclass includes access claims under state law which do not require a nexus to a physical store, this subclass includes blind shoppers who would like to shop online at target.com. The ability to shop online is one of the features that makes the internet so popular for shoppers whether or not they can see. See, e.g. District Court's April 25, 2007 Order (Ex. C to Defendant's Appendix in Support of Petition) at 2:11-16, 7:16-8:2 (describing the testimony by multiple blind individuals that they would like to shop online at target.com if it were made accessible). Plaintiffs submitted undisputed evidence that there are approximately 140,000 blind people in California, 10,000 of whom use screen access software to access the internet. Order at 18:8-9. With millions

of visitors to target.com each month, and the clear evidence that blind people can and do shop online just like sighted people, the District Court's conclusion that the California subclass meets the numerosity requirement is well supported by the record.

      3.    <u>Target's Challenge Regarding the District Court's Rulings Interpreting the State Statutes is Not a Proper Basis for Rule 23(f) Review and, in any event, Lacks Merit.</u>

Target argues that interlocutory review is warranted because the District Court held that the Unruh Act does not require proof of the Defendant's intent.  In fact, the District Court has left the ultimate determination of whether Target's intent must be proven for a later stage, stating that the "intent requirement, if one exists, of the Unruh Act does not render class certification inappropriate."  Order at 15:27-28.  The District Court correctly notes that Plaintiffs have challenged actions taken by the Defendant that adversely affect the entire class collectively rather than individual acts against individual plaintiffs.  Thus, even if Defendant's actions must have been "intentional" at some level of *mens rea*, the resolution of that question is appropriate for class treatment.  *See* Order at 15:25-27.

A similar defect attends Target's arguments concerning the District Court's ruling on the scope of the Disabled Persons Act.  The District Court analyzed the scope of that statute primarily in ruling on Defendant's motion for summary judgment, which is not subject to interlocutory appeal.  *See* Order at 28:6-29:15.

The District Court, however, also carefully analyzed the content and intent of the Disabled Persons Act and reasonably concluded that the statute is broad enough to cover the type of discrimination alleged. *Id.* at 16:8-17:17. Target will have the right to appeal that ruling at the conclusion of the case, as well as any other rulings with which it disagrees, but there is no appellate jurisdiction for that argument now.

## II.    No Important Issues Will Evade Review if Target's Petition is Denied.

Target rehashes many of its gripes as "important issues that likely will evade review absent permission to appeal at this time." Petition at 19. In so doing, Target attempts to invoke the second category for Rule 23(f) review under *Chamberlan. Chamberlan,* however, requires that the petitioner establish that the fundamental unsettled issue identified is "important both to the specific litigation and generally, [and] likely to evade end-of-the-case review." 402 F.3d at 959. Target fails to meet this heightened showing. Many of the "important issues" that Target identifies are beyond the scope of Rule 23(f) review because they are not issues that arose in the context of the class certification motion. Moreover, those issues that do pertain to class certification are well-settled under controlling law.

## CONCLUSION

For the foregoing reasons, plaintiffs respectfully request that Target's

Petition for Permission to Appeal be denied.

Respectfully submitted,

DISABILITY RIGHTS ADVOCATES
SCHNEIDER & WALLACE
BROWN, GOLDSTEIN & LEVY, LLP
PETER BLANCK, J.D., Ph. D.

By: _____

Laurence Paradis
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2007, I caused the above

document to be sent to the following persons via **Email and U.S. Mail**:

Harold McElhinny
Matthew Kreeger
Kristina Paszek
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105
(415) 268-7000

Beth Brinkmann
Brian Matsui
Morrison & Foerster LLP
2000 Pennsylvania Ave, N.W.
Suite 5500
Washington, DC 20006
(202) 887-1500

Daniel Brome