| | |
|---|---|
| LAURENCE W. PARADIS (California Bar No. 122336) | |
| ROGER N. HELLER (California Bar No. 215348) | |
| DISABILITY RIGHTS ADVOCATES | |
| 2001 Center Street, Third Floor | |
| Berkeley, California 94704 | |
| Telephone: (510) 665-8644 | |
| Facsimile: (510) 665-8511 | |
| TTY: (510) 665-8716 | |

JOSHUA KONECKY (California Bar No. 182897)
RACHEL E. BRILL (California Bar No. 233294)
SCHNEIDER & WALLACE
180 Montgomery Street, Suite 2000
San Francisco, CA 94104
Telephone: (415) 421-7100
Fax: (415) 421-7105
TTY: (415) 421-1655

| | |
|---|---|
| DANIEL F. GOLDSTEIN (*pro hac vice*) | PETER BLANCK (*pro hac vice*) |
| BROWN, GOLDSTEIN & LEVY, LLP | 900 S. Crouse Avenue |
| 120 E. Baltimore St., Suite 1700 | Syracuse, NY 13244-2130 |
| Baltimore, MD 21202 | Telephone: (315) 443-9703 |
| Telephone: (410) 962-1030 | Fax: (315) 443-9725 |
| Fax: (410) 385-0869 | |

Class Counsel

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND and the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members; and BRUCE F. SEXTON, JIM MARKS, and MELISSA WILLIAMSON, on behalf of themselves and all others similarly situated<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION AND DOES ONE-TEN,<br>　　　　　Defendants. | Case No. C-06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT**<br><br>Date: January 7, 2008<br>Time: 2:00 PM<br>Judge: Hon. Marilyn Hall Patel |

Dockets.Justia.com

## I. INTRODUCTION

Defendant Target Corporation ("Target") is grasping at straws with its latest Motion to Strike Plaintiffs' Second Amended Complaint and Dismiss Plaintiffs' Claims under the Americans with Disabilities Act ("Motion to Strike"). First, a motion to strike is a tool limited to addressing problems of an altogether different kind than the issues Target seeks to raise. Second, Target's argument that Plaintiffs did not have permission to file the Second Amended Complaint to substitute new class representatives with respect to the ADA claim lies in direct contradiction to the Court's Order of October 2, 2006, which ordered that Plaintiffs do exactly this. Third, Target's contention that Plaintiffs' ADA claim should be dismissed because Mr. Sexton cannot state such a claim ignores this Court's finding that NFB and NFB-CA, the other two named Plaintiffs and class representatives, have standing to pursue the ADA claim and that they are adequate class representatives for the nationwide class. Moreover, Target's reliance on *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003), is entirely misplaced because no plaintiff in that case ever had standing to assert the claim at issue. For these reasons, the Motion to Strike should be summarily denied.

## II. ARGUMENT

### A. TARGET'S MOTION TO STRIKE SHOULD BE DENIED BECAUSE THE SECOND AMENDED COMPLAINT IS NOT REDUNDANT, IMPERTINENT OR SCANDALOUS.

Motions to strike are viewed with disfavor and "generally not granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Leduc v. Kentucky Cent. Life Ins. Co.*, 814 F. Supp. 820, 830 (N.D. Cal. 1992) (*citing Colaprico v. Sun Microsystems, Inc.*, 758 F.Supp. 1335, 1339 (N.D. Cal. 1991)); see also 5 Charles A. Wright & Arthur R. Miller § 1380 (3d ed. 2004). Here, Target's Motion to Strike must fail for the simple reason that none of the challenged allegations of the Second Amended Complaint are "redundant, impertinent or scandalous" as would be required for a motion to strike under Fed. R. Civil Proc. 12(f).

### B. TARGET'S ARGUMENT THAT PLAINTIFFS DID NOT HAVE PERMISSION TO FILE THE SECOND AMENDED COMPLAINT IS FRIVOLOUS.

SCHNEIDER & WALLACE

PLAINTIFFS' OPPO. TO D'S MTN. TO STRIKE THE 2ND AMENDED COMPLAINT & DISMISS PLAINTIFFS' ADA CLAIMS
*NFB, et al. v. Target Corporation*, Case No. C 06-01802 MHP

1

The Court's Memorandum and Order of October 2, 2007 ("Order") provided in pertinent part: "Plaintiffs are ordered to substitute a new class representative with respect to the ADA claims consistent with this order within thirty (30) days of the date of this order." *Id.* at 32:10-11. Plaintiffs filed the Second Amended Complaint in compliance with this very Order. Target's Motion to Strike appears to suggest that, by following the Order, Plaintiffs have filed a "redundant, impertinent, or scandalous" pleading. This position is nonsensical and should be rejected without further consideration.

### C. BECAUSE PLAINTIFFS NFB AND NFB-CA HAVE STANDING TO ASSERT THE ADA CLAIM, LIERBOE IS INAPPOSITE.

Target incorrectly argues that *Lierboe v. State Farm Mutual Automobile Ins. Co.*, 350 F.3d 1018 (9th Cir. 2003), requires dismissal of Plaintiffs' ADA claim, presumably in the Amended Complaint as well as the Second Amended Complaint. As must be obvious, this argument has nothing to do with a motion to strike the Second Amended Complaint, but is simply an argument that Target wants to make without locating a proper vehicle, if one exists, for raising this at present. There is no reason for the Court to address this argument at this time.

In all events, *Lierboe* is inapposite. In that case, the "*sole* named plaintiff never had standing to challenge" the policies at issue and was never a member of the class. *Id.* at 1023 (emphasis added). Indeed, *Lierboe* applies when "*none* of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the Defendants." *Id.* at 1022 (*citing O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) (emphasis added)).

Unlike the court in *Lierboe*, this Court has already found that Plaintiff NFB and Plaintiff NFB-CA have standing to assert the ADA claim against Target both on behalf of their members and as representatives of the nationwide class. *See* Order at 8:19-20. Thus, there is no basis to dismiss Plaintiffs' ADA claim simply because Mr. Sexton himself can no longer assert it. Moreover, *Lierboe* is distinguishable for the separate reason that the plaintiff in that case could not assert *any* claim and was entirely dismissed from the case. *Lierboe*, 350 F.3d at 1020, 1022. Here, Mr. Sexton has not been entirely dismissed from this case. To the contrary, the Court has

PLAINTIFFS' OPPO. TO D'S MTN. TO STRIKE THE 2ND AMENDED COMPLAINT & DISMISS PLAINTIFFS' ADA CLAIMS
*NFB, et al. v. Target Corporation*, Case No. C 06-01802 MHP

2

held that he has standing to assert the California law claims and to represent the California subclass. *See* Order at 8:17-18; 21:24-28. Thus, there is no basis, even under *Lierboe*, to dismiss Plaintiffs' ADA claim.

Target asserts that it has never conceded the organizational standing of NFB and NFB-CA to bring claims for injunctive relief. Whether Target did or did not affirmatively concede to organizational standing, however, has no bearing one way or another on the Court's authority to allow the substitution of new individual class representatives. *See, e.g. Tex. Motor Freight Sys., Inc. v. Rodriguez,* 431 U.S. 395, 406 n.12 (1977); *Gluth v. Kangas,* 951 F.2d 1504, 1509 (9th Cir. 1991). And, the two individuals added here are among those whom the Court has already identified as presenting evidence of being subjected to the type of discrimination necessary to state a claim under the ADA. *See* Order at 9:16-13:9.

In any event, the record is absolutely clear that Target only challenged the standing of NFB and NFB-CA as representatives on damage claims. *See* Defendant's Opposition to Plaintiffs' Motion for Class Certification at 19:1-21. Target's decision to remain silent on organizational standing for equitable relief in its previous and voluminous briefings provides no reason for it to complain now of the Court's conclusion that it did not dispute the organizations' standing to bring the ADA claim. Indeed, given that the organizations have been plaintiffs since the beginning of this case, it is not clear why or how Target's new-found standing argument (cryptically expressed, at best) relates to the motion it has brought.

Finally, the fact that some class members may testify at Phase 1 of the bifurcated trial regarding the nexus between Target.com and the denial of their full and equal enjoyment of the goods and services in the retail stores, provides no support for Target's conclusory statement that the organizational plaintiffs do not have membership standing under the third prong of the test articulated in *Hunt v. Washington State Apple Adver Comm'n,* 432 U.S. 333 (1977). Quoting *Warth v. Seldin* 422 U.S. 490 (1975), the Supreme Court in *Hunt* explained that membership standing is established when the organization alleges "that its members, *or any one of them*, are suffering immediate or threatened injury as a result of the challenged action" and "so long as the

SCHNEIDER & WALLACE

PLAINTIFFS' OPPO. TO D'S MTN. TO STRIKE THE 2ND AMENDED COMPLAINT & DISMISS PLAINTIFFS' ADA CLAIMS
*NFB, et al. v. Target Corporation,* Case No. C 06-01802 MHP 3

nature of the claim and of the relief sought does not make the individual participation of *each injured party* indispensable to proper resolution of the cause...." *Hunt*, 432 U.S. at 342-343 (citations and internal quotations omitted) (emphasis added). The Supreme Court went on to reason that where the organization seeks prospective relief, "it can reasonably be supposed that the remedy, if granted, will inure to the benefit of those members of the association actually injured...." *Id.* at 343 (citations and internal quotations omitted). Thus, while Plaintiffs NFB and NFB-CA have membership standing because one or more of their members can state an ADA claim,[1] not every member of these organizations needs to participate in the action for the Court to fully adjudicate the ADA claim or for prospective relief to inure to the benefit of those members of the organizations actually injured by Target's alleged violation of the ADA. Target is incorrect to suggest that there can be no membership standing for equitable relief claims simply because some class members (who may or may not be members of the organizations) will testify at trial in support of the class claims. Neither the cursory review of membership standing in the vexatious litigant case of *Molski v. Mandarin Touch Restaurant*, 359 F.Supp. 2d 924, 935 (C.D. Cal. 2005), nor any other authority of which Plaintiffs are aware, supports Target's extreme reading of *Hunt*.

## III. CONCLUSION

Defendant's Motion to Strike Plaintiffs' Second Amended Complaint and Dismiss Plaintiffs' Claims under the Americans with Disabilities Act is without merit. It should be denied.

Respectfully submitted,

Date: December 5, 2007

DISABILITY RIGHTS ADVOCATES
SCHNEIDER & WALLACE
BROWN, GOLDSTEIN & LEVY, LLP

_____
Roger Heller
Attorneys for Plaintiffs

---

[1] *See, e.g.,* Decl. of Melissa Williamson at ¶¶ 5, 17-19; Decl. of James Marks at ¶¶ 5, 11-14; Decl. of Rosie Carranza at ¶¶ 5, 12-17; Decl. of Steve Booth at ¶¶ 5, 11-15; Supp. Decl. of Shannon Dillon at ¶¶ 6, 11-12; Supp. Decl. of Eric Clegg at ¶¶ 7, 11-12 (Court Docket # 127).