1  HAROLD J. McELHINNY (CA SBN 66781)
   MATTHEW I. KREEGER (CA SBN 153793)
2  KRISTINA PASZEK (CA SBN 226351)
   HMcElhinny@mofo.com
3  MKreeger@mofo.com
   KPaszek@mofo.com
4  MORRISON & FOERSTER LLP
   425 Market Street
5  San Francisco, California 94105-2482
   Telephone: (415) 268-7000
6  Facsimile: (415) 268-7522

7  Attorneys for Defendant
   TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.   C 06-01802 MHP<br><br>**TARGET CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' CLAIMS UNDER THE AMERICANS WITH DISABILITIES ACT**<br><br>Date:   January 7, 2008<br>Time:   2:00 PM<br>Judge:  Hon. Marilyn Hall Patel |

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS – CASE NO. C 06-01802 MHP
sf-2434483

Dockets.Justia.com

**INTRODUCTION**

Plaintiffs filed their second amended complaint without having first obtained consent or leave of court. The procedural consequence of this failure is clear: the pleading should be stricken. Moreover, given the Court's summary judgment ruling on plaintiff Bruce Sexton's ADA claim, binding precedent compels the dismissal of the ADA claims alleged in plaintiffs' amended complaint. The Court should grant Target's motion in its entirety.

**ARGUMENT**

**I.   PLAINTIFFS' AMENDED COMPLAINT SHOULD BE STRICKEN.**

Plaintiffs' claim that they were ordered to file the seconded amended complaint is not accurate. The class certification order of October 2, 2007, gave plaintiffs thirty days to substitute a new class representative for purposes of the ADA claims. The order did not grant plaintiffs leave to file an amended complaint, much less one that made substantive changes beyond the addition of new plaintiffs. If plaintiffs wished to file an amended complaint with new plaintiffs and new substantive allegations, they were required to comply with Federal Rule of Civil Procedure 15(a) and obtain either consent or leave of court to file their amended pleading. The class certification order does not excuse plaintiffs' failure to follow the applicable rules.

Plaintiffs argue that a motion to strike is not the appropriate procedural vehicle to challenge an improperly filed amended complaint. According to plaintiffs, a motion to strike should only be granted if it concerns material that is "redundant, impertinent or scandalous" and has no possible bearing on the litigation. Plaintiffs are plainly mistaken. Courts routinely grant motions to strike amended complaints when they are not filed in accordance with Rule 15(a). *See Serpa v. SBC Telecommunications, Inc.*, 318 F. Supp. 2d 865 (N.D. Cal. 2004) (Patel, J.) (granting a motion to strike an amended complaint filed without consent or leave of court); *accord Kelly v. Echols*, No. CIV-F-05-118 AWI DLB, 2007 U.S. Dist. LEXIS 92107 (E.D. Cal. Dec. 5, 2007) (same); *Sutton v. Holz*, No. C 06-6417 VRW, 2007 U.S. Dist. LEXIS 80852 (N.D. Cal. Oct. 15, 2007) (Walker, C.J.) (same); *Davis v. Foster Farms Dairy*, No. CV-F-05-271 OWW/DLB, 2007 U.S. Dist. LEXIS 5246 (E.D. Cal. Jan.

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS - CASE NO. C 06-01802 MHP
sf-2434483

1

10, 2007) (same); *Long v. City of Seattle*, No. C05-1664P, 2006 U.S. Dist. LEXIS 38031 (W.D. Wash. June 8, 2006) (same). As these rulings demonstrate, striking the second amended complaint is the correct remedy when an amended complaint is filed improperly.

## II. DISMISSAL, RATHER THAN SUBSTITUTION, IS REQUIRED FOR PLAINTIFFS' ADA CLAIM.

Although plaintiffs seek to avoid the effects of *Lierboe v. State Farm Mutual Automobile Insurance Co.*, 350 F.3d 1018 (9th Cir. 2003), the consequences of that ruling are clear: Because the plaintiff who was to serve as the class representative never had a viable ADA claim, that claim should be dismissed. To allow substitution under the circumstances is improper.

Plaintiffs urge the Court to ignore *Lierboe*, arguing that there is no reason to address this argument at this time. But now is precisely the time when this argument must be confronted. As Target has explained, there was no reason to raise *Lierboe* any sooner. The ruling only became relevant after the Court issued its order of October 2, 2007, which simultaneously granted Target's motion for summary judgment as to Mr. Sexton's ADA claim and ordered substitution of a new class representative for purposes of that claim. Through their second amended complaint, plaintiffs seek to substitute new class representatives. As part of its challenge to the second amended complaint, Target is alerting the Court of the impropriety of such substitution.[1]

Plaintiffs' efforts to distinguish *Lierboe* are unpersuasive. The fact that there was only one plaintiff in *Lierboe*, whereas Mr. Sexton was joined by two organizational plaintiffs in this case, is inapposite. NFB and NFB of California are not class members, and they were never found to be adequate class representatives. The class certification order does not make findings about their suitability to serve as class representatives under Rule 23. Moreover, if they were considered adequate class representatives for the ADA claim, then there would

---

[1] Had plaintiffs moved for leave to file the second amended complaint, Target would have raised the issue of *Lierboe* in their opposition to that motion. But, as discussed above, plaintiffs skipped that step, requiring Target to raise this matter in a motion of its own.

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS - CASE NO. C 06-01802 MHP
sf-2434483

2

have been no reason for the Court to order, as it did, substitution of a new class representative for that claim. Similarly, the fact that Lierboe had no remaining claim, while Mr. Sexton remains in this case, is of no consequence. Target is seeking dismissal only of plaintiffs' ADA claim, not the state law claims for which Mr. Sexton is serving as class representative.

Plaintiffs maintain that plaintiffs' standing and the validity of their claims have no bearing on the Court's power to permit substitution of new class representatives. But plaintiffs fail to identify any authority establishing that substitution is allowable when no named plaintiff was ever found to be a suitable class representative with regard to the claim at issue. The authorities that plaintiffs cite — *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395 n.12 (1977), and *Gluth v. Kangas*, 951 F.2d 1504, 1509 (9th Cir. 1991) — simply stand for the proposition, acknowledged in *Lierboe*, that if a class representative's claim becomes moot *after* a class is certified, substitution of a replacement class representative is permissible. That rule does not apply here. Mr. Sexton's ADA claim did not become moot after class certification; it was fatally deficient all along.

Finally, plaintiffs' suggestion that Target somehow waived its right to challenge NFB's and NFB of California's standing is wholly without merit. When plaintiffs lack standing to pursue a claim, the court must dismiss that claim for lack of subject matter jurisdiction. *See, e.g., Fleck & Assocs. v. City of Phoenix*, 471 F.3d 1100 (9th Cir. 2006) (holding that because plaintiff neither established "traditional" nor "associational" standing, subject matter jurisdiction was lacking and dismissal was warranted); *Legal Aid Society v. Legal Servs. Corp.*, 145 F.3d 1017 (9th Cir. 1998) (vacating judgment as to certain claims and ordering that a portion of the complaint be dismissed due to plaintiff organizations' lack of standing to pursue those claims). A challenge to the court's subject matter jurisdiction cannot be waived; it can be raised at any time. Fed. R. Civ. P. 12(h)(3); *Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 757 (9th Cir. 1999) ("Lack of subject matter jurisdiction may be raised at any time because the parties cannot, by their consent, confer jurisdiction upon a federal court in excess of that provided by Article III of the United States Constitution.");

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS - CASE NO. C 06-01802 MHP
sf-2434483

3

*Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983) ("The defense of lack of subject matter jurisdiction cannot be waived, . . . .").

Here, NFB and NFB of California lack standing to pursue ADA claims on behalf of their members because it is necessary for individual members to participate in the lawsuit. *See Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977); *Molski v. Mandarin Touch Restaurant*, 359 F. Supp. 2d 924, 935-36 (C.D. Cal. 2005); *Disabled in Action of Metro. N.Y. v. Trump Int'l Hotel & Tower*, No. 01 Civ. 5518 (MBM), 2003 U.S. Dist. LEXIS 5145, at *32-33 (S.D.N.Y. Apr. 2, 2003) (ruling that an organizational plaintiff lacked standing because individuals' participation would be required and because individual plaintiffs sought the same relief and were better parties to assert their own rights). This is not a routine ADA action that turns exclusively on the existence of architectural barriers. *See, e.g., Yates v. Belli Deli*, No. C 07-01405 WHA, 2007 U.S. Dist. LEXIS 61431, at *19 (N.D. Cal. Aug. 13, 2007) (Alsup, J.) (rejecting a challenge to organizational standing because proof of architectural barriers preventing access to a deli "does not require testimony of any individual plaintiff"). Under this Court's rulings, plaintiffs cannot prove an ADA claim simply by identifying barriers on the Target.com website. Rather, they must prove that as a result of these barriers, they were individually denied access to the enjoyment of goods and services offered in Target stores. Accordingly, proof of plaintiffs' ADA claim will undoubtedly require the testimony and participation of individuals. Neither Mr. Sexton, nor NFB, nor NFB of California has standing to sue under the ADA. Plaintiffs' ADA claim should therefore be dismissed.

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS - CASE NO. C 06-01802 MHP
sf-2434483

4

## CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be stricken, and plaintiffs' claim under the Americans with Disabilities Act should be dismissed.

Dated: December 20, 2007

HAROLD J. McELHINNY
MATTHEW I. KREEGER
KRISTINA PASZEK
MORRISON & FOERSTER LLP

By: /s/ Matthew I. Kreeger
    Matthew I. Kreeger

Attorneys for Defendant
TARGET CORPORATION

TARGET'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE THE SECOND AMENDED COMPLAINT AND DISMISS PLAINTIFFS' ADA CLAIMS - CASE NO. C 06-01802 MHP
sf-2434483

5