UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and BRUCE SEXTON, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br><br>  v.<br><br>TARGET CORPORATION,<br><br>              Defendant.<br>_____/ | No. C 06-01802 MHP<br><br>**ORDER**<br><br>**Re: Defendant's Motion to Strike the Second Amended Complaint and Dismiss Plaintiffs' ADA Claims** |

In its October 2, 2007 order, the court held that plaintiff Bruce Sexton had standing to assert claims under the federal Americans with Disabilities Act ("ADA") as well as under California state law. At the same time, however, the court found that Sexton had not put forth sufficient evidence to survive a motion for summary judgment with respect to the ADA claim. The court, therefore, granted defendant's motion for summary judgment as to Sexton's ADA claim and ordered plaintiffs to substitute, within 30 days, a new class representative for purposes of the ADA claim. The court denied defendant's motion for summary judgment as to Sexton's state law claims. Pursuant to the court's order, plaintiffs filed a second amended complaint on November 1, 2007 in order to substitute a new class representative. Defendant has now moved (1) to strike the second amended complaint because leave to file it was never granted and (2) to dismiss plaintiffs' ADA claim under Lierboe v. State Farm Mutual Automobile Insurance Co., 350 F.3d 1018 (9th Cir. 2003). Having considered the parties' submissions and arguments, the court rules as follows.

Defendant's motion borders on the frivolous insofar as it objects to the substitution since plaintiffs' amendment is pursuant to the court's order directing them to substitute a new class representative. The Amended Complaint and the Second Amended Complaint are virtually identical, except for the addition of two new plaintiffs, Melissa Williamson and James Marks. Plaintiffs also modified the definition of the class they seek to certify. First, they added language to reflect the court's September 6, 2006 order requiring, for the ADA claim, a nexus between the website and the physical store. Second, for both the federal and state law claims, plaintiffs added a time limitation to reflect the statute of limitations. No other changes were made. Accordingly, defendant's motion to strike is DENIED.

In its October 2, 2007 order, the court held that plaintiff Sexton had standing to assert an ADA claim because he suffered an injury-in-fact traceable to the conduct of the defendant which could be redressed by the equitable relief sought. Although Sexton had standing to assert the ADA claim, the court ultimately found that he could not survive summary judgment on the merits. Lierboe, therefore, is inapposite and does not require dismissal of the ADA claim in this case. Unlike Sexton, the plaintiff in Lierboe could not "establish[] the requisite of a case or controversy with the defendants," and therefore, lacked standing to assert an action from the outset of the litigation. Lierboe, 350 F.3d at 1022–1023. Accordingly, defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: January 2, 2008

_____
MARILYN HALL PATEL
United States District Court Judge
Northern District of California