HAROLD J. McELHINNY (CA SBN 66781)
MATTHEW I. KREEGER (CA SBN 153793)
KRISTINA PASZEK (CA SBN 226351)
HMcElhinny@mofo.com
MKreeger@mofo.com
KPaszek@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members and all others similarly situated, BRUCE F. SEXTON, on behalf of himself and all others similarly situated, MELISSA WILLIAMSON, on behalf of herself and all others similarly situated, and JAMES P. MARKS, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.   C06-01802 MHP<br><br>**TARGET CORPORATION'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>Judge:   Hon. Marilyn Hall Patel |

Defendant Target Corporation ("Target") answers the Second Amended Complaint ("Complaint") on file in this action as follows:

1. Target denies the averments contained in paragraph 1 of the Complaint.

2. The averments contained in paragraph 2 assert legal conclusions to which no response is required.

3. The averments contained in paragraph 3 assert legal conclusions to which no response is required.

4. The averments contained in paragraph 4 assert legal conclusions to which no response is required.

5. The averments contained in paragraph 5 assert legal conclusions to which no response is required.

6. Answering paragraph 6, Target admits that it conducts business, and operates retail stores, in the State of California. Except as expressly admitted, Target denies the averments contained in paragraph 6, and further denies the averments contained in this paragraph to the extent they state legal conclusions for which no response is required.

7. Target is without knowledge or information sufficient to admit or deny the averments relating to the residency or existence of the various plaintiffs. Except as expressly admitted, Target denies the averments contained in paragraph 7.

8. Target is without knowledge or information sufficient to admit or deny the averments of paragraph 8.

9. Target is without knowledge or information sufficient to admit or deny the averments of paragraph 9.

10. Target denies that Plaintiff Sexton "has been denied the full use and enjoyment of facilities, goods and services of Target.com" as averred in paragraph 10. Target is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 10.

11. Target denies that Plaintiff Williamson "has been denied the full enjoyment of the facilities, goods and services of Target.com, as well as to the facilities, goods and services of Target's retail stores, as a result of accessibility barriers on Target.com" as averred in paragraph

11. Target denies that "the inaccessibility of Target.com has deterred her from shopping at Target stores" as averred in paragraph 11. Target denies the averments contained in this paragraph to the extent they state legal conclusions for which no response is required. Target is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 11.

12. Target denies that Plaintiff Marks "has been denied the full enjoyment of the facilities, goods and services of Target.com, as well as to the facilities, goods and services of Target's retail stores, as a result of accessibility barriers on Target.com" as averred in paragraph 12. Target denies that "the inaccessibility of Target.com has deterred him from shopping at Target stores, and has forced him to have to pay an aide to accompany him when he does shop at Target stores" as averred in paragraph 12. Target denies the averments contained in this paragraph to the extent they state legal conclusions for which no response is required. Target is without knowledge or information sufficient to admit or deny the remaining averments of paragraph 12.

13. Target admits that, among other things, it owns and operates retail stores in California and the United States. Target further admits that, among other things, it operates a website located at www.target.com. Except as expressly admitted, Target denies the averments contained in paragraph 13.

14. Target is without information or belief sufficient to admit or deny the averments of paragraph 14. Target denies the averments contained in paragraph 14 to the extent they assert legal conclusions to which no response is required.

15. Target is without information or belief sufficient to admit or deny the averments of paragraph 15. Target denies the averments contained in paragraph 15 to the extent they assert legal conclusions to which no response is required.

16. Target is without information or belief sufficient to admit or deny the averments of paragraph 16. Target further denies the averments contained in paragraph 16 to the extent they assert legal conclusions to which no response is required.

17. Target denies the averments of paragraph 17, and further denies the averments contained in this paragraph to the extent they assert that the website located at www.target.com is

inaccessible. Target denies the averments contained in paragraph 17 to the extent they assert legal conclusions to which no response is required.

18. Target denies the averments contained in paragraph 18, and further denies the averments contained in this paragraph to the extent they assert legal conclusions to which no response is required.

19. Target denies the averments contained in paragraph 19, and further denies the averments contained in this paragraph to the extent they assert legal conclusions to which no response is required.

20. Target denies the averments contained in paragraph 20, and further denies the averments contained in this paragraph to the extent they assert legal conclusions to which no response is required.

21. Target denies the averments contained in paragraph 21, and further denies the averments contained in this paragraph to the extent they assert legal conclusions to which no response is required.

22. Answering paragraph 22, no response is required.

23. Target admits that, among other things, it operates retail stores in California and the Untied States. Except as expressly admitted, Target denies the averments contained in paragraph 23.

24. Target admits that, among other things, it operates a website located at www.target.com, and that words "Powered by Amazon.com" appear within the website. Except as expressly admitted, Target denies the averments contained in paragraph 24, and further denies these averments to the extent they assert legal conclusions to which no response is required.

25. Target admits that, among other things, it operates a website located at www.target.com, and that visitors to the website may browse and purchase merchandise. Except as expressly admitted, Target denies the averments contained in paragraph 25, and further denies these averments to the extent they assert legal conclusions to which no response is required.

26. Target admits that the website located at www.target.com contains a store locator, online pharmacy, online photoshop, weekly advertisements, coupons, online wedding and baby

registries and coupons, as well as certain information regarding its REDcard$^{SM}$ program, certain community programs, employment opportunities, investor and company policies, and products for sale on the website itself. Except as expressly admitted, Target denies the averments contained in paragraph 26.

27. Target denies the averments contained in paragraph 27.

28. Target denies the averments contained in paragraph 28.

29. Target is without knowledge or information sufficient to admit or deny the allegations of paragraph 29, which are vague and ambiguous.

30. Target is without knowledge or information sufficient to admit or deny the allegations of paragraph 30.

31. Target denies that "well-established guidelines" exist or apply to the website located at www.target.com. Target is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 31.

32. Target denies the averments contained in paragraph 32.

33. Target lacks information or belief sufficient to admit or deny that the descriptions and definitions contained within paragraph 33 are necessary, sufficient or complete, and denies these averments for that reason. Target further denies the remaining averments contained in paragraph 33.

34. Target lacks information or belief sufficient to admit or deny that the descriptions and definitions contained within paragraph 34 are necessary, sufficient or complete, and denies these averments for that reason. Target further denies the remaining averments contained in paragraph 34.

35. Target lacks information or belief sufficient to admit or deny that the descriptions and definitions contained within paragraph 35 are necessary, sufficient or complete, and denies these averments for that reason. Target further denies the remaining averments contained in paragraph 35.

36. Target denies the averments contained in paragraph 36.

37. Target denies the averments contained in paragraph 37.

38. Target denies the averments contained in paragraph 38, and further denies the averments contained in this paragraph for lack of information or belief regarding the shopping habits of plaintiffs or the class they purport to represent.

39. Target denies the averments contained in paragraph 39.

40. Target admits that it received a letter dated on or about May 5, 2005 from plaintiff National Federation of the Blind ("NFB"); that Target and NFB executed a standstill / tolling agreement; that plaintiffs initially filed this action in the Superior Court of California, County of Alameda; and that Target removed this action to federal court on or about March 9, 2006. Except as expressly admitted, Target denies the averments contained in paragraph 40, and further denies the existence of any "accessibility barriers" as alleged in NFB's May 5, 2005 letter.

## RESPONSE TO FIRST CLAIM FOR RELIEF

41. Answering paragraph 41, Target incorporates by reference the foregoing answers as though fully set forth herein.

42. Target denies the averments contained in paragraph 42, and further denies the averments in this paragraph to the extent that they assert legal conclusions to which no response is required.

43. Target admits that, among other things, it earns revenue from the sale of goods in California. Target denies the remaining averments contained in paragraph 43, and further denies the averments contained in this paragraph to the extent that they assert legal conclusions to which no response is required.

44. Target denies the averments contained in paragraph 44, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

45. Target denies the averments contained in paragraph 45, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

46. Target denies the averments contained in paragraph 46, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

47. Target denies the averments contained in paragraph 47, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

48. Target denies the averments contained in paragraph 48, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

## RESPONSE TO SECOND CLAIM FOR RELIEF

49. Answering paragraph 49, Target incorporates by reference the foregoing answers as if set forth fully herein.

50. Target denies the averments contained in paragraph 50, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

51. Target denies the averments contained in paragraph 51, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

52. Target denies the averments contained in paragraph 52, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

53. Target denies the averments contained in paragraph 53, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

54. Target denies the averments contained in paragraph 54, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

55. Target denies the averments contained in paragraph 55, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

56. Target denies the averments contained in paragraph 56, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

### RESPONSE TO THIRD CLAIM FOR RELIEF

57. Answering paragraph 57, Target incorporates by reference the foregoing answers as if set forth fully herein.

58. Target denies the averments contained in paragraph 58, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

59. Target denies the averments contained in paragraph 59, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

60. Target denies the averments contained in paragraph 60, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

61. Target denies the averments contained in paragraph 61, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

62. Target denies the averments contained in paragraph 62, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

63. Target denies the averments contained in paragraph 63, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

## RESPONSE TO FOURTH CLAIM FOR RELIEF

64. Answering paragraph 64, Target incorporates by reference the foregoing answers as if set forth fully herein.

65. Target denies the averments contained in paragraph 65, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

66. Target denies the averments contained in paragraph 66, and further denies the averments contained in this paragraph to the extent that they contain legal conclusions to which no response is required.

## RESPONSE TO RELIEF REQUESTED

Target denies that Plaintiffs are entitled to any substantive or procedural remedy or relief, including the relief and certification requested in paragraphs 1 through 8 of the "Relief Requested" portion of Plaintiffs' complaint. Target further denies that Plaintiffs, or any of them, have suffered or incurred any injury or damage in this matter.

## **AFFIRMATIVE DEFENSES**

Without admitting or acknowledging that Target bears any burden of proof as to any of them, Target asserts the following affirmative defenses. Target intends to rely upon any additional defenses that become available or apparent during pretrial proceedings in this action and hereby reserves the right to amend this Answer in order to assert all such further defenses.

### **First Affirmative Defense**
### **(Failure to State a Claim)**

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs have failed to state a claim upon which relief can be granted.

### **Second Affirmative Defense**
### **(Commerce Clause)**

As an affirmative defense to the First and Second Causes of Action in the Complaint, Target alleges that any application of California law to the website located at www.target.com violates the Commerce Clause of the United States Constitution.

### Third Affirmative Defense
### (Good Faith Conformity with Applicable Standards)

As an affirmative defense to each and every claim in the Complaint, Target alleges that it acted in good faith and/or its conduct was in conformity with all applicable statutes, governmental regulations, and industry standards existing at the time of such conduct.

### Fourth Affirmative Defense
### (Due Process — Vagueness)

As an affirmative defense to each and every claim in the Complaint, Target alleges that, to the extent federal or state statutes are applied in this action to mandate the manner in which Target must program or design its website, the statutes are unconstitutionally vague and application of the statutes in this action would therefore violate the Due Process Clause of the United States Constitution.

### Fifth Affirmative Defense
### (Due Process — Damages)

As an affirmative defense to each and every claim in the Complaint, Target alleges that the claims for damages are so disproportionate to the injuries, if any, suffered as to violate the Due Process Clause of the United States Constitution.

### Sixth Affirmative Defense
### (Rule of Lenity)

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs' claims are barred by the rule of lenity.

### Seventh Affirmative Defense
### (No Modification or Alteration Required)

As an affirmative defense to the First and Second Causes of Action in the Complaint, Target alleges that California law does not require Target to modify or alter its website.

## Eighth Affirmative Defense
## (No Intentional Discrimination)

As an affirmative defense to the First Cause of Action in the Complaint, Target alleges that it has not engaged in intentional discrimination with respect to the accessibility of its website.

## Ninth Affirmative Defense
## (No Denial of Physical Access)

As an affirmative defense to each and every claim in the Complaint, Target alleges that it has not denied Plaintiffs, or any blind persons, physical access to the goods and services of Target's retail stores.

## Tenth Affirmative Defense
## (Auxiliary Aids and Services — Effective Communication)

As an affirmative defense to each and every claim in the Complaint, Target alleges that, to the extent Target.com allegedly does not effectively communicate information regarding goods and services through its website to Plaintiffs, or to any blind persons, effective communication is provided via reasonable and appropriate alternative means.

## Eleventh Affirmative Defense
## (No Denial of Access to Service of Place of Public Accommodation)

As an affirmative defense to each and every claim in the Complaint, Target alleges that it has not denied access to Plaintiffs, or to any blind person, to a service offered by a place of public accommodation.

## Twelfth Affirmative Defense
## (Modifications — Undue Burden/Not Readily Achievable)

As an affirmative defense to each and every claim in the Complaint, Target alleges that, insofar as Target has not made the alterations to Target.com that Plaintiffs contend should have been made, those changes were not and are not required under California or federal law, and any requirement to make those changes would impose an undue burden upon Target and would not be readily achievable.

## Thirteenth Affirmative Defense
## (Modifications — Fundamentally Alter Nature of Goods and Services)

As an affirmative defense to each and every claim in the Complaint, Target alleges that modifications of Target's policies, practices, and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations, and there is no duty to modify.

## Fourteenth Affirmative Defense
## (Statute of Limitations)

As an affirmative defense to each and every claim in the Complaint, Target alleges that the claims are barred in whole or in part by the applicable statutes of limitations.

## Fifteenth Affirmative Defense
## (Failure to Mitigate)

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs have failed to take reasonable steps to protect themselves from the damage alleged in the Complaint and have failed to mitigate any such alleged damage.

## Sixteenth Affirmative Defense
## (Waiver and Estoppel)

As an affirmative defense to each and every claim in the Complaint, Target alleges that, as a consequence of the conduct of or attributable to Plaintiffs in connection with the alleged lack of access to Target.com (which is the subject of this litigation) Plaintiffs have waived any right to secure relief from Target, and are estopped from securing any relief from Target.

## Seventeenth Affirmative Defense
## (Lack of Standing)

As an affirmative defense to each and every claim in the Complaint, Target alleges that Plaintiffs lack standing to pursue the claims asserted, either individually or on behalf of a class.

## Eighteenth Affirmative Defense
### (Claims of Putative Class Members Barred)

As an affirmative defense to each and every claim in the Complaint, Target alleges that the claims of the putative class members are barred by some or all of the defenses that bar Plaintiffs' claims.

## Nineteenth Affirmative Defense
### (Modifications Not Required)

Plaintiffs claims are barred to the extent that the relief they request is not mandated by any applicable regulations adopted by the United States Department of Justice, or by the State of California, for privately-owned commercial websites.

## Twentieth Affirmative Defense
### (Adequate Legal Remedy)

Plaintiffs are not entitled to injunctive or equitable relief the extent they have adequate legal remedies.

## Twenty-first Affirmative Defense
### (No Irreparable Harm)

Plaintiffs are not entitled to injunctive or equitable relief to the extent that they have not suffered, and will not suffer, irreparable harm or injury.

| | |
|---|---|
| 1 | WHEREFORE, Target requests that the Court: |
| 2 | (1) Enter judgment in its favor and against Plaintiffs; |
| 3 | (2) Award appropriate fees and expenses to Target; and |
| 4 | (3) Award such other relief as the Court deems just and proper. |

Dated: January 17, 2008.

HAROLD J. McELHINNY (CA SBN 66781)
MATTHEW I. KREEGER (CA SBN 153793)
KRISTINA PASZEK (CA SBN 226351)
HMcElhinny@mofo.com
MKreeger@mofo.com
KPaszek@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: (415) 268-7000
Facsimile: (415) 268-7522

By: /s/ Matthew I. Kreeger
Matthew I. Kreeger

Attorneys for Defendant
TARGET CORPORATION