LAURENCE W. PARADIS (California Bar No. 122336)
DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, California 94704
Telephone:       (510) 665-8644
Facsimile:       (510) 665-8511
TTY:             (510) 665-8716

JOSHUA KONECKY (California Bar No. 182897)
CAMILLA ROBERSON (California Bar No. 248296)
SCHNEIDER  WALLACE
COTTRELL BRAYTON  KONECKY LLP
180 Montgomery Street, Suite 2000
San Francisco, CA  94104
Telephone:       (415) 421-7100
Fax:             (415) 421-7105
TTY:             (415) 421-1655

DANIEL F. GOLDSTEIN (pro hac vice)
BROWN, GOLDSTEIN & LEVY, LLP
120 E. Baltimore St., Suite 1700
Baltimore, MD 21202
Telephone:       (410) 962-1030
Fax:             (410) 385-0869

PETER BLANCK (pro hac vice)
900 S. Crouse Avenue
Syracuse, NY 13244-2130
Telephone:       (315) 443-9703
Fax:             (315) 443-9725

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, on behalf of himself and all others similarly situated, Melissa Williamson on behalf of herself and all others similarly situated,  and James P. Marks on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br>Defendant. | Case No.:  C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR REASONABLE ATTORNEYS' FEES AND COSTS, MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    January 26, 2009<br>Time:    2:00 pm<br>Judge:   Honorable Marilyn H. Patel |

DISABILITY RIGHTS ADVOCATES
2001 Center Street, Third Floor
Berkeley, CA 94704-1204
(510) 665-8644

# TABLE OF CONTENTS

I.    INTRODUCTION....................................................................................2

II.   STATEMENT OF FACTS....................................................................5

      A.    The Parties..............................................................................5

      B.    Accessibility of Websites by Blind Individuals.....................7

      C.    Target's Failure to Make Its Website Accessible..................8

      D.    NFB's and Class Counsel's Lengthy Prelitigation Efforts........................8

      E.    Target's Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction....................................................................9

      F.    Plaintiffs' Motion for Class Certification and Target's Motion for Summary Judgment....................................................................10

      G.    Target's Efforts to Defeat Class Certification and Dismiss the ADA Claim...12

      H.    Target's Contemporaneous Efforts to Remedy Barriers on the Website.......12

      I.    Discovery During the Merits Phase.......................................12

      J.    Post-Certification Notice to the Class...................................13

III.  ARGUMENT....................................................................................13

      A.    Plaintiffs Are Prevailing Parties Entitled To Reasonable Fees and Costs......13

      B.    The Requested Lodestar Amount is Reasonable...................14

            1.    Appropriate Hourly Rates are Those Charged by Bay Area Attorneys of Comparable Experience Who Handle Complex Litigation..............15

            2.    Current Hourly Rates are Appropriate for all Work in the Case........17

            3.    Class Counsel's Requested Rates and Lodestar Hours are Reasonable...................................................................18

            4.    Class Counsel Have Provided Well-Documented, Detailed Records...21

      C.    Plaintiffs Request a Multiplier of 2.0..................................22

      D.    Plaintiffs Are Entitled to Their Litigation Costs..................24

      E.    Plaintiffs Are Entitled to Fees for Work Negotiating and Litigating The Fees and Costs....................................................................24

IV.   CONCLUSION.................................................................................25

*National Federation of the Blind, et al. v. Target Corporation, et al.,*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

i

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

# TABLE OF AUTHORITIES

## Cases

*Access Now, Inc. v. Southwest Airlines Co.*,
227 F. Supp. 2d 1312 (S.D. Fla. 2002), *appeal dismissed*, 385 F.3d 1324 (11th Cir. 2004) ....5, 11

*Bernardi v. Yeutter*
951 F.2d 971 (9th Cir. 1991) ...................................................................................26

*Blum v. Stenson*
465 U.S. 886 (1984) ...............................................................................................18

*Bourman v. Block*
940 F.2d 1211 (9th Cir. 1991) .................................................................................19

*Cabrales v. County of Los Angeles*
935 F.2d 1050 (9th Cir. 1991) .................................................................................17

*Chabner v. United of Omaha Life Ins. Co.*
No. C 95-0447 MHP (N.D. Cal. Apr. 5, 1999) .......................................................26

*Chin v. DaimlerChrysler Corp.*
520 F. Supp. 2d 589 (D. N.J. 2007).........................................................................24

*Clark v. City of Los Angeles*
803 F.2d 987 (9th Cir. 1986) ...................................................................................26

*Commissioner, I.N.S. v. Jean*
496 U.S. 154 (1990) ...............................................................................................26

*Crommie v. State of California*
840 F. Supp. 719 (N.D. Cal. 1994).....................................................................16, 24

*Davis v. City and County of San Francisco*
976 F.2d 1536 (9th Cir. 1992), vacated in part on another point, 984 F.2d 345 (9th Cir. 1993) .17,
26

*Dennis v. Chang*
611 F.2d 1302 (9th Cir. 1980) .................................................................................23

*Downey Cares v. Downey Comm. Development Comm'n*
196 Cal.App.3d 983 (1987) .....................................................................................24

*Evans v. Jeff D.*
475 U.S. 717 (1986) ...............................................................................................19

*Fair Housing Council of San Diego v. Penasquitos Casablanca Owner's Ass'n*
523 F. Supp. 2d 1164 (S.D. Cal. 2007) .....................................................................24

*Fischer v. SJB-P.D. Inc.*
214 F.3d 1115 (9th Cir. 2000) .................................................................................15

*National Federation of the Blind, et al. v. Target Corporation, et al.,*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

ii

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*Gates v. Deukmejian*
987 F.2d 1392 (9th Cir. 1992) ................................................................................................. 17

*Hensley v. Eckerhart*
461 U.S. 424 (1983) ..........................................................................................15, 16, 17, 23

*Herrington v. County of Sonoma*
883 F.2d 739 (9th Cir. 1989) ................................................................................................. 16

*Kaimowitz v. Howard*
547 F. Supp. 1345 (D.C. Mich. 1982.), *aff'd*, 751 F.2d 385 (6th Cir. 1984) ............................... 19

*Ketchum v. Moses*
24 Cal.4th 1122 (2001) .......................................................................................................... 24

*Lieber v. Macy's West, Inc.*
80 F. Supp. 2d 1065 (N.D. Cal. 1999) .................................................................................... 25

*Lieber v. Macys West*
No. C 96-2955 MHP (N.D. Cal. Dec. 18, 2000) ..................................................................... 25

*Lovell v. Chandler*
303 F.3d 1039 (9th Cir. 2002) ............................................................................................... 26

*Lucas v. Kmart Corp.*
No. 99-cf-01923-JLK-CBS, 2006 U.S. Dist. LEXIS 51420 (D. Colo. July 27, 2006) ...........24, 25

*Mangold v. California Public Utilities Comm'n*
67 F.3d 1470 (9th Cir. 1995) ................................................................................................. 24

*Medenhall v. National Transp. Safety Bd.*
213 F.3d 464 (9th Cir. 2000) ................................................................................................. 18

*Missouri v. Jenkins by Agyei*
491 U.S. 274 (1989) .............................................................................................................. 19

*National Federation of the Blind v. Target Corp.*
452 F. Supp. 2d 946 (N.D. Cal. 2006) ..........................................................................4, 5, 11, 12

*National Federation of the Blind v. Target Corp.*
No. C 06-1802 MHP, 2007 WL 2846462 (N.D. Cal. Oct. 2, 2007) ...............................4, 13, 14

*National Federation of the Blind v. Target Corp.*
No. C 06-1802 MHP, 2008 WL 54377 (N.D. Cal. Jan. 3, 2008) ........................................4, 14

*Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*
478 U.S. 546 (1986) .............................................................................................................. 16

*Perkins v. Mobile Housing Board*
847 F.2d 735 (11th Cir. 1988) ............................................................................................... 23

*Richard S. v. Dep't of Developmental Servs.*
317 F.3d 1080 (9th Cir. 2003) ............................................................................................... 16

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.,*
**Case No.: C 06-01802 MHP**
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

iii

*Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*
489 U.S. 782 (1989) ...................................................................................................16

*United Steelworkers of America v. Retirement Income Plan*
512 F.3d 555 (9th Cir. 2008) ......................................................................................18

*Welch v. Metropolitan Life Insurance Co.*
480 F.3d 942 (9th Cir. 2007) ......................................................................................18

*Wershba v. Apple Computer*
91 Cal.App.4th 224 (2001) .........................................................................................24

*Weyer v. Twentieth Century Fox Film,*
198 F.3d 1104 (9th Cir. 2000) ......................................................................................5

**Statutes**

Americans with Disabilities Act, 42 U.S.C. § 12205 ........................................3, 4, 15

California's Disabled Persons Act, Cal. Civ. Code  §§ 54 et. seq.....................3, 4, 8, 15

California's Unruh Civil Rights Act, Cal. Civ. Code § 51 et. seq.....................3, 4, 8, 15

**Rules**

Local Civil Rule 54-6 ...................................................................................................3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, FOURTH FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.,*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

iv

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

## NOTICE OF MOTION AND MOTION FOR REASONABLE
## ATTORNEYS' FEES AND COSTS

Please take notice that, on January 26, 2009, at 2:00 pm, the Court will hear Plaintiffs' motion pursuant to Local Civil Rule 54-6, for an award of reasonable attorneys' fees and costs. The total amount Plaintiffs request for work through September 30, 2008, is **$4,323,656** in merits fees, **$194,353** in costs, and **$66,206** in fees on fees.  Plaintiffs will supplement their request for fees and costs for additional time after September 30, 2008, in their reply.  The motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the declarations submitted herewith, and all such further evidence and arguments as may be submitted.

Plaintiffs ask the Court to enter an Order:

1.　　Requiring Defendant Target Corporation to pay Plaintiffs' reasonable attorneys' fees and costs as set forth herein within thirty days of such Order.

2.　　Imposing a rate of monthly interest upon any payment that occurs beyond thirty days of such Order.

The Settlement Agreement submitted for approval provides that Plaintiffs will recover reasonable attorneys fees and costs.  In addition, Plaintiffs are entitled to their reasonable attorneys' fees and costs pursuant to the following statutory provisions:  the Americans with Disabilities Act, 42 U.S.C. § 12205, California's Unruh Civil Rights Act, Cal. Civ. Code § 52(a), and California's Disabled Persons Act, Cal. Civ. Code  § 54.3(a).  The information required by Local Civil Rule 54 for each class counsel firm is set forth in the accompanying Declaration of Laurence Paradis in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs ("Paradis Decl."), at ¶¶ 8-10, 38-54; Declaration of Daniel Goldstein in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs ("Goldstein Decl."), at ¶¶ 1-8, 14-19, 25; and the Declaration of Joshua Konecky in Support of Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs ("Konecky Decl.") at ¶¶ 1-5, 12-20, 24.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.:  C 06-01802 MHP**
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This class action lawsuit, alleging violations of the Americans with Disabilities Act and California civil rights laws, achieved Plaintiffs' goal of ensuring that Defendant Target Corp. ("Target") provide blind individuals full and equal access to its website, target.com — one of its major services.  Target.com links the public to an array of household goods, clothing, pharmacy services, discounts, product information, and employment opportunities available in Target's retail stores.  Despite its substantial revenues (fifty-two billion dollars in 2005), Target, before this lawsuit, refused to design its website with alternative text and other technology necessary to make it accessible to blind individuals.  After extensive effort and litigation by Plaintiffs and their counsel, Target has agreed in an enforceable class action settlement agreement to implement and maintain technological upgrades necessary for its website to meet agreed-upon access standards.  Target also has agreed to ongoing monitoring and testing by Plaintiffs to ensure the website remains accessible, and to pay six million dollars in damages to the California subclass who encountered barriers on the website prior to these changes.  None of this would have occurred without the hard work and risks undertaken by Plaintiffs and their counsel.

Plaintiffs actively pursued this matter for more than three years, beginning with extensive pre-litigation efforts to convince Target to make its website accessible.  Throughout this time, Target adhered to its position that it had no legal obligation to make target.com accessible to the blind.  In a series of precedent-setting rulings representing a clear and complete rejection of that position, this Court certified nationwide and statewide classes and confirmed that the Americans With Disabilities Act ("ADA") and California's Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("DPA") apply broadly in requiring equal access for the blind to target.com. *National Federation of the Blind v. Target Corp.*, 452 F. Supp. 2d 946 (N.D. Cal. 2006) (*Target I*); *National Federation of the Blind v. Target Corp.*, No. C 06-1802 MHP, 2007 WL 2846462 (N.D. Cal. Oct. 2, 2007) (*Target II*); *National Federation of the Blind v. Target Corp.*, No. C 06-1802 MHP, 2008 WL 54377 (N.D. Cal. Jan. 3, 2008) (*Target III*).

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
2

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    Prior to this case, no court had addressed the application of the Unruh Act and DPA to a

2    website business enterprise.  Also, before this Court's opinions, the only published decision

3    directly addressing the application of the ADA to commercial websites was *Access Now, Inc. v.*

4    *Southwest Airlines Co.*, 227 F. Supp. 2d 1312, 1322 (S.D. Fla. 2002), *appeal dismissed*, 385 F.3d

5    1324 (11th Cir. 2004), which held that the defendant's site was not covered under Title III of the

6    ADA.  Other decisions, such as *Weyer v. Twentieth Century Fox Film*, 198 F.3d 1104 (9th Cir.

7    2000), were incorrectly construed by industry groups to suggest the ADA could not apply to their

8    websites.  Notwithstanding this hostile landscape and Target's strenuous opposition at every

9    stage of the case, Plaintiffs and class counsel achieved decisions from this Court recognizing that

10   websites such as target.com are in fact subject to access obligations under state and federal law.

11   Thus, this case achieved both concrete results for target.com as well as precedent-setting rulings

12   to further the profoundly important legislative and societal goals of allowing blind individuals to

13   participate equally, independently, and with dignity in today's marketplace.

14       These accomplishments, however, did not happen overnight.  Plaintiffs spent eight

15   months in structured negotiations with Target until it was clear in February 2006 that litigation

16   would be necessary before Target made any commitment to web accessibility.  In late 2006, after

17   *Target I*, the parties participated in a mediation before a retired magistrate judge.  Unfortunately,

18   the mediation was unsuccessful, and the parties returned to active litigation.  When the second

19   mediation occurred in April 2008, Plaintiffs had prevailed on their hotly contested motion for

20   class certification, had defeated Target's interlocutory appeal of this Court's class certification

21   order, and had defeated Target's motion for summary judgment on the state law claims.  These

22   events, and this Court's subsequent rejection of yet another motion to dismiss by Target, set the

23   stage for the settlement in April 2008.  This settlement includes a comprehensive agreement on

24   remedying the remaining access barriers on the website, a commitment to keeping the website

25   fully accessible for a three-year settlement period, provisions for monitoring and enforcement,

26   and the substantial fund of six million dollars to pay claims of the California subclass.  The

27   Settlement Agreement has been submitted to the Court for preliminary and final approval.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
3

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Having achieved a successful resolution of their claims regarding both the accessibility of

2   target.com by blind individuals and class damages while establishing important precedent, class

3   counsel are entitled by statute and by the parties' Settlement Agreement to recover reasonable

4   attorneys' fees and costs.  Class counsel have effectively vindicated the rights of the nationwide

5   class and California subclass through a sweeping court-enforceable and binding Settlement

6   Agreement that will for years guarantee substantial benefits to blind individuals nationwide, as

7   well as provide significant damages to California class members.  These results achieved

8   Plaintiffs' goal in bringing this litigation.

9   The Settlement Agreement provides substantial new protections for blind individuals that

10   will ensure that they can access target.com equally with other consumers.  Plaintiffs secured this

11   success with very little legal guidance, in the face of Target's arguments that it had no legal

12   obligations under the ADA or California state law and that such claims were not amenable to

13   class treatment.  The case required extensive analysis, strategic planning, and litigation and

14   negotiation concerning novel and difficult legal issues, including the extension of existing

15   statutes to the sphere of e-commerce:  an entirely new development in the law.  No form book,

16   canned briefs, or practice manual existed for this extension of the law to the new field.  Class

17   counsel's unique expertise in this area of class actions, disability rights law, and access to the

18   web for blind people was critical to the successful resolution of the case in the face of a hard-

19   fought defense capitalizing on numerous factual and legal complications and risks.

20   Now that the war is over, Defendant has agreed that Plaintiffs shall recover reasonable

21   fees and costs.  Settlement Agreement, § 14.  The parties attempted through mediation to resolve

22   the amount of such fees and costs to be paid, but were unable to reach agreement on this issue.

23   Paradis Decl. at ¶ 48.  The parties therefore agreed that Plaintiffs would move for an award of

24   reasonable fees and costs and Defendant would retain the right to contest the amount sought.

25   Settlement Agreement, § 14.

26   Class counsel request a total lodestar amount of **$2,161,828** in fees for merits work and

27   costs of **$194,353** through September 30, 2008, plus additional sums for work necessary to the

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
4

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  settlement approval process.  In addition, Plaintiffs request a multiplier of 2.0 for the fees for

2  their work in pursuing this case through final approval.  Class counsel also seek fees on fees for

3  work on this fee motion and fee negotiations.  The amount of fees on fees through September 30,

4  2008, is **$66,206**.  Class counsel will supplement this request in their reply papers to account for

5  the additional work spent on the settlement approval process and for additional work on the fee

6  motion.

7       The amount of fees and costs requested by class counsel is reasonable considering both

8  the work involved and the results obtained:  precedent-setting case law and significant, high-

9  profile reforms of the public website of one of the largest retailers in the nation.  These results

10  required years of litigation and multiple rounds of intensive negotiations, demanded significant

11  expertise in a specialized area of the law, and required two of the three class counsel firms and

12  the plaintiff NFB to undertake substantial financial risk.  Plaintiffs and their counsel advanced

13  thousands of hours of attorney time and took on significant financial risks to prosecute this case.

14  It was only through the skills and perseverance of all three class counsel firms in the face of

15  determined and substantial opposition by Defendant — one of the nation's largest corporations

16  represented by highly experienced counsel at a major national law firm — that Plaintiffs

17  obtained the excellent results and precedent-setting rulings in the case.

18       Plaintiffs' requested fees and costs are justified using the lodestar approach because the

19  rates and hours expended by class counsel in pursuing this action are reasonable.  Furthermore,

20  the Court has discretion to utilize a multiplier pursuant to California law given the substantial

21  role that California state law played in the case.  The requested multiplier of 2.0 is well within

22  the range awarded in successful civil rights class action cases.  Additionally, Plaintiffs' costs are

23  fully documented and appropriate.

## II.    STATEMENT OF FACTS

### A.    The Parties

26       Plaintiff National Federation of the Blind ("NFB") is the oldest and largest national

27  advocacy organization of blind persons.  The vast majority of its approximately 50,000 members

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
5

are blind.  The NFB is widely recognized by the public, Congress, executive agencies of government, and the courts as a collective and representative voice on behalf of blind Americans and their families.  Its purpose is to promote the general welfare of the blind by (1) assisting the blind in their efforts to integrate themselves into society on equal terms and (2) removing barriers and changing social attitudes, stereotypes, and mistaken beliefs that sighted and blind persons hold concerning the limitations created by blindness and that result in the denial of opportunity to blind persons in virtually every sphere of life.  See Declaration of Dr. Marc Maurer, President of the NFB, Docket No. 020-3 ("Maurer Decl.") at ¶ 5.

The NFB, its California chapter, and individual plaintiff Bruce Sexton initially brought this case in California state court on behalf of a class of blind persons throughout California who have been denied their rights under California state laws — specifically the Unruh Act, Cal. Civ. Code §§ 51 *et. seq.*, and the DPA, Cal. Civ. Code §§ 54 *et. seq.*  Paradis Decl. at ¶¶ 17, 26.  When Defendant removed the case to federal court, Plaintiffs amended the complaint to include a proposed class of all blind persons throughout the United States who have been denied their right of access under the ADA due to the barriers on target.com.  *Id.* at ¶ 17.  The ADA and state law claims all provide for injunctive relief to remedy discrimination.  The state law claims also provide for statutory damages ranging from $1,000 to $4,000 for each occasion on which each member of the California subclass was denied his or her rights under these statutes.

Access to the World Wide Web and the wealth of services and information it offers is a significant concern of the NFB.  Increasingly, the Web constitutes an essential means to deliver information, conduct business, and interact socially.  If the blind are to live and work independently in today's technology-dependent world, meaningful access to the Web is indispensable.  To make the Web fully accessible, the NFB and many of its members actively develop and promote adaptive technology for the blind, including screen readers, and basic improvements in web design.  Maurer Decl. at ¶¶ 6-7.

Target is a leading national retailer that offers household goods and clothing, in-store pharmacies, and other services.  Target's gross revenues exceeded forty-six billion dollars in

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
6

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

2004 and increased to fifty-two billion dollars in 2005.  Motion for Preliminary Injunction, Docket No. 020-1 ("PI Motion") at 4.  More than 200 of its 1,400 stores are in California.  *Id.* Through target.com, Target maintains an online business that provides a multitude of services, including online purchase of items also available in Target stores; web-exclusive merchandise; special offers, coupons, and programs; a store locator allowing persons who wish to shop at Target to discover its physical locations, hours of operation, and contact information; online orders of prescriptions for pickup at certain Target stores; online placement of certain orders for pickup at certain Target stores; online photo shops at which photos can be ordered for pickup at a Target store; and wedding and baby registries linked to Target's in-store merchandise.  Reply in Support of Motion for Preliminary Injunction, Docket No. 042, at 8-10.  Customers can browse the website and comparison shop at their leisure.  *Id.*  Target.com even has a feature enabling customers to print a shopping list to take with them to the store.  The website also includes extensive information about Target's employment opportunities, investor relations, and company policies.  PI Motion at 4.  These features are provided on target.com because they are useful to sighted customers; they are of no less value to blind customers, and this case now ensures that blind customers will have equal access.

### B.   Accessibility of Websites by Blind Individuals

To use websites, the blind rely on screen access software that reads the code behind the computer screen and text-to-speech software that vocalizes that information.  The use of screen access software by the blind is widespread.  Websites must be designed, however, to allow adaptive software to work.  *See* Web Accessibility Initiative, http://www.w3.org/WAI/ (last visited Nov. 12, 2008).  The basic components of accessibility are (1) using invisible labels for images (called "alt tags" by web designers) that can be read by screen access software; (2) ensuring that all functions can be performed with a keyboard and not just a mouse; (3) ensuring that forms are labeled in ways the screen access software can recognize; and (4) adding invisible headings within each page so that blind people can easily navigate the site.  See Declaration of Dr. James W. Thatcher, Docket No. 020-2 ("Thatcher Decl.").

*National Federation of the Blind, et al. v. Target Corporation, et al.*
**Case No.:  C 06-01802 MHP**
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
7

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

### C.   Target's Failure to Make Its Website Accessible

Target utilizes target.com to sell its products and to offer special discounts and services. Despite its considerable resources, and readily available technology and widely accepted procedures for achieving accessibility, Target failed and refused to make its website accessible to the blind. Maurer Decl. at ¶ 7. Target's conduct prevented blind persons from accessing the array of goods and services on target.com that Target made available to sighted people.

Plaintiffs engaged a preeminent expert on web accessibility, Dr. James Thatcher, to evaluate target.com. Thatcher Decl. at ¶ 3. Dr. Thatcher has worked in the field of assistive technology for more than twenty years and served as Vice Chairman of the Advisory Committee that proposed Web Accessibility Standards for the United States Access Board. These federal access standards apply to websites maintained by all federal agencies. Dr. Thatcher extensively inspected target.com and issued reports evaluating its accessibility both before and during this litigation. *Id.* at ¶¶ 20-61. Until Target undertook certain efforts in response to this litigation, target.com lacked the most basic requirements for accessibility. When accessing that website, the blind encountered inexplicable code, garbled text, and unidentifiable product images. *Id.*

### D.   NFB's and Class Counsel's Lengthy Prelitigation Efforts

Before filing this case, the NFB and class counsel notified Target, on May 5, 2005, of its website's many unlawful accessibility barriers. Paradis Decl. at ¶ 21. The NFB entered into a structured negotiation and tolling agreement with Target and agreed to extend it twice, but these efforts proved unavailing. *Id.* The NFB made an extensive presentation to Target, demonstrating problems with the website and explaining how they could be remedied. *Id.* NFB's counsel explained why Target was legally required to make its website accessible. *Id.* Target asked for and received a written proposal from the NFB. However, these negotiations were unsuccessful, and the website remained inaccessible. *Id.* Therefore, Plaintiffs filed a Complaint on February 6, 2006, in Alameda County Superior Court of California alleging violations of the Unruh Act and DPA. Target promptly removed the case to this Court, and Plaintiffs filed an Amended Complaint alleging violations of Title III of the ADA.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
8

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

**E.      Target's Motion to Dismiss and Plaintiffs' Motion for Preliminary Injunction**

Following the filing of the Amended Complaint, Target filed a Motion to Dismiss the ADA and state law claims. Target's motion argued that the ADA applies only to barriers within a physical place of public accommodation. Target also contended that neither the Unruh Act nor the DPA requires websites to be accessible to the blind. At that time, the only published decision directly addressing the application of disability access laws to private commercial websites was *Access Now, Inc. v. Southwest Airlines Co.*, 227 F. Supp. 2d 1312, which Target and industry groups were using to bolster a narrow view of disability access laws with respect to the internet.

Based on an in-depth analysis of the statute and case law, this Court rejected Target's assertions: "[T]o the extent that plaintiffs allege that the inaccessibility of Target.com impedes the full and equal enjoyment of goods and services offered in Target stores, the plaintiffs stated a claim and the motion to dismiss is denied." *Target I*, 452 F. Supp. 2d at 956.[1] Plaintiffs contended and later showed that many aspects of target.com impeded the full and equal enjoyment by the blind of goods and services in Target's physical stores. To the extent parts of target.com lacked such a nexus, Plaintiffs contended that these aspects of the website nevertheless must also be accessible pursuant to California's state civil rights laws, which have broader application than the ADA. The Court agreed and rejected Target's effort to dismiss Plaintiffs' state law claims on the basis that they do not apply to website businesses:

> [I]t is worth noting that defendant's argument that Target.com is not a business establishment is misplaced, since the complaint alleges that Target is a business establishment and Target.com is a service provided by Target and its stores. . . . [Plaintiffs' state law claims] rest upon the premise that Target.com is a service of a business establishment, and therefore defendant's argument that a website cannot be a business establishment is unavailing.

*Target I*, 452 F. Supp. 2d at 957.

---

[1] The Court did grant Target's motion to the extent Plaintiffs asserted that Title III of the ADA applies to information and services on target.com that are unconnected to Target stores, although the Court observed that the evidence might show that the entire website is an extension of Target stores and thus subject to the ADA. *Target I*, 452 F. Supp. 2d at 956 n.4.

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
9

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  Target contended that even if California laws apply to a retailer's website, they are trumped by

2  the dormant commerce clause.  The Court flatly rejected this argument as well, holding:

3
> [T]he lack of congressional action explicitly addressing
> accessibility requirements for private websites should not be
> construed to bar the extension of the protections of California
> statutes to these websites.  Such a construal would mean that in an
> age when commerce is increasingly conducted on and through the
> internet, a legal vacuum would be created whereby strategic actors
> could avoid prosecution and violate state laws with impunity.

4

5

6

7  *Target I*, 452 F. Supp. 2d at 964.

8        At the same time that Target moved to dismiss the Amended Complaint, Plaintiffs moved

9  for a preliminary injunction to require Defendant to make target.com at least minimally

10 accessible.  The Court denied that motion, without prejudice, as premature.  The Court stated:

11 "After full discovery has been conducted plaintiffs are at liberty to move for a permanent

12 injunction." *Target I*, 452 F. Supp. 2d at 965.  Nonetheless, as discussed below, Plaintiffs'

13 efforts through the press of the litigation led Defendant to undertake a substantial two-year effort

14 to remedy the most significant barriers on the website.  Defendant's subsequent commitment to

15 maintain and improve upon these changes, although not forthcoming until after further litigation,

16 are now memorialized in the Settlement Agreement.

17     **F.     Plaintiffs' Motion for Class Certification and Target's Motion for Summary
              Judgment**

18

19        On February 1, 2007, Plaintiffs filed a motion to certify nationwide and statewide classes

20 to pursue their claims in this case.  Target opposed class certification on multiple grounds,

21 including numerosity and commonality.  Ultimately, Plaintiffs filed over thirty declarations of

22 blind individuals from around the country describing the repeated difficulties they experienced

23 trying to use target.com, and explaining the many ways the barriers interfered with their ability

24 to access the goods and services offered in Target's physical stores.  Plaintiffs also took

25 corporate level depositions to demonstrate uniformity in the condition of the website and the

26 barriers encountered by blind individuals.

27

28
*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
10

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Defendant responded by deposing many of these individuals at locations around the

2   country.  Paradis Decl. at ¶ 26.  With Plaintiffs' class certification motion pending, Target filed

3   a motion for summary judgment, arguing that named Plaintiff Bruce Sexton had not been

4   discriminated against in violation of either the ADA or the relevant California statutes.  After

5   considerable briefing by the parties, including separate briefing on the applicability of the Unruh

6   Act and DPA to target.com, the Court certified both the nationwide and statewide classes.

7   *Target II*, 2007 WL 2846462 at *3-17.  In its ruling, the Court confirmed the broad application of

8   these statutes to target.com, expressly holding that the Unruh Act and DPA require no nexus

9   between the website and Target's physical stores:

> What the court alluded to in its previous order, it will now hold
> explicitly for the purposes of class certification:  the Unruh Act
> and the DPA reach Target.com as a kind of business establishment
> and an accommodation, advantage, facility, and privilege of a
> place of public accommodation, respectively.  No nexus to the
> physical stores need be shown.

14  *Id.* at *10.  The Court denied Target's motion for summary judgment as to the state law claims,

15  *id.* at *18-20, and approved Plaintiff Sexton as a class representative for the statewide class.

16  With regard to Plaintiffs' ADA claim, the Court clarified that Title III prohibits barriers

17  on the website that have the effect of causing blind shoppers to shop at physical stores besides

18  Target, forcing blind shoppers to spend more time or money to shop at Target stores, or denying

19  blind shoppers the ability to shop independently at Target stores.  *See Target II*, at *7-9.  After

20  finding insufficient evidence that Plaintiff Sexton was denied access to Target stores in this

21  manner, the Court granted Target's summary judgment motion regarding Sexton's ADA claim.

22  Nevertheless, the Court found that various of Plaintiffs' other declarants alleged sufficient facts

23  to support a Title III claim.  The Court thus allowed Plaintiffs to substitute new class

24  representatives to represent the nationwide class for the ADA claim.  *Id.* at *17.  Plaintiffs

25  thereafter amended the Complaint to add two other individuals as class representatives for the

26  nationwide class.  Paradis Decl. at ¶ 27.  Plaintiffs also moved for bifurcation of the trial into two

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
11

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   stages — phase one for liability and equitable relief and phase two for damages.  The Court

2   granted this motion over Target's opposition.  *See Target II* at \*22.

3   **G.      Target's Efforts to Defeat Class Certification and Dismiss the ADA Claim**

4          Target's tenacious defense of the claims of the class continued.  Target petitioned the

5   Ninth Circuit Court of Appeals to review the Court's class certification order, forcing Plaintiffs

6   to expend additional time and expense briefing the matter.  The Ninth Circuit denied Target's

7   petition.  Target then moved to strike Plaintiffs' Second Amended Complaint, which named the

8   new class representatives, and again sought to dismiss the ADA claim.  The Court found that this

9   motion "border[ed] on the frivolous." *Target III*, 2008 WL 54377 at \*1.  Nonetheless, the

10  exercise required further briefing by and expense for Plaintiffs.

11  **H.      Target's Contemporaneous Efforts to Remedy Barriers on the Website**

12         While opposing Plaintiffs' Complaint and Motion for Preliminary Injunction, Target

13  began developing a set of guidelines to make its website more accessible.  These guidelines

14  "were based on plaintiffs' expert report." *Target II*, 2007 WL 2846462 at\*2.  Dr. Thatcher

15  subsequently confirmed that many of the barriers at issue were being addressed by Target.

16  Paradis Decl. at ¶ 30.  Nevertheless, Plaintiffs' continued testing of target.com indicated that a

17  number of significant barriers remained. *Id.*  At the mediation in April 2008, the parties thus

18  agreed to a series of meetings of and discussions with technical personnel and counsel to address

19  further barrier removal efforts needed to make the website fully accessible. *Id.*  The final

20  Settlement Agreement set forth specific additional measures that Target has agreed to take

21  pursuant to these meetings to remedy the remaining barriers, and a deadline for completing the

22  access improvements.  Settlement Agreement at § 6.

23  **I.      Discovery During the Merits Phase**

24         Before and after the classes were certified, the parties engaged in substantial discovery.

25  Target deposed both the original and subsequently added class representatives.  Paradis Decl. at

26  ¶ 31.  Target also took the depositions of numerous class members at various locations around

27  the country. *Id.*  Plaintiffs took a series of Rule 30(b)(6) depositions of Target personnel in

28  *National Federation of the Blind, et al. v. Target Corporation, et al.*
    Case No.: C 06-01802 MHP
    **Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   Minneapolis and noticed several others. *Id.* Both sides served and responded to written

2   discovery, and Target sought to depose even more of the class members. The Court limited the

3   number of depositions of absent class members to a reasonable number. *Id.*. Target produced

4   over 100,000 pages of documents that required extensive review by Plaintiffs' counsel. *Id.*.

5     **J.**   **Post-Certification Notice to the Class**

6     In its final certification order, the Court directed the parties to meet and confer on a plan

7   for distributing notice to the class. The parties could not agree on several aspects of the notice

8   plan and submitted alternative proposals to the Court. Paradis Decl. at ¶ 32. The Court provided

9   guidance in a status conference, and notice was issued by class counsel as the Court directed.

10  *Id.*. A website was established for notice and opt-out purposes, and a notice administrator

11  selected to oversee the site. *Id.* Class counsel issued notice to hundreds of organizations around

12  the country who advocate for and/or serve people with disabilities including the blind. *Id.*.

13    In the Settlement Agreement, the parties agreed to use the same administrator and the

14  same website for notice, opt-outs, and claims administration purposes. Settlement Agreement at

15  § 11.2.2. Pursuant to the agreement, class counsel has issued the settlement notice to over a

16  thousand organizations and individuals nationwide. Paradis Dec. at ¶ 33.

17  **III.**   **ARGUMENT**

18    **A.**   **Plaintiffs Are Prevailing Parties Entitled To Reasonable Fees and Costs.**

19    Plaintiffs are entitled to fees and costs under several statutory provisions. 42 U.S.C.

20  § 12205 (ADA); Cal. Civ. Code § 52(a) (Unruh Act); Cal. Civ. Code § 54.3(a) (DPA). Courts

21  have held that "a prevailing plaintiff [under statutes with fee-shifting provisions] should

22  ordinarily recover an attorney's fee unless special circumstances would render such an award

23  unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotations and citations

24  omitted). The Ninth Circuit has further held that in civil rights cases, fees to prevailing plaintiffs

25  ought to be the rule rather than the exception, and that defendants have a heavy burden to show

26  that special circumstances render a fee award unreasonable. *See Fischer v. SJB-P.D. Inc.*, 214

27  F.3d 1115, 1119 n.2 (9th Cir. 2000) (internal quotations omitted) (citing *Herrington v. County of*

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
13

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1    *Sonoma*, 883 F.2d 739, 743 (9th Cir. 1989)).  In this case, Defendant has agreed that Plaintiffs

2    are entitled to an award of reasonable fees and costs.  The only question then is what amount

3    should be awarded.  For the reasons discussed below, Plaintiffs should be awarded the full

4    amount of their requested lodestar plus a reasonable multiplier.

5        As discussed above, Plaintiffs obtained full relief on the issues in the case — complete

6    removal of website barriers, significant damages for the California subclass, and precedential

7    rulings that the ADA and state law apply to websites and that such claims can be certified as

8    class actions.  Even if Plaintiffs had obtained relief on only part of the claims, moreover, they

9    would still be entitled to recover for all of their work.  *Texas State Teachers Ass'n v. Garland*

10    *Indep. Sch. Dist.*, 489 U.S. 782, 791-92 (1989).  A Plaintiff is entitled to prevailing party status

11    when she has prevailed on "any significant issue in litigation which achieve[d] some of the

12    benefit the parties sought in bringing suit . . . ."  *Id.* (internal quotes omitted).  "[P]revailing party

13    status is determined by inquiring whether plaintiffs' actual relief on the merits of [their] claim

14    materially alters the legal relationship between the parties by modifying the defendant's behavior

15    in a way that directly benefits the plaintiff."  *Richard S. v. Dep't of Developmental Servs.*, 317

16    F.3d 1080, 1087 (9th Cir. 2003) (internal quotations omitted).

17

18    **B.**      **The Requested Lodestar Amount is Reasonable.**

19        The starting point for computation of reasonable attorney fees under federal law is the

20    "lodestar," calculated by multiplying the number of hours reasonably expended by the

21    reasonable hourly rates and then subtracting excessive, redundant, or unnecessary hours.  *See*

22    *Hensley*, 461 U.S. at 433-34.  The "resulting product is presumed to be the reasonable fee to

23    which counsel is entitled."  *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*,

24    478 U.S. 546, 564 (1986) (internal quotations omitted); *Crommie v. State of California*, 840 F.

25    Supp. 719, 725 (N.D. Cal. 1994).  Where, as here, the plaintiff obtained substantial results, the

26    "attorney should recover a fully compensatory fee . . . encompass[ing] all hours reasonably

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
14

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

expended on the litigation . . . ." *Hensley*, 461 U.S. at 435; *see also Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991).

### 1. Appropriate Hourly Rates are Those Charged by Bay Area Attorneys of Comparable Experience Who Handle Complex Litigation.

In the Ninth Circuit, "[r]easonable fees are . . . 'to be calculated according to the prevailing market rates in the relevant community.'" *Davis v. City and County of San Francisco*, 976 F.2d 1536, 1545-46 (9th Cir. 1992), vacated in part on another point, 984 F.2d 345 (9th Cir. 1993). The reasonableness of market rates is determined by reference to the rates of "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Id*. The "relevant community" is the forum district for the action in which fees are sought. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Thus, here the relevant community is the San Francisco Bay Area, and the reasonableness of rates charged should be determined by reference to the rates charged by Bay Area attorneys with commensurate skill, experience, and reputation.

Plaintiffs and the members of the nationwide and California classes were represented in the present case by three law firms: Disability Rights Advocates ("DRA"); Brown, Goldsten & Levy, LLP ("BG&L"); and Schneider Wallace Cottrell Brayton Konecky LLP ("Schneider Wallace"). DRA and Schneider Wallace are located in the San Francisco Bay Area; BG&L is located in Baltimore. For DRA and Schneider Wallace the rate analysis is straightforward — these firms are Bay Area firms who specialize in complex litigation. Paradis Decl. at ¶ 43; Konecky Decl. at ¶ 14. DRA and Schneider Wallace have regularly been awarded rates based on the rates charged by the major Bay Area law firms that handle complex litigation. Paradis Decl. at ¶ 44; Konecky Decl. at ¶ 9. As discussed below, Plaintiffs' counsel's requested rates are well supported by the declarations submitted in support of Plaintiffs' motion for fees and costs.

BG&L is located in Baltimore, MD, and has a distinct fee arrangement with Plaintiff NFB, providing for lower hourly rates than requested in this motion. Nevertheless, Plaintiff NFB is still entitled under applicable Ninth Circuit law to recover BG&L's fees in this litigation at Bay Area market rates. BG&L has represented Plaintiff NFB for several decades on a variety

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
15

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

of legal matters and is in many ways the legal arm of this non-profit advocacy organization. Goldstein Decl. at ¶ 7. The NFB thus pays BG&L for its work on impact litigation such as the present case on an hourly basis. The rates paid to BG&L by the NFB are based on BG&L's Baltimore market rates, with a reduction for the longstanding relationship between BG&L and the nonprofit NFB. Those rates are lower than the market for comparable attorneys handling complex litigation on behalf of for-profit clients in the Bay Area, such as Defendant's own counsel in this case. The case-law is clear, however, that local area forum rates are ordinarily the appropriate comparison rates for fee-shifting statutes. BG&L thus requests rates based on the forum market rates for complex litigation.

This adjustment conforms to Ninth Circuit cases requiring the calculation of reasonable market-rate fee awards in the litigation forum without regard to the rate actually charged to the prevailing party by counsel, and without regard to the rate actually paid to the attorney. *See, e.g., United Steelworkers of America v. Retirement Income Plan*, 512 F.3d 555, 564 (9th Cir. 2008); *see also Welch v. Metropolitan Life Insurance Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (abuse of discretion for district court to award $250 per hour, rather than $375 or $400 per hour, based on lack of "evidence that Plaintiff's counsel ever collects $375 or $400 per hour from paying clients"); *Medenhall v. National Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000) (abuse of discretion when federal agency placed "inordinate weight" on prevailing counsel's actual billing rate). Indeed, in *Mendenhall*, 213 F.3d at 411 n.5, although the prevailing plaintiff's attorney practiced in Washington, D.C., the Ninth Circuit rejected a contention that the relevant forum was Washington, D.C. and instead concluded that a fee award for pursuing an appeal in the Ninth Circuit Court of Appeals would be properly calculated in light of market rates in California — without regard to the actual rate the plaintiff paid her attorney.

The Supreme Court has held, moreover, that fee awards to public interest attorneys who do not charge their clients must be based on the prevailing billing rates of attorneys in private practice with similar skills and experience. *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984) (hourly rates for public interest attorneys must equal prevailing private market rates). The

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities
16

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   situation of BG&L is analogous to that of public interest attorneys who charge a reduced or no

2   fee to their clients — that fact should not override the ordinary rule that successful civil rights

3   plaintiffs are ordinarily entitled to recover fees based on prevailing rates in the community.[2]

4        Awarding counsel fees based on prevailing rates in the litigation forum is consistent with

5   the policy behind fee-shifting provisions in federal civil rights laws:  "It is a clear policy of

6   Congress that plaintiffs should be encouraged to file legitimate claims, and defendants should

7   respond with reasonable attorney fees when such claims are pursued and won." *Kaimowitz v.*

8   *Howard*, 547 F. Supp. 1345, 1354 (D.C. Mich. 1982.), *aff'd*, 751 F.2d 385 (6th Cir. 1984).

9   Awarding higher forum area rates to firms from outside the Bay Area that enter the forum to

10  bring complex civil rights cases is appropriate to encourage such firms to bring meritorious

11  cases. *See Evans v. Jeff D.*, 475 U.S. 717, 743 (1986) (Brennan, J., dissenting) ("Congress

12  authorized fee shifting to improve enforcement of civil rights legislation by making it easier for

13  victims of civil rights violations to find lawyers willing to take their cases").

14          **2.      Current Hourly Rates are Appropriate for all Work in the Case.**

15       Ordinarily, a reasonable fee award is calculated based on current hourly rates for the

16  plaintiffs' attorneys. *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 283-84 (1989); *see also*

17  *Bourman v. Block*, 940 F.2d 1211, 1235 (9th Cir. 1991) (use of current hourly rates "take[s] into

18  account lost interest and inflation").  Fully compensable fees should be awarded to compensate

19  for the enormous financial risk incurred by civil rights firms in pursuing public interest litigation.

20  See Declaration of Richard Pearl ("Pearl Decl.") at ¶¶ 11, 13-14; see also Paradis Decl. at ¶¶ 7,

21  35-37; Declaration of William F. Alderman ("Alderman Decl.") at ¶ 16; Declaration of Linda M.

22  Dardarian ("Dardarian Decl.") at ¶¶ 21-26; Declaration of Judith Z. Gold ("Gold Decl.") at

23  ¶¶ 17-19;  Declaration of Daniel S. Mason ("Mason Decl.") at ¶¶ 15-22; Declaration of Sanford

24

25  [2] Both BG&L and the NFB have agreed that any and all fees and costs recovered by BG&L in
    this action will be paid to the NFB after the award is settled.  This agreement should not affect
26  BG&L's right to recover fees at local forum market rates.  BG&L as the "legal arm" for the NFB
    is entitled to recover forum rates notwithstanding that they will ultimately be received by the
27  NFB.

28  *National Federation of the Blind, et al. v. Target Corporation, et al.*
    **Case No.:  C 06-01802 MHP**
    **Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

Jay Rosen ("Rosen Decl.") at ¶¶21-27. The same principle applies to compensate BG&L for its work as the legal arm of a non-profit advocacy organization.

> **3.**     **Class Counsel's Requested Rates and Lodestar Hours are Reasonable.**

The proposed rates for class counsel working on the merits, including the number of billable hours and fees through September 30, 2008, are as follows:

**Disability Rights Advocates:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees by Timekeeper |
|---|---|---|---|---|
| Sid Wolinsky | 1961 | $745 | 9.7 | $7,226.50 |
| Larry Paradis | 1985 | $625 | 1089.7 | $681,062.50 |
| Roger Heller | 2001 | $450 | 499.0 | $224,550.00 |
| Mazen Basrawi | 2004 | $400 | 442.8 | $177,120.00 |
| Lisa Burger | 2005 | $325 | 13.1 | $4,257.50 |
| Julia Pinover | 2007 | $285 | 91.2 | $25,992.00 |
| Paralegals | N/A | $225 | 197.4 | $44,415.00 |
| Summer Associates | N/A | $195 | 353.5 | $68,932.50 |
| Law Clerks | N/A | $155 | 512.7 | $79,468.50 |
| **TOTAL** | | | **3209.1** | **$1,313,024.50** |

**Brown, Goldstein & Levy:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees by Timekeeper |
|---|---|---|---|---|
| Daniel F. Goldstein | 1973 | $700 | 564.50 | $395,150.00 |
| Mehgan Sidhu | 2004 | $400 | 258.30 | 103,320.00 |
| Paralegals | N/A | $225 | 86.90 | 19,552.50 |
| Law Clerks | N/A | $155 | 23.00 | 3,565.00 |
| **TOTAL** | | | **932.70** | **$521,587.50** |

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities
18

**Schneider Wallace Cottrell Brayton Konecky:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees by Timekeeper |
|---|---|---|---|---|
| Joshua Konecky | 1995 | $500 | 512.30 | $256,150.00 |
| Camilla Roberson | 2003 | $425 | 178.20 | 75,737.00 |
| Rachel E. Brill | 2004 | $400 | 265.10 | 106,040.00 |
| Paralegal/law clerk | N/A | $155 | 19.80 | 3,069.00 |
| **TOTAL** | | | **957.40** | **$440,996.00** |

The total lodestar for merits work for all three class counsel firms is **$2,275,608**.

Class counsel's rates are similar to rates charged by other attorneys of comparable experience and skill in the Bay Area. See Pearl Decl. at ¶¶ 7-9 (leading expert on attorneys' fees surveying rates for major private Bay Area law firms and rates awarded in various court decisions). See also Rosen Decl. at ¶¶ 2-4; 20; Alderman Decl. at ¶ 14; Dardarian Decl. at ¶¶ 14-19; Gold Decl. at ¶¶ 12-16; Mason Decl. ¶¶ 11-14; see also Paradis Decl. at ¶ 43 (DRA's requested rates based on those billed by private firms in Bay Area that handle complex civil litigation); Konecky Decl. at ¶ 19 (Schneider Wallace's rates in line with those of comparable firms that handle complex litigation). In fact, Plaintiffs' proposed rates are all at or below the rates charged by Defendant's own counsel in the case. Pearl Decl. at p. 23. DRA's and Schneider Wallace's rates have been repeatedly approved by federal courts. Paradis Decl. at ¶ 44; Konecky Decl. at ¶ 9. Most recently, Judges Chesney and Larson have approved the 2008 rates of Schneider Wallace, which are consistent with the rates billed by all three co-counsel firms. Konecky Decl. at ¶ 9.

All three plaintiffs' firms and the lead attorneys at these firms are recognized as experts in the field of disability rights. Paradis Decl. at ¶¶ 12-15; Goldstein Decl. at ¶¶ 3, 7; Konecky Decl. at ¶¶ 2, 6; Alderman Decl. at ¶¶ 14-15; Dardarian Decl. at ¶¶ 16-18; Gold Decl. at ¶¶ 14-15; Mason Decl. ¶ 13; Rosen Decl. ¶¶ 2-4. Plaintiffs' success in this litigation resulted from counsel's expertise in disability law as well as their many combined decades of experience litigating complex cases. The successful resolution of this case is evidence of the skill and

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
19

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  dedication of the unique law firms that represented Plaintiffs.  The experience of the various

2  attorneys who worked on this case, based on their years of practice since graduating from law

3  school, place their requested hourly rates well within the range of the Bay Area legal community

4  that handles complex civil litigation.  Paradis Decl. at ¶ 43; Konecky Decl. at ¶ 19; Alderman

5  Decl. at ¶ 13; Dardarian Decl. at ¶ 14; Gold Decl. at ¶ 12; Mason Decl. at ¶ 11; Rosen Decl.

6  at ¶ 2.

7      Plaintiffs' counsel put in as much work as was needed to fully protect the interests of the

8  class, in the face of a determined opposition by a well resourced defendant.  Paradis Decl. at

9  ¶¶ 38-39; Goldstein Decl. at ¶¶ 12, 20, 22; Konecky Decl. at ¶ 10.  These total hours are thus

10  reasonable for a case of this magnitude and complexity.  The three class counsel firms regularly

11  divided up their labor on the case to minimize any duplication of effort.  Paradis Decl. at ¶ 38;

12  Goldstein Decl. at ¶ 12; Konecky Decl. at ¶ 10.  DRA took the lead role in overall prosecution of

13  the case, putting in the majority of the work throughout the pre-litigation and litigation phases.

14  DRA brought to bear extensive experience in litigating precedent-setting disability rights class

15  actions.  Paradis Decl. at ¶ 17.  BG&L also contributed its expertise at each phase of the case,

16  applying its extensive experience in the field of accessible technology vis a vis the blind.

17  Among other tasks, BG&L took the lead on coordinating user testing of the target.com website

18  and in negotiating terms for making the target.com website accessible.  Goldstein Decl. at ¶¶ 7,

19  13.  Schneider Wallace also played a critical role in the case, handling key depositions and

20  discovery and several of the dispositive motions, as well as contributing to the settlement

21  negotiation strategy at several phases of the case.  Konecky Decl. at ¶ 11.

22      Such co-counsel arrangements are commonly used to prosecute important public interest

23  cases.  Nonprofits such as DRA regularly associate with a private firm to expand their impact

24  and spread the risk of taking on precedent-setting cases.  Paradis Decl. at ¶ 36.  By dividing tasks

25  among three firms, class counsel minimized any duplication of efforts and ensured that the

26  resources necessary to the successful prosecution of this high-impact case were available

27

28  *National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1  throughout the litigation. *Id.* Accordingly, the hours expended by Plaintiffs' counsel are

2  reasonable and appropriate.

3       A review of Plaintiffs' thoroughly documented billing records will reveal that even

4  though a number of persons have devoted some time on the case, the overwhelming amount of

5  time was billed by a small core group. At any one time, DRA and Schneider Wallace each had

6  three principal attorneys assigned to the case, and BG&L had two. Paradis Decl. at ¶ 38 and 45;

7  Goldstein Decl. at ¶ 14; Konecky Decl. at ¶ 12. In the exercise of billing discretion, Plaintiffs

8  have no charged tens of thousands of dollars in fees through discreet deductions of particular

9  billing entries. Paradis Decl. at ¶ 53; Konecky Decl. at ¶ 20. Further, Plaintiffs are also in the

10  exercise of billing judgment reducing their remaining lodestar request by 5% across the board,

11  resulting in a further cut of $113,780 in fees. Paradis Decl. at ¶ 54; Goldstein Decl. at ¶ 21.

12  Also, Plaintiffs are not seeking any fees for the work spent on this case by attorney Peter Blanck.

13  Thus, the requested fees for merits work, as further reduced by 5%, are **$2,161,828**.

14       **4.**     **Class Counsel Have Provided Well-Documented, Detailed Records.**

15       All billable personnel at Plaintiffs' firms maintained contemporaneous time records

16  showing discrete entries describing each item of work performed and recorded by tenths of an

17  hour. Paradis Decl. at ¶ 41; Goldstein Decl. at ¶ 5; Konecky Decl. at ¶ 3. This method of record

18  keeping goes well beyond the requirements of federal law. *See Hensley*, 461 U.S. at 437 n.12

19  (adequate time records must "identify the general subject matter of . . . time expenditures");

20  *Dennis v. Chang*, 611 F.2d 1302, 1308-09 (9th Cir. 1980) (chronological and detailed time

21  records with no dates are sufficient). These records, supported by sworn declarations, constitute

22  the type of evidence relied upon by federal courts in hundreds of fees decisions. *See, e.g.,*

23  *Perkins v. Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988) ("Sworn testimony that, in

24  fact, it took the time claimed is evidence of considerable weight on the issue of the time required

25  in the usual case . . . ."). These records accurately reflect the many novel legal and factual issues

26  involved, the importance of the issues presented, the contacts necessary with a class of blind

27  individuals, the risk of loss, and the far-reaching implications of the case.

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
21

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

### C.     Plaintiffs Request a Multiplier of 2.0.

Under controlling California authorities, "[m]ultipliers can range from 2 to 4 or even higher." *Wershba v. Apple Computer*, 91 Cal.App.4th 224, 225 (2001); *see also Lucas v. Kmart Corp.*, No. 99-cf-01923-JLK-CBS, 2006 U.S. Dist. LEXIS 51420 at *25-26 (D. Colo. July 27, 2006) (multipliers between two and three are commonplace under fee-shifting and common-fund cases under California law). Plaintiffs seek a multiplier of 2.0.

"When a party prevails under both federal and state law, the district court may apply the more generous provisions of state law in calculating a fee award, such as including a multiplier for contingent fee risk." *Fair Housing Council of San Diego v. Penasquitos Casablanca Owner's Ass'n*, 523 F. Supp. 2d 1164, 1170 (S.D. Cal. 2007) (citing *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1479 (9th Cir. 1995)); *Chin v. DaimlerChrysler Corp.*, 520 F. Supp. 2d 589, 611-19 (D. N.J. 2007) (using multiplier when calculating fees under California law); *see also Downey Cares v. Downey Comm. Development Comm'n*, 196 Cal.App.3d 983, 993 (1987). A plaintiff prevailing under California civil rights laws may be entitled to a calculation of fees using a multiplier of counsel's lodestar fees. *Ketchum v. Moses*, 24 Cal.4th 1122, 1136-39 (2001). The Court has discretion to increase the lodestar figure to reflect various factors that cannot be demonstrated by billing records alone:  (1) the novelty, difficulty, and complexity of the questions involved; (2) the lawyers' skill in presenting them; (3) the extent to which the nature of the litigation precluded other employment by the attorneys; (4) the contingent nature of the fee award, considering both success on the merits and eligibility for an award; and (5) the results achieved. *Crommie v. State of California*, 840 F. Supp. at 725; *Ketchum v. Moses*, 24 Cal.4th at 1132. The goal in adjusting fees upward is to "entice competent counsel to undertake difficult public interest cases." *Crommie*, 840 F. Supp. at 726.

Under the circumstances, an upward multiplier is appropriate. This matter was novel and complex. Accordingly, the outcome was highly contingent and risky. This case was the first case in the country to address whether a national retailer's website must comply with ADA and California accessibility standards. Despite the difficulty and risk, Plaintiffs' counsel achieved

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.:  C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
22

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

1   extraordinary results.  Plaintiffs achieved nationwide class certification and certification of a

2   state subclass.  Moreover, Plaintiffs obtained Court decisions establishing that Title III of the

3   ADA applies to substantial portions of Target's website, that California access laws apply to the

4   entire website, and that application of such state laws under the circumstances is not barred by

5   the Commerce Clause.  As a result of this litigation, Target has made substantial improvements

6   to the accessibility of its website.  The Settlement Agreement ensures that these access

7   improvements will continue and eliminate virtually all barriers encountered by blind users of

8   target.com.  In sum, Plaintiffs have achieved greatly increased access to target.com for tens of

9   thousands of blind people in California and hundreds of thousands of people with vision

10   impairments throughout the country.  The risks were great, but the success of the litigation was

11   immense.  A multiplier of 2.0 is fully justified.

12        This Court has previously awarded a 1.8 multiplier in a similar precedent setting case:

13   *Lieber v. Macys West*, No. C 96-2955 MHP (N.D. Cal. Dec. 18, 2000) (see fee award attached as

14   Exh. G to Paradis Decl.)  The *Lieber* case, like the case at hand, involved a novel issue of law

15   and a determined opposition by a well resourced defendant.  The *Lieber* case, as in the case at

16   hand, combined California and federal statutory claims for denial of access.  *See Lieber v.*

17   *Macy's West, Inc.*, 80 F. Supp. 2d 1065 (N.D. Cal. 1999).  The *Lieber* case, as in the case at

18   hand, resulted in substantial injunctive relief on behalf of a certified class.  *Id.*  In another similar

19   case, *Lucas v. Kmart Corp.*, No. 99-cv-01923-JLK-CBS, 2006 U.S. Dist. LEXIS 51420 (D.

20   Colo. July 27, 2006), the Federal District Court in Colorado, applying California law on

21   attorneys' fees, ordered a 1.87 multiplier in calculating the reasonable fees and costs plaintiffs

22   would be entitled to recover for securing a settlement on behalf of a nationwide class seeking

23   relief under Title III of the ADA and a damages subclass under various state laws.  *Id.* at *21-27.

24   The *Lucas* case, as in the case at hand, involved a determined opposition by a large corporate

25   entity; a combination of state and federal access claims; and a final outcome in the form of a

26   class settlement that provided both injunctive relief and class damages.

27

28

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
23

Moreover, this Court has previously awarded a multiplier of 2.0 to DRA in an earlier disability access case — *Chabner v. United of Omaha Life Ins. Co.*, No. C 95-0447 MHP (N.D. Cal. Apr. 5, 1999). Exh. H to Paradis Decl. The *Chabner* case, although precedent setting, did not result in a certified class.

With a 2.0 multiplier, Plaintiffs request **$4,323,656** in fees for merits work.

**D.    Plaintiffs Are Entitled to Their Litigation Costs.**

Fed. R. Civ. P. 54(d)(1) provides that "costs — other than attorney's fees — should be allowed to the prevailing party" unless otherwise provided by law or court order. Here, class counsel have incurred a total of **$194,353** in reimbursable costs. This breaks down into the following amount for each firm: $68,364 for DRA; $100,838 for BG&L; and $25,151 for Schneider Wallace. See Summaries of Costs, attached as Exh. J to Paradis Decl; Exh. B to Goldstein Decl.; and Exh. C to Konecky Decl. This amount is reasonable for the prosecution of this complicated class action. The requested costs include $89,886.50 for the expenses of experts. *See Lovell v. Chandler*, 303 F.3d 1039, 1058-59 (9th Cir. 2002) (ADA authorizes award of expert witness fees to prevailing plaintiffs).

**E.    Plaintiffs Are Entitled to Fees for Work Negotiating and Litigating The Fees and Costs.**

It is well established that a prevailing plaintiff is entitled to receive fees for time spent in litigating a motion for fees. *Davis v. City and County of San Francisco*, 976 F.2d at 1544 ("This Court has repeatedly held that time spent by counsel in establishing the right to a fee award is compensable."); *Bernardi v. Yeutter*, 951 F.2d 971, 976 (9th Cir. 1991) (denial of fees incurred in preparing fee request was reversible error); *Clark v. City of Los Angeles*, 803 F.2d 987, 992 (9th Cir. 1986) (characterizing defendant's objection to fees on fees as "frivolous"); *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 161-62 (1990) (preference for treating "a case as an inclusive whole, rather than as atomized line-items" under federal fee-shifting provisions).

Counsel spent substantial time negotiating and litigating their fee request, including mediation before a retired magistrate judge. These fees through September 30, 2008, are:

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
24

**Disability Rights Advocates:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees By Timekeeper |
|---|---|---|---|---|
| Larry Paradis | 1985 | $625.00 | 27.9 | $17,437 |
| Ronald Elsberry | 1987 | $550.00 | 51.6 | 28,380 |
| Julia Pinover | 2007 | $285.00 | 27.6 | 7,866 |
| Paralegal | N/A | $225.00 | 1.3 | 292 |
| TOTAL | | | 108.4 | $53,976 |

**Brown, Goldstein & Levy:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees by Timekeeper |
|---|---|---|---|---|
| Daniel F. Goldstein | 1973 | $700 | 3.6 | $2,520 |
| TOTAL | | | 3.6 | $2,520 |

**Schneider Wallace Cottrell Brayton Konecky:**

| Timekeeper | Year of Graduation | Current Hourly Rate | Billable Hours | Billable Fees by Timekeeper |
|---|---|---|---|---|
| Joshua Konecky | 1995 | $500 | 14.0 | $6,990 |
| Camilla Roberson | 2003 | $425 | 6.4 | 2,720 |
| TOTAL | | | 20.4 | $9,710.00 |

The total for fees on fees thus is **$66,206** through September 30, 2008. This figure will be updated in Plaintiffs' reply papers to cover work after September 30. Paradis Decl. at ¶ 52.

## IV.   CONCLUSION

For the reasons discussed above, Plaintiffs request the Court award the requested amounts in fees and costs.

Respectfully Submitted,

Dated: November 12, 2008

DISABILITY RIGHTS ADVOCATES
SCHNEIDER WALLACE
BROWN, GOLDSTEIN & LEVY, LLP
PETER BLANCK, J.D., Ph.D.

By: _Laurence W. Paradis_ (RE)

Laurence W. Paradis
Attorney for Plaintiffs

DISABILITY RIGHTS ADVOCATES
2001 CENTER STREET, THIRD FLOOR
BERKELEY, CALIFORNIA 94704-1204
(510) 665-8644

*National Federation of the Blind, et al. v. Target Corporation, et al.*
Case No.: C 06-01802 MHP
**Plaintiffs' Motion for Reasonable Attorneys' Fees and Costs, Memorandum of Points and Authorities**
25