| | |
|---|---|
| LAURENCE W. PARADIS (CA Bar No. 122336) | PETER BLANCK (*pro hac vice*) |
| JULIA M. PINOVER (CA Bar No. 255088) | 900 S. Crouse Avenue |
| DISABILITY RIGHTS ADVOCATES | Syracuse, NY 13244-2130 |
| 2001 Center Street, Third Floor | Telephone: (315) 443-9703 |
| Berkeley, California 94704 | Fax: (315) 443-9725 |
| Telephone: (510) 665-8644 | |
| Facsimile: (510) 665-8511 | |
| TTY: (510) 665-8716 | |
| | |
| JOSHUA KONECKY (CA Bar No. 182897) | DANIEL F. GOLDSTEIN (*pro hac vice*) |
| CAMILLA ROBERSON (CA Bar No. 248296) | BROWN, GOLDSTEIN & LEVY, LLP |
| SCHNEIDER WALLACE | 120 E. Baltimore St., Suite 1700 |
| COTTRELL BRAYTON KONECKY LLP | Baltimore, MD 21202 |
| 180 Montgomery Street, Suite 2000 | Telephone: (410) 962-1030 |
| San Francisco, CA 94104 | Fax: (415) 421-7105 |
| Telephone: (415) 421-7100 | |
| TTY: (415) 421-1655 | |

*Class Counsel for Plaintiffs.*

MATTHEW KREEGER (CA Bar No.153793)
KRISTINA PASZEK (CA Bar No. 226351)
MORRISON & FOERSTER
425 Market Street
San Francisco, CA 94105
Phone: (415) 268-7000
Fax: (415) 268-7522
*Counsel for Defendant.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL FEDERATION OF THE BLIND, the NATIONAL FEDERATION OF THE BLIND OF CALIFORNIA, on behalf of their members, and Bruce F. Sexton, Jr., on behalf of himself and all others similarly situated, Melissa Williamson on behalf of herself and all others similarly situated, and James P. Marks on behalf of himself and all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No.: C 06-01802 MHP<br><br>**CLASS ACTION**<br><br>**[~~PROPOSED~~] FINAL JUDGMENT AND ORDER APPROVING SETTLEMENT AND DISMISSING CLAIMS**<br><br>Judge: The Honorable Marilyn Hall Patel |

sf-2567211

1       This matter came on for hearing on ____March 9____, 200_9_ at __2:00 p.m.__. The Court has considered the Class Settlement Agreement and Release ("Agreement"), oral and/or written objections and comments received regarding the proposed settlement, the record in the Action and the arguments and authorities of counsel.  Good cause appearing,

      IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

      1.    The Court, for purposes of this Final Judgment and Order Approving Settlement and Dismissing Claims of Nationwide Settlement Class Members and California Settlement Class Members with Prejudice ("Judgment"), adopts the terms and definitions set forth in the Agreement.

      2.    The Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Nationwide Settlement Class Members and California Settlement Class Members, and defendant Target Corporation ("Target").

      3.    The Court finds that the notices disseminated regarding the pendency of this Action and of this settlement are the best practicable under the circumstances and fully complied with the requirements of Federal Rule of Civil Procedure 23 and due process.

      4.    The Court approves the settlement as set forth in the Agreement and finds that the settlement is in all respects fair, reasonable, adequate and just to the Nationwide Settlement Class Members and California Settlement Class Members.

      5.    Pursuant to Rule 23(c), the Nationwide Settlement Class as finally certified shall be defined as follows:  All legally blind individuals in the United States who have attempted to access Target.com at any time from February 7, 2003 through the date of Final Approval of this Agreement and as a result have been denied access to the enjoyment of goods and services offered in Target stores.  The California Settlement Class as finally certified shall be defined as: All legally blind individuals in California who have attempted to access Target.com at any time from February 7, 2003 through the deadline for opting out.

      6.    The Court adjudges that the payment by Defendant of $6,000,000 to the California Settlement Class pursuant to section 11.1 of the Agreement is fair, reasonable and adequate, and said payment shall be made pursuant to the terms of the Agreement.  The Court adjudges that the payment by Defendant pursuant to section 11.3 of the Agreement of $20,000 to

sf-2567211

the California Center for the Blind, Inc. on behalf of Bruce Sexton, who has been a plaintiff since the inception of the Lawsuit, is fair, reasonable, and adequate, and said payment shall be made pursuant to the terms of the Agreement. The Court shall enter a separate order awarding reasonable attorneys fees and costs pursuant to section 14 of the Agreement.

7. Pursuant to section 20 of the Agreement, the Injunctive Releasing Parties shall be forever barred from filing or instituting against any of the Target Parties any claim, right, demand, charge, complaint, suit, cause of action, action or proceeding of any kind or nature whatsoever, whether at law, in equity or otherwise, in or before any court, administrative agency, arbitral panel, or other tribunal, wherever situated, asserting, directly or indirectly, any Released Injunctive Claim or any claim, demand, cause or right of action of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, based upon or arising out of the Released Injunctive Claims.

8. Pursuant to section 20 of the Agreement, the Damages Releasing Parties shall be forever barred from filing or instituting against any of the Target Parties any claim, right, demand, charge, complaint, suit, cause of action, action, liability, or proceeding of any kind or nature whatsoever, whether at law, in equity or otherwise, in or before any court, administrative agency, arbitral panel, or other tribunal wherever situated, asserting, directly or indirectly, any Released Damages Claim or any claim, demand, cause or right of action of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, hidden or concealed, based upon or arising out of the Released Damages Claims.

9. Pursuant to section 20 of the Agreement, the Injunctive Releasing Parties shall conclusively be deemed to have acknowledged that the release extends to all claims for injunctive or declaratory relief of every nature and kind arising up through the duration of the date of Final Approval of the Agreement, known or unknown, suspected or unsuspected, relating to the subject matter of the litigation, whether or not known by the Injunctive Releasing Parties or whether or not any Injunctive Releasing Party believes he may have any claims, and that any and all rights granted to the Injunctive Releasing Party under Section 1542 of the California Civil

Code or any analogous state or federal law or regulations, have been expressly waived, if applicable. Pursuant to section 20 of the Agreement, the Injunctive Releasing Parties shall conclusively be deemed to have acknowledged that the release extends to all claims for injunctive or declaratory relief of every nature and kind based on conduct that occurs after Final Approval of the Agreement and during the Term of the Agreement to the extent that such claims arise out of or relate to actions, omissions, or conduct that are in compliance with the terms of the Agreement.

10. The Damages Releasing Parties shall conclusively be deemed to have acknowledged that the release extends to all claims for monetary relief of every nature and kind arising up through the deadline for opting out, known or unknown, suspected or unsuspected, relating to the subject matter of the litigation, whether or not known by the Damages Releasing Parties or whether or not any Damages Releasing Party believes he may have any claims, and that any and all rights granted to the Damages Releasing Party under Section 1542 of the California Civil Code or any analogous state or federal law or regulations, have been expressly waived, if applicable.

11. The Lawsuit and all claims asserted in the Lawsuit are dismissed with prejudice as to the Named Plaintiffs, Nationwide Settlement Class Members, and California Settlement Class Members. Notwithstanding the foregoing, this Judgment does not dismiss any of the individual claims asserted by any person who has validly and timely opted out as provided for in section 12 of the Agreement. A list of persons who validly and timely opted out is on file with this Court.

12. Without affecting the finality of this Judgment in any way, the Court appoints United States Magistrate Judge Howard Lloyd, Northern District of California to have continuing jurisdiction throughout the Term of the Agreement to interpret and enforce this Agreement as provided in section 13 of the Agreement.

13. The Agreement and this Judgment are not admissions of liability or fault by Target or the Target Parties, or a finding of the validity of any claims in the Lawsuit or of any wrongdoing or violation of law by Target or the Target Parties. The Agreement and settlement are not a concession by the Parties and to the extent permitted by law, neither this Judgment, nor

sf-2567211

any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by Target, the Target Parties, or any of them.  Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Injunctive Claims or Released Damages Claims in any other proceeding, or as otherwise required by law.

Dated: March 9, 2008



MARILYN HALL PATEL
Judge of the United States District Court
Northern District of California

sf-2567211